COOLEY LLP
ETHAN GLASS (SBN 216159)
eglass@cooley.com
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

BEATRIZ MEJIA (SBN 190948)
mejiab@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant
JetBlue Airways Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GABRIEL GARAVANIAN, ET AL., | Case No. 4:22-cv-06841-JSW |
| Plaintiffs, | Judge: Hon. Jeffrey S. White |
| v. | **DEFENDANT JETBLUE AIRWAYS CORPORATION'S ANSWER** |
| JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES INC., | |
| Defendants. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

**ANSWER OF DEFENDANT JETBLUE AIRWAYS CORPORATION**

Defendant JetBlue Airways Corporation ("JetBlue"), by and through its undersigned counsel, responds to the allegations of the Complaint filed on November 3, 2022, by Plaintiffs as follows:

**INTRODUCTION**

JetBlue's acquisition of Spirit Airlines Group Inc. ("Spirit") will enhance competition by strengthening one of the most disruptive and innovative companies in the history of the airline industry, JetBlue, and expanding its ability to bring lower fares and much-loved, award-winning service to more consumers in more communities across the United States. JetBlue and Spirit, individually, are a fraction of the size of each of the dominant Big Four (American, Delta, United, and Southwest). Combined, JetBlue and Spirit will form a customer-centric, low-fare alternative to the Big Four, that will still be significantly smaller than the smallest of the Big Four. Armed with a larger footprint, the new JetBlue will bring the traveling public more choices, lower fares, and better and more innovative customer experiences through enhanced competition. In doing so, it will force the Big Four to compete harder to win the business of American consumers, injecting much-needed competition into the part of the industry most starved for competition, where the Big Four dominate, while allowing for continued growth by the ultra-low-cost carriers. This lawsuit seeks to deprive consumers of these benefits.

In responding to Plaintiffs' allegations, JetBlue: (i) states that any allegation not specifically and expressly admitted is denied; (ii) incorporates into each response a denial of any allegations in the Complaint to the extent such allegations assert or suggest that JetBlue committed any wrongdoing; and (iii) intends to respond only as to allegations directed at JetBlue. JetBlue should not be deemed to be responding to allegations that are directed solely to any other entity, including, without limitations, Spirit. JetBlue states that it is not required to respond to the headings, subheadings, and footnotes within the Complaint. To the extent that a response to the headings, subheadings and footnotes is required, JetBlue denies the averments in the headings, subheadings and footnotes to the extent they are directed against JetBlue and denies knowledge or information sufficient to form a belief as to the truth or falsity of such allegations insofar as they are related to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

any other entity, including, without limitations, Spirit. Except as otherwise expressly admitted herein, JetBlue denies each and every allegation in the Complaint. JetBlue further expressly denies that the case has any merit or that Plaintiffs are entitled to the requested, or any other, relief. To the extent an allegation in the Complaint is admitted herein, that is not necessarily an admission that JetBlue knew a particular fact at the time of the events at issue in this action. JetBlue expressly reserves the right to amend and/or supplement this Answer.

### RESPONSE TO SPECIFIC ALLEGATIONS

**1.** JetBlue admits that this is a private antitrust action seeking an Order of the Court prohibiting the proposed elimination of Spirit by JetBlue, but denies that this case has any merit or that Plaintiffs are entitled to any relief. JetBlue otherwise denies the allegations in Paragraph 1.

**2.** Denied.

**3.** Admitted.

**4.** Denied.

**5.** Denied.

**6.** Denied.

**7.** Denied.

**8.** JetBlue lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and thus denies them.

**9.** JetBlue admits that Spirit rejected JetBlue's first tender offer to purchase Spirit, but lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 9, and thus denies them.

**10.** Denied.

**11.** Denied.

**12.** Denied.

**13.** JetBlue admits that Section 16 of the Clayton Antitrust Act (15 U.S.C. § 26) says what it says, but otherwise denies the allegations in Paragraph 13.

**14.** JetBlue admits that *California v. American Stores Company*, 495 U.S. 271, 283 (1990), says what it says, but otherwise denies the allegations in Paragraph 14.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

**15.** JetBlue admits that *California v. American Stores Company*, 495 U.S. 271, 283 (1990), says what it says, but otherwise denies the allegations in Paragraph 14.

**16.** JetBlue admits that Sections 7 and 16 of the Clayton Antitrust Act (15 U.S.C. §§ 18, 26) say what they say, but otherwise denies the allegations in Paragraph 13.

**17.** JetBlue admits that its proposed acquisition of Spirit will affect interstate commerce of the United States. JetBlue otherwise denies the allegations in Paragraph 17.

