PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Andrew C. Finch (SBN 195012)
afinch@paulweiss.com
Eyitayo St. Matthew-Daniel (admitted *pro hac vice*)
tstmatthewdaniel@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019
Telephone:    (212) 373-3000
Facsimile:    (212) 757-3990

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Meredith R. Dearborn (SBN 268312)
mdearborn@paulweiss.com
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:    (628) 432-5100
Facsimile:    (628) 232-3101

*Attorneys for Defendant*
*Spirit Airlines, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| GABRIEL GARAVANIAN, et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>JETBLUE AIRWAYS CORPORATION AND SPIRIT AIRLINES, INC.<br><br>*Defendants*. | Case No. 4:22-cv-6841-JSW<br><br>**DEFENDANT SPIRIT AIRLINES, INC.'S ANSWER**<br><br>Sr. District Judge Jeffrey S. White |

**ANSWER OF DEFENDANT SPIRIT AIRLINES, INC.**

Defendant Spirit Airlines, Inc. (hereinafter referred to as "Spirit"), by and through its undersigned counsel, hereby answers the allegations of the Complaint filed on November 3, 2022 by Plaintiffs (Dkt. 1).[1]

Except as otherwise expressly admitted herein, Spirit denies each and every allegation in the Complaint. Spirit further expressly denies that the Plaintiffs are entitled to the requested, or any other, relief, and expressly denies that Spirit committed any wrongdoing. To the extent an allegation in the Complaint is admitted herein, that is not necessarily an admission that Spirit knew a particular fact at the time of the events at issue in this action. Spirit expressly reserves the right to amend and/or supplement this Answer, and to request dismissal of the Complaint on any and all grounds.

In responding to Plaintiffs' allegations, Spirit states that it is not required to respond to the headings and subheadings within the Complaint. To the extent that a response to the headings, subheadings and footnotes is required, Spirit denies the averments in the headings, subheadings and footnote to the extent they are directed against Spirit and denies knowledge or information sufficient to form a belief as to the truth or falsity of such allegations insofar as they are related to any other entity, including, without limitations, JetBlue Airways Corporation (hereinafter referred to as "JetBlue").

In responding to Plaintiffs' allegations, Spirit intends to respond only as to allegations directed at Spirit; Spirit should not be deemed to be responding to allegations that are directed solely to any other entity, including, without limitation, JetBlue. Spirit responds to the numbered paragraphs as follows:

**RESPONSE TO SPECIFIC ALLEGATIONS**

**1.** Spirit denies the allegations in Paragraph 1.

**2.** Spirit denies the allegations in Paragraph 2.

**3.** Spirit denies the allegations in Paragraph 3, except Spirit admits that the proposed

---

[1] Capitalized terms used herein are the same as in the Complaint unless otherwise noted.

acquisition price under the merger agreement is the equivalent of $3.8 billion.

**4.**     Spirit denies the allegations in Paragraph 4.

**5.**     Spirit denies the allegations in Paragraph 5.

**6.**     To the extent that Paragraph 6 contains a conclusion of law, no answer is required. To the extent a response is required, Spirit denies the allegations in Paragraph 6.

**7.**     Spirit denies the allegations in Paragraph 7, except Spirit admits that JetBlue made a tender offer to acquire the outstanding shares of Spirit.

**8.**     Without waiving attorney-client privilege, Spirit denies the allegations in Paragraph 8, except Spirit admits that Spirit undertook a rigorous review of JetBlue's initial tender offer. Spirit further admits that materials presented to Spirit investors regarding that initial tender offer on May 23, 2022 contain the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotation in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

**9.**     Spirit denies the allegations in Paragraph 9, except Spirit admits that the Spirit Board rejected JetBlue's first tender offer to purchase Spirit. Spirit further admits that materials presented to Spirit investors regarding that initial tender offer on May 23, 2022 contain the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

**10.**    Spirit denies the allegations in Paragraph 10.

**11.**    To the extent that Paragraph 11 sets forth conclusions of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 11.

**12.**    To the extent that Paragraph 12 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 12.

**13.**     To the extent that Paragraph 13 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 13.

**14.**     To the extent that Paragraph 14 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 14.

**15.**     To the extent that Paragraph 15 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 15.

**16.**     To the extent that Paragraph 16 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 16.

**17.**     Spirit denies the allegations in Paragraph 17, except Spirit admits that JetBlue's proposed acquisition of Spirit will affect interstate commerce of the United States.

