UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GABRIEL GARAVANIAN, et al.,<br><br>      *Plaintiffs*,<br><br>vs.<br><br>JETBLUE AIRWAYS CORPORATION AND SPIRIT AIRLINES, INC.<br><br>      *Defendant*s. | Case No. 4:22-cv-6841-JSW (KAW)<br><br>**JOINT DISCOVERY DISPUTE LETTER (DEFENDANTS' MOTION TO ENTER PROTECTIVE ORDER)**<br><br>Judge: Hon. Kandis A. Westmore |

    Undersigned counsel attests that the parties met by video conference on February 17, 2023 prior to filing this letter. Each undersigned counsel further attests that they have fully complied with all of the provisions of Section 9 of the Northern District's Guidelines. This letter outlines a discovery dispute concerning Defendants' motion to enter a protective order.

    Undersigned declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

| | |
|---|---|
| COOLEY LLP<br><br>*/s/ Ethan Glass*<br>Ethan Glass (SBN 216159)<br><br>*Counsel for Defendant JetBlue Airways, Corp.*<br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br><br>*/s/ Meredith R. Dearborn*<br>Meredith R. Dearborn (SBN 268312)<br>*Counsel for Defendant Spirit Airlines, Inc.* | ALIOTO LEGAL<br><br>*/s/ Joseph M. Alioto Jr.*<br>Joseph M. Alioto Jr. (SBN 215544)<br><br>*Counsel for Plaintiffs* |

**Background**

The parties seek the Court's guidance concerning the entry of a stipulated protective order. Before beginning discovery, including the production of documents in response to Plaintiffs' first set of document requests, Defendants request entry of a Proposed Protective Order based on the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Order"), attached to the accompanying Dearborn Declaration as **Exhibit A** ("the Proposed Protective Order"). The parties met and conferred by videoconference on February 17, 2023, and agree they have reached an impasse.

**Defendants' Position**

Plaintiffs demand that Defendants produce millions of pages of highly sensitive documents—likely including passenger and employee personal information and competitively sensitive data—that Defendants have not even yet revealed to each other, much less to the public. Before producing such documents, Defendants respectfully request entry of the Proposed Protective Order, which closely hews to the Court's Model Order. The Proposed Protective Order would give JetBlue Airways Corporation ("JetBlue") and Spirit Airlines, Inc. ("Spirit") appropriate guarantees that confidential commercial, personal and other information will not be misused.[1] Plaintiffs oppose the entry of a standard protective order, including any based on the Court's model. This position is unreasonable in light of the high degree of sensitivity of the discovery anticipated in this case. The "alternative" procedure Plaintiffs propose is no solution; it would impose an undue burden on Defendants to affirmatively explain and, in all likelihood, for the Court to adjudicate countless needless claims of confidentiality over millions of documents. The Court should enter the Proposed Protective Order.

"Blanket protective orders serve the interests of a 'just, speedy, and inexpensive determination' of cases by alleviating the undue cost and delay that would ensue if courts had to make good cause determinations on a document-by-document basis for all documents exchanged in discovery that a party wished to protect." *Quality Inv. Properties Santa Clara, LLC* v. *Serrano Elec., Inc.*, 2010 WL 2889178, at *1 (N.D. Cal. Jul. 22, 2010) (quoting FED. R. CIV. P. 1); *Rosenfeld* v. *Talamantes*, No. CV 22-497-DSF(EX), 2022 WL 14742750, at *2 (C.D. Cal. July 25, 2022) (same). Such blanket confidentiality protective orders are "routinely approved by courts in civil cases." *Quality Inv. Properties, LLC*, 2010 WL 2889178, at *1; *Van* v. *Wal-Mart Stores, Inc.*, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011) (same; "the agreement of all parties is not required"). The Northern District of California's Model Order sets "forth presumptively reasonable conditions regarding the treatment of highly confidential information." *Kelora Systems, LLC* v. *Target Corp.*, 2011 WL 6000759, at *2, (N.D. Cal. Aug. 29, 2011). The Proposed Protective Order closely hews to the language of the Model Order, making minor adjustments principally to (a) account for the fact that no source code is likely to be disclosed, (b) protect against inadvertent waiver in light of the large volumes of documents Plaintiffs are likely to (and already have) demanded, and (c)

