PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Andrew C. Finch (SBN 195012)
afinch@paulweiss.com
Eyitayo St. Matthew-Daniel (admitted *pro hac vice*)
tstmatthewdaniel@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019
Telephone:   (212) 373-3000
Facsimile:   (212) 757-3990

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Meredith R. Dearborn (SBN 268312)
mdearborn@paulweiss.com
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:   (628) 432-5100
Facsimile:   (628) 232-3101

*Attorneys for Defendant
Spirit Airlines, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| GABRIEL GARAVANIAN, et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>JETBLUE AIRWAYS CORPORATION AND SPIRIT AIRLINES, INC.<br><br>*Defendants*. | Case No. 4:22-cv-6841-JSW (KAW)<br><br>**DECLARATION OF MEREDITH R. DEARBORN IN SUPPORT OF JOINT DISCOVERY DISPUTE LETTER (DEFENDANTS' MOTION TO ENTER PROTECTIVE ORDER)**<br><br>Judge: Hon. Kandis A. Westmore |

I, Meredith R. Dearborn, declare and state as follows:

1. I am an attorney in good standing with the State Bar of California and admitted to practice in the Northern District of California. I am a Partner of the law firm, Paul, Weiss, Rifkind, Wharton & Garrison, LLP and Defendant Spirit Airlines, Inc.'s counsel of record. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently to them.

2. Attached as **Exhibit A** is a redline comparing Defendants' Proposed Protective Order based on the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Proposed Protective Order").[1]

3. The Proposed Protective Order adds case-identifying information or the elimination of language denoted as optional, such as the language pertaining to source code.

4. In addition, the Proposed Protective Order makes minor modifications that principally (a) protect against inadvertent waiver in light of the large volumes of documents Defendants may produce in this case, and (b) improve administrability. The below explains each such modification:

   a. Defendants have proposed changes to section 5.2(a) to remove the requirement for partial-page designations. This is an administrability concern, due to high costs of making partial designations for each document in light of the high volume of materials expected to be produced in this matter.

   b. Defendants have proposed changes to section 5.2(a) to ensure that obstruction of the legend indicating a confidentiality designation does not constitute a waiver of the designation. This ensures that confidentiality designations are not inadvertently vitiated due to a formatting error, and is helpful to avoid disputes over clerical issues.

   c. Defendants have proposed changes to section 6.3 to incorporate this Court's procedures for resolving discovery disputes, as stated in the applicable Standing

---

[1] Available at https://www.cand.uscourts.gov/forms/model-protective-orders/

DECLARATION OF MEREDITH R. DEARBORN ISO DEFS' JOINT DISCOVERY LETTER — - 2 - — CASE NO. 4:22-CV-6841-JSW (KAW)

Orders.[2] Defendants have also proposed edits to this section to improve administrability of the dispute process and to protect against waiver.

d. Defendants have proposed changes to section 7.1 to clarify and strengthen the limitation of purposes for which Protected Material may be used, explaining that Protected Material "shall not be used directly or indirectly for any other purpose whatsoever."

e. Defendants have proposed changes to sections 7.2(a) and 7.3(a) to permit disclosure of Protected Material to Professional Vendors rather than a specifically enumerated list, in order to allow the parties flexibility to work with court reporters, vendors, and the like.

f. Defendants have proposed changes to section 7.2(e) and 7.3(e) to remove language repetitive of the changes to sections 7.2(a) and 7.3(a).

g. Defendants have proposed changes to section 7.2(f) to clarify the procedure for disclosure of Protected Materials to deponents. Deponents should either sign the Acknowledgement or Agreement to be Bound or be advised on the record that the information or item is subject to a protective order and cannot be disclosed if they are an author or recipient or otherwise knew the information during the ordinary course.

h. Defendants have proposed changes to section 7.3(b) to remove unnecessary limitations on which Designated House Counsel of the Receiving Party may receive materials designated as Attorneys' Eyes Only ("AEO").

i. Defendants have proposed changes to section 7.3(c) to permit AEO-designated materials to be shared with Experts retained by the Receiving Party, while limiting the nature of Experts that may review AEO-designated materials in order to minimize the risks of disclosure of competitively sensitive information

---

[2] Civil Standing Orders, https://cand.uscourts.gov/wp-content/uploads/judges/white-jsw/JSW-Civil-Standing-Order-_Rev-12-22_.pdf, section 7; and Standing Order for Magistrate Judge Kandis A. Westmore, https://cand.uscourts.gov/wp-content/uploads/judges/westmore-kaw/KAW_Standing_Order_General_11-08-2021.pdf, section 14.

        to current or former officers, directors, employees, contractors or consultants of a competitor of a Party.

    j. Defendants have proposed changes to section 7.4 to require the parties to track and maintain records of signed copies of the "Acknowledgement and Agreement to Be Bound," but not require disclosure of those Acknowledgements to opposing parties under most circumstances.

    k. Defendants have proposed changes to section 8 to provide a timeline for objecting or seeking a protective order for material subpoenaed or ordered produced in other litigation. This provision is expected to be helpful given the possibility that the Department of Justice may file a similar lawsuit challenging the Spirit-JetBlue merger.

    l. Defendants have proposed changes to section 11 that set out a procedure for the inadvertent production of privileged or protected material to clarify that such inadvertent production does not waive any claimed privilege or protection. The changes to section 11 also set out a procedure for the return of such inadvertently produced information. These changes, protecting against waiver, are necessary given the large scale of documents likely to be produced in this matter and the prohibitive costs and undue delays that would be caused by the parties taking a document-by-document review to all verify privilege claims.

    m. Defendants have proposed changes to section 13 to alleviate the burden of counsel having to purge Protected Materials from their respective systems.

5. On February 1, 2023, Plaintiffs' shared a draft Case Management Statement indicating for the first time that Plaintiffs opposed a blanket protective order in this matter.

6. On February 2, 2023, I sent Plaintiffs' counsel an earlier version of the Proposed Protective Order, in redline form showing modifications to the Northern District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. I asked Plaintiffs to meet and confer about a properly scoped protective order in this case. Plaintiffs did not reply.

7. On February 14, 2023, noting that it had been two weeks since sending the draft, I sent Plaintiffs' counsel a slightly updated version of the Proposed Protective Order, again in redline over the Court's model order, and again asked to meet and confer.

8. On February 17, 2023, the parties, through their counsel, met and conferred via video conference. I attended that meet and confer. During the February 17, 2023 conference, Plaintiffs' counsel expressed opposition to any protective order based on the Court's model.

9. Before 3:00 PM Pacific time on the day that this motion was due to the Court, Plaintiffs did not provide their position on any of the proposed modifications discussed above and shown in redline in the attached Proposed Protective Order.

10. Just before 7:00 PM Pacific time on February 27, the day this joint brief was due to the Court, counsel for Plaintiffs sent a draft document and requested that it be attached as "Exhibit B." Plaintiffs never before had sent or discussed any specific proposed modifications to the Court's model protective order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed February 27, 2023 in San Francisco, California.

By: /s/ *Meredith R. Dearborn*
Meredith R. Dearborn