PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Andrew C. Finch (SBN 195012)
afinch@paulweiss.com
Eyitayo St. Matthew-Daniel (admitted *pro hac vice*)
tstmatthewdaniel@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Meredith R. Dearborn (SBN 268312)
mdearborn@paulweiss.com
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

*Attorneys for Defendant*
*Spirit Airlines, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

GABRIEL GARAVANIAN, et al.,

*Plaintiffs*,

vs.

JETBLUE AIRWAYS CORPORATION AND SPIRIT AIRLINES, INC.

*Defendants*.

Case No. 4:22-cv-6841-JSW (KAW)

**DECLARATION OF ANDREW C. FINCH IN SUPPORT OF JOINT DISCOVERY DISPUTE LETTER (DEFENDANTS' MOTION TO ENTER PROTECTIVE ORDER)**

Judge: Hon. Kandis A. Westmore

I, Andrew C. Finch, declare and state as follows:

1. I am an attorney in good standing with the State Bar of California and admitted to practice in the Northern District of California. I am a Partner of the law firm, Paul, Weiss, Rifkind, Wharton & Garrison, LLP and Defendant Spirit Airlines, Inc.'s ("Spirit") counsel of record. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently to them.

2. I serve as counsel to Spirit for the Department of Justice's ("DOJ") investigation into Spirit's proposed merger with JetBlue Airways Corporation ("JetBlue") pursuant to the Hart-Scott-Rodino Act (the "HSR Act"). I have overseen Spirit's productions in accordance with the pre-merger filing requirements under 15 U.S.C. § 18a and in response to DOJ's second request for information under 15 U.S.C. § 18a(e). As such, I have personal knowledge of both the materials which Spirit has provided to the DOJ and the manner in which Spirit collected and produced those materials.

3. Spirit's productions to the DOJ were made under statutory guarantees of confidentiality and non-disclosure, including those required under the HSR Act, 15 U.S.C. § 18a(h) and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311 et seq. Spirit repeatedly insisted upon these guarantees in its correspondence with and productions to the DOJ.

4. Spirit's productions to the DOJ contained highly confidential and competitively sensitive information that Spirit does not make public in the ordinary course of business.

5. Some examples of highly confidential and competitively sensitive materials included in Spirit's productions to the DOJ include:

a. Internal presentations prepared for Spirit's board of directors concerning Spirit's long-term pricing strategy and capital allocation and route planning running through 2026;

b. Presentations prepared by Spirit's financial advisors for Spirit's board of directors concerning potential strategic partnerships, mergers and acquisitions;

c. Analyses of competitors' operations and Spirit's strategic decision-making with respect to them; and

d. Spirit's policies, contracts and procedures concerning the hiring and retention of key employees and contractors.

6. Spirit's productions to the DOJ also may contain sensitive personal information. Specific examples of sensitive personal information that may have been included in Spirit's productions to the DOJ include:

a. Human Resources information pertaining to Spirit employees, including Social Security Numbers, dates of birth, drivers' license numbers and other personal information.

b. Passport numbers, names, dates of birth and other personal information pertaining to certain of Spirit's customers.

c. Names, contact information and other personal information pertaining to Spirit's contractors.

7. A substantial portion of the materials contained in Spirit's productions to the DOJ were not made publicly available in the ordinary course of business. Public disclosure of this confidential and sensitive information would likely give Spirit's competitors an unfair commercial advantage.

8. Due to the manner in which Spirit compiled its productions to the DOJ, primarily using Technology Assisted Review ("TAR"), the degree of competitively sensitive information revealed in the productions may be even more substantial than Spirit anticipates. TAR systems review and classify documents algorithmically, without human assistance. Although Spirit took appropriate measures to limit the amount of personal information produced to the DOJ, including redacting personal information, it is likely that not all personal information was captured by these efforts. It is therefore possible that Spirit's TAR resulted in the production of strategic documents that are both highly confidential and unresponsive to either the DOJ's investigation, Plaintiffs' complaint, or both.

9. Except for limited documents prepared by both parties, or documents shared with an understanding that they would be viewed by Attorneys Eyes Only, Spirit and JetBlue did not share

with each other the separate productions each company made to the DOJ in connection with the DOJ's review of the Spirit-JetBlue merger.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed February 27, 2023 in New York, New York.

By: /s/ *Andrew C. Finch*
Andrew C. Finch

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

By: /s/ *Meredith R. Dearborn*
Meredith R. Dearborn (SBN 268312)