COOLEY LLP
ETHAN GLASS (SBN 216159)
eglass@cooley.com
1299 Pennsylvania Ave., NW
Suite 700
Washington, DC 20004
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

COOLEY LLP
BEATRIZ MEJIA (SBN 190948)
mejiab@cooley.com
3 Embarcadero Center
20th Floor
San Francisco, CA 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

*Attorneys for Defendant
JetBlue Airways Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| GABRIEL GARAVANIAN, et al., *Plaintiffs*, vs. JETBLUE AIRWAYS CORPORATION AND SPIRIT AIRLINES, INC. *Defendants*. | Case No. 4:22-cv-6841-JSW (KAW) **DECLARATION OF ETHAN GLASS IN SUPPORT OF JOINT DISCOVERY DISPUTE LETTER (DEFENDANTS' MOTION TO ENTER PROTECTIVE ORDER)** Judge: Hon. Kandis A. Westmore |

I, Ethan Glass, declare and state as follows:

1. I am an attorney in good standing with the State Bar of California, and I am admitted to practice in the Northern District of California. I am a Partner at the law firm Cooley LLP, I am counsel of record for Defendant JetBlue Airways Corporation ("JetBlue") in this litigation, and I make this declaration pursuant to 28 U.S.C. § 1746.

2. JetBlue has collected and produced voluminous documents as part of the pre-merger filing requirements in the Hart-Scott-Rodino Act (the "HSR Act") and in response to the Department of Justice's ("DOJ") second request for information under 15 U.S.C. § 18a. JetBlue made those productions to DOJ under statutes that protect such information from disclosure, including the HSR Act, 15 U.S.C. § 18a(h), and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311 et seq. JetBlue consistently and repeatedly invoked and relied on those statutes in its productions to DOJ.

3. JetBlue's productions to DOJ include documents and information that are highly confidential and not publicly available, such as:

   a. Internal analyses and discussion of JetBlue's business strategy, including detailed discussions of pricing, costs, revenue management, and capital investments;

   b. Internal analyses and discussion of competitors and JetBlue's market position, and strategic discussions regarding future changes to competition and JetBlue's potential responses;

   c. Presentations and materials regarding JetBlue's business plans and strategies; and

   d. Documents that contain information related to JetBlue employees and contractors.

4. JetBlue used Technology Assisted Review ("TAR") in determining which documents to produce to DOJ because of the volume of documents and the expedited nature of the merger review and second request. As a result, JetBlue has produced documents that the TAR software determined was responsive, rather than an attorney. Likewise, because DOJ policy

provides for non-waiver of attorney-client privilege, *see* 16 C.F.R. § 2.11(d) and 16 C.F.R. § 3.31(g), JetBlue produced documents to DOJ that have not undergone a thorough privilege review. Indeed, JetBlue has already discovered some inadvertently-produced privileged documents that it has clawed back from DOJ.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed February 27, 2023 in Washington, DC.

By: /s/ *Ethan Glass*
Ethan Glass

### SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

By: /s/ *Meredith R. Dearborn*
Meredith R. Dearborn (SBN 268312)