PLAINTIFFS' PROPOSED PROCEDURE FOR RESOLVING PROPOSED CONFIDENTIALITY

5. DISCLOSING POTENTIALLY PROTECTED MATERIAL~~DESIGNATING PROTECTED MATERIAL~~

~~5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.~~

~~Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.~~

~~If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.~~

5.1~~2~~    Manner and Timing of ~~Designations~~Disclosure. Except as otherwise provided in this Order ~~(see, e.g., second paragraph of section 5.2(a) below)~~, or as otherwise stipulated or ordered, ~~Disclosure or~~ Discovery Material that potentially qualifies for protection under Fed.R.Civ.P. 26(c) ~~this Order~~ must be ~~clearly so designated before the material is~~ disclosed or produced in the following manner:~~.~~

(a) ~~Designation in conformity with this Order requires:~~

~~(a)~~ For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of ~~depositions or other~~ pretrial or trial proceedings), ~~that~~ the Producing Party

shall upload the potentially protected material to a secure document repository in a manner that prevents any record from being copied, printed, or downloaded. At the time set for production under Fed.R.Civ.P. 34, the Producing Party shall serve the Requesting Party with: (1) an index of potentially protected material accompanied by the good cause basis for protecting each record or portion thereof under Fed.R.Civ.P 26(c); and (2) secured access to the repository. The Requesting Party shall be permitted to review the records in the repository, along with the Producing Party's good cause bases for protection, but shall be prohibited from copying, printing, or downloading any document from the repository. During the review period, all documents in the repository shall be deemed "CONFIDENTIAL" until their protected status is resolved by the parties or decided by the Court. No document shall bear the designation "CONFIDENTIAL" until and unless the Court has ordered the material protected under Rule 26(c) upon a finding of good cause.affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   A Party or Non-Party that makes original documents or materials available for inspection need not designate them for as potentially protected protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for potential protection under Fed.R.Civ.P. 26(c)this Order. Then, before producing the specified documents, the parties shall follow the procedure set forth in Section 5.2 of this Order.the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, ~~that~~ the ~~Designating~~ Producing Party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all potentially protected testimony. Within 14 days of the conclusion of the testimony, the Producing Party shall serve the Requesting Party in writing with its good cause bases for protecting each testimonial statement identified as potentially protected. The Producing Party's failure to serve its good cause bases within 14 days of the conclusion of the testimony shall constitute a waiver of the testimony's protection under Fed.R.Civ.P 26(c).

~~(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).~~

~~5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.~~

~~6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS~~

~~6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.~~

5~~6~~.2   Meet and Confer. ~~The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must~~

recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each potential Rule 26(c) protectionchallenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the Producing Party's good cause bases upon the Requesting Partynotice. In conferring, the Challenging Requesting Party must explain the basis for its belief that the a confidentiality designation is was not proper and must give the Designating Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in potential protection designation is offered, to explain the basis for the chosen designationprotection. A Producing Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Requesting Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a potential protection challenge without court intervention, the Designating Producing Party shall file and serve a motion under Fed.R.Civ.P 26(c) to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 30 days of service of its good cause bases the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlierlater. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Producing Party to make such a motion including the required declaration within 21 30 days (or 14 days, if applicable) shall automatically waive the protectionconfidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

6.4     Serving Potentially Protected Material. Any material uploaded to the secure repository during the review period shall be served upon the Requesting Party within 7 days of the material's protected status being resolved by the parties or the Court. Material deemed protected shall bear the designation "CONFIDENTIAL." ~~The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.~~

*Formatted: Underline*