| | |
|---|---|
| GABRIEL GARAVANIAN, *et al.*, <br><br> Plaintiffs, <br><br> *v.* <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> Defendants. | Case No. 4:22-cv-6841 JSW (KAW) <br><br> JOINT DISCOVERY LETTER (PLAINTIFFS' DOCUMENT REQUEST) |

## ATTESTATION

Undersigned counsel attests that the parties met by video conference on February 17, 2023 prior to filing this letter. Each undersigned counsel further attests they have fully complied with all of the provisions of Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery, including the provision that no lawyer shall "delay producing documents … for any tactical reason."

Undersigned declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

COOLEY LLP                                              ALIOTO LEGAL


*/s/*                                                   */s/ Joseph M. Alioto Jr.*

ETHAN GLASS                                             JOSEPH M. ALIOTO JR.
*Counsel for Defendant Jet Blue Airways*                *Counsel for Plaintiffs*


PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP


*/s/*

EYITAYO ST. MATTHEW-DANIEL
*Counsel for Defendant Spirit Airlines*

Dear Judge Westmore:

This letter outlines a discovery dispute concerning Plaintiffs' request for and Defendants' objections to producing documents they have already produced to antitrust regulators pursuant to the Hart-Scott-Rodino Antritrust Improvement Act ("HSR documents").

## BACKGROUND

On January 14, 2023, Plaintiffs requested production of the documents Defendants produced to the government pursuant to the HSR Act ("HSR documents"). Plaintiffs' request (attached as exhibit A) is as follows:

> All documents submitted to the United States government pursuant to the Hart-Scott-Rodino Act related to the proposed acquisition of Spirit Airlines, Inc. by JetBlue Airways Corp.

Both defendants timely served responses and objections to Plaintiffs' request in full. (Exh. B and C.)

## PLAINTIFFS' POSITION

This antitrust action was brought by air travel passengers challenging JetBlue's acquisition of Spirit Airlines as a violation of Section 7 of the Clayton Act. Section 7 makes it unlawful for a company to acquire another if the effect of the acquisition "may be substantially to lessen competition" in "any line of commerce." 15 U.S.C. § 18.

The Hart-Scott-Rodino Act ("HSR Act") requires companies to produce documents to federal antitrust regulators, like DOJ, as part of the HSR Act's "pre-merger review." The purpose of "pre-merger review" is to allow DOJ to "determine whether such acquisition may, if consummated, violate the antitrust laws," like Section 7 of the Clayton Act. 15 U.S.C. § 18a. As part of a so-called "Second Request," DOJ may also "require the submission of additional information or documentary material *relevant to the proposed acquisition*." *Id*. (emphasis added). The acquisition Plaintiffs are challenging is the same acquisition for which Defendants submitted their HSR documents. The HSR documents are thus plainly relevant to Plaintiffs' claims, yet Defendants have refused to produce a single page of it.

1. *The HSR Documents Are Relevant and Proportional to the Needs of the Case*

In objecting to the relevance of the HSR documents, Defendants contradict themselves. First, they assert the HSR documents "are likely not all appropriate for production to Plaintiffs based on the scope of the Plaintiffs' case." (Exh. B at 6.) Defendants then assert that any case DOJ might bring would "very likely involve the same parties, the same alleged conduct, the same statute and legal framework, and potentially the same relief." *Id*.at 3. The double-speak is revealing. If DOJ is investigating "the same alleged conduct [under] the same statute and legal framework" as Plaintiffs, then Defendants tacitly concede that documents relevant to the former are relevant to the latter.

Moreover, Rule 26(b)'s proportionality factors all favor Plaintiffs. The HSR documents have *already* been compiled, prepared, bates stamped, and produced to the DOJ, so producing them here is almost literally burdenless compared to their "likely benefit." Fed.R.Civ.P. 26(b)(1). The "importance of the discovery in resolving the issues," *id*., is manifest; these are the same documents regulators use to assess the legality of the acquisition under Section 7. Regarding the

1

"parties' relative access to the relevant information," *id*., the HSR documents are under Defendants' control and otherwise unavailable to Plaintiffs. Defendants ignore these proportionality factors, conceding Plaintiffs' position.

