COOLEY LLP
ETHAN GLASS (SBN 216159)
eglass@cooley.com
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

BEATRIZ MEJIA (SBN 190948)
mejiab@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

*Attorneys for Defendant
JetBlue Airways Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GABRIEL GARAVANIAN, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES INC.,<br><br>Defendants. | Case No. 4:22-cv-06841-JSW<br><br>Judge:   Hon. Jeffrey S. White<br><br>**OBJECTIONS AND RESPONSE OF JETBLUE AIRWAYS CORPORATION TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OBJECTIONS AND RESPONSE TO
PLAINTIFFS' RFP
CASE NO.: 4-22-CV-6841-JSW

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant JetBlue Airways Corporation ("JetBlue") hereby provides the following objections and responses to Plaintiffs' First Set of Requests for Production of Documents to JetBlue served by Plaintiffs in this matter on January 14, 2023 ("Requests").

**GENERAL OBJECTIONS**

JetBlue makes the following general objections to the Request. JetBlue incorporates these general objections into JetBlue's response as if fully rewritten therein. JetBlue has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial. Accordingly, this response is based only upon such information and documents as are presently available and specifically known to JetBlue at the time of this response. Further investigation and discovery, including expert discovery, and legal research and analysis may lead to substantial additions to, changes in, and variation from the response set forth below. The following response is given without prejudice to JetBlue's right to provide evidence of subsequently discovered information, and JetBlue reserves the right to supplement and/or change any and all responses in accordance with its obligations under Federal Rules of Civil Procedure 26 and 34.

JetBlue objects to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other legal or contractual privilege from or prohibition against disclosure of private information in discovery. Inadvertent disclosure of information subject to any privilege does not waive the privilege as to the disclosed information or to other information relating to the same subject or content, and does not waive JetBlue's right to object to the use of such privileged information for any reason whatsoever.

JetBlue objects to the Request to the extent it attempts to seek discovery concerning non-parties and claims or issues outside the scope of those reasonably alleged in the complaint. To the extent the Request seeks information that is neither relevant nor proportionate to the needs of the case, it expands the scope of the litigation and thus is overly broad and unduly burdensome relative to the value of such information to determination of the facts and legal questions actually at issue in the litigation. JetBlue objects to the Request to the extent it asserts, implies, or is premised upon

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

OBJECTIONS AND RESPONSE TO
PLAINTIFFS' RFP
CASE NO. 4:22-CV-6841-JSW

any underlying express or implied assumptions of fact or law with respect to matters at issue in this action.

No response provided herein, nor any agreement to produce responsive documents, shall be deemed to constitute any agreement or concession that the subject matter of the Request at issue is relevant to this action. JetBlue's response to the Request should not be interpreted as a waiver to any objections JetBlue may later assert, including but not limited to objections as to the admissibility of any response or document or category of responses or documents at trial. JetBlue reserves all objections to the use and admissibility of any proffered evidence, whether or not produced from JetBlue files, including those based on privilege, relevance, and materiality.

JetBlue further objects on the basis that the Request is premature because the Department of Justice is investigating the merger that is the subject of this lawsuit. The parties expect the Department of Justice to decide whether to challenge the merger. If the Department of Justice files a lawsuit in an attempt to enjoin the merger, there may be motion practice in this litigation that would affect the timing or scope of discovery.

As provided in the Joint Case Management Statement and Rule 26(f) Report, (Dkt. No. 28), discovery in this matter is premature until the DOJ has completed its review of the proposed transaction. Upon the completion of its review, the DOJ will decide whether it, too, will bring an action to enjoin the proposed transaction under the same statute under which Plaintiffs brought this claim (Section 7 of the Clayton Act, 15 U.S.C. § 18).

Defendants do not know whether the DOJ will challenge this transaction or, if the DOJ challenges it, how the DOJ will style its lawsuit. However, any such challenge will very likely involve the same parties, the same alleged conduct, the same statute and legal framework, and potentially the same relief. There is likely to be substantial overlap between Plaintiffs' claims in this matter and the DOJ's potential claims, if brought. Should the DOJ proceed to litigation, the potential burden of duplicative discovery and risk of inconsistent rulings across two substantially related matters would weigh in favor of ensuring that, at the very least, discovery is coordinated between them, *see* Fed. R. Civ. P. 26(b)(1), and potentially that the cases be tried before the same

Cooley LLP
Attorneys At Law
San Francisco

3

Objections and Response to
Plaintiffs' RFP
Case No. 4:22-cv-6841-JSW

judge. This should involve coordination on key documents governing discovery, such as an ESI stipulation and a stipulated protective order, to avoid burdensome inconsistencies in such matters as deposition scheduling, confidentiality designations, discovery disputes, and the format for production of documents. Given that the proposed pause to begin discovery in earnest likely is only for a matter of weeks, there is no prejudice to Plaintiffs in waiting for the DOJ's decision and potential suit before beginning the bulk of discovery.

