1  Andrew C. Finch (SBN 195012)
   afinch@paulweiss.com
2  Eyitayo St. Matthew-Daniel (admitted *pro hac vice*)
   tstmatthewdaniel@paulweiss.com
3  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
   1285 Avenue of the Americas
4  New York, NY 10019
   Telephone:    (212) 373-3000
5  Facsimile:    (212) 757-3990

6  Meredith R. Dearborn (SBN 268312)
   mdearborn@paulweiss.com
7  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
   535 Mission Street, 24th Floor
8  San Francisco, CA 94105
   Telephone:    (628) 432-5100
9  Facsimile:    (628) 232-3101

10 *Attorneys for Defendant*
   *Spirit Airlines, Inc.*

11

12

13                 **UNITED STATES DISTRICT COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15                       **OAKLAND DIVISION**

16 GABRIEL GARAVANIAN, et al.,              Case No. 4:22-cv-6841-JSW

17              *Plaintiffs*,
                                            **DEFENDANT SPIRIT AIRLINES,**
18        vs.                               **INC.'S OBJECTIONS AND**
                                            **RESPONSES TO PLAINTIFFS' FIRST**
19 JETBLUE AIRWAYS CORPORATION AND          **REQUEST FOR PRODUCTION OF**
                                            **DOCUMENT**
20 SPIRIT AIRLINES, INC.

21              *Defendant*s.              Sr. District Judge Jeffrey S. White

22

23

24

25

26

27

28

---

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Civil Local Rules 26-1 and 34-1, Defendant Spirit Airlines, Inc. ("Spirit") hereby responds and objects to Plaintiffs' First Request for Production of Documents dated January 14, 2023 (the "Requests").

## PRELIMINARY STATEMENT

As Spirit has informed Plaintiffs, and as is detailed in the Joint Case Management Statement (Dkt. 28), the United States Department of Justice ("DOJ") is currently reviewing the proposed acquisition of Spirit by JetBlue Airways Corporation ("JetBlue") that is the subject of Plaintiffs' Complaint.  Because that acquisition is under regulatory review and is ongoing, it is Spirit's position that any discovery at this juncture is premature, including without limitation because any and all discovery and discovery procedures may need to be coordinated between this private antitrust action and, if one is brought, separate litigation involving the DOJ.  Spirit specifically objects to any non-coordinated, duplicative, or contradictory discovery. Fed. R. Civ. P. 26(b)(1).

Spirit's investigation of this matter remains ongoing.  Sprit's responses and objections are based upon the information and documents currently available and specifically known to it, upon Spirit's information and belief, and upon Spirit's current understanding of the facts and Plaintiffs' claims.  As discovery proceeds, Spirit anticipates that it may discover additional or different documents or information, and without in any way obligating itself to do so, reserves the right to amend, modify, supplement, clarify, or further explain its objections and responses at any time in the future, and to make use of or introduce at any hearing or trial, documents or information responsive to these Requests but discovered after Defendants' initial responses or productions.

## GENERAL OBJECTIONS

The following general responses and objections  ("General Objections") are incorporated into each specific response and objection as if fully set forth therein.

1.     Spirit objects to the Instructions, Definitions, and Requests to the extent they purport to impose any obligation beyond the Federal Rules of Civil Procedure, including without limitation Federal Rule of Civil Procedure 34, and/or the Local Rules of the United States District Court for the Northern District of California.

2.       Spirit objects to the Instructions, Definitions, and Requests to the extent they seek discovery that is not relevant to any claim or defense.

3.       Spirit objects to the Instructions, Definitions, and Requests to the extent they seek discovery that is not proportional to the needs of the case.

4.       Spirit objects to the Instructions, Definitions, and Requests to the extent they impose any undue or duplicative burden on Spirit, particularly (without limitation) in light of separate proceedings involving the DOJ.  Spirit specifically objects to the imposition of duplicative, inconsistent, or otherwise unduly burdensome discovery and states that coordination or consolidation may be required.

5.       Spirit objects to the Instructions, Definitions, and Requests on the ground that the parties have not yet entered into a protective order setting out appropriate protections from public disclosure for items or information produced or generated in disclosures or responses to discovery in this matter ("Protective Order").

6.       Spirit objects to the Instructions, Definitions, and Requests to the extent they seek the discovery of information or production of documents that were prepared in anticipation of litigation; constitute attorney work product; disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for Spirit; contain privileged attorney-client communications; or are otherwise protected from disclosure under applicable privileges, laws, or rules.

