UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GARAVANIAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JET BLUE AIRWAYS CORPORATION, et al., <br><br> Defendants. | Case No. 22-cv-06841-JSW (KAW) <br><br> **ORDER REGARDING 2/27/2023 DISCOVERY LETTERS** <br><br> Re: Dkt. Nos. 30, 31 <br><br> [Discovery Letter Nos. 1-2] |

Plaintiffs brought the instant litigation against Defendants JetBlue Airways and Spirit Airlines, alleging that the proposed acquisition of Spirit by JetBlue would violate Section 7 of the Clayton Antitrust Act, 15 U.S.C. § 18. (Compl. ¶¶ 1, 6.) On February 27, 2023, the parties filed two discovery letters regarding: (1) the issuance of a stipulated protective order, and (2) discovery of all documents produced to the United States pursuant to the Hart-Scott-Rodino Act. (Discovery Letter No. 1, Dkt. No. 30; Discovery Letter No. 2, Dkt. No. 31.)

As an initial matter, the discovery letters do not fully comply with the undersigned's standing order, including page limits on exhibits. (Judge Westmore Standing Order ¶ 14(b)(ii) ("The parties may only attach 12 pages of exhibit(s)"); Discovery Letter No. 1 (36 pages of exhibits); Discovery Letter No. 2 (24 pages of exhibits.) Going forward, the parties must request a page extension prior to filing overlarge exhibits; failure to do so will either result in the termination of the discovery letter or the Court disregarding the exhibits entirely. The parties also failed to provide chambers copies. (*See* Judge Westmore Standing Order ¶ 5 ("Chambers copies are required for all formal motions, joint discovery letters, and motions to seal.").) In the future, the parties must ensure that chambers copies are provided within **three court days** of the filing of any discovery letter.

### A. Discovery Letter No. 1: Protective Order

Defendants request the use of the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Order"), as modified. (Discovery Letter No. 1 at 1.) Plaintiffs, in turn, do not dispute that a protective order is warranted in this case. Rather, Plaintiffs' primary argument is that the Model Order violates Federal Rule of Civil Procedure 26(c). (*Id.* at 4.)

Plaintiffs contend that Rule 26(c) requires that a producing party demonstrate good cause for protecting every document it designates as confidential. (*Id.*) Thus, by allowing a party to designate a document as confidential without demonstrating good cause, Plaintiffs believe the Model Order creates a "presumption" of confidentiality that violates Rule 26(c). Moreover, Plaintiffs complain that the Model Order requires the receiving party to challenge this presumption because the receiving party is required to initiate the meet and confer process, during which the receiving party must explain the basis of its belief that the confidentiality designation is not proper. (*Id.*)

The Court disagrees that the Model Order violates Rule 26(c). Rule 26(c) allows a party to move for a protective order; upon a showing of good cause, the court may issue an order forbidding discovery or limiting disclosure. Allowing the designating party to designate documents as confidential during production does not create a presumption, nor does it abrogate the designating party's ultimate responsibility to demonstrate that a document is confidential. Likewise, requiring that the receiving party initiate the meet and confer process does not shift the burden; the Model Order still puts the burden on the designating party to seek judicial intervention. Plaintiff cites no authority to the contrary.

As to the remaining disputes, the Court ORDERS the parties to meet and confer. Certain modifications to the Model Order proposed by Defendants appear unwarranted; for example, Defendants would remove a provision requiring that the designating party clearly identify the protected material on a page if only a portion of the page qualifies for protection. (Discovery Letter No. 1 at 5.) It is unclear why this change is warranted; designating materials that are not confidential is not permissible. Likewise, Defendants would modify the process by which the

1  parties seek judicial intervention, compressing the deadlines significantly. (*Id.*) Other
2  modifications, in contrast, appear to be straightforward and should not be in dispute; for example,
3  Plaintiffs do not explain why removing portions of the Model Order regarding a Patent
4  Prosecution Bar or Source Code is not warranted given that the instant case does not involve
5  patents or source code. If the parties cannot agree on a modification, the default should be the
6  Model Order. *See Figaro v. Apple Inc.*, No. 22-cv-04437-YGR (TSH), 2023 U.S. Dist. LEXIS
7  8117, at *2 (N.D. Cal. Jan. 17, 2023) ("As a starting point, the Court treats this District's model
8  protective orders as presumptively reasonable.").

