COOLEY LLP
ETHAN GLASS (SBN 216159)
eglass@cooley.com
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:  (202) 842-7899

BEATRIZ MEJIA (SBN 190948)
mejiab@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:  (415) 693-2000
Facsimile:  (415) 693-2222

*Attorneys for Defendant
JetBlue Airways Corporation*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
ANDREW C. FINCH (SBN 195012)
EYITAYO ST. MATTHEW-DANIEL (admitted
*pro hac vice*)
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

MEREDITH R. DEARBORN (SBN 268312)
mdearborn@paulweiss.com
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101

*Attorneys for Defendant
Spirit Airlines, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GABRIEL GARAVANIAN, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>Defendants. | Case No. 4:22-cv-06841-JSW (KAW)<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO TRANSFER PURSUANT TO 28 U.S.C. § 1404** |

Pursuant to 28 U.S.C. § 1404(a), Plaintiffs and Defendants JetBlue Airways Corporation and Spirit Airlines, Inc. respectfully request an order transferring this case to the U.S. District Court for the District of Massachusetts. Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In support of this joint stipulation, the Parties state as follows:

1. This case could have been brought in the District of Massachusetts because "[a]ny suit … under the antitrust laws against a corporation may be brought … in any district wherein it may be found or transacts business." 15 U.S.C. § 22. Both JetBlue and Spirit Airlines operate flights into and out of Massachusetts and therefore transact business in the District of Massachusetts.

2. "[A]ll parties have consented" to the transfer of this case to the District of Massachusetts. 28 U.S.C. § 1404(a).

3. Transfer to the District of Massachusetts is justified "for the convenience of the parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). Defendants are headquartered on the East Coast, and many witnesses are located on the East Coast. Three of the 25 Plaintiffs in this action reside in Massachusetts, and more than 10 overall on the East Coast. Moreover, on March 7, 2023, the Department of Justice and three state attorneys general filed a lawsuit in the District of Massachusetts to block JetBlue's acquisition of Spirit Airlines, the same transaction challenged in this case. *See United States, et al. v. JetBlue Airways Corp., et al.*, Case No. 1:23-cv-10511-WGY (D. Mass. Mar. 7, 2023). Consolidation is feasible here.[1] *A. J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974) (feasibility of consolidation is a factor in transfer under § 1404).

4. To facilitate the transfer of this action to the District of Massachusetts, the Parties have agreed as follows:

    a. Within 12 business days after the Court has entered (a) an Order transferring this action to the District of Massachusetts, and (b) the Protective Order as described below, JetBlue and Spirit will produce to Plaintiffs the documents

---

[1] Plaintiffs oppose consolidation.

1    and interrogatory responses they produced to the DOJ in response to the
2    Second Request under the Hart-Scott-Rodino Act regarding the JetBlue-
3    Spirit transaction, and any transcripts they have of depositions the DOJ took
4    in its investigation of that transaction (the "Interim Production");

5  b. The proposed protective order attached as **Exhibit A,** once entered by the
6    Court, will govern the Interim Production until the District of Massachusetts
7    enters a protective order governing this case. At that point, the protective
8    order entered to cover the Interim Production will cease to govern, and the
9    protective order entered in the District of Massachusetts will govern in this
10    case including as to any documents produced pursuant to this stipulation;

11 c. A redline comparison of the proposed protective order to this Court's model
12    protective order is attached as **Exhibit B**;

13 d. With respect to the Interim Production, Plaintiffs agree not to assert that
14    Defendants' act of disclosing the Interim Production constitutes a failure to
15    take reasonable steps to prevent disclosure of privileged or protected
16    materials under Federal Rule of Evidence 502(b); and

17 e. The documents to be produced in the Interim Production may all be
18    designated under Paragraph 7b of the Protective Order as "Highly
19    Confidential – Attorneys Eyes Only," notwithstanding any provisions in the
20    Protective Order to the contrary.

22 For the foregoing reasons, **IT IS HEREBY STIPULATED AND AGREED** by and between the
23 Parties that this case should be transferred to the District of Massachusetts.

25 Dated: March 16, 2023

                                                            Respectfully Submitted,

                                                            COOLEY LLP

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO                              2                    JOINT STIPULATION TO TRANSFER
                                                                CASE NO. 4:22-CV-6841-JSW

|   |   |
|---|---|
| | By: */s/ Ethan Glass* |
| | Ethan Glass (SBN 216159) |
| | eglass@cooley.com |
| | 1299 Pennsylvania Ave., NW |
| | Suite 700 |
| | Washington, DC 20004-2400 |
| | Telephone:    (202) 842-7800 |
| | Facsimile:     (202) 842-7899 |
| | |
| | Beatriz Mejia (SBN 190948) |
| | mejiab@cooley.com |
| | 3 Embarcadero Center, 20th Floor |
| | San Francisco, CA 94111-4004 |
| | Telephone:    (415) 693-2000 |
| | Facsimile:     (415) 693-2222 |
| | |
| | *Attorneys for Defendant JetBlue Airways Corporation* |
| Dated: March 16, 2023 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| | |
| | By: */s/ Meredith Dearborn* |
| | Andrew C. Finch (SBN 195012) |
| | Eyitayo St. Matthew-Daniel (admitted *pro hac vice*) |
| | afinch@paulweiss.com |
| | tstmatthewdaniel@paulweiss.com |
| | 1285 Avenue of the Americas |
| | New York, NY 10019 |
| | Telephone:    (212) 373-3000 |
| | Facsimile:     (212) 757-3990 |
| | |
| | Meredith R. Dearborn (SBN 268312) |
| | mdearborn@paulweiss.com |
| | 535 Mission Street, 24th Floor |
| | San Francisco, CA 94105 |
| | Telephone:    (628) 432-5100 |
| | Facsimile:     (628) 232-3101 |
| | |
| | *Attorneys for Defendant Spirit Airlines, Inc.* |

Dated: March 16, 2023                    ALIOTO LEGAL

                                         By: */s/ Joseph Alioto*
                                             Joseph M. Alioto Jr. (SBN 215544)
                                             joseph@aliotolegal.com
                                             100 Pine Street, Suite 1250
                                             San Francisco, California 94111
                                             Tel: (415) 398-3800

                                         *Attorney for Plaintiffs*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: March ____, 2023

                                         _____
                                         JEFFREY S. WHITE
                                         United States District Judge

**FILER'S ATTESTATION**

I, Ethan Glass, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: March 16, 2023                    COOLEY LLP

                                         By: */s/ Ethan Glass*
                                             Ethan Glass (SBN 216159)