UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GABRIEL GARAVANIAN, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Civil Action No.: 1:23-cv-10678-WGY |

**DEFENDANTS' OPPOSITION TO MOTION BY NON-PARTY
UNITED STATES OF AMERICA TO STAY ENTRY OF
<u>PROPOSED SCHEDULING AND CASE MANAGEMENT ORDER</u>**

Defendants JetBlue Airways Corporation and Spirit Airlines, Inc. respectfully submit this opposition to the motion for a stay by non-party the United States of America ("DOJ") (ECF No. 78). DOJ's complaints about Defendants' proposed case management order ignore the fact that Defendants' proposal implements the direction given by the Court at the April 13 conference that the two cases should be consolidated for discovery in light of the substantial overlap. And DOJ ignores that Defendants' proposed case management order has little impact on DOJ because it lines up the deadlines and procedures with those the Court entered in the DOJ Case (at most, DOJ

1

loses 30 minutes of default deposition time for overlapping non-parties, but DOJ can always seek more time for good cause).

Despite this, and despite knowing for months of the need to address the considerable overlap between the two cases, having a full opportunity to express its desire to be involved in the private case, and choosing instead to stay on the sidelines until after the deadline (based on conversations with the private plaintiffs but not Defendants), DOJ now seeks to insert itself on an emergency basis and delay the private case. That pause would prejudice Defendants, who are litigating these cases on a truncated schedule. Therefore, Defendants respectfully request that the Court deny DOJ's motion for a stay, and adopt the case management order language that Defendants proposed.

**Defendants' Proposed Case Management Order Implements the Court's Instructions.** During the April 13 conference in the private case, the Court directed that this case and the DOJ Case should be consolidated for discovery purposes, and ordered the Defendants and private plaintiffs to work together to submit a proposed case management order that implemented such pre-trial consolidation. *See* Transcript of 4/13/23 Initial Status Conf. at 4:11-19 (The Court: "I propose . . . [to] consolidate this case, for purposes of discovery only, with the case [] brought by the government."); 6:10-24 (instructing the parties to use the case management order in the DOJ Case "as a model" and explaining the Court's practice for "adopt[ing] one position or another" in a proposed case management order "like a baseball arbitrator"). Accordingly, as the Court suggested, Defendants used the case management order in the DOJ Case and proposed deadline and provisions that are ***almost identical to the case management order in the DOJ Case***. In fact, Defendants went to great lengths to avoid conflict with the DOJ Case in seeking to implement the Court's instructions on consolidated discovery. As discussed below, the only real

impact to the DOJ in Defendants' proposal is DOJ's time allotment for non-party discovery, and even then only modestly (taking the default time that DOJ has in overlapping non-party depositions from 3.5 hours to 3 hours). As a result, there is simply no reason to stay entry of the case management order.

**DOJ's Complaints Do Not Warrant Delay.** DOJ's core complaint is simply that it disagrees with this Court's view that the two cases should be consolidated for discovery. To be clear, Defendants and Plaintiffs in this private action agree with the Court's view that coordinated discovery between the two matters is sensible. Tr. 4/13/23 Initial Status Conf. at 5:7–10 (Plaintiffs' counsel: "it makes a lot of sense for us to coordinate on discovery with the government's case.").

Contrary to DOJ's suggestions, under Rule 42, the Court has broad discretion to consolidate cases. Fed. R. Civ. P. 42(a). And the Court has already recognized the significant efficiencies to be gained for the Court, parties, and non-parties in consolidating discovery of these overlapping cases. And, despite DOJ's assertions to the contrary, courts routinely consolidate antitrust cases brought by DOJ with cases brought by other plaintiffs. *See, e.g.*, Order Concerning Amended Scheduling and Case Management Order, *United States v. Google LLC*, No. 1:20-cv-03010-APM (D.D.C. Feb. 3, 2021), ECF No. 108 (noting the "consolidation" of the cases "for purposes of pre-trial discovery"); *see also* Order dated February 1, 2002, *United States v. Microsoft Corp.*, No. 1:98-CV-01232-CKK (D.D.C. Feb. 1, 2002), ECF No. 671 (deconsolidating case brought by United States and case brought by non-settling plaintiff states in advance of non-settling parties proceeding to a remedies-specific hearing).

As for Defendants' proposal, DOJ only complains about three provisions:

- DOJ complains that Defendants have agreed its witnesses will sit for ***two days*** to accommodate questioning from both DOJ and the private plaintiffs. But Defendants' proposal would not reduce the number of hours on the record that DOJ has to depose party witnesses (a full 7 hours), and Defendants will make their

3

- witnesses available for consecutive days; it is not clear what "scheduling" difficulties DOJ contemplates.

- DOJ complains about Defendants' proposal that, to accommodate non-parties, DOJ would lose 30 minutes of deposition time. But Defendants' proposal reflects that non-parties are entitled to the *most* protection from burdensome and duplicative discovery under the Federal Rules; thus, contrary to DOJ's suggestion, courts consistently require parties to accommodate non-parties. Moreover, if DOJ believes it need more than 3 hours with any particular non-party, it can ask for more time.

