UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GABRIEL GARAVANIAN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Civil Action No.: 1:23-cv-10678-WGY |

**PLAINTIFFS' RESPONSE TO MOTION OF NON-PARTY UNITED STATES TO STAY ENTRY OF PROPOSED SCHEDULING AND CASE MANAGEMENT ORDER AND FOR STATUS CONFERENCE**

Plaintiffs Gabriel Garavanian, *et al.* ("Private Plaintiffs") respectfully submit this response to the Motion of Non-Party United States ("DOJ") to stay entry of the proposed scheduling and case management order and for a status conference. (Dkt. no. 78.) Private Plaintiffs invite an opportunity to work with DOJ and Defendants to attempt to resolve any difficulties with respect to scheduling this case and the government's case in *United States v. JetBlue Airways Corp.*, Case No. 1:23-cv-10511-WGY ("Government Action"). Private Plaintiffs have consistently expressed their willingness to coordinate discovery in both cases "to the maximum extent possible." (Dkt. no. 76 at 2.) They do not object to DOJ voicing its concerns, and they have no objection to the government's motion.

In addition, Private Plaintiffs identify the following issues raised in Defendants' Opposition to DOJ's Motion to Stay (Dkt. no. 81) and the DOJ motion which require clarification.

First, in the jointly-filed [Proposed] Scheduling and Case Management Order (Dkt. no. 76), Private Plaintiffs proposed a trial date of September 18, 2023. However, they learned only after the filing that during the status hearing in the Government Action, this Court advised Defendants and DOJ that the Court was unavailable for trial in September. (*See* Dkt. no. 78 at 5, n.3.) Defendants did not share that information with Private Plaintiffs during the course of negotiating the trial date over the past two weeks. Of course, Private Plaintiffs would not have proposed a September trial date had they known it conflicted with the Court's schedule. Therefore, in the event the Court is not available for trial on September 18, Plaintiffs request in the alternative that their trial be set for October 2, 2023. Plaintiffs anticipate 10 days of trial will be sufficient, allowing trial in the DOJ case to begin as scheduled on October 16, 2023.

Second, in their Opposition to DOJ's Motion to Stay, Defendants inaccurately describe "an erroneous report [to DOJ] from private plaintiffs that the Court refused to consolidate the two cases for discovery" at the April 13 status hearing. (Dkt. no. 81 at 5.) Plaintiffs have never told anyone that this Court "refused to consolidate" the two cases for discovery at the status hearing. Neither does DOJ's description of Plaintiffs' statements say what Defendants suggest. (Dkt. no. 78 at 4, ¶ 11.) Defendants' factual misstatement should be disregarded. Plaintiffs relayed to DOJ counsel the same message Plaintiffs wrote in the Proposed Scheduling and Case Management Order: that Private Plaintiffs "understood the Court's comments as instructions to propose discovery efficiencies for the Court's consideration." (Dkt. no. 76 at 3.)

Finally, in DOJ's motion, the government writes that "the Private Action parties *never* conferred with the United States or Plaintiffs States regarding the Proposed CMO." (Dkt. no. 78 at 1, ¶ 2 (emphasis in original).) However, on Friday April 21, 2023, three days before the CMO was filed, counsel for Plaintiffs did attempt to confer with DOJ counsel regarding the

"scheduling order for our case" to "discuss how we might coordinate discovery." As a result of scheduling difficulties over the weekend, counsel for Plaintiffs and DOJ were not able to discuss the proposed case management order until shortly before it was filed on Monday April 24, 2023. Nevertheless, Plaintiffs' proposals to coordinate discovery with DOJ do not differ significantly from what counsel for Plaintiffs and DOJ had discussed in more general terms the prior week. Plaintiffs from both cases remain committed to working together toward the most efficient discovery process possible.

Plaintiffs will address any substantive issues raised in DOJ or Defendants' future filings related to scheduling in this case, as appropriate. But in general terms, Plaintiffs request that the Court grant them the same discovery rights as have been granted to the government (*e.g.,* the same number of depositions, hours of testimony, etc.), since in the eyes of the law, the private and government cases are on equal footing, and neither has substantive priority over the other.

Dated: April 27, 2023

Respectfully submitted,

*Counsel for Plaintiffs*

*/s/ Robert J. Bonsignore*

Robert J. Bonsignore
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, Massachusetts 02155
Phone: 781-350-0000
Email: rbonsignore@classactions.us

Joseph M. Alioto Jr. (CA Bar No. 215544)
ALIOTO LEGAL
100 Pine Street, Suite 1250
San Francisco, California 94111

Joseph M. Alioto
Tatiana V. Wallace
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
jmalioto@aliotolaw.com
twallace@aliotolaw.com
hniazi@aliotolaw.com

Stephen G. Larson
LARSON LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
slarson@larsonllp.com

Robert Ruyak
LARSON LLP
900 17th Street NW, Suite 320
Washington, DC 20006
rruyak@larsonllp.com

Lawrence G. Papale
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street, Suite 117
St. Helena, California 94574
lgpapale@papalelaw.com

Christopher A. Nedeau
NEDEAU LAW FIRM
154 Baker Street
San Francisco, California 94117
cnedeau@nedeaulaw.net

Lingel H. Winters
LAW OFFICES OF LINGEL H. WINTERS
388 Market Street, Suite 1300
San Francisco, California 94111
Sawmill2@aol.com

Josephine Alioto
THE VEEN FIRM
20 Haight Street
San Francisco, California 94102
jalioto@veenfirm.com

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to counsel of record for all parties as identified on the Notice of Electronic Filing.

| | |
|---|---|
| Dated: April 27, 2023 | */s/ Robert Bonsignore* |
| | Robert Bonsignore |