UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GABRIEL GARAVANIAN, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Civil Action No.: 1:23-cv-10678-WGY |

### THE UNITED STATES' STATUS REPORT REGARDING CASE COORDINATION

The United States respectfully submits this status report following meet-and-confer discussions with the parties to the Private Action ("Private Parties") regarding their Proposed Scheduling and Case Management Order in the Private Action ("Proposed CMO," ECF No. 76).[1]

Many aspects of fact discovery in this Private Action can be efficiently coordinated with the Government Action. The United States has engaged in good faith with Private Parties about such coordination and will continue to do so.

The United States will oppose any request to consolidate this case with the Government Action for trial. At the recent Private Action status conference, the Court stated that its "present thinking" was "certainly not to try this case with the government's case." 4/13/23 Tr. 4:20-23. That view is correct. It would be unprecedented for the Court to order consolidation of these two

---

[1] The "Government Action" means *United States v. JetBlue Airways Corp.*, Case No. 1:23-cv-10511-WGY. The parties to the Government Action are Plaintiffs the United States of America, Commonwealth of Massachusetts, States of California, Maryland, New Jersey, New York, and North Carolina and the District of Columbia (collectively, the "Government") and Defendants JetBlue Airways Corporation ("JetBlue") and Spirit Airlines, Inc. ("Spirit"). The "Private Action" means *Garavanian v. JetBlue Airways Corp.*, Case No. 1:23-cv-10678-WGY. Plaintiffs in the Private Action are referred to as "Private Plaintiffs"; together with Defendants, "Private Parties."

trials over the Government's objection. As the United States showed in its recent motion, trial consolidation would be inconsistent with precedent from the Supreme Court, decisions of all courts that have considered this question, and weighty public policy reasons underlying such decisions. *See* ECF No. 78, ¶¶ 24-26.[2] In light of the Court's statement that this issue "can be revisited at the time of the final pretrial conference," 4/13/23 Tr. 4:21-22, the United States will address this issue further before the final pretrial conference.

Following conferral with the Private Parties, the United States does not oppose entry of the Proposed CMO, and does not take a position on the disputes between Private Plaintiffs and Defendants, but has significant concerns about discrete aspects of the Proposed CMO that would negatively impact the Government Action. To address those concerns, the United States requests that the Court enter the attached Proposed Order to promote efficient coordination without impeding the Government's ability to prepare and try its case, and to clarify ambiguities in the Proposed CMO. Defendants and Private Plaintiffs oppose the Proposed Order.[3]

The Proposed Order has three provisions, which are necessary for the following reasons:

***Trial Date (Proposed Order ¶ 1).*** The Court should not schedule the Private Action trial during or before the Government Action. Defendants' proposed October 16, 2023 trial date is the same as the trial date in the Government Action. That is inappropriate because it is a *de facto* request for consolidation, as Private Plaintiffs correctly observe, and thus is contrary to the Court's guidance at the status conference. Defendants' request is also inappropriate because it seeks in effect to modify the stipulated Case Management Order in the Government Action

---

[2] In response, Defendants cited only two orders, both of which are inapposite because they involved the relationship between cases brought by the United States and by States—not private plaintiffs. *See* ECF No. 81 at 3 (citing enforcement actions against Google and Microsoft). Neither order provides any support for consolidation of a government enforcement action with a private lawsuit.
[3] Private Plaintiffs have informed us that they will revise their positions in the Proposed CMO and that Private Plaintiffs and Defendants have agreed to make any further submissions by 6:00 p.m. tomorrow.

("Government Action CMO," ECF No. 79).  The CMO may be modified only by agreement or on motion of the parties.  Government Action CMO ¶ 27.  There has been no agreement on consolidation and no party to the Government Action has filed a motion to modify the CMO.

The Government is prepared to submit full briefing opposing consolidation at a proper time if Defendants or Private Plaintiffs move for consolidated trials, or if the Court orders such briefing.

Private Plaintiffs' proposal to try their case before the Government Action—whether on September 18, 2023 (Proposed CMO at 5), or October 2, 2023 (ECF No. 82 at 2)—should also be rejected.  The United States acts on behalf of over 300 million Americans (and Plaintiff States likewise on behalf of their citizens), in contrast to the 25 plaintiffs in the Private Action.

The United States has significant experience in trying merger cases on an expedited timeline.  In the Government Action, we have already served 63 document requests on JetBlue and 59 on Spirit, and Defendants have produced approximately one million documents and have represented that their productions are substantially complete with certain exceptions.  We have also served 21 third-party subpoenas.  We have already exchanged preliminary trial witness lists with Defendants.  In sum, discovery in the Government Action is well underway, and much more advanced than in the Private Action.

