UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, *et al.*,

            *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,

            *Defendants*.

Civil Action No.: 1:23-cv-10678-WGY

**DEFENDANTS' OPPOSITION TO PROPOSED ORDERS SUBMITTED BY NON-PARTY UNITED STATES OF AMERICA AND PRIVATE PLAINTIFFS**

Defendants JetBlue Airways Corporation and Spirit Airlines, Inc. respectfully submit this response to the Status Report and Proposed Order submitted by non-party the United States of America ("DOJ") (ECF Nos. 85 and 85-1), and the amended proposed order submitted by the private plaintiffs (ECF No. 89). DOJ and the private plaintiffs have made numerous filings since the parties submitted the proposed case management order in this case, all of which add tremendous confusion to the issues already resolved by Defendants' proposed case management order. Because none of those filings presents a reason not to enter Defendants' proposed case management order (ECF No. 76), which followed the Court's instruction, Defendants respectfully urge the Court to enter it so that the parties to both cases may turn their full attention to discovery efforts.

Defendants' proposed case management order anticipated and addressed all of DOJ's potential complaints. (ECF No. 76.) Nothing in that proposed order affects the rights of DOJ to conduct discovery in accordance with the case management order entered in the DOJ Case.

1

Moreover, DOJ's proposed order is inconsistent with the Court's stated preferences that discovery between the DOJ and private cases be "consolidated." And, both the DOJ's proposed order and the private plaintiffs' proposed order ignored the Court's preference that trial issues "be revisited at the time of the final pretrial conference." (Tr. 4/13/23 Initial Status Conf. at 4:20-22.) Therefore, Defendants respectfully request that the Court enter the original case management order proposed by Defendants (ECF No. 76), and reject the proposed orders by the private plaintiffs and DOJ.

**Trial Date**. Contrary to DOJ's characterization, Defendants' proposed case management order does not ask the Court to set a single trial. Rather, Defendants propose that the issue be deferred until the final Pre-Trial Conference, consistent with the Court's direction at the April 13 conference. Despite not being a party, and in fact rejecting the Court's desire to address trial issues at the Pre-Trial Conference, DOJ's proposed order demands the Court set a trial date in this action now, for some time in December 2023 or in 2024, and that the trial be separate from the DOJ trial. Defendants oppose such a trial date as unduly burdensome and prejudicial and also because it is an attempt by DOJ to "run out the clock" and delay a decision on this merger. JetBlue's proposed merger with Spirit has already been pending for the better part of a year. As courts regularly recognize by scheduling merger challenges for expedited treatment, everyone, including consumers, the companies, their shareholders, and their employees, will be better off with a resolution of these challenges this year. *See, e.g.*, *United States v. ASSA ABLOY*, Case No. 1:22-cv-02791-ACR (D.D.C.) (about five months from complaint to trial); *United States v. UnitedHealth Group Inc.*, Case No. 1:22-cv-00481-CJN (D.D.C.) (about five months); *United States v. United States Sugar Corp.*, Case No. 1:21-cv-01644-MN (D. Del.) (about four months). In addition, DOJ's proposal ignores the reality that the cases are nearly identical, and would require

the Court to hold two independent trials for cases that involve nearly identical evidence and claims under the same law.  Nothing could be more inefficient or burdensome for the Court, witnesses, and the Defendants.  For the same reasons, the private plaintiffs' proposed trial date of October 2, 2023 is also prejudicial to Defendants.

All that said, Defendants of course respect the Court's instructions at the April 13 conference, and understand the Court will determine trial issues at the Pre-Trial Conference.  Defendants simply and respectfully request that the Court preserve the opportunity for these cases to be tried together (in whole or in part), without deciding that issue now.  And, as the Defendants provided in their proposed case management order, if the Court is inclined to set a trial date now, Defendants respectfully request that it be set for the same date as the DOJ Case to preserve the possibility that these cases may be consolidated in whole or part for trial.  (*See* ECF No. 76 at 6.)  But at the very least, Defendants respectfully request that the Court deny as premature DOJ's demand that the private case trial occur in December 2023 or in 2024 and the private plaintiffs' demand that the private trial occur before the DOJ trial.

