# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, *et al.*,

*Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

*Defendants*.

Civil Action No.: 1:23-cv-10678-WGY

## [PROPOSED] SCHEDULING AND CASE MANAGEMENT ORDER

The parties agree to the following: Documents and other discovery materials produced in *United States v. JetBlue Airways Corp. and Spirit Airlines, Inc.*, Case No. 23-cv-10511 WGY ("DOJ Case") may be used in this case as though they were produced herein. Any discovery request, response to a discovery request, document production, notice of third-party subpoena, response to production received from any third party, deposition transcript (and exhibits), court paper and accompanying affidavits and exhibits and/or expert report and accompanying exhibits served or made available to any party in either the DOJ Case or this case shall be served or made available to all Parties on the same terms as if it had been served, produced, or received in this case, with all objections being preserved.

**The parties propose the following additional language regarding discovery consolidation:**

1

| Plaintiffs' Proposed Additional Language | Defendants' Proposed Additional Language |
|---|---|
| **Coordination of Discovery.** Pursuant to Federal Rule of Civil Procedure 42(a)(3), to avoid unnecessary cost or delay, the parties shall coordinate discovery in this matter with discovery in the DOJ Case. In addition to the coordination outlined in the preceding paragraph, *Garavanian* Plaintiffs and DOJ shall coordinate the scheduling of depositions and eliminate duplicative examination to the maximum extent possible. Plaintiffs in both cases shall exchange the names of proposed deponents and proposed scheduling sufficiently in advance to allow for reasonable coordination of deposition examination. To the extent possible, plaintiffs from both cases shall depose the same witness on the same day or consecutive days. Plaintiffs in both cases shall exercise their best efforts to avoid duplicative questioning.<br><br>In addition to producing all discovery from the DOJ case to *Garavanian* Plaintiffs, Defendants shall also produce any document identified in the DOJ Scheduling Order (case no. 23-sv-10511, Dkt. No. 79) including proposed witness lists, exhibit lists, and deposition designations. | **Consolidation of Discovery.** Pursuant to Federal Rule of Civil Procedure 42(a)(2) and 42(a)(3), the Court consolidates for fact discovery this case and the case pending before this Court entitled *United States, et al. v. JetBlue Airways Corporation, et al.*, Case No. 1:23-cv-10511-WGY ("DOJ Case"), because they involve common questions of fact and law. As the Parties agree this case shall be tried before the Court without a Jury, the Court reserves whether to consolidate the two cases for trial under Rule 42(a)(1), and will address that issue at the Pre-Trial Conference. |
| **Plaintiffs' Position** | **Defendants' Position** |
| **Coordination.** Discovery in this case and the DOJ case should be coordinated to the maximum extent possible to ensure an efficient, cost-effective, and speedy discovery process that imposes the least amount of burden on witnesses and parties. The parties here agree that all discovery in either case will be made available in the other case, which will eliminate a great deal of potentially duplicative discovery. Moreover, *Garavanian* Plaintiffs propose to work closely with DOJ to identify deponents in advance, to coordinate the scheduling of their depositions, and to depose the same witness on the same day or on consecutive days to the maximum extent possible. | Defendants' proposal implements the Court's decision at the April 13, 2023 status conference to consolidate this case with *United States v. Jet Blue Airways Corp. and Spirit Airlines, Inc.*, case no. 23-cv-10511 WGY ("DOJ Case") for the purpose of discovery and reserving judgment on trial matters for the Pre-trial Conference. Plaintiffs' proposal seeks to revisit the Court's decision and would effectively put the two cases on separate discovery tracks, introducing unnecessary complexity as discussed below. Rather, the purposes of Rule 42(a) are best served by putting this case on the same pretrial track as the DOJ case, which will maximize efficiency and |

| | |
|---|---|
| Defendants incorrectly assert that this Court issued an "decision" formally consolidating this case with the DOJ Case at the initial status hearing on April 13, 2023. Plaintiffs understood the Court's comments as instructions to propose discovery efficiencies for the Court's consideration, as they do here. None of the proposed efficiencies requires formal consolidation of the cases under Rule 42(a)(2). This Court can accomplish all the parties' goals by issuing an order under Rule 42(a)(3) ("any other order to avoid unnecessary cost or delay") that requires the parties to coordinate discovery to the maximum extent possible, as Plaintiffs have proposed here. | minimize burden without prejudicing the ability of any party to prepare for trial. |

1.    **Case Schedule.** Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a):

| Plaintiffs' Proposal | | Defendants' Proposal (Identical to the DOJ Case Except as Noted) | |
|---|---|---|---|
| **Event** | **Date** | **Event** | **Date** |
| Fact Discovery begins | April 3, 2023 | Fact discovery begins | April 3, 2023 |
| | | Parties serve preliminary trial fact witness list and list of experts that they intend to call | May 8, 2023[1] |
| Parties identify experts 90 days before Final Pretrial Conference (Fed.R.Civ.P. 26(a)(2) (L.R. 16.5(c)) | June 7, 2023 | | |
| | | Close of fact discovery | June 28, 2023 |
| | | Parties exchange final trial witness lists (including experts) | June 30, 2023 |

W/M

---

[1] This date is one week after the DOJ Case deadline for preliminary trial fact witness lists to accommodate Plaintiffs' concern.

