# EXHIBIT F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Case No. 07-cv-05944-JST |
| This order relates to:<br>BRIGID TERRY, et al.,<br>            Plaintiffs,<br>   v.<br>LG ELECTRONICS, INC., et al.,<br>            Defendants. | Case No. 08-cv-01559-JST<br>**ORDER GRANTING LGE'S MOTION FOR SANCTIONS**<br>Re: ECF No. 6126 |

Before the Court is a motion for sanctions filed by Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LE Electronics Taiwan Taipei Co., Ltd. (collectively, "LGE"). ECF No. 6126. The Court will grant the motion.

**I.  BACKGROUND**

On September 16, 2022, Plaintiffs Anthony Gianasca and the Estate of the Late Barbara Caldwell filed a motion for leave to file an amended complaint on behalf of Massachusetts indirect purchaser plaintiffs. ECF No. 6072. The motion was signed by attorney Robert J. Bonsignore, of Bonsignore Trial Lawyers, PLLC, and also lists as counsel Joseph M. Alioto and "Tatiana INSERT" of the Alioto Law Firm.[1] *Id.* at 14. The proposed amended complaint included claims against LGE. ECF No. 6072-5 ¶¶ 20–23.

On September 19, 2022, LGE's counsel reached out to Bonsignore to explain that LGE

---

[1] Subsequent filings, and the first page of the motion, indicate that the attorney's name is Tatiana Wallace. *E.g.*, ECF No. 6072 at 1; ECF No. 6139 at 17.

had settled with Plaintiffs—including Massachusetts IPPs—in 2013, and that the Court dismissed LGE with prejudice on April 18, 2014. ECF No. 6092-3; *see also* ECF No. 1933-1 at 9–27 (settlement agreement); ECF No. 2542 (order granting final approval of settlement); ECF No. 2543 (judgment of dismissal as to LGE). They suggested "that the simple solution is to file a revised amended complaint that omits the LG defendants in the listing of defendants." ECF No. 6092-3 at 2.

On September 27, 2022, LGE's counsel wrote to Bonsignore to "check in to see if you agree that the LG companies should not have been included in the amended complaint as defendants. If not we will have to file something on Friday and I hate to waste the clients [sic] time." ECF No. 6092-5 at 5. Bonsignore responded: "We will definitely get back to you tomorrow if there's any problem as [sic] it stands you're out and *we will file a corrected amended complaint*." *Id.* at 4 (emphasis added). LGE's counsel followed up the following day, asking if they could "assume that you are going to file a corrected amended complaint that omits the LGE companies as defendants." *Id.* at 3. Bonsignore responded in the affirmative on September 30, 2022. *Id.* at 2.

That same day, the date that oppositions to the motion for leave to amend were due, LGE filed a "preliminary response" to the motion, stating:

> Massachusetts IPP counsel has indicated to LGE that they will amend their motion and proposed amended complaint to remove any reference to LGE as a defendant. If Massachusetts IPPs do not file such amended version by October 7, 2022, LGE respectfully requests leave to file a response in opposition to the instant motion to amend, which would otherwise be due today.

ECF No. 6082 at 2.

On October 6, 2022, with no revised proposed amended complaint or motion having been filed, LGE's counsel again emailed Bonsignore and asked: "Are you going to file an amended complaint tomorrow omitting the LGE companies or do I need to file something to get us out of the case and seek fees?" ECF No. 6092-5 at 2. Massachusetts IPPs filed nothing in response.

On October 10, 2022, LGE filed a motion for leave to file an opposition to the motion for leave to amend. ECF No. 6092. Massachusetts IPPs did not file any response to LGE's motion.

2

On October 28, 2022, the Court granted LGE's motion for leave to file an opposition and allowed Massachusetts IPPs to "file a reply within seven days of the filing of [LGE's] opposition. If a timely reply is not filed, the Court will deny Massachusetts IPPs' motion as to claims against LGE." ECF No. 6103 at 1. Massachusetts IPPs did not file any reply.

