# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Case No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Case No. 1:23-cv-10678-WGY |

## NON-PARTY DELTA AIR LINES INC.'S PARTIAL OPPOSITION TO JOINT MOTION FOR ENTRY OF STIPULATED JOINT PROTECTIVE ORDER

Pursuant to the Proposed Stipulated Joint Protective Order and Order Governing Production of Investigation Materials, Case No. 1:23-cv-10511-WGY, ECF No. 97-1, ¶ 25 (the "Proposed Protective Order"), non-party Delta Air Lines, Inc. ("Delta") hereby objects and opposes the provisions of the Proposed Protective Order requiring the wholesale production of its materials produced in *United States v. JetBlue Airways Corporation et al.*, Case No. 1:23-cv-10511-WGY (the "Government Action") to the Plaintiffs in *Garavanian v. JetBlue Airways Corporation et al.*, 1:23-cv-10678-WGY (the "Private Action").[1]

---

[1] Unless otherwise specified, all citations to docket entries are to the Private Action docket.

The Private Action Plaintiffs filed their case more than six months ago in the United States District Court for the Northern District of California. They then transferred their case to this Court over two months ago. The Private Action Plaintiffs have never sought to obtain any discovery directly from Delta. Instead, Delta recently learned that, pursuant to the Case Management Order entered in the Private Action on May 23, 2023 (ECF No. 96), and the Proposed Protective Order filed on May 26 (ECF No. 97-1),[2] Defendants JetBlue and Spirit are poised to turn over all of Delta's "Investigation Materials" and "Litigation Materials"[3] produced in the Government Action—designated as Confidential or Highly Confidential under the Protective Order in that case—to the Private Action Plaintiffs. This would result in an end-run around the process and protections established by the Federal Rules of Civil Procedure for non-party discovery. It would also reflect a disregard for the protections afforded to Delta's materials under the "Government Action Protective Order,"[4] pursuant to which Delta had no expectation that its materials produced in the Government Action would also be produced to the Private Action Plaintiffs.

As a result, Delta finds itself in the position of having two of its competitors about to hand over a massive collection of Delta's highly-sensitive business documents to class action plaintiffs' lawyers from at least eight different law firms, without Delta having received any Rule 45 subpoena issued in the Private Action, and without having any opportunity to determine which of

---

[2] No party in either the Private Action or the Government Action informed, let alone conferred with, non-party Delta before the entry of the Case Management Order or the filing of the Proposed Protective Order providing for Defendants to produce all of Delta's materials in the Government Action to the Private Action Plaintiffs.

[3] Delta uses these terms as they are defined in the Proposed Protective Order, ECF No. 97-1, ¶ 13 ("Investigation Materials") and ¶ 14 ("Litigation Materials").

[4] Order Entering Stipulated Protective Order and Order Governing Production of Investigation Materials, Case No. 1:23-cv-10511-WGY, ECF No. 66, as defined in the Proposed Protective Order, ECF No. 97-1, ¶ 10.

Delta's materials produced in the Government Action are relevant to the issues in the Private Action—and many certainly are not. As the Government has explained, there are "significant differences between the theories and scope of the Government Action and the Private Action." ECF No. 78, at 9. Materials produced in the Government Action are not necessarily relevant in the Private Action.

Delta respectfully submits that the process for non-party discovery established by the Federal Rules of Civil Procedure should not be so easily abandoned. Accordingly, Delta hereby objects to the production to the Private Action Plaintiffs of any Delta's "Investigation Materials" and "Litigation Materials" produced in the Government Action, and asks that the Proposed Protective Order be modified to bar production of any such materials—at least until Delta has received a properly served Rule 45 subpoena from the Private Action Plaintiffs, and has the opportunity to object and respond to such subpoena. However, if the Court determines that Delta's materials in the Government Action should be produced now to the Private Action Plaintiffs, then Delta alternatively requests that Delta first be given the opportunity to review those materials and produce only those materials that are relevant to the claims and defenses in the Private Action.

