UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., *Plaintiffs*, v. JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC. *Defendants.* | Case No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, et al., *Plaintiffs*, v. JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC. *Defendants.* | Case No. 1:23-cv-10678-WGY |

**NON-PARTY UNITED AIRLINES, INC.'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF <u>PARTIALLY OBJECTING TO THE PROPOSED PROTECTIVE ORDER</u>**

Non-party United Airlines, Inc. ("United") submits this Memorandum pursuant to Rule 24 of the Federal Rules of Civil Procedure in support of its Motion to Intervene for the Limited Purpose of Partially Objecting to the Proposed Protective Order (the "Motion"). Counsel for all parties in the above-captioned actions have advised that they do not oppose this Motion.

The Proposed Stipulated Joint Protective Order and Order Governing Production of Investigation Materials (the "Proposed Protective Order") filed in the above-captioned pair of

actions acknowledges that the proposed relief affects the rights of certain non-Party Protected Persons (including United) that have produced Confidential and Highly Confidential Information in *United States, et al. v. JetBlue Airways Corp. and Spirit Airlines, Inc.*, Case No. 1:23-cv-10511-WGY (D. Mass.) (the "Government Action"), Dkt. No. 97 at ¶¶ 24-25. It sets forth a procedure for those non-Party Protected Persons to be notified and given an opportunity to seek additional protection before their information is shared with Plaintiffs in *Garavanian, et al. v. JetBlue Airways Corp. and Spirit Airlines Inc.*, Case No. 1:23-cv-10678-WGY (D.Mass.) (the "Private Action"). In accordance with those provisions, United is filing herewith a Partial Objection to the Proposed Protective Order to seek additional protection for its confidential, competitively-sensitive information.

      United seeks to intervene for the limited purpose of presenting those objections and seeking greater protections for its confidential information. *See, Public Citizen v. Liggett Group, Inc.* 858 F.2d 775, 783 (1st Cir. 1988) ("intervention is the procedurally correct course for third party challenges to protective orders"); *cert denied sub nom. Liggett Group, Inc. v. Public Citizen*, 109 S.Ct. 838 (1989). Judges in this District have allowed motions to intervene in similar circumstances. *See, e.g., Bradley v. Cruz*, 2015 WL 13849492, at *2 (D.Mass. Oct. 9, 2015) (allowing non-party motion to intervene "to be heard on its motion to modify the Protective Order"); *Scalia v. Tara Construction, Inc.*, 2020 WL 5983235, at *1 (D.Mass. Oct. 7, 2020) (allowing non-party motion to intervene "to challenge discovery requests seeking information about himself that is protected as confidential under state and federal law").

      Federal Rule of Civil Procedure 24(a)(2) provides for intervention as of right where a movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the

movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(b)(1)(b) provides for permissive intervention where a movant "has a claim or defense that shares with the main action a common question of law or fact."  Here, United's strong interest in protecting its competitively-sensitive information satisfies either standard.  United contends that the Proposed Protective Order would impair its interest in the confidentiality of its material produced during confidential Department of Justice investigations and in litigation, and the existing parties do not adequately represent that interest.  The procedures for protecting confidential information are a common set of issues to all of the litigants in the case.

Accordingly, United respectfully requests that the Court grant this Motion and permit it to intervene for the limited purpose of seeking modification of the proposed Protective Order governing these two cases.

Dated:  June 5, 2023             Respectfully submitted,

/s/  *John J. Falvey, Jr.*
John J. Falvey, Jr. (BBO No. 542674)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: (617) 570 1000
Fax.: (617) 523 1231
jfalvey@goodwinlaw.com

Julie Elmer (*pro hac vice*)
Mary Lehner (*pro hac vice)*
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
700 13th Street, NW, 10th Floor
Washington, District of Columbia  20005
Telephone:     202 777 4500
Facsimile:      202 777 4555

*Attorneys for United Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the non-registered participants as known this June 5, 2023.

*/s/ John J. Falvey, Jr.*