**18.** JetBlue admits that Plaintiffs seek an Order from this Court prohibiting the proposed acquisition by JetBlue of Spirit, but denies that this case has any merit or that Plaintiffs are entitled to any relief.

**19.** Denied.

**20.** JetBlue admits that the passenger airline industry is important. JetBlue otherwise denies the allegations in Paragraph 20.

**21.** JetBlue admits that there are four major airlines, which does not include JetBlue or Spirit, and that by some measures Spirit is not larger than the seventh-largest airline in the United States. JetBlue otherwise denies the allegations in Paragraph 21.

**22.** Denied.

**23.** JetBlue admits that *Brown Shoe Co. v. United States*, 370 U.S. 294 (1962), says what it says, but JetBlue otherwise denies the allegations in Paragraph 23.

**24.** Denied.

**25.** JetBlue admits that in the past 15 years, Delta and Northwest merged, United and Continental merged, Southwest and AirTran merged, and American and US Airways merged. JetBlue otherwise denies the allegations in Paragraph 25.

**26.** Denied.

**27.** JetBlue admits that public documents about Spirit's order book say what they say. JetBlue otherwise denies the allegations in Paragraph 27.

**28.** The Complaint does not provide citation to the source it purports to summarize, thus JetBlue cannot confirm or deny the allegations in Paragraph 28, and as such JetBlue denies them.

**29.** The Complaint does not provide citation to the source it purports to summarize, thus

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

1  JetBlue cannot confirm or deny the allegations in Paragraph 29, and as such JetBlue denies them.

2       **30.**     JetBlue admits that public documents about Spirit's intentions say what they say.
3  JetBlue otherwise denies the allegations in Paragraph 30.

4       **31.**     JetBlue admits that Spirit's financial documents say what they say. JetBlue
5  otherwise denies the allegations in Paragraph 31.

6       **32.**     Denied.

7       **33.**     JetBlue admits that by some measures it is not larger than the sixth-largest airline in
8  the United States and that by some measures Spirit is not larger than the seventh-largest airline in
9  the United States. JetBlue admits that it made a tender offer for Spirit on April 5, 2022, for $3.6
10 billion. The Complaint does not provide citation to the source it purports to summarize, thus
11 JetBlue cannot confirm or deny the other allegations in Paragraph 33, and as such JetBlue denies
12 them. JetBlue otherwise denies the allegations in Paragraph 33.

13      **34.**     JetBlue admits that Spirit accepted JetBlue's offer in July 2022, which included a
14 $400 million reverse break-up fee to Spirit shareholders under some circumstances. JetBlue denies
15 the remaining allegations in Paragraph 34.

16      **35.**     JetBlue admits that by some measures it is not larger than the sixth-largest airline in
17 the United States and that by some measures Spirit is not larger than the seventh-largest airline in
18 the United States, and that together they are not larger than the fifth-largest airline in the United
19 States. JetBlue otherwise denies the allegations in Paragraph 35.

20      **36.**     JetBlue admits that by some measures it is not larger than the sixth-largest airline in
21 the United States and that by some measures Spirit is not larger than the seventh-largest airline in
22 the United States. JetBlue admits that its financial documents say what they say. JetBlue otherwise
23 denies the allegations in Paragraph 36.

24      **37.**     JetBlue admits that *Brown Shoe Co. v. United States*, 370 U.S. 294 (1962), says
25 what it says, but JetBlue otherwise denies the allegations in Paragraph 37.

26      **38.**     Denied.

27      **39.**     Denied.

28      **40.**     Denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

**41.**  Denied.

**42.**  JetBlue lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, and therefore denies the allegations.

**43.**  JetBlue admits that Spirit Airlines, Inc. is a Delaware corporation, an American ultra-low-cost airline with its headquarters and principal place of business in Miramar, Florida, in the Miami Metropolitan Area, that operates scheduled flights in the United States, Caribbean, and Latin America. The Complaint does not provide citation to the source it purports to summarize, thus JetBlue cannot confirm or deny the other allegations in Paragraph 43, and as such JetBlue denies them.

**44.**  Admitted.

**45.**  Admitted.

**46.**  JetBlue admits that JetBlue sold up to 19% of the company to Lufthansa in 2007, which Lufthansa sold in 2015. JetBlue otherwise denies the allegations in Paragraph 46.

**47.**  JetBlue admits that JetBlue entered into the Northeast Alliance Agreement effective July 15, 2020. JetBlue otherwise denies the allegations in Paragraph 47.