**18.**     Spirit denies the allegations in Paragraph 18.

**19.**     Spirit denies the allegations in Paragraph 19.

**20.**     Spirit denies the allegations in Paragraph 20.

**21.**     Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21 because the Complaint does not state what metric Plaintiffs use as a basis for them. Spirit therefore denies the allegations in Paragraph 21, except Spirit admits that Spirit initiated service under its current name in 1992 and that, by some measures, Spirit is not larger than the seventh largest airline in the United States.

**22.**     Spirit denies the allegations in Paragraph 22.

**23.**     To the extent that Paragraph 23 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 23.

**24.**     Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24 because the Complaint does not state what metric Plaintiffs use as a basis for them. Spirit therefore denies the allegations in Paragraph 24.

**25.**     Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 because the Complaint does not state what metric Plaintiffs use as a basis for them. Spirit therefore denies the allegations in Paragraph 25, except Spirit admits that in the past 15 years, Delta and Northwest merged, United and Continental merged, Southwest and AirTran merged, and

American and USAir merged.

**26.** Spirit denies the allegations in Paragraph 26.

**27.** Spirit denies the allegations in Paragraph 27, except Spirit admits that in 2007 Spirit Plus was rebranded as the "Big Front Seat" and Spirit discontinued business class service, and in 2010 Spirit started to charge passengers for carry-on bags.

**28.** Spirit denies the allegations in Paragraph 28, except Spirit admits that Spirit's on-time performance as measured by USDOT was second in the country in November 2017 and that Spirit was included in the Jet Airliner Crash Data Evaluation Centre (CACDEC) top 10 safest airlines list in February 2018.

**29.** Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29. Spirit therefore denies the allegations in Paragraph 29, except Spirit admits that in May 2018, Spirit announced plans to fit its aircraft with Wi-Fi starting in the fall of 2018.

**30.** Spirit denies the allegations in Paragraph 30, except Spirit admits that in December 2019, Spirit announced its intention to order 100 Airbus A320neo aircraft.

**31.** Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 because the Complaint does not identify the source of them. Spirit therefore denies the allegations in Paragraph 31, except Spirit admits that its annual operating revenue in 2021 was $3.231 billion, that certain USDOT statistics indicate that more than 30.77 million passengers flew on Spirit in 2021, and that Spirit has operations in Fort Lauderdale, Detroit, Chicago, Dallas/Fort Worth, Houston, Las Vegas, and Newark.

**32.** Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32. Spirit therefore denies the allegations in Paragraph 32, except Spirit admits that Spirit's passenger base includes younger flyers and budget-minded flyers, among other flyers.

**33.** Spirit denies the allegations in Paragraph 33, except Spirit admits that, by some measures, JetBlue is currently not larger than the sixth largest airline in the United States and that, by some measures, Spirit is currently not larger than the seventh largest airline in the United States. Spirit further admits JetBlue announced a tender offer for Spirit on April 5, 2022 for $3.6 billion. Spirit further admits that the Board of Spirit issued a press release on May 2, 2022; those materials

are available in their entirety at https://ir.spirit.com/news-releases/news-details/2022/Spirit-Airlines-Board-of-Directors-Reiterates-Support-for-Merger-with-Frontier-Airlines/default.aspx. Spirit further denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying material itself.

34.     Spirit denies the allegations in Paragraph 34, except Spirit admits that the proposed acquisition price under the July 2022 merger agreement is the equivalent of $3.8 billion.  Spirit further admits that JetBlue will pay $400 million to shareholders of Spirit in the unlikely event the proposed combination is not consummated in certain circumstances.

35.     To the extent that Paragraph 35 sets forth a conclusion of law, no response is required.  To the extent a response is required, Spirit denies the allegations in Paragraph 35, except Spirit admits that, by some measures, JetBlue is currently not larger than the sixth largest airline in the United States and that, by some measures, Spirit is not larger than the seventh largest airline in the United States.

36.     Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36 because the Complaint does not identify the source of them.  Spirit therefore denies the allegations in Paragraph 36, except Spirit admits that, by some measures, JetBlue is currently not larger than the sixth largest airline in the United States.

37.     To the extent that Paragraph 37 sets forth a conclusion of law, no response is required.  To the extent a response is required, Spirit denies the allegations in Paragraph 37.

38.     To the extent that Paragraph 38 sets forth a conclusion of law, no response is required.  To the extent a response is required, Spirit denies the allegations in Paragraph 38.

39.     Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39.  Spirit therefore denies the allegations in Paragraph 39.

40.     Spirit denies the allegations in Paragraph 40.

41.     Spirit denies the allegations in Paragraph 41.

42.     Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42.  Spirit therefore denies the allegations in Paragraph 42.