---

[1] Defendants maintain that discovery should not begin in earnest yet because the Department of Justice ("DOJ") is currently evaluating the merger and may bring suit. Dkt. 28, at 10. In the event that this case is consolidated or coordinated with a DOJ suit for discovery and other purposes, it will be more efficient to have a single protective order—and DOJ may have views on what confidentiality procedures should govern here. However, in order to accommodate Plaintiffs' demands for documents while DOJ completes its review and to minimize disputes before the Court, Defendants propose entry of a Protective Order closely hewing to the Court's Model Order, but note that amendment may be necessary at a later time.

improve administrability. Dearborn Decl. ¶ 4; M.J. Westmore Standing Order, ¶ 12. Before 3:00 PM PST on the day this motion was due, Plaintiffs did not provide their position on any of these modifications, standing on their objection to any blanket order based on the Court's Model. Dearborn Decl. ¶¶ 5–9.[2]

The Model Order—with the minor modifications that Defendants propose—complies with the requirements of Federal Rule of Civil Procedure 26(c). Plaintiffs' argument is, in essence, that the Court's Model Order violates Rule 26(c)—but that is not true. *Quality Inv. Properties*, 2010 WL 2889178, at *2 (finding that the Court's Model Order comports with the requirements of Rule 26(c) by, *inter alia* requiring parties to take care in their designations); Proposed Protective Order ¶ 5.1. Here, Defendants have a good-faith basis to believe that discovery warrants protection from automatic public disclosure. Finch Decl. ¶¶ 4–7; Glass Decl. ¶ 3.[3] By way of example, Plaintiffs' First Request for Production of Documents ("RFP # 1") seeks production of the entire population of documents Defendants have produced to the Department of Justice ("DOJ") in the course of its review of the proposed merger. While Defendants are willing to produce the key documents in this population to Plaintiffs—as described in their separately filed letter brief—any such production must be made only under a court order that protects its confidentiality, because without a court order, "the fruits of pretrial discovery" are "presumptively public." *San Jose Mercury News, Inc.* v. *United States Dist. Ct.,* 187 F.3d 1096, 1103 (9th Cir.1999).

By way of example, the documents Plaintiffs are seeking through RFP # 1 include highly confidential commercial information, such as internal reports concerning route profitability, quality of service, pricing, discounting, fleet planning, route development, capacity planning, yield management, code-sharing, and slot holdings. Glass Decl. ¶ 3, Finch Decl. ¶ 4. Despite their best efforts to redact such information, that production may also include personal information, such as passport numbers, drivers' license numbers, Social Security Numbers, names, dates of birth, and other personal information about Defendants' employees, customers and contractors. Glass Decl. ¶ 4; Finch Decl. ¶¶ 5, 7. Courts have ordered blanket protective orders where parties have sought the production of commercial and private information on a less intrusive scale than Plaintiffs are seeking here. *See e.g., Van*, 2011 WL 62499, at *3 (entering a protective order where Plaintiff sought "discovery of personnel records, as well as Defendants' policies and procedures").

These documents were produced to the DOJ pursuant to robust confidentiality protections. Productions to the DOJ pursuant to the Hart-Scott-Rodino ("HSR") Act are exempt from FOIA, and the DOJ is prohibited <u>by federal statute</u> from subsequent disclosure for any purposes not relevant to an administrative or judicial proceeding. 15 U.S.C. § 18a(h). Moreover, contrary to Plaintiffs' expressed beliefs during the meet-and-confer process, except for very limited, non-substantive exceptions on an Attorneys'-Eyes-Only ("AEO") basis, Defendants did not share with

---

[2] While Defendants believe that each of the proposed minor modifications to the Court's Model Order is useful and appropriate in this specific case, to the extent the Court rejects one or more those modifications, Defendants in the alternative request the applicable unmodified provision(s) in the Court's Model Order.