In their response below, Defendants strain to argue the HSR discovery process is "broader" than Rule 26(b), even though both are limited to information "relevant to the proposed transaction." First, they misquote their own source, claiming DOJ's "Model Second Request" (*see* footnote 2) requires companies to produce "**all** 'database or data sets' relating to **all** of a company's 'products'" and a litany of other things. That is a misstatement. The Second Request does not require "all" of anything; it strictly narrows its request to documents that "relat[e] to each Relevant Product" and only "from [a finite time frame]." *See* Model Second Request at ¶ 2. Thus, only the material necessary to assess the legality of the acquisition is requested.[1] Second, Defendants bizarrely argue they should be excused from producing the HSR documents because they "were never reviewed by humans" and *might* include irrelevant information. Aside from the oddity of Defendants apparently asking to be excused from discovery obligations for mistakenly overproducing to DOJ, their concern is exaggerated: Plaintiffs' Request No. 1 is limited to documents "relevant to the proposed acquisition." Finally, the mere possibility that Defendants "may" inadvertently disclose privileged information is never a bar to production. *See*, Fed.R.Evid. 502(b).

Defendants cite Judge Corley's decision in *In re Wolkswagen*, 2017 WL 4680242, *1 (N.D. Cal. Oct. 18, 2017) to argue that a plaintiff may not request all documents produced by a defendant in a prior case. (*See, e.g.*, Exh. B at 6.) However, in the *Volkswagen* case, shareholders suing Volkswagen for securities law violations had requested all documents Volkswagen previously produced in the unrelated MDL emissions fraud case. Judge Corley noted that "the MDL [emissions fraud] Production may include documents relevant to whether Volkswagen violated the federal securities laws," but it "also includes [irrelevant] documents." *Id*. at * 1. But, according to Defendants, any case brought by DOJ would "very likely involve the same parties, the same alleged conduct, the same statute and legal framework, and potentially the same relief" as Plaintiffs' case. (Exh. B at 3). Thus, in Defendants' view at least, there is near perfect overlap between this case and the DOJ investigation, so the problem in *Volkswagen* is not an issue here. In fact, three weeks ago, Judge Corley herself (without hesitation in light of her decision in *Volkswagen*) ordered Microsoft to produce *all of its HSR documents and more* to the plaintiffs in an antitrust case alleging that Microsoft's acquisition of Activision violates Section 7. *DeMartini v. Microsoft Corp*., Case no. 22-cv-8991-JSC (Dkt. No. 48) ("Microsoft shall produce all documents produced in the FTC action"). Defendants ask this Court to ignore that order because Microsoft did not object to the HSR production. But, that just shows how plainly relevant HSR documents are to Section 7 cases. Judge Corley did not order the production of irrelevant documents.

In contrast to *DeMartini* – which is precisely on point – *none* of Defendants' cited cases addresses HSR documents or even involves Section 7. First, *Z Best Body & Paint Shops, Inc. v.*

---

[1] At 7:00 pm on the due date of this filing, Defendants modified their argument. Their new watered-down argument reads that Second Requests only ask for "*each* 'database or data set' relating to *each relevant product*." Defendants' quotation is now accurate, but their argument has crumbled. In admitting their error, they concede that Second Requests are narrowly tailored to *just* the "Relevant Products" necessary to assess the legality of an acquisition under Section 7.

*Sherwin-Williams Co.*, 2017 WL 3730515, at *3 (C.D. Cal. Aug. 29, 2017) was based on the lack of overlap between the main litigation and the case in which discovery was sought. But here, Defendants assert the overlap between Plaintiffs' case and the DOJ investigation is nearly identical. (Exh. B at 3.) The two unpublished decisions from Indiana and Washington are likewise inapposite. *Midwest Gas Servs., Inc. v. Ind. Gas Co., Inc.*; 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000); *King City. V. Merrill Lynch & Co.*, 2011 WL 3438491, at *2-3 (W.D. Wash. Aug. 5, 2011). Neither case involves documents produced under the HSR Act, and as the court stated in *King City,* "without more, the Court cannot ascertain whether the documents requested actually relate to Plaintiffs' claims." *Id*. at *3. But here, the text of the HSR Act itself establishes that HSR documents are relevant to the legality of the acquisition under Section 7.

2. *Defendants' Unprecedented and Unilaterally-Imposed Stay Is Unjustified*

Notwithstanding the relevance of the HSR documents, Defendants have declined to produce a single page. They claim they are relieved from discovery because "the Department of Justice is [still] investigating the merger" and *might* file a lawsuit. (Exh. B at 3.) Defendants concede they "do not know whether DOJ will challenge this transaction" or not. *Id*. Nevertheless, they expect this Court to halt this case and sit idly by until the government decides. That amounts to an improper demand that the Court abstain in a case over which it undisputedly has jurisdiction. Federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). Only "extraordinary circumstances" excuse that obligation, *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988), and what DOJ *might* do in the future is most certainly not among them.