JetBlue objects to the Request to the extent it purports to impose any obligation beyond the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

## OBJECTIONS TO DEFINITIONS

JetBlue objects to each and every paragraph of the section labeled "Definitions" to the extent the definitions set forth therein would (a) expand the definition of a term beyond its ordinary use in the English language; (b) create an undue burden for JetBlue; (c) impose an obligation on JetBlue that exceeds, or is inconsistent with, the obligations imposed by the Federal Rules of Civil Procedure; and/or (d) impose obligations on JetBlue that exceed, or are inconsistent with, any Order Regarding the Production of Electronically Stored Information and Paper Documents or Protective Order entered in this case. JetBlue will respond to the Requests consistent with the ordinary English meaning of words and its obligations under the Federal Rules of Civil Procedure.

JetBlue objects to the definitions of "You" and "Your" as overly broad and unduly burdensome to the extent these definitions are used to request documents outside of JetBlue's possession, custody, control. JetBlue will construe these terms to mean defendant JetBlue, including any persons acting on its behalf.

JetBlue objects to the definitions of "Document" or "Documents" to the extent these definitions are inconsistent with Federal Rule of Civil Procedure 34 or any Order Regarding the Production of Electronically Stored Information and Paper Documents or Protective Order entered in this case.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

OBJECTIONS AND RESPONSE TO
PLAINTIFFS' RFP
CASE NO. 4:22-CV-6841-JSW

JetBlue objects to the definition of "Person" or "Persons" as overly broad and unduly burdensome and to the extent these definitions are inconsistent with Federal Rule of Civil Procedure 34 or any Order Regarding the Production of Electronically Stored Information and Paper Documents or Protective Order entered in this case.

JetBlue objects to the definition of "Related to" as overly broad and unduly burdensome and to the extent these definitions are inconsistent with Federal Rule of Civil Procedure 34 or any Order Regarding the Production of Electronically Stored Information and Paper Documents or Protective Order entered in this case.

## OBJECTIONS TO INSTRUCTIONS

JetBlue objects to Instruction No. 1 regarding documents "in your possession, custody, or control" and "regardless of physical location" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. JetBlue further objects to this instruction as overbroad and unduly burdensome to the extent it seeks documents in the possession, custody, or control of individuals, agencies, or entities other than JetBlue and its present employees, principals, officials, agents, attorneys, economists, and consultants either assigned to or reviewing this case and documents in possession, custody, or control of JetBlue and its present officers, employees, principals, officials, agents, attorneys, and consultants to which the attorney work product doctrine, governmental deliberative process privilege, attorney-client privilege, or any other lawful privilege is applicable.

JetBlue objects to Instruction No. 2 as unduly burdensome. JetBlue will produce documents as they are kept in the usual course of business as provided in Federal Rule of Civil Procedure 34 and as consistent with any Order Regarding the Production of Electronically Stored Information and Paper Documents or Protective Order entered in this case.

JetBlue objects to Instruction No. 5 to the extent it creates obligations inconsistent with the Federal Rules of Civil Procedure or with any Order Regarding the Production of Electronically Stored Information and Paper Documents or Protective Order entered in this case. JetBlue will produce a privilege log consistent with its obligations under any applicable rules and Federal Rule

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

OBJECTIONS AND RESPONSE TO
PLAINTIFFS' RFP
CASE NO. 4:22-CV-6841-JSW

of Civil Procedure 26 as well any Order Regarding the Production of Electronically Stored Information and Paper Documents or Protective Order entered in this case.

JetBlue objects to Instruction No. 6 to the extent it creates obligations inconsistent with the Federal Rules of Civil Procedure or with any Order Regarding the Production of Electronically Stored Information and Paper Documents or Protective Order entered in this case. JetBlue will produce a privilege log consistent with its obligations under any applicable rules and Federal Rule of Civil Procedure 26 as well any Order Regarding the Production of Electronically Stored Information and Paper Documents or Protective Order entered in this case.

## RESPONSE AND OBJECTIONS TO DOCUMENT ERQUEST

JetBlue objects to Request No. 1 because a request for "all documents submitted to the United States government" related to the proposed acquisition of Spirit Airlines, Inc. by JetBlue is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of this case. Second-requests are generally very broad,[1] and the documents Defendants have produced to the DOJ are likely not all appropriate for production to Plaintiffs based on the scope of Plaintiffs' case; this is why "me too" requests for documents produced in other contexts are generally disfavored. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) ("To better determine which documents in the MDL Production are relevant and which are not, the [shareholder] Plaintiffs must comply with the Federal Rules by serving Volkswagen with requests for production, which 'must describe with reasonable particularity each item or category of items to be inspected.'" (quoting Fed. R. Civ. P. 34(b)(1)(A))); *see also Z Best Body & Paint Shops, Inc. v. Sherwin-Williams Co.*, 2017 WL 3730515, at *3 (C.D. Cal. Aug. 29, 2017) ("[T]he broad request for all 'records and documents' produced by Defendant in [prior litigation] appears to be overbroad on its face…"). Moreover, Defendants outlined these issues in its Case Management Statement and Judge White pushed the Initial Case Management Conference to April 7, 2023. JetBlue Request No. 1 calls for the disclosure of documents or information that would violate the legitimate privacy rights and

---

[1] DOJ Model Second Request, available at https://www.justice.gov/atr/file/706636/download.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

OBJECTIONS AND RESPONSE TO
PLAINTIFFS' RFP
CASE NO. 4:22-CV-6841-JSW

expectations of JetBlue employees, directors, officers, affiliates or subsidiaries, both current and former, or other individuals, to the extent that such privacy rights or expectations are protected by law, contract, or public policy.