7.       Spirit objects to the Instructions, Definitions, and Requests to the extent they seek to require Spirit to create a privilege log that is more detailed than required under the Federal Rules of Civil Procedure and any Order Regarding the Production of Electronically Stored Information and Paper Documents or Protective Order entered in this case.

8.       Spirit objects to the Instructions, Definitions, and Requests to the extent they seek documents not within Spirit's possession, custody, or control or require Spirit to create documents not currently in Spirit's possession, custody, or control.  Spirit will only produce documents within its possession, custody, and control.

9.       Spirit objects to the Instructions, Definitions, and Requests to the extent they assert, imply, suggest, or are premised upon any underlying express or implied assumptions of fact or law

with respect to matters at issue in this action.

10.     Spirit objects to the Instructions, Definitions, and Requests to the extent they seek documents from a time period not relevant to any party's claim or defense.

11.     Spirit objects to the Instructions, Definitions, and Requests to the extent they seek the production of "any" or "all" documents of a particular type under circumstances in which a subset of all such documents would be sufficient to show the pertinent information, or where such request would require more than a reasonable, good faith search of the places where responsive documents are likely to be found, on the ground that such requests are overly broad, unduly burdensome, and not proportional to the needs of the case.

12.     Spirit objects to the Instructions, Definitions, and Requests to the extent they purport to require Spirit to search archived electronic data or otherwise require Spirit to restore any electronic matter because such requirements are unduly burdensome and not proportional to the needs of the case.

13.     Spirit objects to the Instructions, Definitions, and Requests, and the definitions and instructions contained therein, to the extent they are inconsistent with or purport to impose requirements that exceed those set forth in the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, the caselaw interpreting each of them, or any other laws or rules applicable to the proceedings in this court.

14.     Spirit's objections, responses, and production of documents shall not be construed as an admission of the relevancy, materiality, authenticity, non-privileged nature, or admissibility of any document, fact, issue, or piece of information. Spirit reserves the right to object to the admissibility in evidence of all or any part of the documents produced in response to the Requests. The fact that Spirit has responded to, or failed to object to, any specific request does not mean that any document responsive to such request in fact exists.  Any statement in these responses and objections that Spirit will produce documents in response to a specific Request does not mean that Spirit in fact has any such documents in its possession, custody, or control, or that any such documents exist.

15.     Spirit objects to the Instructions, Definitions, and Requests to the extent they seek documents that (a) are already within Plaintiffs' possession, custody or control; (b) are readily available to Plaintiffs as a matter of public record or otherwise; or (c) can be obtained from some other source that is more convenient, less burdensome, or less expensive than obtaining them from Spirit.

16.     Spirit objects to the Instructions, Definitions, and Requests to the extent they seek the production of documents or other materials that contain confidential information, the disclosure of which would invade the legitimate and expected rights of privacy of non-parties, including without limitation Spirit's employees and customers.

17.     Spirit objects to the Instructions, Definitions, and Requests to the extent they seek the production of documents or other materials subject to a confidentiality agreement or other restriction on disclosure or to a protective order.

18.     Spirit's responses and objections are based on Spirit's current knowledge.  Further investigation may reveal additional facts or investigation or information that could lead to additions to, changes in, and/or variations from the responses and objections herein.  Without in any way obligating itself to do so, Spirit expressly reserves the right to supplement, amend, correct, clarify, or modify the responses and objections and its production of documents in response to the Requests as further information becomes available, or as it may otherwise be necessary or appropriate.  Spirit also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of mistake, error, oversight, or inadvertence.

**SPECIFIC OBJECTIONS**

Subject to, without waiver of, and as limited by the foregoing General Objections, which are incorporated by reference into each of the following specific responses and objections ("Specific Objections"), Spirit responds and objects to the specific Requests as follows:

**Request No. 1:**

All DOCUMENTS submitted to the United States government pursuant to the Hart-Scott-Rodino Act RELATED TO the proposed acquisition of SPIRIT AIRLINES, INC. by JETBLUE

AIRWAYS CORPORATION.

**Response to Request No. 1:**

Spirit incorporates by reference each and every General Objection set forth above.   In addition, Spirit objects to Request No. 1 on the ground that it is vague, ambiguous, overly broad, and unduly burdensome on its face, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, including because it calls for the production of "all" documents "related to" the proposed acquisition of Spirit.  Spirit also objects to Request No. 1 on the ground that it imposes a duplicative or inconsistent burden on Spirit in light of the pending proceedings involving the DOJ.