### B.  Discovery Letter No. 2: Hart-Scott-Rodino Act Production

Plaintiff has requested production of documents produced by Defendants to the government pursuant to the Hart-Scott-Rodino Act ("HSR Act"). (Discovery Letter No. 2 at 1.) Under the HSR Act, companies are required to produce documents to federal antitrust regulators as part of the HSR Act's pre-merger review. (*Id.*) The purpose of this review is to allow the government to determine whether the acquisition may violate antitrust laws, including Section 7 of the Clayton Act. (*Id.*) Defendants have produced 20 million of pages to the Department of Justice under the HSR Act, as related to the instant acquisition. (*Id.* at 4.)

The parties dispute whether such "cloned" discovery requests, *i.e.*, requests seeking production of all documents produced or received in the course of other litigation or investigations, are permissible. (Discovery Letter No. 2 at 2, 5.) The Court finds that as a general matter, such requests are permissible. Indeed, this Court required such production in *Schneider v. Chipotle Mexican Grill, Inc.*, in which the plaintiffs sought production of all documents produced by the defendant in a prior lawsuit. No. 16-cv-02200-HSG (KAW), 2017 U.S. Dist. LEXIS 43652, at *6 (N.D. Cal. Mar. 24, 2017). There, both lawsuits "involve[d] the same legal claims based on the same facts, *i.e.*, that Defendant violated Florida's Deceptive and Unfair Trade Practices Act because it advertised its products as being non-GMO despite using meat and dairy products from animals who feed on GMOs." *Id.* at *11. Other courts have compelled discovery in response to "cloned" discovery requests, so long as the cases are substantially similar. *E.g.*, *Hall v. Marriott Int'l, Inc.*, No. 3:19-cv-01715-JLS-AHG, 2021 U.S. Dist. LEXIS 90870, at *21-

23 (S.D. Cal. May 12, 2021) (requiring production where the complaints were substantially similar and in many respects identical, such that there was substantial overlap between the cases); *Uniloc USA, Inc. v. Apple Inc.*, No. 19-cv-01692-EJD (VKD), 2020 U.S. Dist. LEXIS 53185, at *4 (N.D. Cal. Mar. 24, 2020).

Unlike *Schneider*, however, it is not apparent to the Court that the government investigation and the instant case are substantially identical. Plaintiffs challenge the acquisition under Section 7 of the Clayton Act, while the government is reviewing the acquisition for violation of antitrust laws, including but not necessarily *limited* to Section 7 of the Clayton Act. (Discovery Letter No. 2 at 1.) For example, Defendants contend that the government may be reviewing the acquisition for its effects on non-consumers, such as government purchasers. (*Id.* at 4.) It may be that this is a difference without a distinction, or that the government's review is limited to a similar Section 7 violation. Plaintiffs, however, do not provide the information necessary for the Court to make such a determination.

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation* is instructive. No. 16-cv-02086-CRB, 2018 U.S. Dist. LEXIS 69066, at *3 (N.D. Cal. Apr. 24, 2018). There, the plaintiffs were franchise dealers who alleged that Bosch had conspired with Volkswagen to develop a device to allow Volkswagen's diesel vehicles to cheat on emissions tests. *Id.* at *1-2. The plaintiffs sought all documents that Bosch had previously provided to certain government agencies investigating the fraud. *Id.* at *2. The district court declined to allow the discovery, explaining that the cloned discovery request:

> is particularly challenging in cases like this one, where the Court does not know the precise contours of the government investigations at issue. The document requests or subpoenas issued by the federal and state agencies to Bosch are not before the Court. And because those investigations are confidential and ongoing, the Franchise Dealers acknowledge that Bosch had not told them what was produced, to which entities, and when productions were made. Given this uncertainty, the Court cannot adequately determine how the scope of those investigations compares to that of the Franchise Dealers' case, let alone determine whether all of the documents produced by Bosch in those investigations are relevant to the Franchise Dealers' claims.

*Id.* at *4. Given this uncertainty, the district court found it prudent to require that the plaintiffs

4

1  propound discovery requests that identify the specific categories of documents sought.  *Id.*  Such
2  an approach "avoids the guesswork involved in comparing the scope of an investigation that is not
3  before the Court to the scope of a case that is." *Id.* at *5.
4        The Court agrees with this approach.  Given the lack of information about the scope of the
5  government's investigation, which may be broader than the instant case, the Court will not require
6  Defendants to produce all documents produced under the HSR Act.  *See In re Volkswagen*, 2018
7  U.S. Dist. LEXIS 69066, at *6 (finding that the franchise dealers "are not entitled to complete
8  access to Bosch's prior government productions simply because there is some overlap between
9  their claims and the government investigations").  Rather, Plaintiffs must propound requests
10 identifying the specific categories of documents sought.
11       This order disposes of Dkt. Nos. 30 and 31.
12       IT IS SO ORDERED.
13 Dated: March 10, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California