- DOJ suggests that a "more tailored approach" is needed to coordinate document discovery related to its investigative material. But Defendants have already produced to the private plaintiffs all of the documents they provided to DOJ during its investigation, and every subpoenaed non-party has resisted duplicating discovery that it has already provided to DOJ.

- DOJ raises a concern related to trial consolidation that the Court said should be addressed at a later time. In fact, Defendants' proposed case management order follows what the Court told the parties at the April 13 case management conference, which expressly left consolidation for trial to "be revisited at the time of the final pretrial conference." (Tr. 4/13/23 Initial Status Conf. at 4:20-22.)

**Defendants Would Be Prejudiced by Delay**. DOJ argues that discovery in this case is ongoing and that Defendants therefore will not be prejudiced by DOJ's request to stay entry of the case management order. But that simply is inaccurate. Although discovery is open in this case, the parties have reached the limits of what can reasonably be achieved without the benefit of a case management order setting forth deadlines and parameters for discovery. Further discovery is significantly stifled until a case management order is entered and thus any delay here will affect the progress of the private case and may result in these cases being placed unnecessarily on separate tracks.

**DOJ Has Known For Months that Consolidation of the Cases Was Possible, It Failed to Timely Raise Any Issues with the Defendants, and It Relied Solely on Incorrect Representations by the Private Plaintiffs.** Contrary to the suggestions in DOJ's brief, Defendants have been clear *for months* in public filings that they believe these two cases

substantially overlap and that they would seek to ensure that duplication and unnecessary burden are avoided.  *See, e.g.*, Joint Case Management Statement filed in the Northern District of California on February 3, 2023 (ECF No. 28, Case No. 4:22-cv-06841-JSW); Joint Stipulation to Transfer filed in the Northern District of California on March 16, 2023 (ECF No. 33, Case No. 4:22-cv-06841-JSW); March 30, 2023 Motion to Relate this case to the DOJ Case (ECF No. 39); *see also* ECF No. 40 (order granting the unopposed Motion to Relate, which put DOJ on notice that the Court also recognized the overlap in the cases).  Nevertheless, DOJ chose not to move to intervene in this case or to file a request to be heard in a timely manner.

While DOJ implies that Defendants deliberately sidestepped DOJ, in fact, the opposite is true.  DOJ knew the parties transferred the private case and knew from the negotiation of the DOJ case management order that Defendants would assert the need to closely coordinate the two cases in order to move both expeditiously without unnecessary burden on all parties.  DOJ chose not to attend the initial status conference in this case, or somehow failed to figure out how to attend.  DOJ knew almost two weeks ago from a conversation with counsel for the private plaintiffs (which DOJ revealed to Defendants for the first time in its motion to stay) that the Court had directed the parties to file a case management order by April 24, 2023.  But DOJ chose not to have any direct communication with Defendants, instead relying on an erroneous report from private plaintiffs that the Court had refused to consolidate the two cases for discovery when in fact the Court said just the opposite.  *See* Tr. 4/13/23 Initial Status Conf. at 4:11-19 (The Court: "I propose . . . [to] consolidate this case, for purposes of discovery only, with the case [] brought by the government").

**Conclusion.**  Defendants respectfully request that the Court deny DOJ's motion and enter a case management order based on the Defendants' proposal.  Alternatively, at most, the Court could enter Defendants' proposed case management order and defer a later decision on the one

5

disputed material provision about whether DOJ automatically gets 3 hours or 3.5 hours at overlapping non-party depositions.

Dated: April 26, 2023

Respectfully submitted,

COOLEY LLP

*/s/ Elizabeth M. Wright*
Elizabeth M. Wright (MA BBO #569387)
ewright@cooley.com
500 Boylston Street
14th Floor
Boston, MA  02116-3736
Telephone:   +1 617 937 2300
Facsimile:    +1 617 937 2400

Ethan Glass (*pro hac vice*)
eglass@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 842 7800
Facsimile:    +1 202 842 7899

Beatriz Mejia (*pro hac vice*)
bmejia@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

*Attorneys for JetBlue Airways Corporation*

CHOATE, HALL & STEWART LLP

*/s/ Samuel N. Rudman*
Samuel N. Rudman (MA BBO #698018)
srudman@choate.com
Two International Place
Boston, MA  02110
Telephone:    +1 617 248 4034

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Andrew C. Finch *(pro hac vice)*
Eyitayo St. Matthew-Daniel *(pro hac vice)*
Jay Cohen *(pro hac vice)*
Kate Wald *(pro hac vice)*
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jaycohen@paulweiss.com
kwald@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019
Telephone:    (212) 373-3000
Facsimile:    (212) 757-3990

Meredith R. Dearborn *(pro hac vice)*
mdearborn@paulweiss.com
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:    (628) 432-5100
Facsimile:    (628) 232-3101

*Attorneys for Defendant Spirit Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition to Motion to Stay, which was filed with the Court through the CM/ECF system on April 26, 2023, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF").

*/s/ Elizabeth Wright*
Elizabeth Wright