Further, Private Plaintiffs have broader theories than the Government, as we previously explained.  *See* ECF No. 78, ¶ 26.  It would be burdensome and confusing to the Court to try a different, broader, non-representative action involving partly overlapping subject matter in the weeks immediately prior to the Government Action trial.  It would also burden the Government to closely monitor that trial in order to prevent any confusion during the Government Action.

Because the parties' post-trial submissions in the Government Action are due on November 17, 2023, we ask that the Private Action not be tried before December 2023.

***Deposition Coordination (Proposed Order ¶ 2).*** The United States is prepared to work in good faith with all parties to schedule fact depositions noticed in both actions. We do not take a position on the disagreement between Private Plaintiffs and Defendants about the number of depositions and amount of deposition time that Private Plaintiffs may have. We request a few additional provisions to protect the Government's interests under the existing, heavily negotiated Government Action CMO:

- Depositions not noticed in the Government Action should not be used in the Government Action (except to the extent they could be used if taken in an unrelated action), which would effectively expand the number of depositions beyond the agreed-upon limits in the Government Action CMO.

- For cross-noticed depositions, the Government should be able to examine witnesses before Private Plaintiffs and to take the lead on scheduling depositions of witnesses already on preliminary trial witness lists in the Government Action, while making reasonable efforts to accommodate the schedules of the witnesses and other counsel.

- The amount of time at depositions to which the Government is entitled under the Government Action CMO should not be reduced. Both sides' positions in the Proposed CMO for the Private Action are consistent with this in most aspects, but they would reduce the Government's time during third-party depositions by 30 minutes and create other ambiguities.

- Both sides in the Private Action contemplate that some cross-noticed depositions will be continued to a second day, whereas under the Government Action CMO,

4

depositions other than of divestiture buyers would generally be limited to a single day. Requiring the Government to participate fully in the second day of numerous two-day depositions would burden the Government without any corresponding benefit in the Government Action. The parties did not contemplate this additional burden when they negotiated the Government Action CMO, and the burden will be significant given the expedited trial schedule in the Government Action. Accordingly, we propose that the Government's examination and any additional examination of the witness within the scope of the Government's examination should take place on the first day, that the Government may attend the second day either remotely or in person,[4] and that Defendants should not be permitted to use in the Government Action deposition testimony within the scope of Private Plaintiffs' examination. In light of the likelihood of overnight adjournments, the Government also requests a no-conference order between witnesses and any counsel until depositions are concluded.

***Written and Document Discovery Coordination (Proposed Order ¶ 3).*** The Proposed CMO in the Private Action would permit the Government's investigative file and non-party confidential material to be disclosed in the Private Action. This would violate the Protective Order in the Government Action (ECF No. 66) and would impact the rights of non-parties, including those who provided information to the United States during its investigation subject to statutory protections and have received no notice that Defendants would disclose their materials in private litigation. *See* 15 U.S.C. §§ 18a(h), 1313(c). The United States has proposed a

---

[4] The Proposed Order also provides that Private Plaintiffs may attend cross-noticed depositions remotely or in person, a provision Private Plaintiffs requested during discussions with the United States and to which the United States does not object.

5

protective order to the Private Parties to resolve these issues and to give non-parties notice and an opportunity to object (just as in the Government Action). We request a deadline for the parties to submit that Proposed Protective Order by Monday, May 8, 2023.

## CONCLUSION

The Court should enter the attached Proposed Order. If the Court would like to hear from the United States further on these issues, we remain available for a status conference.


Dated: May 3, 2023

Respectfully submitted,

/s/ Edward W. Duffy
Edward W. Duffy
John M. Briggs
Arianna Markel
Aaron M. Teitelbaum
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Telephone: (202) 812-4723
Fax: (202) 307-5802
Email: edward.duffy@usdoj.gov

*Attorneys for the United States of America*


## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that he has conferred with counsel for Private Plaintiffs and Defendants and has attempted in good faith to resolve or narrow the issues.

/s/ Edward W. Duffy

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to counsel of record for all parties as identified on the Notice of Electronic Filing (NEF). In addition, I caused this document to be served by email on counsel for all parties in *United States v. JetBlue Airways Corp.*, No. 1:23-cv-10511-WGY (D. Mass.).

                                         /s/ Edward W. Duffy

Dated: May 3, 2023