**Deposition Coordination**.  As with the trial date, the Defendants' original proposed case management order adequately addresses the case management issues with depositions—it provides the information required by Federal Rule of Civil Procedure 30 by specifically identifying the proposed limits on depositions.  DOJ's proposed order attempts to micromanage depositions in advance and without regard to the circumstances involving the particular depositions, in a way that could prejudice the witnesses.  It also seeks to advantage DOJ (for example, giving DOJ unilateral scheduling rights) without promoting coordination with private plaintiffs. The alleged logistical and minor timing issues raised in the DOJ Proposed Order are best left for the parties to resolve, and involve the Court only if necessary, as good cause arises.  *See* Fed. R. Civ. P. 30.  For

example, Defendants are not opposed to the concept that some of the lawyers for DOJ or the private plaintiffs want to attend depositions remotely, so there likely will be no dispute, but there is no need for the case management order to resolve any potential dispute in advance, without even knowing the dispute.  Further, the private plaintiffs have now agreed to a limit of 15 depositions per side, which is the number proposed by Defendants in the original proposed case management order.  (ECF No. 76.)  As Defendants have offered DOJ, if DOJ believes it needs thirty additional minutes with a non-party deponent, Defendants would be willing to meet and confer about accommodating that request.

**Written and Document Discovery Coordination**. The DOJ Proposed Order requests that the parties submit an additional proposed protective order to govern this action, but again this relief is not necessary.  In their proposed case management order, the Defendants and private plaintiffs already have agreed that the "Protective Order entered in the DOJ Case applies with equal force in this case, and the Plaintiffs agree to be bound by the terms of that Order."  (ECF No. 76 at ¶ 6.)  And to the extent that DOJ wants to provide notice to third parties regarding materials contained in DOJ's investigatory file, DOJ can do so now and without an order from the Court.

* * *

Overall, DOJ's Status Report and Proposed Order raise non-issues and then propose responses that would be inconsistent with the Court's instructions (that the cases be consolidated for discovery and issues about the private case trial be addressed later) and unduly burdensome and prejudicial to both the Court and Defendants.  Defendants respectfully request that the Court deny DOJ's proposed order and enter the Defendants' proposals contained in the proposed case management order (ECF No. 76).

Dated: May 5, 2023                                  Respectfully submitted,

                                                    COOLEY LLP


                                                    */s/ Elizabeth M. Wright*
                                                    Elizabeth M. Wright (MA BBO #569387)
                                                    ewright@cooley.com
                                                    500 Boylston Street
                                                    14th Floor
                                                    Boston, MA  02116-3736
                                                    Telephone:   +1 617 937 2300
                                                    Facsimile:   +1 617 937 2400

                                                    Ethan Glass (*pro hac vice*)
                                                    eglass@cooley.com
                                                    1299 Pennsylvania Avenue NW, Suite 700
                                                    Washington, DC 20004-2400
                                                    Telephone:   +1 202 842 7800
                                                    Facsimile:   +1 202 842 7899

                                                    Beatriz Mejia (*pro hac vice*)
                                                    bmejia@cooley.com
                                                    3 Embarcadero Center, 20th Floor
                                                    San Francisco, CA 94111
                                                    Telephone:   +1 415 693 2000
                                                    Facsimile:   +1 415 693 2222

                                                    *Attorneys for JetBlue Airways Corporation*

CHOATE, HALL & STEWART LLP

*/s/ Samuel N. Rudman*
Samuel N. Rudman (MA BBO #698018)
srudman@choate.com
Two International Place
Boston, MA  02110
Telephone:    +1 617 248 4034

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Andrew C. Finch *(pro hac vice)*
Eyitayo St. Matthew-Daniel *(pro hac vice)*
Jay Cohen *(pro hac vice)*
Kate Wald *(pro hac vice)*
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jaycohen@paulweiss.com
kwald@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019
Telephone:    (212) 373-3000
Facsimile:     (212) 757-3990

Meredith R. Dearborn *(pro hac vice)*
mdearborn@paulweiss.com
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:    (628) 432-5100
Facsimile:     (628) 232-3101

*Attorneys for Defendant Spirit Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendants' Opposition to Proposed Orders Submitted by Non-Party United States of America and Private Plaintiffs, which was filed with the Court through the CM/ECF system on May 5, 2023, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF").

*/s/ Elizabeth Wright*
Elizabeth Wright