| Plaintiffs' Initial Expert Report | July 7, 2023 | Plaintiffs' Initial Expert Report | July 7, 2023 |
|---|---|---|---|
| Defendants' Rebuttal Expert Report(s) to Initial Expert Report(s) | July 21, 2023 | | |
| Close of Fact Discovery | July 31, 2023 | Close of supplemental fact discovery | July 31, 2023 |
| Plaintiffs' Reply Expert Report(s) to Rebuttal Expert Report(s) | Aug. 4, 2023 | Defendants' Rebuttal Expert Report(s) to Initial Expert Report(s) | Aug. 3, 2023 |
| Deadline to file dispositive motions (with expedited briefing schedule: opposition +14 days; reply +7 days) | Aug. 1, 2023 | Deadline to file dispositive motions[2] | Aug. 1, 2023 |
| Witness Lists, Exhibit Lists, deposition designations (Rule 26(a)(3) disclosures per L.R. 16.5(c)) | Aug. 8, 2023 | Parties exchange initial deposition designations | Aug. 3, 2023 |
| Parties file any motions *in limine* | Aug. 8, 2023 | Parties exchange deposition counter designations | Aug. 10, 2023 |
| Close of expert discovery (all parties must make their expert available for deposition by this date for the close of expert discovery) | Aug. 11, 2023 | Parties exchange initial exhibit lists | Aug. 17, 2023 |
| Parties exchange deposition counter-designations | Aug. 16, 2023 | Parties to meet and confer on confidentiality procedures for trial evidence | Aug. 18, 2023 |
| Parties file oppositions to motions *in limine* | Aug. 16, 2023 | Parties submit proposed order (or competing orders) concerning procedures for treatment of competitively sensitive information at trial | Aug. 21, 2023 |
| Parties exchange draft sections of pretrial memorandum (L.R. 16.5(d)), including objections (based on | Aug. 22, 2023 | Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list | Aug. 22, 2023 |

---

[2] Defendants have not agreed to waive dispositive motions.

**Plaintiffs' schedule**

| Event | Date |
|---|---|
| evidentiary issues and confidentiality) to exhibits and deposition designations | |
| Joint Pretrial Memorandum to be filed | Aug. 29, 2023 |
| Final Pretrial Conference | Sept. 5, 2023 |
| Trial Briefs (L.R. 16.5(f)) | Sept. 11, 2023 |
| Parties submit final trial exhibits to Court | Sept. 18, 2023 |
| Trial begins | Sept. 18, 2023 |
| Closing argument | Next business day following the close of evidence |
| | |
| Post-trial proposed findings of fact and conclusions of law to be filed | Oct. 9, 2023 |

**Defendants' schedule**

| Event | Date |
|---|---|
| and all depositions of that non-party that have been designated by any Party | |
| Close of expert discovery | Aug. 31, 2023 |
| Parties exchange draft sections of pretrial memorandum, including objections (based on evidentiary issues and confidentiality) to exhibits and deposition designations | Sept. 1, 2023 |
| Parties exchange revised exhibit list at noon ET | Sept. 8, 2023 |
| Parties file any motions *in limine* | Sept. 11, 2023 |
| Joint Pretrial Memorandum to be filed | Sept. 15, 2023 |
| Oppositions to any motions *in limine* | Sept. 20, 2023 |
| Replies to any oppositions to motions *in limine* | Sept. 26, 2023 |
| Trial Briefs pursuant to L.R. 16.5(f) | Oct. 9, 2023 |
| Parties submit final trial exhibits to Court | Oct. 16, 2023 |
| Final Pretrial Conference | TBD |
| Trial begins | Oct. 16, 2023 |
| Closing argument | Next business day following the close of evidence |
| Post-trial proposed findings of fact and conclusions of law to be filed | Nov. 17, 2023 |

| Plaintiffs' Position | Defendants' Position |
|---|---|
| Plaintiffs' proposed schedule follows the parameters of the Local Rules (in particular L.R. 16.5), allows for the full development of | Defendants' proposed schedule is identical to the schedule the Court set in the DOJ Case, with the exception of giving Plaintiffs an |

5

discovery, accounts for the coordination of discovery with the DOJ (*see* Comments to paragraph above), and sets trial on an expedited basis at Defendants' request. Plaintiffs' proposed schedule is superior for the following reasons:

**Consolidation**. Plaintiffs agree with what they understand to be the Court's preference, as stated at the initial status hearing, that it intends to try this case separately from the DOJ case. Even though Defendants propose the Court "reserve" until the final pretrial conference whether to consolidate the two cases for trial under Rule 42(a)(1) (*see* Def'ts' proposed language, paragraph 1), Defendants' proposed trial schedule – which includes the same trial date as the DOJ case – necessarily *presumes* trial consolidation. This *de facto* request for trial consolidation should be rejected. Moreover, in the event the *Garavanian* Plaintiffs are required to try their case after the DOJ case, they will be at risk of suffering prejudice, since the Defendants have stated they intend to close their transaction 10 days after judgment is entered in the DOJ case.

**Trial Date**. Plaintiffs' proposed trial date of September 18, 2023 is essential in light of Defendants' representations that the proposed transaction will close "on the 10th day following the entry of judgment by the Court in the DOJ case." (*See* Paragraph 5, below.) Given Defendants' representation, if *Garavanian* Plaintiffs were required to try their case after the DOJ case, the *Garavanian* trial would likely occur after the JetBlue/Spirit transaction has already closed. Therefore, unless their trial is set earlier than DOJ's case, the possibility of the transaction closing would require Plaintiffs to file a motion for preliminary injunction, followed by an expedited hearing/trial. Scheduling the *Garavanian* trial first obviates this problem. Trying the *Garavanian* case first is also appropriate since their case was filed four

additional week to submit their preliminary trial witness list. Aligning the schedules of both cases follows the Court's decision to consolidate these cases for discovery and will maximize efficiency and minimize duplication and unnecessary burden on the Court and the parties. Many of the deadlines in Plaintiffs' proposed schedule are within a few days of the schedule set in the DOJ Case so there can be no real prejudice to Plaintiffs by aligning those dates. By contrast, Plaintiffs' tinkering with the DOJ Case Schedule to move up by short periods matters such as filing of expert reports will impose burdens on Defendants to meet varying schedules with respect to cases that, at their core, are based on the same transaction and will entail, to significant degree, the same discovery. Further, Plaintiffs' request that discovery move slower (for example, Plaintiffs would extend fact discovery by 30 days beyond the period in the DOJ Case) but get to trial a month faster than the DOJ Case makes no sense and appears to be in service of Plaintiffs' view that their private lawsuit is entitled to some type of priority over the DOJ Case. The proffered reason for priority—that they should be granted an earlier trial because that is the only way they can prevent the transaction from closing other than by filing a preliminary injunction—is at best, premature.