On December 22, 2022, LGE joined several other Defendants in filing a motion for sanctions against Massachusetts IPPs' counsel under both Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. ECF No. 6126. Massachusetts IPPs opposed the motion for sanctions but did not address LGE's arguments that LGE should not have been included in the proposed amended complaint because Massachusetts IPPs' claims against them were dismissed with prejudice in 2014. *See* ECF No. 6139.

On February 23, 2023, the parties—except for LGE—entered into a stipulation resolving the motion for leave to amend, the motion for sanctions, and a motion to intervene by other Defendants for the limited purpose of opposing the motion for leave to amend. ECF No. 6162. The Court entered an order pursuant to the parties' stipulation the same day. ECF No. 6163. It subsequently granted LGE's motion to clarify that this order did not resolve LGE's motion for sanctions. ECF No. 6176.

## II. DISCUSSION

In their opposition to the motions for sanctions, Massachusetts IPPs did not respond to the arguments regarding LGE's inclusion in the proposed amended complaint. Their opposition did say, in a footnote, that it was their "belief . . . that this matter would be resolved by now, and as a result, work on this brief stopped. Given more time, this brief would be more precise and comprehensive. The Massachusetts IPPS [sic] have chosen not to necessitate further delay and place this brief on file." ECF No. 6139 at 16 n.2. But this does not excuse Massachusetts IPPs' omission. Parties do not preserve arguments by asserting that more time would have led to a better brief. If Massachusetts IPPs believed that their brief was not adequate, they should have filed a motion with the Court, or requested a stipulation from the opposing parties, for an extension of the deadline. The Court expresses no opinion on whether the other parties should have agreed to such a request had it been made, or whether the Court would have granted an

3

1  opposed motion for an extension.  But a party believing it has prepared an inadequate brief may
2  not simply file that brief, with a notation that it could have been "more precise and
3  comprehensive" if given more time, and expect to be able to file additional or corrected arguments
4  at a later date.

5  Massachusetts IPPs addressed LGE's arguments regarding the motion for leave to amend
6  in their opposition to LGE's motion to clarify.  In that brief, Massachusetts IPPs stated that "LGE
7  was inadvertently named in a proposed amended complaint by a former associate of Bonsignore,
8  PLLC.  When LGE brought up the fact that it had been named to Mr. Bonsignore's attention he
9  immediately formally committed to ensure that LGE would be removed from the litigation."  ECF
10 No. 6173 at 2.  Massachusetts IPPs argued that Bonsignore "instantly advised LGE's Counsel by
11 telephone that LGE would formally and finally be removed as a Defendant by court ruling," and
12 that "[a]ny extra work and costs have been solely incurred by LGE's choices to continue
13 unnecessary litigation."  *Id.* at 3.

14 The Court need not consider these arguments because they were not raised in
15 Massachusetts IPPs' opposition to the motion for sanctions.  *E.g.*, *Angeles v. U.S. Airways, Inc.*,
16 No. C 12-05860 CRB, 2013 WL 622032, at *4 (N.D. Cal. Feb. 19, 2013) ("The failure to respond
17 amounts to a concession.").  Even considering the belated arguments, however, the Court finds
18 Massachusetts IPPs' litigation conduct to be unreasonable.  Not once did Massachusetts IPPs file
19 anything on the docket indicating that they were going to voluntarily dismiss LGE from the
20 proposed amended complaint.  Denial of the motion to amend as to LGE became clear only after
21 Massachusetts IPPs failed to file a reply to LGE's opposition to the motion for leave to amend.
22 Under the Court's October 28, 2022 order, this lack of reply meant that Massachusetts IPPs'
23 motion for leave to amend would be denied as to claims against LGE.