## **ARGUMENT**

Federal Rule of Civil Procedure 26(c) "allows a party to seek and obtain a protective order based upon a showing of good cause." *Kaiser v. Kirchick*, 2022 WL 1104585, at *1 (D. Mass. Apr. 12, 2022). The Court "may issue an order 'forbidding the . . . discovery' in order to protect the 'party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)(1)). Good cause exists here for the Court to modify the Proposed Protective Order because the production *en masse* of non-party Delta's materials from the Government Action to the Private Action Plaintiffs will: (1) violate the process and protections

governing discovery from a non-party like Delta under Rule 45; (2) disregard Delta's reliance on the protections given to Delta's materials under the Government Action Protective Order when they were produced; and (3) undermine future non-party cooperation with DOJ inquiries by diminishing the confidentiality protections afforded to materials produced in response to DOJ civil investigative demands under the Antitrust Civil Process Act.

## I.   The Private Action Plaintiffs Should Be Required to Comply With Rule 45.

Federal Rule of Civil Procedure 45 governs discovery from non-parties. *Barclays PLC v. FX Transparency, LLC*, 2022 WL 3227534, at *2 (D. Mass. Apr. 27, 2022). "It is also well settled that '[a] Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)," including "'Rule 26(b)(1)'s overriding relevance requirement.'" *Id.* at *2-3 (citations omitted). Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A non-party receiving a subpoena for documents may object. *Id.* at 45(d)(2)(B). And the trial court "must quash or modify a subpoena that," *inter alia*, "subjects a person to undue burden." *Id.* at 45(d)(3)(A). "[F]actors to consider include 'the relevance of the documents sought, the necessity of the documents sought, the breadth of the request,' and the 'expense and inconvenience.'" *Solamere Cap. v. DiManno*, 621 F. Supp. 3d 152, 158 (D. Mass. 2022) (citation omitted).

The Plaintiffs in the Private Action, despite having over six months to serve a subpoena, have not complied with Rule 45. They have not served Delta with any document subpoena issued in the Private Action. If they had, Delta would have the opportunity to object to specific discovery requests and negotiate with the parties for the production of relevant, non-privileged information. Instead, the parties in the Private Action seek to bypass Rule 45 by requiring Defendants to hand

over to the Private Action Plaintiffs all of Delta's materials produced in the Government Action. These materials fall into two categories: (1) "Investigation Materials" and (2) "Litigation Materials." Delta's "Investigation Materials" consist of materials produced by Delta to the DOJ in connection with the DOJ's "Investigation" into the "Proposed Transaction" (i.e., JetBlue's acquisition of Spirit).[5] Delta's "Litigation Materials" consist of: (i) materials *produced directly by Delta* pursuant to subpoenas served by the parties in the Government Action; and (ii) Delta-produced materials in DOJ's possession from earlier DOJ investigations going back more than ten years that *DOJ produced to the Defendants* in the Government Action, including documents Delta produced in connection with the DOJ's investigation of the American Airlines/US Airways merger in 2012, the United/Continental merger in 2015, the Alaska Airlines/Virgin American merger in 2016, and the entirety of Delta's production to the parties in the "Northeast Alliance Litigation," *United States v. American Airlines Group, Inc.*, Case No. 1:21-cv-11558 (D. Mass.). None of these matters are related to the Private Action challenging the proposed JetBlue/Spirit merger.[6]

Allowing Defendants to turn over all of these Delta materials to the Private Action Plaintiffs tramples over the protections Rule 45 affords to a non-party like Delta. Needless to say, Defendants JetBlue and Spirit—two of Delta's competitors—do not share Delta's interest in protecting Delta's materials—which include valuable, confidential commercial information—to the extent permitted by the Rules. Indeed, the Court should not ignore the possibility that Delta's competitors, in an effort to defend the Proposed Transaction and to otherwise enhance their own

---

[5] Again, Delta uses the terms "Investigation" and "Proposed Transaction" as those terms are defined in the Proposed Stipulated Protective Order, ECF No. 97-1, ¶ 12.