**48.**  JetBlue admits that on July 28, 2022, JetBlue agreed to acquire Spirit in a transaction valued at $3.8 billion. JetBlue otherwise denies the allegations in Paragraph 48.

**49.**  JetBlue admits that its public announcements say what they say. JetBlue otherwise denies the allegations in Paragraph 49.

**50.**  JetBlue admits that after the acquisition by some measures it would be no larger than the fifth-largest airline in the United States. JetBlue otherwise denies the allegations in Paragraph 50.

**51.**  JetBlue admits that Spirit was founded as the successor to Charter One Airlines on May 29, 1992. JetBlue otherwise denies the allegations in Paragraph 51.

**52.**  Denied.

**53.**  Denied.

**54.**  JetBlue admits that Spirit is known as an ultra-low-cost carrier. JetBlue otherwise denies the allegations in Paragraph 54.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

55.     Denied as to JetBlue.  As to other airlines, JetBlue cannot confirm or deny the allegations in Paragraph 55, and as such JetBlue denies them.

56.     Denied.

57.     JetBlue admits that, in February 2000, it began operations out of JFK Airport in New York City with service to Buffalo and Fort Lauderdale and that by some measures it is not larger than the sixth-largest airline in the United States, and that in certain measures has less than 6% share.  JetBlue admits that Spirit's documents say what they say.  JetBlue otherwise denies the allegations in Paragraph 57.

58.     Denied.

59.     Denied.

60.     Admitted that the Northeast Alliance allows for code-sharing on certain flights to and from Boston and New York and that the Department of Justice filed a lawsuit to enjoin the NEA.  JetBlue denies the remainder of the allegation in Paragraph 60.

61.     JetBlue admits that Spirit's documents say what they say.  JetBlue otherwise denies the allegations in Paragraph 61.

62.     JetBlue admits that its Form 10-K for the year ended December 31, 2021, says, "We operate in an extremely competitive industry.  The domestic airline industry is characterized by low profit margins, high fixed costs and significant price competition in an increasingly concentrated competitive field. We currently compete with other airlines on all of our routes. Most of our competitors are larger and have greater financial resources and name recognition than we do. Following our entry into new markets or expansion of existing markets, some of our competitors have chosen to add service or engage in extensive price competition. Unanticipated shortfalls in expected revenues as a result of price competition or in the number of passengers carried would negatively impact our financial results and harm our business. The extremely competitive nature of the airline industry could prevent us from attaining the level of passenger traffic or maintaining the level of fares required to maintain profitable operations in new and existing markets and could impede our profitable growth strategy, which would harm our business.  Furthermore, there have been numerous mergers and acquisitions within the airline industry over the years. The industry

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

may continue to change. Any business combination could significantly alter industry conditions and competition within the airline industry and could cause fares of our competitors to be reduced. For example, in February 2022, Frontier Airlines and Spirit Airlines announced an intention to merge. If the proposed merger meets regulatory and stockholder approval, the combined airline is expected to be a larger competitor to JetBlue, which may affect our competitiveness. Additionally, if a traditional network airline were to fully develop a low cost structure, or if we were to experience increased competition from low cost carriers or new entrants, our business could be materially adversely affected." JetBlue otherwise denies the allegations in Paragraph 62.

63. JetBlue admits that Spirit's documents say what they say. JetBlue otherwise denies the allegations in Paragraph 63.

64. JetBlue admits that Spirit's documents say what they say. JetBlue otherwise denies the allegations in Paragraph 63.

65. JetBlue admits that Spirit's documents say what they say. JetBlue otherwise denies the allegations in Paragraph 65.

66. JetBlue admits that Spirit's and the Department of Justice's documents say what they say. JetBlue otherwise denies the allegations in Paragraph 66.

67. JetBlue admits that Spirit's documents say what they say. JetBlue otherwise denies the allegations in Paragraph 67.

68. JetBlue admits that Spirit's documents say what they say. JetBlue otherwise denies the allegations in Paragraph 68.

69. JetBlue admits that Spirit's documents say what they say. JetBlue otherwise denies the allegations in Paragraph 69.

70. JetBlue admits that Spirit's documents say what they say. JetBlue otherwise denies the allegations in Paragraph 70.

71. JetBlue admits that Spirit's documents say what they say. JetBlue otherwise denies the allegations in Paragraph 71.

72. Denied.

73. Denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

| | | |
|---|---|---|
| 1 | **74.** | Denied. |
| 2 | **75.** | Denied. |
| 3 | **76.** | Denied. |
| 4 | **77.** | Denied. |
| 5 | **78.** | Denied. |
| 6 | **79.** | Denied. |
| 7 | **80.** | Denied. |

**81.** JetBlue admits that after the acquisition by some measures it would be no larger than the fifth-largest airline in the United States. JetBlue otherwise denies the allegations in Paragraph 81.