43.     Spirit admits the allegations in Paragraph 43.

**44.** Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44. Spirit therefore denies the allegations in Paragraph 44, except Spirit admits that JetBlue describes itself as serving customers to more than 100 cities throughout the United States, Latin America, Caribbean, Canada, and United Kingdom.

**45.** Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45. Spirit therefore denies the allegations in Paragraph 45.

**46.** Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 46. Spirit therefore denies the allegations in Paragraph 46.

**47.** Spirit denies the allegations in Paragraph 47, except Spirit admits that JetBlue entered into an agreement with American Airlines referred to as the Northeast Alliance.

**48.** Spirit denies the allegations in Paragraph 48, except Spirit admits that the proposed acquisition price under the merger agreement is the equivalent of $3.8 billion.

**49.** Spirit denies the allegations in Paragraph 49, except Spirit admits that JetBlue previously announced that the combined airline would operate under the JetBlue name.

**50.** Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 50. Spirit therefore denies the allegations in Paragraph 50, except Spirit admits that after the acquisition JetBlue would be, by some measures, not larger than the fifth largest airline in the United States.

**51.** Spirit denies the allegations in Paragraph 51, except Spirit admits that Spirit changed its name from Charter One Airlines to Spirit Airlines on May 29, 1992.

**52.** Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 52 because the Complaint does not identify the source of them. Spirit therefore denies the allegations in Paragraph 52.

**53.** Spirit denies the allegations in Paragraph 53.

**54.** Spirit admits that it is known as an ultra-low-cost carrier (ULCC).

**55.** Spirit lacks knowledge or information sufficient to admit or deny the allegations on Paragraph 55 because the Complaint does not identify the source of them. Spirit therefore denies the allegations in Paragraph 55.

56. Spirit lacks knowledge or information sufficient to admit or deny the market shares cited in Paragraph 56 because the Complaint does not state the metric Plaintiffs use as a basis for them. Spirit therefore denies the allegations in Paragraph 56.

57. Spirit lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 57. Spirit therefore denies the allegations in the first sentence of Paragraph 57. Spirit denies the other allegations in Paragraph 57, except Spirit admits that a May 5, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://s24.q4cdn.com/507316502/files/doc_presentations/2022/2022.05.05-Presentation.pdf. Spirit further responds that Plaintiffs' selective quotation in this paragraph is taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

58. Spirit denies the allegations in Paragraph 58.

59. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59. Spirit therefore denies the allegations in Paragraph 59.

60. Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 60. Spirit therefore denies the allegations in Paragraph 60, except Spirit admits that JetBlue entered into an agreement with American Airlines referred to as the Northeast Alliance and that the United States Department of Justice has filed a lawsuit to block that alliance.

61. To the extent Paragraph 61 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 61, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

**62.** Spirit denies the allegations in Paragraph 62, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

**63.** Spirit denies the allegations in Paragraph 63, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

**64.** Spirit denies the allegations in Paragraph 64, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

**65.** Spirit denies the allegations in Paragraph 65, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

66. Spirit denies the allegations in Paragraph 66, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

67. Spirit denies the allegations in Paragraph 67, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

68. Spirit denies the allegations in Paragraph 68, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

69. Spirit denies the allegations in Paragraph 69, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

**70.** Spirit denies the allegations in Paragraph 70, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

**71.** Spirit denies the allegations in Paragraph 71, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

**72.** Spirit denies the allegations in Paragraph 72.

**73.** Spirit denies the allegations in Paragraph 73.

**74.** Spirit denies the allegations in Paragraph 74.

**75.** Spirit denies the allegations in Paragraph 75, except Spirit admits that Spirit offers scheduled air passenger service on the East Coast, in California, and in Florida.

**76.** Spirit denies the allegations in Paragraph 76.

**77.** Spirit denies the allegations in Paragraph 77.

**78.** Spirit denies the allegations in Paragraph 78.

**79.** Spirit denies the allegations in Paragraph 79.

**80.** Spirit denies the allegations in Paragraph 80.

**81.** Spirit denies the allegations in Paragraph 81, except Spirit admits that after the acquisition JetBlue would be, by some measures, not larger than the fifth largest airline in the United States.

**82.** To the extent that Paragraph 82 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 82. Spirit therefore denies the allegations in Paragraph 82.

**83.** Spirit denies the allegations in Paragraph 83.

**84.** Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 84. Spirit therefore denies the allegations in Paragraph 84.