[3] Defendants recognize that the Court ordinarily does not allow discovery disputes to be accompanied by affidavits, other than the declaration explaining changes from the Model Order in protective-order disputes like this one. M.J. Westmore Standing Order ¶¶ 12, 14(b)(i). Defendants' submit the Finch and Glass Declarations out of an abundance of caution due to the position Plaintiffs are taking, but believe that this dispute can be resolved without reference to them if the Court prefers.

each other the documents that each produced to the DOJ. Instead, they have continued to conduct business as usual and to remain separate carriers unless and until all closing conditions are met, including clearance from the DOJ. Finch Decl. ¶ 9;. All of this further militates in favor of entering the Model Protective Order with AEO protections. *United States* v. *CBS, Inc.*, 103 F.R.D. 365, 369 (9th Cir. 1984) (observing that the "need to protect" against "disclosure of this information was particularly acute in this case because the defendants and the [producing party] are direct competitors"); *Fieldturf Intern., Inc.* v. *Triexe Mgmt. Group, Inc.*, 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004) (recognizing that "disclosure of confidential financial information to competitor[s] may cause a party great harm," limiting disclosure to outside counsel). It is telling that, in litigation involving the DOJ, courts routinely enter stipulated protective orders. *See e.g.*, *United States* v. *Visa Inc. and Plaid Inc.*, No. 4:20-cv-07810-JSW (N.D. Cal. Nov. 25, 2020); *United States* v. *Aon*, No. 1:21-cv-01633 (D.D.C. July 9, 2021); *United States* v. *Am. Airlines Group Inc.* v. *JetBlue Airways Corp.*, No. 1:21-cv-11558-LTS (D. Mass. Apr. 20, 2022). Plaintiffs cite to no merger cases where a blanket protective order has not been entered, and Plaintiffs' counsel have agreed to blanket protective orders in several other instances, including recently in *Demartini* v. *Microsoft Corp.*, No. 22-cv-08991-JSC, Dkt. No. 44 (N.D. Cal. Jan. 31, 2023).

Plaintiffs' "alternative" approach is no answer. It would require Defendants to affirmatively justify confidentiality designations <u>one by one</u> for the <u>millions upon millions</u> of documents produced to Plaintiffs, and, if Plaintiffs in their sole discretion deemed Defendants' justification inadequate, adjudicate challenges <u>one by one</u> before the Court. This is an enormously inefficient approach, and one that would place nearly all of the administrative burden on Defendants and the Court. It would do nothing but exacerbate the Court's concern that there is "undue cost and delay" in establishing "good cause determinations on a document-by-document basis for all documents exchanged in discovery that a party wish[es] to protect." *Estate of Mann* v. *County of Stanislaus*, 2022 WL 658608, at *1 (E.D. Cal. Feb. 11, 2022) (quoting *Van*, 2011 WL 62499, at *2); *see also Rosenfeld*, 2022 WL 14742750, at *1 (finding a blanket protective order appropriate to avoid the parties having to seek a protective order on a document-by-document basis for each allegedly confidential document); *Estate of Mann*, 2022 WL 658608, at *1 ("[U]se of blanket protective orders conserves judicial resources—and taxpayer money—by eliminating the requirement that a party move for a protective order every time that party produces information that is confidential"). Despite their representation that a "model order can be crafted that alleviates" all parties' concerns, Dkt. 28, at 10, Plaintiffs have failed to timely propose any version of a protective order in this matter. Instead, Plaintiffs sent what they called "Exhibit B"—what appears to be a single provision of the Model Order, with some changes—for the first time at 7:00 PM PST on the day this brief was due, and asked that it be filed with the Court. This last-minute tactic subverted any meaningful meet-and-confer, despite having Defendants' proposal for weeks.

Plaintiffs also incorrectly argue that such orders allegedly "impose the burden on the requesting party to challenge confidentiality designations as lacking good cause." Dkt. 28, at 10. But under the terms of the Proposed Protective Order, the burden of proving confidentiality is on the party asserting the confidentiality claim. Proposed Protective Order, ¶ 6.3.

Defendants respectfully request entry of the Proposed Protective Order.

**Plaintiffs' Position**

Plaintiffs have never opposed the issuance of a blanket protective order. So, Defendants' cited authority regarding the benefits of blanket orders are beside the point. Instead, Plaintiffs simply object to a blanket order that transposes the obligations set forth in Rule 26(c). As they

- 3 -

stated in the Case Management Conference Statement, "Plaintiffs believe a model order can be crafted that alleviates the defendants' concerns about confidentiality while simultaneously addressing Plaintiffs' concerns." (Dkt. No. 28 at 10.)