In fact, Defendants would have no basis to withhold discovery even if DOJ had a case pending now. It is well-settled that private and governmental antitrust actions seeking identical injunctive relief "may proceed simultaneously or in disregard of each other." *United States v. Borden*, 347 U.S. 514, 519 (1954). In enacting the Clayton Act, Congress codified an antitrust enforcement scheme that purposefully includes both private and public enforcement, and it did not give precedence to one over the other. "These private and public actions were designed to be cumulative, not mutually exclusive." *Id*. *citing* S. Rep. No. 698, 63d Cong., 2d Sess. 42 (emphasis added). This case must proceed regardless of what the government decides to do.

3. *Protective Order*

At the meet and confer, Plaintiffs agreed to treat the HSR documents with the same levels of protection they were submitted to the government pending resolution of a protective order in this case. Thus, Defendants' objection regarding the protection of the HSR documents is moot.

**DEFENDANTS' POSITION**

On July 28, 2022, JetBlue and Spirit announced the approval of a merger agreement under which JetBlue will acquire Spirit.  JetBlue and Spirit are two of many airlines—including the dominant Big Four of American, United, Southwest, and Delta—that fly passengers in the United States.  This proposed acquisition is currently undergoing premerger review by the DOJ.

JetBlue and Spirit maintain that this case must be coordinated or consolidated with any case brought by the DOJ, and thus discovery should not begin in earnest until the full scope of this case is set (which is likely imminent).  Dkt. 28 at 10.  Nevertheless, in order to reduce disputes before the Court, Defendants have agreed to serve Initial Disclosures and have offered

to produce certain categories of documents from the Second Request production, if Plaintiffs only identify the categories of documents they want, consistent with the requirements of Rule 26. Plaintiffs have refused to do this; instead, they served a request for cloned discovery, seeking millions of documents, many of which are irrelevant to this case, with no reference to any theory of relevance that might tether those requests to their own Complaint. Plaintiffs have not cited a single case where a Court ordered merging parties to produce the HSR Act investigative materials in a private case over the parties' objections or a single case where a Court compelled such a production before a protective order is entered.

*Plaintiffs' Cloned Discovery Request Is Overly Broad and Unduly Burdensome*

By design, HSR Act information gathering is broad. The DOJ regularly, in its Second Requests, asks companies to submit, for example, each "database or data sets" relating to each relevant product and containing information relating to a company's "products," "facilities," "shipments," "purchases," "bids, estimates, quotes, proposals, or responses to requests for information, submission, or proposal," "prices, costs, or margins," "discounts or rebates," "sales," "intellectual property," "research and development projects," and "customers."[2] The depth and breadth of DOJ's premerger review is not constrained by the proportionality and relevance requirements of Rule 26. DOJ can require the production of any material it deems relevant to its review of the acquisition. 16 C.F.R. § 803.20. Thus, the DOJ casts a wide net and investigates an acquisition in myriad ways that Plaintiffs—airline passengers—would not have standing to challenge, including any impact on entities and persons differently situated from Plaintiffs (such as government purchasers). Here, the DOJ sought over 20 million pages of documents from JetBlue and Spirit combined, from dozens of custodians, covering myriad issues.

Moreover, in making their HSR Act productions, Spirit and JetBlue did not conduct the same relevance and privilege reviews they would in civil litigation. Due to the breadth of the HSR productions and the speed with which the documents were produced, the parties used Technology Assisted Review (TAR), and thus most of those documents were never reviewed by humans. As a result, the productions contain significant amounts of information irrelevant to Plaintiffs' claims, and also may contain highly sensitive information (*e.g.*, intellectual property, proprietary and competitively sensitive information, etc.). *See, e.g.*, Finch Decl. ¶ 8; Glass Decl. ¶ 3. They may also contain inadvertently produced privileged documents, because DOJ policy and practice provides for non-waiver, and parties often forego a robust privilege review in order to produce documents expeditiously in light of those protections. *See* 16 C.F.R. § 2.11(d) and 16 C.F.R. § 3.31(g). Indeed, JetBlue has already discovered privileged documents in its HSR Act production, which it has clawed back from DOJ without any penalty because of those statutory protections. Before producing to Plaintiffs, JetBlue and Spirit must review the Second Request productions for relevance and privilege, just as they would in response to any civil discovery request under the Federal Rules. Thus, Plaintiffs are incorrect to assert that a wholesale reproduction by each Defendant of its HSR materials would be "almost literally burdenless."