JetBlue further objects to Request No. 1 to the extent it seeks confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information unless and until an appropriate protective order is entered in this case. JetBlue will only produce information pursuant to protective and electronically stored information orders in place in this action, and to seek such additional terms and protections as may be necessary. JetBlue further objects to providing documents or information that contain confidential material or material that is subject to a confidentiality agreement or other restrictions or to a protective order entered in another action or proceeding, except in accordance with such confidentiality agreements, restrictions or protective orders. JetBlue will not produce documents responsive to this request until an appropriate protective order is entered by the Court in this action.

Subject to and without waiving the foregoing objections, and without conceding the relevance or materiality of this request or any materials produced in response to it, JetBlue responds as follows: JetBlue will meet and confer with Plaintiffs on narrowing or focusing their Request in light of these objections and the Department of Justice's forthcoming decision on whether to challenge the proposed transaction.

Cooley LLP
Attorneys At Law
San Francisco

7

Objections and Response to
Plaintiffs' RFP
Case No. 4:22-cv-6841-JSW

Dated: February 13, 2023                                              COOLEY LLP

By: */s/ Ethan Glass*
Ethan Glass (SBN 216159)
eglass@cooley.com
1299 Pennsylvania Ave., NW
Suite 700
Washington, DC 20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

Beatriz Mejia (SBN 190948)
mejiab@cooley.com
3 Embarcadero Center
20th Floor
San Francisco, CA 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

*Attorneys for Defendant*
*JetBlue Airways Corporation*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

OBJECTIONS AND RESPONSE TO
PLAINTIFFS' RFP
CASE NO. 4:22-CV-6841-JSW

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the District of Columbia. I am employed in the District of Columbia, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 1299 Pennsylvania Avenue NW, Suite 700, Washington, District of Columbia 20004-2400. On the date set forth below I served the documents described below in the manner described below:

**OBJECTIONS AND RESPONSE OF JETBLUE AIRWAYS CORPORATION TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Washington, District of Columbia.

☐ (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ (BY FACSIMILE) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by for overnight delivery.

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

*Please see attached Service List.*

Executed on February 13, 2023, at Washington, District of Columbia.

/s/ *Nicholas C. Girard*
Nicholas C. Girard
Paralegal, Cooley LLP

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

OBJECTIONS AND RESPONSE TO
PLAINTIFFS' RFP
CASE NO.: 4-22-CV-6841-JSW

**Service List**

| | |
|---|---|
| Joseph M. Alioto<br>ALIOTO LAW FIRM<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104<br>Phone:   415-434-8900<br>Email:   jmalioto@aliotolaw.com | Tatiana V. Wallace<br>ALIOTO LAW FIRM<br>One Sansome Street, Suite 3500<br>San Francisco, CA 94104<br>Phone:   415-434-8900<br>Email:   twallace@aliotolaw.com |
| Lawrence G. Papale<br>LAW OFFICES OF LAWRENCE G. PAPALE<br>St. Helena, CA 94574<br>Phone:   707-963-1704<br>Email:   lgpapale@papalelaw.com | Joseph M. Alioto Jr.<br>ALIOTO LEGAL<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Phone:   415-398-3800<br>Email:   joseph@aliotolegal.com |
| Robert J. Bonsignore<br>BONSIGNORE TRIAL LAWYERS, PLLC<br>23 Forest Street<br>Medford, MA 02155<br>Phone:   781-856-7650<br>Email:   rbonsignore@classactions.us | Theresa Moore<br>LAW OFFICE OF THERESA D. MOORE PC<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Phone:   415-613-1414<br>Email:   tmoore@aliotolaw.com |
| Josephine Alioto<br>THE VEEN FIRM<br>20 Haight Street<br>San Francisco CA 94102<br>Phone:   415-673-4800<br>Email:   jalioto@veenfirm.com | Christopher A Nedeau<br>NEDEAU LAW PC<br>154 Baker Street San Francisco, CA 94117-2111<br>Phone:   415-516-4010<br>Email:   cnedeau@nedeaulaw.net |
| Lingel H. Winters<br>LAW OFFICES OF LINGEL H. WINTERS<br>388 Market St. Suite 1300<br>San Francisco, CA 94111<br>Phone:   415-398-2941<br>Email:   sawmill2@aol.com | Jeffrey K. Perkins<br>LAW OFFICES OF JEFFREY K. PERKINS<br>1550-G Tiburon Boulevard, #344<br>Tiburon, CA 94920<br>Phone:   415-302-1115<br>Email:   jeffreykperkins@aol.com |