Spirit further objects to Request No. 1 to the extent it seeks confidential trade secrets, financial, commercial, strategic or otherwise proprietary or confidential information  unless and until the parties have entered into a Protective Order.  The documents produced to the DOJ include competitively sensitive internal documents and were previously produced only with appropriate confidentiality guarantees.   Spirit will only produce the requested documents after the appropriate Protective Order is in place, along with other necessary documentation for the exchange of electronically stored information.

Without waiving any of its General or Specific Objections, and only after a Protective Order is in place, Spirit states that it is willing to promptly meet and confer with Plaintiffs about identifying an appropriate scope and production format for the production of certain non-privileged documents provided to the DOJ in response to the DOJ's second request for documents under the Hart-Scott-Rodino Act that are responsive to Request No. 1, in light of these objections and the DOJ's forthcoming decision.

Dated: February 13, 2023

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *Andrew Finch*

Andrew C. Finch (SBN 195012)
afinch@paulweiss.com
Eyitayo St. Matthew-Daniel (admitted *pro hac vice*)
tstmatthewdaniel@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019

1
                Telephone:    (212) 373-3000
                Facsimile:    (212) 757-3990

2

3
                PAUL, WEISS, RIFKIND, WHARTON &
                GARRISON LLP
                Meredith R. Dearborn (SBN 268312)

4
                mdearborn@paulweiss.com
                535 Mission Street, 24th Floor

5
                San Francisco, CA 94105
                Telephone:    (628) 432-5100

6
                Facsimile:    (628) 232-3101

7
                *Attorneys for Defendant*
                *Spirit Airlines, Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

I am employed in the County of San Francisco, State of California. I am over the age of

3

18 years and not a party to this action. My business address is Paul, Weiss, Rifkind, Wharton &

4

Garrison LLP, 535 Mission Street, 24th Floor, San Francisco, CA 94105.

5

On February 13, 2023 I caused the following document(s) to be served:

6

**DEFENDANT SPIRIT AIRLINES, INC.'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENT**

7

8

via electronic mail delivery to the person(s), address(es), and email address(es) set forth below:

9

| | |
|---|---|
| Joseph M. Alioto (SBN 42680)<br>Tatiana V. Wallace, Esq. (SBN 233939)<br>ALIOTO LAW FIRM<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 434-8900<br>Email: jmalioto@aliotolaw.com | Joseph M. Alioto, Jr. (SBN 215544)<br>ALIOTO LEGAL<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Telephone: (415) 398-3800<br>joseph@aliotolegal.com |
| Robert J. Bonsignore, Esq.<br>BONSIGNORE TRIAL LAWYERS, PLLC<br>23 Forest Street<br>Medford, MA 02155<br>Phone: 781-856-7650<br>Email: rbonsignore@classactions.us | Lawrence G. Papale (SBN 67068)<br>LAW OFFICES OF LAWRENCE G.<br>PAPALE<br>1308 Main Street, Suite 117<br>St. Helena, CA 94574<br>Telephone: (707) 963-1704<br>Email: lgpapale@papale.com |
| Josephine Alioto (SBN 282989)<br>THE VEEN FIRM<br>20 Haight Street<br>San Francisco, CA 94102<br>Telephone: (415) 673-4800<br>Email: j.alioto@veenfirm.com | Theresa Moore<br>LAW OFFICES OF THERESA D. MOORE<br>One Sansome Street, 35th Floor<br>San Francisco, CA 94104<br>Phone: (415) 613-1414<br>tmore@aliotolaw.com |
| Christopher A. Nedeau (SBN 81297)<br>NEDEAU LAW PC<br>154 Baker Street<br>San Francisco, CA 94117-2111<br>Telephone: (415) 516-4010<br>Email: cnedeau@nedeaulaw.net | Jeffrey K. Perkins (SBN 57996)<br>LAW OFFICES OF JEFFREY K. PERKINS<br>1550-G Tiburon Boulevard, #344<br>Tiburon, California 94920<br>Telephone: (415) 302-1115<br>Email: jeffreykperkins@aol.com |
| Lingel H. Winters, Esq. (SBN 37759)<br>LAW OFFICES OF LINGEL H. WINTERS<br>388 Market St. Suite 1300<br>San Francisco, California 94111<br>Telephone: (415) 398-2941<br>Email: sawmill2@aol.com | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Attorneys for Plaintiffs*

28

1

2

       The parties on whom this electronic mail has been served has agreed in writing to such form of service pursuant to agreement.

3

4

       I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 13, 2023 at San Francisco, California.

5

6

                                 */s/ Cole Rabinowitz*
                             Cole Rabinowitz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28