Defendants respect the Court's instruction that it will address trial issues, including whether to consolidate the two cases for trial, at the Pre-trial Conference. Consistent with that directive, Defendants will not respond further to Plaintiffs' arguments about the date of trial, except to say that if the Court sets a trial date at this time, Defendants respectfully request the same trial date as the DOJ Case, which will preserve the opportunity to consolidate these cases for trial (either in whole or in part) should the Court deem it appropriate. Trying the two cases

months before the DOJ case. *Garavanian* Plaintiffs do not foresee trial requiring more than two weeks of evidence in total. Closing argument would likely be presented in early October, weeks before the DOJ trial is set to begin.

**Witness Lists.** Aside from the trial date, Defendants' request to adopt the schedule from the DOJ case is inappropriate because the cases are at different stages and on different tracks. For example, the DOJ schedule requires the parties exchange a preliminary witness list in *14 days from today's date*. That deadline is a significant modification of Local Rule 16.5 and Fed.R.Civ.P. 26(a)(3) and would result in substantial prejudice to Plaintiffs. *Garavanian* Plaintiffs received the first production of discovery just *two weeks ago*; whereas, DOJ has been reviewing documents and conducting depositions for 11 months and already knows who it will call at trial. Since they just started reviewing discovery, *Garavanian* Plaintiffs are not in a position to submit a preliminary witness list in one week that would all but bind who they may call at trial 5 months from now. Thus, Defendants' proposal to exchange witness lists in 14 days (three months before the Rules require) is unreasonable and prejudicial.

**Discovery Deadline.** Plaintiffs' proposed fact discovery deadline of July 31, 2023 is also the more reasonable deadline. In fact, it is the same deadline as the "supplemental" fact discovery deadline Defendants already agreed to in the DOJ schedule. Unlike DOJ, the *Garavanian* Plaintiffs have only just begun reviewing discovery; allowing them to conduct fact discovery while DOJ is conducting "supplemental" fact discovery allows for maximum discovery coordination while still accounting for *Garavanian* Plaintiffs' need for additional time to develop their case.

concurrently also would address fully Plaintiffs' concerns about the closing of the transaction.

**Witness Lists.** Defendants have proposed the Parties serve preliminary trial fact witness list and list of experts that they intend to call on May 8, 2023, which is one week after the DOJ Case deadline, to accommodate Plaintiffs' concern that it has had less time with the discovery than DOJ. However, Plaintiffs in this case were given initial disclosures by the Defendants and will have time to supplement their preliminary witness lists, and will not be prejudiced by this May 8 deadline of a preliminary list.

<table>
<tr>
<td>

**Expert Discovery**. Closing expert discovery two weeks before the DOJ case is not a significant modification that prejudices Defendants. In fact, it is necessary modification to expedite trial only in light of Defendants' position that they will close the transaction immediately following the DOJ trial.

</td>
<td>

</td>
</tr>
</table>

2.      **Service of Complaint.**  Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

3.      **Discovery Conference.**  The Parties' prior consultations and submission of this [Proposed] Order satisfy the Parties' obligations under Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b).

4.      **Completion of Proposed Transaction.** Defendants have agreed that they will not close, consummate, or otherwise complete the Proposed Transaction until 12:01 a.m. on the 10th day following the entry of the judgment by the Court in the DOJ Case, and only if the Court enters an appealable order that does not prohibit consummation of the transaction. For purposes of this Order, "Proposed Transaction" means the proposed acquisition of Spirit Airlines, Inc. by JetBlue Airways Corporation.

5.      **Jurisdiction and Venue.**  All Parties have consented to personal jurisdiction and venue in this Court.

6.      **Discovery of Confidential Information.**  The Northern District of California entered an interim protective order on March 17, 2023.  Dkt 34.  The Protective Order entered in the DOJ Case applies with equal force in this case, and the Plaintiffs agree to be bound by the terms of that Order. DOJ Case, Dkt. 66.

8

7.    **Attorney Communications.** The Parties need not preserve nor produce in discovery the following categories of documents: (a) documents sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel); and (b) documents that were not directly or indirectly furnished to any non-Party, such as internal memoranda, authored by Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel).

8.    **Initial Disclosures.** The Parties have exchanged disclosures under Federal Rule of Civil Procedure 26(a)(1).

9.    **Timely Service of Fact Discovery and Supplemental Discovery.** All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery. Notwithstanding any other deadlines in this Order, a Party may take limited discovery related to the authenticity of any document on that Party's exhibit list to which the opposing side objects on the ground that such document is inauthentic.

| Plaintiffs' Proposal | Defendants' Proposed Additional Language |
|---|---|
| [No additional language should be included.] | However, notwithstanding any other provision of this Order, each Party may issue supplemental discovery requests, including document requests for custodial files and deposition notices, related to any person identified on a Party's final trial witness list who was not identified on that Party's preliminary trial witness list within 7 days of receipt of final trial witnesses lists; provided, however, that (i) no additional depositions may be sought from any person who was previously deposed during this action and (ii) no additional document requests may be served on any person that was previously a custodian. |

9

| | The deadline for supplemental discovery related to new witnesses in Paragraph 1 shall apply; provided, however, that the Parties may agree to reasonable modifications to that deadline. |
|---|---|
| **Plaintiffs' Position** | **Defendants' Position** |
| Plaintiffs will be ready for trial in September, but they still must conduct discovery. They received their first discovery responses just two weeks ago. DOJ, on the other hand, has been reviewing discovery and taking depositions for 11 months. It makes no sense to treat discovery in these cases the same. The "supplemental" discovery in the DOJ case is limited to discovery on witnesses who are not identified in the preliminary witness list due in one week. *Garavanian* Plaintiffs will not be in a position to submit a witness list that early in the discovery process. Plaintiffs' schedule, which does not include a separate "supplemental fact discovery" period, provides the most reasonable balance: it allows for coordination of discovery; it allows Plaintiffs to more fully develop their case without prejudice to Defendants; and it addresses Defendants' request for an expedited trial. In the event the Court adopts Plaintiffs' proposed schedule, the additional language requested in this paragraph is irrelevant and should be stricken. | Defendants have copied the identical language from the DOJ Case Case Management Order. There is no prejudice to Plaintiffs, who filed their case last November and claim to be ready for trial in September.  And there would be significant prejudice to Defendants from deviating from the process the Court approved in the DOJ Case, including making consolidation of discovery more difficult and giving Plaintiffs a preview of Defendants' legal strategy (as part of the consolidation, Plaintiffs will get Defendants' disclosures in the DOJ Case) without having to provide a parallel disclosure. |