24 By that time, LGE had already incurred the unnecessary expense of filing their preliminary
25 response to Massachusetts IPPs' motion, their opposition to the motion, and their motion for leave
26 to file their opposition.  Because Massachusetts IPPs failed to follow through on Bonsignore's
27 initial promise to file a corrected amended complaint omitting claims against LGE, or to otherwise
28 indicate in a court filing that Massachusetts IPPs were no longer pursuing amendment to add such

4

claims, LGE had no option but to oppose the motion for leave to amend. Massachusetts IPPs argue that LGE should have taken Bonsignore at his word, but they cite no authority for the proposition that an opposing party's informal communications to counsel waives a party's obligation to respond to a pending motion. Massachusetts IPPs could have filed a stipulation with LGE or unilaterally filed a statement indicating that they were not pursuing claims against LGE, but they did neither.

Sanctions may be issued under Rule 11 of the Federal Rules of Civil Procedure if a court filing is made for an improper purpose or is frivolous. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). "Either the improper purpose or frivolousness ground is sufficient to sustain a sanction . . . ." *Id.* A filing is frivolous if it "is both baseless and made without a reasonable and competent inquiry." *Id.*

Under 28 U.S.C. § 1927, a court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under this statute may be imposed where "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citation omitted)); *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (concluding that "recklessness plus knowledge [is] sufficient to justify the imposition of § 1927 sanctions").

The Court finds sanctions in this case to be appropriate under both Rule 11 and Section 1927.[2] Given the 2014 dismissal of Massachusetts IPPs' claims against LGE, attempting to amend the complaint to assert claims against LGE in 2022 was frivolous, and Massachusetts IPPs' counsel's conduct was knowing or, at a minimum, reckless. LGE's counsel not only put Massachusetts IPPs' counsel on notice of the prior dismissal of claims, but Bonsignore conceded

---

[2] A party filing a Rule 11 sanctions motion must provide pre-filing notice of the motion and give the opposing party 21 days to withdraw or correct the offending court filing. Fed. R. Civ. P. 11(c)(2). It is not disputed that LGE satisfied this safe-harbor requirement.

1  that the claims should not have been included in the proposed amended complaint.  Rather than
2  take action to remove the claims from the proposed amended complaint, Bonsignore did nothing.
3  This unreasonably and vexatiously multiplied the proceedings and forced LGE to incur
4  unnecessary attorney's fees.

5  It appears that Bonsignore bears primary responsibility for Massachusetts IPPs' conduct,
6  as he was the attorney who signed the filings.  ECF No. 6072 at 14 (motion for leave to amend);
7  ECF No. 6139 at 16 (opposition to sanctions motion); ECF No. 6173 at 4 (opposition to LGE's
8  motion to clarify); *see also* ECF No. 6139 at 11 ("At present, Gianasca, *through his Attorney*
9  *Robert Bonsignore*, again stands alone and should be able to pursue all avenues available to him
10 under the law without being sanctioned." (emphasis added)).  Nonetheless, the Alioto Law Firm
11 also appears on all the relevant filings, and Joseph Alioto was involved in conversations between
12 the parties regarding the motions for leave to amend and for sanctions.  *E.g.*, ECF No. 6126-3 at
13 2–8, 41–47.  Sanctions will therefore be imposed against both Bonsignore and Alioto.

## CONCLUSION

LGE's motion for sanctions is granted.  Robert Bonsignore and Joseph M. Alioto are ordered to pay LGE reasonable attorney's fees and costs incurred in opposing Massachusetts IPPs' motion for leave to amend and in pursuing sanctions.

Counsel for LGE and Massachusetts IPPs shall meet and confer to attempt to agree on an appropriate monetary sanction.  Within 28 days of the date of this order, the parties shall file a joint stipulation and proposed order if they can reach agreement or, if they are unable to reach agreement, a joint brief of not more than eight pages, along with sufficient documentation to allow the Court to determine a reasonable sanction.

**IT IS SO ORDERED.**

Dated:  May 25, 2023



JON S. TIGAR
United States District Judge

6