[6] Indeed, the Government Action was filed as "related" to *United States v. American Airlines Group, Inc.*, 1:21-cv-11558 (D. Mass.) (the "Northeast Alliance Litigation") before the Honorable Leo Sorokin, but Judge Sorokin concluded that the "case was incorrectly marked as related" and ordered that it be "returned to the Clerk for random assignment." Government Action, Case No. 1:23-cv-10511-WGY, ECF No. 7.

competitive advantage, may have an incentive to take actions that undermine Delta's interests, particularly under the cover of a Court imposed discovery order.  Rule 45 exists for a reason, and it should be followed.

This is particularly true here since Delta's Litigation Materials include documents produced to DOJ in *unrelated* matters going back over a decade.  So-called "cloned discovery"— the production of discovery materials from other litigation—is not permissible absent "'a showing of substantial similarity between the prior and current actions.'"  *Costa v. Wright Med. Tech., Inc.*, 2019 WL 108884, at *1 (D. Mass. Jan. 4, 2019) (quoting *Town of Westport v. Monsanto Co.*, 2015 WL 13685105, at *3 (D. Mass. Nov. 5, 2015)); *accord*, *Cap. Ventures Int'l v. J.P. Morgan Mortg. Acquisition Corp.*, 2014 WL 1431124, at *2 (D. Mass. Apr. 14, 2014) (denying request for "cloned discovery" from other investigations as "overbroad and of speculative relevance" given their differences—even though they all involved the defendant—and because "Government investigations also may be much broader than the limited subject matter of a lawsuit"); *Chen v. Ampco System Parking*, 2009 WL 2496729, at *2 (S.D. Cal. Aug.14, 2009) (certain similarities between cases were "not enough to require a *carte blanche* production of all documents" from other cases where those cases involved, *inter alia*, different time periods and different claims). Plaintiffs have made no such showing and no one can dispute that Delta's Litigation Materials contain documents irrelevant to the Private Action.

It is one thing for Delta to consent to DOJ's production of its materials to Defendants for viewing only by Defendants' outside counsel in the Government Action.[7]  But it is quite another

---

[7] The DOJ Antitrust Division Manual instructs that when DOJ files a lawsuit, the Antitrust Division views as discoverable in the litigation CID materials received from non-parties (i) during the DOJ's pre-lawsuit investigation and (ii) "during the course of other investigations" if "the Division has used such materials during the course of the instant pretrial investigation or intends to make use of them at trial."  DOJ ANTITRUST MANUAL, FIFTH EDITION (April 2015), at pp. III-

to permit *Defendants* in the Government Action to turn over Delta's materials to Private Action Plaintiffs represented by at least eight different law firms entirely outside the scope of Rule 45— especially when counsel for the Private Action Plaintiffs have a history of filing meritless lawsuits against airlines, including Delta.[8]

## II. Delta's Reliance on the Government Action Protective Order Should Not Be Disregarded.

The mass production of Delta's materials by Defendants to the Private Action Plaintiffs also disregards Delta's reliance on the protections afforded by the Government Action Protective Order.  When Delta produced materials directly to the parties in the Government Action, or acquiesced to DOJ's production of its materials to Defendants in the Government Action, it did so with the assurance that those materials would be governed by the Protective Order in that case. That Order limited the use of all of Delta's Litigation and Investigation Materials to *that* action. Government Action Protective Order, ¶ 41 ("Except as provided in Paragraph 39 of this Order, all Investigation Materials and Litigation Materials produced by a Party or a non-Party Protected Person as part of this Action may be used solely for the conduct of this Action and may not be used for any business, commercial, competitive, personal, or other purpose.").