**82.** The Complaint does not provide citation to the source it purports to summarize, thus JetBlue cannot confirm or deny the allegations in Paragraph 82, and as such JetBlue denies them.

**83.** Denied.

**84.** The Complaint does not provide citation to the source it purports to summarize, thus JetBlue cannot confirm or deny the allegations in Paragraph 84, and as such JetBlue denies them.

**85.** Denied.

**86.** Denied.

**87.** Denied.

**88.** Denied.

**89.** The Complaint does not provide citation to the source it purports to summarize in the last two sentences of Paragraph 89, thus JetBlue cannot confirm or deny them, and as such JetBlue denies them. JetBlue otherwise denies the allegations in Paragraph 89.

**90.** The Complaint does not provide citation to the source it purports to summarize in the last two sentences of Paragraph 90, thus JetBlue cannot confirm or deny them, and as such JetBlue denies them. JetBlue otherwise denies the allegations in Paragraph 90.

**91.** Denied.

**92.** JetBlue admits that its entry on new routes and into new markets would increase competition, create new jobs, lower fares, increase capacity, increase availability, and enhance

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

consumer choice. JetBlue otherwise denies the allegations in Paragraph 92.

93. JetBlue admits that it is not a failing company. JetBlue admits that Spirit's financial documents say what they say.

94. JetBlue admits that Spirit's documents say what they say. JetBlue otherwise denies the allegations in Paragraph 94.

95. JetBlue admits that its financial documents say what they say.

96. JetBlue admits that it is a strong, vigorous and viable actual and potential competitor in all the airline markets, and that both JetBlue and Spirit compete with other airlines, including, without limitation, against the Big Four. JetBlue otherwise denies the allegations in Paragraph 96.

97. JetBlue admits that Plaintiffs bring this action for both preliminary and permanent injunctive relief against Defendants' proposed elimination of Spirit and seek an order prohibiting Defendants from acquiring Spirit, but denies that this case has any merit or that Plaintiffs are entitled to any relief.

98. JetBlue incorporates by reference its responses to the allegations in Paragraphs 1 through 97 above as if set forth fully herein.

99. Denied.

100. Denied.

101. Denied.

### PLAINTIFFS' PRAYER FOR RELIEF AND JURY DEMAND

Denied.

### AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Plaintiffs bear the burden of proof as to any of them and reserving the right to amend its answer as additional information becomes available, JetBlue pleads the following defenses:

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to state a relevant product or geographic market.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack any standing, lack cognizable antitrust injury, and are not the proper or efficient enforcers.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the proposed acquisition will not lessen competition in any relevant market.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they are not ripe.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for lack of subject matter jurisdiction under Article III of the United States Constitution because Plaintiffs' challenge is contingent on regulatory approval of the proposed transaction, which has not yet been obtained.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they have suffered no injury or damage and are unlikely to suffer any injury or damage in the future, as a result of the matters alleged in the Complaint by virtue of any conduct by JetBlue.

**EIGHTH DEFENSE**

The combination of the Defendants' complementary networks will bring new routes online, increase number and convenience of flights on existing routes, grow capacity, increase competition with the Big Four network airlines and benefit consumers. These consumer benefits, as well as the cost synergies and other efficiencies that will result from the merger, greatly outweigh any and all proffered anticompetitive effects.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because granting the relief sought is contrary to the public interest.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any antitrust injury as a result of the matters alleged in the Complaint by virtue of any conduct by JetBlue.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by waiver, laches, or unclean hands.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to post a bond as required by 15 U.S.C. § 26.

### DEFENSES RESERVED

JetBlue hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by Spirit to the extent that JetBlue may share in such a defense. The foregoing defenses are raised by JetBlue without waiver of any other defenses that may become known during the discovery proceedings in this case or otherwise. JetBlue hereby reserves the right to amend or supplement its Answer to assert any other related defenses as they become available.

Dated: January 9, 2022

COOLEY LLP

By: */s/ Ethan Glass*
Ethan Glass (SBN 216159)
eglass@cooley.com
1299 Pennsylvania Ave., NW
Suite 700
Washington, DC 20004-2400
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

Beatriz Mejia (SBN 190948)
mejiab@cooley.com
3 Embarcadero Center
20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Attorneys for Defendant
JetBlue Airways Corporation*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANT JETBLUE AIRWAYS
CORPORATION'S ANSWER
CASE NO. 4:22-CV-6841-JSW