**85.** Spirit denies the allegations in Paragraph 85.

**86.** Spirit denies the allegations in Paragraph 86.

**87.** Spirit denies the allegations in Paragraph 87.

**88.** Spirit denies the allegations in Paragraph 88.

**89.** Spirit denies the allegations in Paragraph 89.

**90.** Spirit denies the allegations in Paragraph 90.

**91.** Spirit denies the allegations in Paragraph 91.

**92.** Spirit denies the allegations in Paragraph 92.

**93.** To the extent Paragraph 93 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 93, except Spirit admits that it reported revenue of $3.23 billion in 2021, and Spirit's fleet consisted of 65 aircraft and 145 aircraft in 2014 and 2019, respectively.

**94.** Spirit denies the allegations in Paragraph 94, except Spirit admits that a May 23, 2022 presentation to Spirit's investors regarding JetBlue's initial tender offer contains the quoted text; those materials are available in their entirety at https://www.sec.gov/Archives/edgar/data/1498710/000149871022000187/secfiling-jetblueoffersz.htm. Spirit further responds that Plaintiffs' selective quotations in this paragraph are taken out of context, denies Plaintiffs' characterizations of Spirit's statements, and refers the Court to the underlying materials themselves.

**95.** Spirit lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 95. Spirit therefore denies the allegations in Paragraph 95.

**96.** Spirit denies the allegations in Paragraph 96, except Spirit admits that both JetBlue and Spirit compete with other airlines, including, without limitation, the Big Four.

**97.** Spirit denies the allegations in Paragraph 97.

**98.** Spirit incorporates by reference its responses to the allegations in Paragraphs 1 through 97 above as if set forth fully herein.

**99.** To the extent that Paragraph 99 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 99.

**100.** Spirit denies the allegations in Paragraph 100.

**101.** To the extent that Paragraph 101 sets forth a conclusion of law, no response is required. To the extent a response is required, Spirit denies the allegations in Paragraph 101.

### PLAINTIFFS' PRAYER FOR RELIEF

The paragraphs that set forth Plaintiffs' prayer for relief state no allegations and a response is not required. Spirit denies any allegations contained in Plaintiffs' Prayer for Relief to which a response is required.

### JURY DEMAND

Plaintiffs' demand for a trial by jury does not state an allegation and does not require a response.

### AFFIRMATIVE DEFENSES

Spirit asserts the following defenses at law and in equity. Spirit denies that Plaintiffs are entitled to any relief whatsoever. By setting forth the defenses asserted below, Spirit does not concede that it bears the burden of proof on any of the issues raised in these defenses. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever.

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs fail to state a relevant

product or geographic market.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack any standing, lack cognizable antitrust injury, and are not the proper or efficient enforcers.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are not ripe.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for lack of subject matter jurisdiction under Article III of the United States Constitution because Plaintiffs' challenge is contingent on regulatory approval of the proposed transaction, which has not yet been obtained.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the proposed acquisition will not lessen competition in any relevant market.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have suffered no injury or damage and are unlikely to suffer any injury or damage in the future, as a result of the matters alleged in the Complaint by virtue of any conduct by Spirit.

### EIGHTH DEFENSE

The combination of the Defendants' complementary networks will bring new routes online, increase number and convenience of flights on existing routes, grow capacity, increase competition with the Big Four network airlines and benefit consumers.  These consumer benefits, as well as the cost synergies and other efficiencies that will result from the merger, greatly outweigh any and all proffered anticompetitive effects.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because granting the relief sought is contrary to the public interest.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any

antitrust injury as a result of the matters alleged in the Complaint by virtue of any conduct by Spirit.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by waiver, laches, or unclean hands.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to post a bond as required by 15 U.S.C. § 26.

## DEFENSES RESERVED

Spirit hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by JetBlue to the extent that Spirit may share in such a defense. The foregoing defenses are raised by Spirit without waiver of any other defenses that may become known during the discovery proceedings in this case or otherwise. Spirit hereby reserves the right to amend or supplement its Answer to assert any other related defenses as they become available.

Dated: January 9, 2023

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *Andrew C. Finch*

Andrew C. Finch (SBN 195012)
afinch@paulweiss.com
Eyitayo St. Matthew-Daniel (admitted *pro hac vice*)
tstmatthewdaniel@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019
Telephone:   (212) 373-3000
Facsimile:   (212) 757-3990

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Meredith R. Dearborn (SBN 268312)
mdearborn@paulweiss.com
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:   (628) 432-5100
Facsimile:   (628) 232-3101

*Attorneys for Defendant
Spirit Airlines, Inc.*