The procedure set forth in Rule 26(c) is the procedure that should be followed here. If a party produces material it wishes to protect, it must meet and confer about the protected material before the material is designated "confidential." The party should demonstrate "good cause" for protecting the document. Fed.R.Civ.P. 26(c). Under the rule, "good cause" may never be presumed. Under the rule as it is written, the producing party has the obligation to identify potentially protected documents, organize the meet and confer, and move the Court for protection on any unresolved document.

In practice, Plaintiffs' proposal perfectly coincides with the obligations set forth in the actual Rule 26(c): The producing party would produce any non-confidential documents in the normal course; however, it would upload to a secure site (or otherwise share) any *proposed* confidential documents. The producing party would provide the receiving party an index of the uploaded documents with the "good cause" basis for each document or groups of documents. While loaded on the secure site, the documents would be afforded the highest level of protection. After the parties have a chance to review them, the producing party would set up a meet and confer to discuss the documents. Agreed upon documents would be designated (or not, as agreed) and produced. The producing party would then move the Court to protect any unresolved documents, maintaining its burden of showing "good cause." This procedure maintains the integrity of Rule 26(c), appropriately maintains the obligations of the party seeking protection, and most importantly, significantly reduces the incentive of producing parties to over-include confidentiality designations. Plaintiffs' proposed modifications to the standard model are attached as Exhibit B. (Defendants object to the timing of Plaintiffs' Exhibit B, but the mechanics outlined in it reflect the same procedure Plaintiffs proposed in detail at the February 17, 2023 meet and confer, as well as the general procedure they outlined in the CMC Statement nearly a month ago.)

On the other hand, Defendants' proposed protective order, modified from the Court's model, turns Rule 26(c) on its head. And that, in Plaintiffs' experience, has led to massive abuses that can and should be avoided.[4]

Defendants' protective order deviates from Rule 26(c) in a number of important ways:

First, it allows the designating party to establish a presumption that a document is "confidential" merely by affixing a "confidential" label upon it – without ever having shown "good cause" which the Rule requires. That presumption is contrary to the law. Fed.R.Civ.P. 26(c).

Second, rather than it being the obligation of the party seeking protection, Defendants' proposed order places the obligation on the receiving party to *challenge* a *presumption* of protection for the document. Thus, the receiving party must sift through every document, identify every objectionable presumed-confidential designation, and then establish "a basis for each challenge." (Def. PO ¶ 6.2) That means the receiving party must initiate the challenge and affirmatively demonstrate "no good cause" for every document. That is a significant perversion of the requirements of Rule 26(c). Moreover, the receiving party has now taken all of the above steps

---

[4] Defendants represent that Plaintiffs did not make their objections to some modifications known until 3:00pm on Monday, February 27; however, they omit telling the Court that was just 1.5 business days after they submitted their portion of the brief.

- 4 -

before the producing party has attempted to show "good cause" or exerted any effort at all other than to write "confidential" in the margin of a document.

Third, during the meet and confer process, the receiving party must "explain the basis for its belief that the confidentiality designation was not proper." (*Id*.) Again, the burden has been placed on the receiving party to explain "no good cause" rather than on the producing party to establish "good cause."

Each of the three above-listed objections also apply to provisions found within the Court's proposed Stipulated Protective Order. But, the following additional objections are Defendants' modifications of the model, none of which are justified:

Fourth, Defendants propose deleting the provision that calls for selective designations of portions of a document. (Def PO ¶ 5.2(a).) While they do not explain this edit in this letter, it can only be because they wish to improperly sweep up non-confidential portions in documents.

Fifth, one of the saving graces of the Court's Stipulated Protective Order is its requirement that the designating party bring a motion to maintain confidentiality. At the very least, the model protective order preserves the obligation of the party seeking protection to file a motion. But, Defendants would do away with that burden as well. (Def. PO ¶ 6.3.) They propose the Court shorten the time for filing a confidentiality challenge from 21 days to 5 and suspending Civil Local Rule 7 – all in an effort to further force Plaintiffs to accept over-designated confidentiality designations.

Sixth, Defendants' proposed order unfairly and completely does away with the model's insistence that the Plaintiff be permitted to "file a challenge at any time if there is good cause for doing so."

Seventh, there is no basis for any other modification to the model and Defendants offer none. Each of the modifications should be rejected.