Contrary to Plaintiffs' claim that JetBlue and Spirit are seeking a stay, JetBlue and Spirit have asked Plaintiffs simply to follow the Federal Rules by serving specific document requests. After all, the Federal Rules require that document requests "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A); *see*

---

[2] DOJ Model Second Request, available at https://www.justice.gov/atr/file/706636/download.

4

*also Z Best Body & Paint Shops, Inc. v. Sherwin-Williams Co.*, 2017 WL 3730515, at *3 (C.D. Cal. Aug. 29, 2017) ("[T]he broad request for all 'records and documents' produced by Defendant in [prior litigation] appears to be overbroad on its face…").  To be clear, Defendants are not refusing to produce any HSR documents to Plaintiffs—Defendants have simply asked Plaintiffs to identify which relevant documents they want, by category, and Defendants will search in the HSR productions and produce documents responsive to their requests.

Plaintiffs have cited no authority, and Defendants have found none, that allows Plaintiffs to circumvent the Federal Rules by serving a single request for documents produced to DOJ for the premerger review.  In fact, courts reject "me too" or "cloned discovery." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017)*; see also Midwest Gas Servs., Inc. v. Ind. Gas Co., Inc.*, 2000 WL- 760700, at *1 (S.D. Ind. Mar. 7, 2000) ("'Cloned discovery,' requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial. . . . The plaintiffs' counsel must do their own work and request the information they seek directly."); *King City. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *2-3 (W.D. Wash. Aug. 5, 2011) ("[i]t may very well be that each and every document produced in the government investigations is relevant to Plaintiff's claims," but to obtain them, "Plaintiff must make proper discovery requests, identifying the specific categories of documents sought").

Plaintiffs attempt, but fail, to distinguish *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017), by calling the production in the MDL emissions fraud case "unrelated" to the subject shareholder litigation.  But Judge Corley was clear the cases were related: "plaintiffs [were] not entitled to complete access to the MDL Production simply because there may be an overlap between their claims and those in the consolidated consumer class action." *Id*. at *2.  The same is true here; a simple overlap with DOJ's premerger review does not entitle Plaintiffs to ignore the Federal Rules.

Plaintiffs next try to justify their extreme demand by citing one of Judge Corley's case management orders in *DeMartini v. Microsoft Corp*., Case No. 22-cv-8991-JSC (N.D. Cal. Feb. 3, 2023).  But, as Plaintiffs' counsel knows well (because they are counsel in the *DeMartini* case), Microsoft had not objected to the request for the HSR productions, like JetBlue and Spirit have done here, and instead Microsoft expressly agreed to produce those documents. *Id*. at 9-10.

Finally, nothing in the HSR Act itself allows Plaintiffs to circumvent the Federal Rules, and Plaintiffs have cited no authority supporting their extreme position that they are entitled to all HSR Act investigative materials.  First, the HSR Act has no private right of action.  Second, the HSR Act allows DOJ to investigate any aspects of the JetBlue-Spirit merger that it wants.  That means DOJ could be investigating things that are in Plaintiffs' Complaint or things that are not in the Complaint; and the Complaint could allege things that DOJ is not investigating.

So, while the JetBlue-Spirit merger is the subject of both the DOJ investigation and this case, and there will be many similarities between the two, just like in the cloned discovery cases, they are not identical.  Further, as discussed in detail in the concurrently filed discovery letter regarding the protective order, HSR productions and discovery contain highly confidential information.  If the Parties were to reach an agreement to produce HSR documents, JetBlue and Spirit cannot begin rolling productions to Plaintiffs without a court order protecting their confidentiality.  By forcing the parties to litigate the protective order, instead of putting attention to articulating a

valid document request, it is Plaintiffs, not JetBlue or Spirit, who have delayed discovery in this case.

Respectfully Submitted,

| | |
|---|---|
| COOLEY LLP | ALIOTO LEGAL |
| /s/ | /s/ Joseph M. Alioto Jr. |
| ETHAN GLASS<br>*Counsel for Defendant Jet Blue Airways* | JOSEPH M. ALIOTO JR.<br>*Counsel for Plaintiffs* |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | |
| /s/ | |
| EYITAYO ST. MATTHEW-DANIEL<br>*Counsel for Defendant Spirit Airlines* | |