10. **Written Discovery on Parties.**

(a)     **Document Requests.** There is no limit on the number of requests for the production of documents that may be served by the Parties. The Parties must serve any objections to requests for productions of documents within 7 business days after the requests are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve in good faith any objections and to agree on custodians to be searched. The Parties must make good-faith efforts to make rolling productions of responsive productions (to the extent not

subject to any objections or custodian issues that have not been resolved) no later than 14 days after service of the request for production. The Parties must make good-faith efforts to substantially complete production of documents, data, or data compilations no later than 28 days after service of the requests for production and must make good-faith efforts to complete production within 40 days after service of the requests for production, unless otherwise extended by agreement between the Parties. In accordance with Local Rule 26.1(c), Plaintiffs collectively may serve two separate sets of requests for production on each Defendant, and Defendants collectively may serve two sets of requests for the production on each Plaintiff.  Given the expedited schedule for fact discovery, any second set of requests for production must be served no later than 30 days before the close of fact discovery and must be limited to (a) requests seeking information or documents that such Party did not reasonably know to request in a first set of requests for production (e.g., related to information discovered during the course of a deposition or public announcements by a Party), or (b) "go get" requests for production not calling for custodial review. Notwithstanding Local Rule 26.1(c), if any Party seeks additional documents or information following a second set of requests for production based on newly obtained information that such Party could not have reasonably known to request prior to service of the second set of requests for production, the Parties shall meet-and-confer in good faith.

(b)      **Data Requests.** In response to any requests to which data or data compilations are responsive, the Parties will meet and confer in good faith regarding the requests and, as needed, will seek prompt assistance from employees knowledgeable about the content, storage, and production of data.

(c)      **Interrogatories.** This Order expressly modifies Local Rule 26.1(c) such that Interrogatories are limited to 10 by Plaintiffs collectively to each Defendant and to 10 by

Defendants collectively to each Plaintiff. Subparts shall be governed by Local Rule 26.1(c). The Parties must serve any objections to interrogatories within 7 business days after the interrogatories are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. Parties shall fully respond to interrogatories no later than 28 days after service of the interrogatories.

(d)     **Requests for Admission.** This Order expressly modifies Local Rule 26.1(c) such that Requests for Admission are limited to 10 by Plaintiffs collectively to each Defendant and to 10 by Defendants collectively to each Plaintiff. Subparts shall be governed by the provision of Local Rule 26.1(c) concerning interrogatory subparts. The Parties must serve any objections to requests for admission within 7 business days after the requests are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. Parties shall make good-faith efforts to fully respond to requests for admission no later than 28 days after service of the requests.

(e)     Notwithstanding any other provision of this paragraph, the Federal Rules of Civil Procedure shall govern the time to respond to any discovery request propounded before April 21, 2023.

11.     **Document Subpoenas to Non-Parties.** The Parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each Party must serve a copy of any subpoena to a non-party on the other Parties at the same time as the subpoena is served on the non-party. Every subpoena to a non-party shall include a cover letter requesting that (a) the non-party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it; and (b) the non-party provide to the other Parties copies of all productions at the same time as they are

produced to the requesting Party. If a non-party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 3 business days of the requesting Party receiving such materials from the non-party. In addition, if a non-Party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials shall request that the non-party Bates-stamp all documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously. Within 2 business days of any agreement with a non-party, each Party must provide the other Parties with a copy of any written communication (including email) with any non-party concerning any modifications, extensions, or other negotiations concerning the non-party's response to the subpoena, or in the case of an oral modification, a written record summarizing the oral modification.

The Parties shall use best efforts to ensure that this Court handles all third-party discovery disputes. This will streamline the litigation, avoid delays in other jurisdictions, offer predictability and consistency in discovery rulings, and help inform the Court on the relevant issues. As a result, where any Party seeks the Court's intervention in a discovery dispute involving a third party, it shall join the third party in communications with the Court to set a hearing. Where a third party files a discovery motion in a different court, Plaintiffs or Defendants shall inform that court of this Order and seek transfer here. This is nothing but a best efforts requirement. It binds only the Parties before the Court and does not infringe in any way on the rights of any third parties or the prerogatives of any other court of competent jurisdiction.

12.   **Depositions.**

(a)   **Number.** Each side is limited to [*number set forth below*]  fact depositions of witnesses. The following depositions do not count against the deposition cap imposed by the

preceding sentences: (i) depositions of any persons identified on a Party's final trial witness list who were not identified on that Party's preliminary trial witness list; (ii) depositions of the Parties' designated expert witnesses; (iii) depositions taken in response to Civil Investigative Demands; (iv) depositions taken solely in the DOJ Case; and (v) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

(b)    **Scheduling.**  The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules, including by coordinating with counsel for the Plaintiffs in the DOJ Case to ensure that witnesses noticed in both cases sit for deposition in a coordinated matter. Depositions shall be conducted in-person in the locations where witnesses reside or are employed, unless the noticing Party or Parties and the witness mutually agree otherwise; provided, however, that any deposition of a witness under the Parties' control must take place in the United States. If a Party serves a non-Party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least 7 business days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 7 business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be

postponed to be at least 7 business days following the extended production date, unless all other Parties consent to fewer than 7 business days.