The Government Action Protective Order also limited the disclosure of Delta's Confidential and Highly Confidential Information to categories of persons enumerated in that order, which did not include the Private Action Plaintiffs.  *Id.*, ¶¶ 36-38.  Indeed, nothing in the Government Action Protective Order contemplated the production of non-party materials to the

---

67-68,  *available*  *at* https://www.justice.gov/sites/default/files/atr/legacy/2015/05/13/atrdivman.pdf.

[8] For example, *see Prosterman v. Am. Airlines, Inc.*, 747 F. App'x 458, 460 (9th Cir. 2018) (affirming dismissal of putative antitrust class action filed by The Alioto Law Firm).  *See also* Southwest's Objection, ECF No. 113, at 5–7.

Private Action Plaintiffs, even though when it was entered on March 21, 2023, the Defendants had already stipulated to the transfer of the Private Action to this Court. *See* ECF No. 35, Joint Stipulation and Order to Transfer Pursuant to 28 U.S.C. § 1404 (Mar. 17, 2023). Nevertheless, now the parties have agreed to an amended Protective Order requiring the production of Delta's Confidential and Highly Confidential materials in the Private Action, thereby erasing the limits of the Government Action Protective Order on which Delta had relied.[9]

The production of Delta's materials pursuant to a protective order with confidentiality designations does not adequately protect Delta's interests in the non-disclosure of its private materials—particularly as the parties to the Private Action are right now proposing to evade the protections that *already* protected Delta's materials. *Viacom Int'l Inc. v. Youtube Inc.*, 253 F.R.D. 256, 260 (S.D.N.Y. 2008) ("Finally, the protections set forth in the stipulated confidentiality order are careful and extensive, but nevertheless not as safe as nondisclosure. There is no occasion to rely on them, without a preliminary proper showing justifying production . . . ."). Delta produced information "under an express promise of confidentiality," and now "faces having the earlier 'promissory rug' pulled out from under it." *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. Of Durango*, 2009 WL 4730471, at *3 (D. Colo. Dec. 7, 2009). If "confidential information is released for the [Private Action], a proceeding in which [Delta] is not a party, it loses control of

---

[9] Similarly, the Private Action parties also seek to undo the limits governing the use of Delta's materials produced in the Northeast Alliance Litigation. Like the Government Action Protective Order, the Northeast Alliance Litigation Protective Order limits the use of Delta's Confidential Information produced in that case to the Northeast Alliance Litigation itself. Stipulated Protective Order, *United States v. American Airlines Group, Inc.*, 1:21-cv-11558 (D. Mass.), ECF No. 99 ("Northeast Alliance Litigation Protective Order"), ¶ 20 ("[A]ll Confidential Information produced by a Party or a non-Party Protected Person as part of this proceeding shall be used solely for the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose."). The parties in the Private Action now improperly propose to evade those limits by allowing Confidential Information Delta produced in the Northeast Alliance Litigation to be reused for a new purpose in the Private Action.

the documents and information and can no longer be assured of their confidentiality." *Id.*  The Court should not countenance this outcome.

### III.   The Mass Production of Delta's Materials to the Private Action Plaintiffs Will Undermine the DOJ's Investigative Process.

The mass production of Delta's materials to the Private Action Plaintiffs outside the normal third-party discovery process will also undermine the confidentiality regime established by the Antitrust Civil Process Act.  *See* 15 U.S.C. § 1313.  As explained above, Delta's Litigation Materials include extensive productions of documents in unrelated DOJ matters going back over a decade.  Even putting aside the indisputable irrelevance of some of those materials to the current litigation, all materials produced in response to a DOJ CID must be maintained by the Government as confidential and may not be disclosed without the consent of the producing party. *Id.*, § 1313(c), (d).  The confidentiality protections of the CID statute exist to promote cooperation and fulsome disclosure in response to DOJ inquiries.  *Aluminum Co. of Am. v. U.S. Dep't of Just., Antitrust Div.*, 444 F. Supp. 1342, 1345–46 (D.D.C. 1978) (explaining that "the ultimate purpose of the 1976 Amendments" to the Antitrust Civil Process Act, in which "concomitant with the additional investigatory powers given to the Antitrust Division, Congress provided greater protection for CID recipients," was to "increase the effectiveness of antitrust investigations"); *see also* DOJ Antitrust Division Manual, Fifth Edition (April 2015), at p. III-38 ("Early CIDs are commonly used when staff would like to provide confidentiality protections to a third party hesitant to produce information or to compel a third party to produce information critical to a quick and efficient resolution of the investigation."), *available at* https://www.justice.gov/sites/default/files/atr/legacy/2015/05/13/atrdivman.pdf.