Defendants' principal complaint with Plaintiffs' "alternative approach" is that it would "require Defendants to affirmatively justify confidentiality designations <u>one by one</u> for the <u>millions upon millions</u> of documents produced to Plaintiffs." (emphasis in original.) Yes, that is correct, because that is *precisely* what Rule 26(c) requires. Most importantly, none of the burdens identified (sorting through millions of documents, etc.) disappear in Defendants' proposed order. *They are merely shifted to Plaintiffs*. Under Defendants' proposed order, it is Plaintiffs who must sift through *millions upon millions* of documents *one by one* and then challenge each. This is manifestly unjust. If the Defendants want protection under Rule 26(c), they may seek it. But the burdens associated with seeking it *must* be kept upon them.

Finally, Defendants' proposed order will not save judicial resources. Defendants' proposal calls for a challenge process that requires Court intervention. Plaintiffs' proposal mimic's Rule 26(c) requirement to seek a Court finding of "good cause." Since the Court will be involved in either case, the obligations identified in Rule 26(c) should be preserved.

Jointly Submitted on February 27, 2023:

| | |
|---|---|
| COOLEY LLP<br><br>By: */s/ Ethan Glass*<br>Ethan Glass (SBN 216159)<br>eglass@cooley.com<br>1299 Pennsylvania Avenue, NW Suite 700<br>Washington, DC 20004-2400<br>Telephone: (202) 842-7800<br>Facsimile: (202) 842-7899<br><br>Beatriz Mejia (SBN 190948)<br>mejiab@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111-4004<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>*Counsel for Defendant*<br>*JetBlue Airways Corp.*<br><br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br><br>By: */s/ Meredith R. Dearborn*<br>Meredith R. Dearborn (SBN 268312)<br>mdearborn@paulweiss.com<br>535 Mission Street, 24th Floor<br>San Francisco, CA 94105<br>Telephone:     (628) 432-5100<br>Facsimile:     (628) 232-3101<br><br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br><br>Andrew C. Finch (SBN 195012)<br>afinch@paulweiss.com<br>Eyitayo St. Matthew-Daniel (admitted *pro hac vice*)<br>tstmatthewdaniel@paulweiss.com<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone:     (212) 373-3000<br>Facsimile:     (212) 757-3990<br><br>*Counsel for Defendant*<br>*Spirit Airlines, Inc.* | ALIOTO LEGAL<br><br>By: */s/ Joseph M. Alioto Jr.*<br>Joseph M. Alioto Jr. (SBN 215544)<br>joseph@aliotolegal.com<br>100 Pine Street, Suite 1250<br>San Francisco, CA  94111<br>Telephone:  (415) 398-3800<br><br>ALIOTO LAW FIRM<br>Joseph M. Alioto (SBN 42680)<br>Tatiana V. Wallace (SBN 233939)<br>One Sansome Street, Suite 3500<br>San Francisco, CA  94104<br>Telephone: (415) 434-8900<br><br>LAW OFFICES OF LAWRENCE G. PAPALE<br>Lawrence G. Papale (SBN 67068)<br>lgpapale@papalelaw.com<br>1308 Main Street, Suite 117<br>St. Helena, CA 94574<br>Telephone: (707) 963-1704<br><br>BONSIGNORE TRIAL LAWYERS, PLLC<br>Robert J. Bonsignore (SBN 313346)<br>23 Forest Street<br>Medford, MA 02155<br>Telephone: (781) 856-7650<br><br>LAW OFFICE OF THERESA D. MOORE PC<br>Theresa Moore (SBN 99978)<br>tmoore@aliotolaw.com<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 613-1414<br><br>NEDEAU LAW PC<br>Christopher A Nedeau (SBN 81297)<br>cnedeau@nedeaulaw.net<br>154 Baker Street<br>San Francisco, CA 94117-2111<br>Telephone: (415) 516-4010<br><br>THE VEEN FIRM<br>Josephine Alioto (SNB 282989)<br>jalioto@veenfirm.com<br>20 Haight Street<br>San Francisco CA 94102<br>Telephone: (415) 673-4800<br><br>*Counsel for Plaintiffs* |

## SIGNATURE ATTESTATION

  Pursuant to Civil Local Rule 5-1(h)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

                By: */s/ Meredith R. Dearborn*
                Meredith R. Dearborn (SBN 268312)