(c)     **Time.** Except as provided in herein, depositions of fact witnesses are limited to no more than one day of 7 hours on the record unless agreed by the witness or ordered by the Court. A Plaintiff in either this case or the DOJ Case noticing a deposition may cede some or all of its examination time to another Plaintiff. A Defendant noticing a deposition may cede some or all of its examination time to another Defendant. During non-party depositions, the non-noticing side will receive at least two hours of examination time. If a non-party deposition is noticed by both sides, then time will be divided equally between the sides, and the deposition of the non-party will count as one deposition for both sides. Pursuant to Federal Rule of Civil Procedure 30(d), because Defendants are negotiating divestiture agreements with one or more divestiture buyers, whose testimony is likely to be material to multiple issues on which different sides bear the burden of proof, the length of depositions of divestiture buyers or their employees noticed by both sides is extended to 10 hours on the record, divided equally between the sides, and may be continued through a second day if agreed with the deponent in advance, to permit both sides to fairly examine the deponent; provided, however, that this shall not preclude such a deponent from seeking a shorter deposition after meeting and conferring with the noticing Parties.

| Plaintiffs' Proposed Additional Language | Defendants' Proposed Additional Language |
|---|---|
| Each side is limited to 30 fact depositions of witnesses. | Each side is limited to 15 fact depositions of witnesses. |
| *Garavanian* Plaintiffs and DOJ shall coordinate the scheduling of depositions and eliminate duplicative examination to the maximum extent possible. Plaintiffs in both cases shall exchange the names of proposed deponents and proposed scheduling sufficiently in advance to allow for reasonable | Depositions in this case shall be coordinated with depositions in the DOJ Case in order to reduce unnecessary burden and duplication. If one of the Parties in this case notices the deposition of a Party witness whose deposition also has been noticed in the DOJ Case, the witness will sit for deposition only once across |

| | |
|---|---|
| coordination of deposition examination. To the extent possible, plaintiffs from both cases shall depose the same witness on the same day or consecutive days. Plaintiffs in both cases shall exercise their best efforts to avoid duplicative examination. | both cases, and Plaintiffs must coordinate with counsel in the DOJ Case. Any deposition of Defendants or their employees noticed in both cases shall be limited to no more than 9 hours on the record over two consecutive days unless agreed by the parties  or ordered by the Court. With respect to such depositions, Plaintiffs in the DOJ Case shall have 7 hours and Plaintiffs in this case shall have 2 hours. Also notwithstanding the above, if one or more of the Parties in this case notice the deposition of a non-party witness whose deposition also has been noticed in the DOJ Case, that deposition shall be limited to no more than 8 hours on the record unless agreed by the witness or ordered by the Court; Plaintiffs in the DOJ Case shall have 3 hours, Defendants shall have 3 hours, and Plaintiffs in this case shall have 2 hours. Notwithstanding the above limitations, if Plaintiffs in this case believe that 2 hours is insufficient time for them to examine a particular witness on the issues in their case, they shall inform the Defendants and DOJ Plaintiffs (and, if relevant, the non-party) about the amount of additional time they request. The relevant parties shall then meet-and-confer to determine if they can agree to the amount of additional time Plaintiffs in this case shall receive, and if they cannot agree, then Plaintiffs may make a request to this Court by a motion no longer than 2 pages, with any responses due in 2 business days and no longer than 2 pages. |
| **Plaintiffs' Position** | **Defendants' Position** |
| **30-Deposition Limit.** Pervading Defendants' proposals is the suggestion that this private action should receive fewer discovery rights than the case brought by the government. But, Congress and the Supreme Court have taken a different view of the private action. "These private and public [antitrust injunctive] actions were designed to be cumulative, not mutually exclusive." *United States v. Borden Co.*, 347 U.S. 514, 518 (1954) (citing S. Rep. No. 698, 63d Cong., 2d Sess. 42). That is because "the | **15-Deposition limit.** Since the Parties in this case will get the benefit of the 60 depositions that will be taken by the Parties in the DOJ Case, 15 additional depositions per side for this case strikes the right balance between allowing the Parties in this case to explore any incremental issues while promoting efficiency and reducing the potential for duplication and burden on the Court, Parties and non-parties in light of the nearly identical DOJ Case. Defendants' approach is also consistent with the |

16

purpose of giving private parties ... injunctive remedies was not merely to provide private relief, but was to serve as well the high purpose of enforcing the antitrust laws." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 130–31 (1969); *see also Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 139 (1968). Neither case has priority over the other. Thus, there is no reasonable basis to limit Plaintiffs' discovery to half that of the government. In fact, in light of Defendants' agreement to 20 trial witnesses per side, their proposal contemplates Plaintiffs calling witnesses they have not had an opportunity to depose. Plaintiffs should be given the ability to develop their case as fully as DOJ.

**Jointly-Noticed Depositions.** Combined with their limitation on the number of depositions, Defendants arbitrarily propose limiting Plaintiffs to 2 hours of examination for jointly-noticed deponents (while agreeing to allow the government the full 7 hours). Since most, if not all, witnesses will be noticed by both Plaintiffs, Defendants' unreasonable proposals contemplate limiting *Garavanian* Plaintiffs to 30 hours of testimony *in total* (15 depositions at 2 hours each). Such limitations are plainly prejudicial and should be rejected.

As Plaintiffs have proposed from the outset, they will coordinate discovery to the maximum extent possible, exchanging lists of anticipated witnesses and deposition dates with the government. Plaintiffs have also promised to use their best efforts to eliminate duplicative examination and questioning. That in itself will limit the need in most cases to apply a strict and arbitrary 2-hour deposition time limit that will hamper Plaintiffs' ability to develop their case. Any problems that arise can be worked out by the parties or brought to the Court for adjustment. Through coordination with DOJ, Plaintiffs will ensure to the maximum extent possible that depositions and examination are not unduly burdensome, but

approach in other recent cases. *See, e.g.*, Rule 16(b) Scheduling Order, United States v. Google LLC, No. 1:23-cv-00108 (E.D. Va. Mar. 31, 2023), ECF No. 94.

**Deposition time for overlapping witnesses.** While Plaintiffs recognize that coordination is essential, their language is too general to provide the Parties with specific direction, and it could result in a dispute about whether a Party witness must sit for two separate depositions of 7 hours each and likely substantially duplicating questions. Thus, the necessary efficiencies cannot be achieved simply by the Plaintiffs in this case and the DOJ Case conferring. Defendants respectfully request that the Court make clear that no Party witness need sit for more than 9 hours total in the two cases combined, and that no non-party witness need sit for more than 8 hours total in the two cases combined. While Defendants are agnostic as to how the 9 hours of Party witness time are split between the Plaintiffs here and in the DOJ Case, a 7-hour/2-hour split would allow the DOJ Plaintiffs to take their testimony, which would benefit the Plaintiffs here, while still giving the Plaintiffs here ample time for additional questioning. At bottom, in order to realize the efficiencies of consolidation, avoid duplication, and reduce the burden on the Court, Parties, and non-parties, there must be an accommodation in terms of both the number and duration of depositions. The 7-hour/2-hour split strikes a reasonable balance. Moreover, if Plaintiffs have good reason for requesting additional time with respect to a specific deponent, Defendants will engage in good faith to consider and accommodate this request.