Requiring the wholesale production of Delta's materials from DOJ's extensive investigative files to the Private Action Plaintiffs overrides these important protections and will

undermine efficient cooperation with CIDs that the statute's confidentiality protections are designed to achieve.  As the DOJ Antitrust Division Manual explains regarding the disclosure of investigative materials in judicial proceedings: "the disclosure of third-party confidential business information obtained through CIDs may cause third-party CID recipients to be less cooperative with the Division in the future." *Id.* at p. III-68.  If non-parties like Delta must assume that anything produced pursuant to a CID may be handed over someday (including over a decade later) to any plaintiff who files a case related to a government action in which those materials are produced— as contemplated here—parties will be more resistant to producing materials to the Government. That is not in the interest of justice.

### IV.   At a Minimum, Delta's Materials Should Be Provided to Private Action Plaintiffs Only After Delta Has Reviewed for Relevance.

For the reasons stated above, and for good cause, Delta requests that the Court revise the Proposed Protective Order to bar the parties in the Government Action from producing Delta's Litigation Materials and Investigation Materials to the Plaintiffs in the Private Action as provided for in the Proposed Protective Order.  If the Private Action Plaintiffs want documents from Delta, then Delta respectfully requests that the Court order them to issue a subpoena to Delta, and Delta will then object and/or respond to that subpoena in good faith in accordance with the Federal Rules of Civil Procedure.

However, if the Court determines that some of Delta's Investigation and Litigation Materials from the Government Action should be turned over now to the Private Action Plaintiffs without forcing them to comply with Rule 45, then Delta should first have an opportunity to review those documents for relevance to the Private Action.  Admittedly, this may be difficult to do in the absence of any subpoena request to Delta: Delta does not know what the Private Action Plaintiffs might deem relevant from Delta's document productions.  But, as discussed above, not all of

10

Delta's Investigation and Litigation Materials are relevant to the Private Action.  As a result, Delta should be allowed to perform some filtering of those materials for relevance before producing them to Private Action Plaintiffs.  This could be accomplished, for example, by applying the search terms Delta agreed to use in the Government Action to Delta's Investigation and Litigation Materials, and producing the results.  Given that those search terms were intended to target materials responsive to the Government Action Parties' subpoenas, the results from such a search across all of Delta's Investigation and Litigation materials would at least attempt to identify documents relevant to the Private Action, which is all the Private Action Plaintiffs are entitled to under Rules 26 and 45.

Dated: June 5, 2023                                  Respectfully submitted,

                                                     */s/ Michael S. Mitchell*

                                                     James P. Denvir (*pro hac vice*)
                                                     Michael S. Mitchell (*pro hac vice*)
                                                     Benjamin Solomon-Schwartz (BBO 688674)
                                                     BOIES SCHILLER FLEXNER LLP
                                                     1401 New York Avenue, N.W.
                                                     Washington, DC 20005
                                                     Telephone: (202) 237-2727
                                                     Fax: (202) 237-6131
                                                     jdenvir@bsfllp.com
                                                     mmitchell@bsfllp.com
                                                     bsolomon-schwartz@bsfllp.com

                                                     *Counsel for Non-Party Delta Air Lines, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF).


Dated: June 5, 2023

/s/ Michael S. Mitchell

Michael S. Mitchell (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
mmitchell@bsfllp.com

*Counsel for Non-Party Delta Air Lines, Inc.*