17

| they must also be given an opportunity to fully develop their case. | |
|---|---|
| | |

(d)  **Objections.** Any objection made by any Party in this case or the DOJ Case in a deposition preserves that objection for every Party.

(e)  **CID Depositions.** Any Party may further depose any person whose deposition was taken pursuant to a Civil Investigative Demand ("CID"), and the fact that such person's deposition was taken pursuant to a CID may not be used as a basis for any Party to object to that person's deposition. Depositions taken pursuant to CID may be used at trial if admissible under the Federal Rules of Civil Procedure.

(f)  **Rule 30(b)(6) Depositions.** Plaintiffs may issue two notices per Defendant of that Defendant's deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, for a total of 7 hours on the record per each deposition, regardless of whether Defendants designate more than one witnesses to testify on their behalf. Plaintiffs must serve any second notice of a Defendant's deposition under Rule 30(b)(6), which must be limited to topics that Plaintiffs did not include in the first notice and that otherwise has not been addressed through other deposition testimony, no later than 30 days before the close of fact discovery. Where a witness testifying on behalf of a Defendant under Rule 30(b)(6) has also been noticed as a fact witness, and where Plaintiffs in this case notice the same or similar topics as the Plaintiffs in the DOJ Case, the Parties shall confer regarding whether it is reasonable to take both depositions on the same day. Each deposition of a Party to be taken under Federal Rule of Civil Procedure 30(b)(6) counts as one

18

deposition for the purpose of the limit in Paragraph 12(a), regardless of the number of witnesses produced to testify on the matters for examination in that deposition.

13.   [Intentionally left blank to maintain consistent numbering with DOJ Case Order]

14.   **Discovery from Northeast Alliance Litigation.**

| Plaintiffs' Proposed Language | Defendants' Proposed Language |
|---|---|
| Documents and other discovery materials produced in *United States v. American Airlines Group Inc. and JetBlue Airways Corp*, Case No. 1:21-cv-11558 (D. Mass) (the "NEA Case") may be used in this case as though they were produced herein. Any discovery request, response to a discovery request, document production, notice of third-party subpoena, response to production received from any third party, deposition transcript (and exhibits), court paper and accompanying affidavits and exhibits and/or expert report and accompanying exhibits served or made available to any party in the NEA Case shall be served or made available to all parties in this case on the same terms as if it had been served, produced, or received in this case, with all objections being preserved, and may be used in this action as though produced in this action. | To the extent documents and other discovery materials produced in *United States et al. v. American Airlines Group Inc. and JetBlue Airways Corporation*, Case No. 1:21-cv-11558 (D. Mass.) (the "NEA Case"), are produced in the DOJ Case, they may be used in this action as though they were produced in this action. To the extent that any non-party wishes to designate its materials produced in the NEA Case as responsive to a subpoena in this case, the non-party may do so by sending a letter to the party issuing the subpoena indicating the Bates range of its production that is responsive and may be used in this matter. |
| Plaintiffs' Position | Defendants' Position |
| Plaintiffs' requested language is verbatim the language originally suggested by Defendants and subsequently removed in later versions of this joint filing. The language is necessary to bring this action and the DOJ Case into alignment for purposes of discovery available to all parties.<br><br>Defendants propose to limit the availability of the NEA Case documents to those "produced in the DOJ Case." That limitation hampers *Garavanian* Plaintiffs' access to these materials, since DOJ already has the NEA | The protective order entered in the NEA Case (Dkt. 99, Case No. 1:21-cv-11558) permits Plaintiff United States of American or Plaintiff States to use the discovery in the NEA Case in another legal proceeding in which it is a party. There is not a similar provision permitting Defendants to do so unilaterally. Defendants' proposed language accounts for this provision of the protective order in the NEA Case. |

| | |
|---|---|
| Case materials, which likely will not be "produced" again in the DOJ Case. According to the Defendants' agreement in the DOJ Case schedule, DOJ may use the NEA Case materials in the DOJ Case. (Case. No. 23-cv-10511, Dkt. no. 79 at 15, ¶ 14.) Plaintiffs here request the same access and the same ability to utilize the NEA materials. | |

15.     [Intentionally left blank to maintain consistent numbering with DOJ Case Order]

16.     **ESI Specifications.** Parties shall produce all documents and ESI in accordance with the U.S. Department of Justice's Standard Specifications for Production of ESI, except when producing documents and ESI received from non-parties. Parties need not produce voicemail messages, except in the case where they are contained within a Party's e-mail system. With regard to productions by Defendants to Plaintiffs, the deduplication protocol remains in effect as in any production during the Investigation.

17.     **Privilege Logs.**

(a)     **Timing of Privilege Logs.** Parties shall serve any privilege logs 30 days following substantial completion of production of documents responsive to any set of document requests. Any documents determined not to be privileged during the preparation of privilege logs will be produced on a rolling basis and must be produced no later than service of the corresponding privilege log.

(b)     **Contents of Privilege Logs.** Other than as identified in Paragraph 17(e), documents that are responsive to requests for production and that have been withheld or redacted on the basis of any claim of privilege and/or work product protection must be reflected on the Parties' privilege logs. Privilege logs shall identify for each document for which the Party claims privilege: (i) whether the document is being withheld or redacted; (ii) all claims of privilege and/or

20

attorney work product applicable to the document withheld or redacted; (iii) a description of the specific subject matter of the document or communication not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other Parties, and the Court to evaluate the applicability of the privilege; and (iv) the following non-privileged metadata: all authors, addressees, and recipients of the document; subject line (if an email) or the file name (if non-email); date of the document; type of document (e.g., .pdf, Excel, .msg); Bates range; family Bates range if applicable; and custodian(s). Each privilege log will be produced along with a separate index containing an alphabetical list (by last name) of each name on the privilege log, identifying titles (for Party employees), company affiliations, the members of any group or email list on the log where practicable (e.g., the Board of Directors), and any name variations used in the privilege log for the same individual.

(c)  **Identification of Legal Personnel on Privilege Logs.** For each entry of any privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ"). Further, the Parties shall identify all persons working in a legal capacity with respect to the withheld material other than attorneys, e.g., paralegals, and legal secretaries who appear on the privilege log.

(d)  **Claw-Back Privilege Logs.** In the event that a Party seeks the return of previously produced documents on the basis of privilege ("Claw-Back"), as permitted by the Protective Order and Paragraph 18 of this Order, the disclosing Party must provide written notice and take all reasonable measures to retrieve the improperly disclosed material. The disclosing Party must also provide a privilege log corresponding to the respective Clawed-Back documents, consistent with this Paragraph.

21

(e)     **Documents Presumptively Excluded from Privilege Logs.** The parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs:

i.     documents or communications sent solely between counsel for the Defendants (or persons employed by or acting on behalf of such counsel) after July 28, 2022;

ii.     documents or communications sent solely between outside counsel for either Defendant (or persons employed by or acting on behalf of such counsel) and that Defendant;

iii.     documents or communications sent solely among inside counsel (acting in a purely legal capacity) for a Defendant;

iv.     documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel);

v.     documents authored by Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel), that were not directly or indirectly furnished to any non-Party, such as internal memoranda;

vi.     documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel);

vii.     [Intentionally left blank to maintain consistent numbering with DOJ Case Order]

viii.     [Intentionally left blank to maintain consistent numbering with DOJ Case Order]

ix.      privileged draft contracts that were not directly or indirectly furnished to any non-party;

x.       privileged draft regulatory filings and draft litigation filings; and

xi.      non-responsive, privileged documents attached to responsive documents.

To the extent multiple Plaintiffs are on a given document, and that document is not presumptively excluded from privilege logs pursuant to this paragraph, that document need only be logged once and not by all Plaintiffs.

18.    **Inadvertent Production of Privileged or Work-Product Documents or Information.**  Pursuant to Federal Rule of Evidence 502(d), the production of a document or information subject to a claim of attorney-client privilege, work-product immunity, or any other privilege or immunity under relevant federal case law and rules does not waive any claim of privilege, work product, or any other ground for withholding production to which the Party producing the documents or information otherwise would be entitled, provided that (a) the production was inadvertent; (b) the Party producing the documents or information used reasonable efforts to prevent the disclosure of documents or information protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity; and (c) the Party producing the documents or information promptly took reasonable steps after discovering the inadvertent disclosure to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

19.    **Presumptions of Authenticity.** Documents and data produced by Parties and non-parties from their own files in this action or the NEA Case will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side

serves a specific good-faith written objection to authenticity, the presumption of authenticity will no longer apply and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

20.     **Expert Witness Disclosures and Depositions.** Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph. The expert report phasing and procedural deadlines contained within this Order are not intended to change or impact in any way the formal legal burdens applicable to any Party.

(a)     Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

(i)     any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared:

(A)     between either side's counsel and that side's testifying or nontestifying expert(s);

(B)     between any agent or employee of either side's counsel and that side's own testifying or non-testifying expert(s);

(C)     between testifying and non-testifying experts;

(D)     between non-testifying experts; or

(E)     between testifying experts;

(ii)     any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions

24

in his or her final report shared between experts and any persons assisting the expert;

(iii) the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

(iv) drafts of expert reports, affidavits, or declarations; and

(v) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

(b) The Parties agree that the following materials will be disclosed:

(i) all final reports;

(ii) a list by bates number of all documents relied upon by the testifying expert(s) in forming any opinions in his or her final reports;

(iii) copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

(iv) a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

(v) a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

(vi) for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and

codes necessary to replicate the calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations.

Each expert will be deposed for only one day of 7 hours on the record with all 7 hours reserved for the side noticing the expert's deposition; provided, however, that counsel for a Party may additionally take reasonable and appropriate redirect examination of that Party's expert(s). Depositions of each side's experts will be conducted only after disclosure of all expert reports and all of the materials identified in Paragraph 20(b) of this Order for all of that side's experts.

21.  **Witness List.**



| Plaintiffs' Proposal | Defendants' Proposal |
|---|---|
| (a) omitted | (a) **Preliminary Lists.** Plaintiffs collectively are limited to 20 persons (excluding experts) on their preliminary trial witness list, and Defendants collectively are limited to 20 persons (excluding experts) on their preliminary trial witness list. The preliminary witness lists must include the name, employer, address, and telephone number of each witness. With respect to third parties for which depositions are not complete, such third parties can be identified in a corporate capacity until the depositions take place. |
| (b) **Final Witness Lists.** Plaintiffs collectively are limited to 20 persons (excluding experts) on their final trial witness list, and the Defendants collectively are limited to 20 persons (excluding experts) on their final trial witness list. The final trial witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness, and must include a brief summary of the subjects about which any expert witnesses will testify. | (b) **Final Lists.** Plaintiffs collectively are limited to 20 persons (excluding experts) on their final trial witness list, and the Defendants collectively are limited to 20 persons (excluding experts) on their final trial witness list. Each side's final trial witness list may identify no more than 5 witnesses that were not identified on that side's preliminary trial witness list. If |

|  | any new witnesses are added to a final trial witness list that were not on that side's preliminary trial witness list and not previously deposed, supplemental document discovery may be conducted with respect to such person(s), even if outside the close of discovery, and any deposition(s) by the other side of such witness(es) will not count against that other side's total depositions. Any document discovery and/or deposition notices of new witnesses on the Parties' final trial witness lists must be issued within 7 days of service of the final trial witness lists. The final trial witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness, and must include a brief summary of the subjects about which any expert witnesses will testify. |
|---|---|
| **Plaintiffs' Position** | **Defendants' Position** |
| Plaintiffs' proposed case schedule does not contemplate the exchange of "preliminary" witness lists. Rather, Plaintiffs' schedule follows the schedule contemplated by the Federal Rules and this Court's Local Rules. Fed. R. Civ. P 26(a)(3) and L.R. 16.5 require the exchange of witness lists, exhibit lists, and deposition designations at least 28 days before the final pretrial conference. Plaintiffs' submit that no modifications to the rules are required.<br><br>Moreover, Defendants's proposed case schedule proposes that the "preliminary" witness list come due in 7 days from today's date. As described more fully above, since Plaintiffs have only just begun discovery, that deadline is unreasonable and would result in prejudice to Plaintiffs.<br><br>Plaintiffs can and will be ready for trial in September, but they still must conduct discovery. There is no rational basis to modify the Rules governing the timing of exchanging witness lists. | Defendants have copied the identical language from the Case Management Order in the DOJ Case. There is no prejudice to Plaintiffs who filed their case last November and claim to be ready for trial in September. And there would be significant prejudice to Defendants from deviating from the process the Court approved in the DOJ Case, including making consolidation of discovery more difficult and giving Plaintiffs a preview of Defendants' legal strategy (as part of the consolidation, Plaintiffs will get Defendants' disclosures in the DOJ Case) without having to provide a parallel disclosure. |

(c)     **General Principles for Witness Lists.** In preparing preliminary trial witness lists, final trial witness lists, and expert disclosures, the Parties must make good-faith attempts to identify the witnesses whom they expect that they may present as live witnesses at trial (other than solely for impeachment). No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless (i) that person was identified on that Party's final trial witness list or the opposing Party's final trial witness list; (ii) all Parties agree that a Party may call that person to testify; or (iii) that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person as a trial witness sooner. Witnesses whose testimony will be offered into evidence at trial through designated portions of their deposition testimony shall be identified on final trial witness lists, however those witnesses do not count against the limits on the numbers of persons who may be identified on those lists. Save for actual impeachment during cross examinations of a live witness, other admissible deposition testimony shall be submitted to the Court with appropriate designations and counter designations on the first day of trial.

22.     **Demonstrative Exhibits.** At least one month before the start of trial, the Parties agree to meet and confer regarding a protocol for serving demonstrative exhibits on opposing counsel before the start of any trial day where any such exhibit may be introduced (or otherwise used) at trial.

23.     **Service of Pleadings and Discovery on Other Parties.** Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil

Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF if required by applicable rule or otherwise by email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

For Plaintiffs:

Joseph M. Alioto Jr.
ALIOTO LEGAL
100 Pine Street, Suite 1250
San Francisco, California 94111
joseph@aliotolegal.com

Joseph M. Alioto
Tatiana V. Wallace
Hawrris Niazi
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
jmalioto@aliotolaw.com
twallace@aliotolaw.com
hniazi@aliotolaw.com

Stephen G. Larson
LARSON LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
slarson@larsonllp.com

Robert Ruyak
LARSON LLP
900 17th Street NW, Suite 320
Washington, DC 20006
rruyak@larsonllp.com

Lawrence G. Papale
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street, Suite 117
St. Helena, California 94574
lgpapale@papalelaw.com

Christopher A. Nedeau
NEDEAU LAW FIRM

29

154 Baker Street
San Francisco, California 94117
cnedeau@nedeaulaw.net

Lingel H. Winters
LAW OFFICES OF LINGEL H. WINTERS
388 Market Street, Suite 1300
San Francisco, California 94111
Sawmill2@aol.com

Josephine Alioto
THE VEEN FIRM
20 Haight Street
San Francisco, California 94102
jalioto@veenfirm.com

Robert J. Bonsignore
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, Massachusetts 02155
rbonsignore@classactions.us

For Defendant JetBlue Airways Corporation:

Ethan Glass
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
eglass@cooley.com

For Defendant Spirit Airlines, Inc.:

Andrew C. Finch
Jay Cohen
Eyitayo St. Matthew-Daniel
Kate Wald
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212)373-3000
afinch@paulweiss.com
jaycohen@paulweiss.com
tstmatthewdaniel@paulweiss.com
kwald@paulweiss.com

Meredith Dearborn
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (650) 208-2788
mdearborn@paulweiss.com

For purposes of calculating discovery response times, electronic delivery at the time the email was received will be treated in the same manner as hand delivery at that time.

24.     **Proposed Divestitures.**  In addition to the two productions containing all original draft agreements and relevant correspondence concerning the proposed divestitures of Defendants' assets in Boston Logan International Airport, LaGuardia Airport, Newark Liberty International Airport, and Fort Lauderdale-Hollywood International Airport (the "Proposed Divestitures") pursuant to CID No. 31393, Defendants will produce any additional documents concerning the Proposed Divestitures in response to any document request served under Paragraph 10(a). Furthermore, within one business day of entering into any agreement concerning the Proposed Divestitures, Defendants will provide Plaintiffs a copy of the agreement. If such agreement has not been entered by May 8, 2023, the Parties will meet and confer, if necessary, to ensure Plaintiffs have adequate discovery concerning the divestiture agreement. Adopting this language does not support an inference that the Court will admit any divestiture documents produced after May 8, 2023, a matter on which the Court expresses no opinion.

25.     **Alleged Benefits / Network Plan.**  Defendants will produce in response to any document request served pursuant to Paragraph 10(a) plans developed for the combined JetBlue/Spirit network if the Proposed Transaction is consummated or for the separate JetBlue or Spirit networks if the Proposed Transaction is not consummated ("Network Plans") promptly after they are developed in the ordinary course of business.  If such Network Plans are not finalized and

31

produced by May 8, 2023, the Parties will meet and confer, if necessary, to ensure Plaintiffs have adequate discovery concerning them. The Parties recognize that Network Plans may change as a result of subsequent or unforeseen events occurring after May 8, 2023. Defendants will promptly produce any such changes to Plaintiffs, and Plaintiffs reserve all rights related to discovery and admissibility of such changes. Adopting this language does not support an inference that the Court will admit any divestiture documents produced after May 8, 2023, a matter on which the Court expresses no opinion.

26.     [Intentionally left blank to maintain consistent numbering with DOJ Case Order]

27.     **Modification of Scheduling and Case Management Order.** Any Party may seek modification of this Order for good cause, except that the Parties may also agree to modify discovery and expert disclosure deadlines by agreement.

SO ORDERED:

_William G. Young_
Hon. William G. Young
United States District Judge

Dated: ~~April~~ *May* 23 2023