UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.<br><br>*Defendants.* | Case No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.<br><br>*Defendants.* | Case No. 1:23-cv-10678-WGY |

**NON-PARTY UNITED AIRLINES, INC.'S MEMORANDUM IN SUPPORT
OF ITS PARTIAL OBJECTION TO JOINT MOTION
FOR ENTRY OF PROTECTIVE ORDER**

**INTRODUCTION**

Non-Party United Airlines, Inc. (*"United"*) objects partially to the Joint Motion for Entry of Protective Order, ECF Nos. 97, 97-1 (the *"Joint Motion"*), and requests that the proposed order be modified to enable Private Plaintiffs to receive directly from United any relevant United information pursuant to Rule 45 while allowing United to protect its highly confidential information.

United has produced many thousands of documents to the U.S. Department of Justice (*"DOJ"*) over the course of decades, pursuant to various DOJ Civil Investigative Demands (*"CIDs"*) regarding the airline industry. Since the DOJ and Plaintiff States filed *United States v. JetBlue Airways Co.*, 1:23-cv-10511-WGY (the *"Government Action"*), before this Court three months ago, the DOJ has produced a large number of these documents to Defendants (the *"Investigative Materials"*). The Investigative Materials include numerous documents completely unrelated to the challenged transaction. Over the last two months, United also has produced and is in the process of producing additional documents in response to the Rule 45 subpoenas issued to United by the DOJ and by Defendants (the *"Litigation Materials"*). The Investigative Materials and Litigation Materials together include United's most competitively sensitive and highly confidential information, and United produced them (or assented to their production) *only* because of the specific safeguards of the existing Protective Order in the Government Action, Government Action, ECF No. 66 (the *"Protective Order"*), and because of Defendants' assurances that United's documents would not be used outside of the Government Action. The Protective Order limits access to the Investigative and Litigation Materials to outside counsel only and provides that *neither* set of materials may be used in *any* other action. *Id.* at ¶¶ 36, 41.

Private Plaintiffs filed this action, *Garavanian v. JetBlue Airways Co.*, 1:23-cv-10678-WGY (the *"Private Action"*), in November 2022. Over the last seven months, they have not served a *single* subpoena for documents on United or indicated in *any* way that United's documents are relevant to their claims. Nonetheless, now that this Court has consolidated the two cases for discovery purposes, Defendants propose in the Joint Motion

and proposed protective order – without a word of consultation with United – to hand over United's *entire* sets of Investigative and Litigation Materials to Private Plaintiffs, who have shown no interest in them to date. Private Action, ECF No. 97-1 at ¶¶ 24-25, 29.

The terms of the proposed protective order do not adequately protect United's interests in its Confidential and Highly Confidential Information. *Id.* at ¶ 25. United has heightened concerns with sharing its Highly Confidential Information with counsel for Private Plaintiffs, as discussed below. There is no reason whatsoever to allow Private Plaintiffs to bypass United's rights under Rule 45 to respond to document subpoenas. United requests that the proposed protective order be modified (a) to prohibit Defendants from sharing United's Investigative or Litigation Materials with Private Plaintiffs, and (b) to require a Requesting Party in the Private Action to issue a Rule 45 subpoena to non-Parties. United stands willing to produce relevant documents responsive to subpoenas on an expedited basis but should be afforded notice and non-Party protections under Rule 45.

In the alternative, if Private Plaintiffs are to obtain non-Party documents from the Government Action without issuing a Rule 45 subpoena, United proposes three additional paragraphs to more adequately protect United's legitimate confidentiality interests. The additional paragraphs would require notice to non-Party Protected Persons that their productions are proposed to be shared, giving the non-Party Protected Person the right to produce its own documents to non-requesting Parties, and would apply those additional protections to prior productions in the Government Action. United's proposed modifications would enable United and other non-Parties to safeguard their irrelevant but competitively sensitive and highly confidential materials and information.

**FACTUAL AND PROCEDURAL BACKGROUND**

Over the years, DOJ has issued CIDs to United for documents and other information in connection with various inquiries and investigations in the airline industry. United faithfully and diligently complied with the CIDs. Certain of the inquiries were closed and their existence remains non-public, but the inquiries had and have nothing to do with the proposed JetBlue-Spirit merger, either generally or specifically. Thus, DOJ's investigative files include competitively sensitive and highly confidential information spanning many years that is irrelevant and unrelated to the JetBlue-Spirit transaction. Examples of the competitively sensitive and highly confidential information include documents and data related to United's pricing, fleet planning, and network planning. The competitively sensitive and highly confidential materials are essential to United's long-term business and ability to compete in the airline industry. Under the Antitrust Civil Process Act, they are protected from disclosure absent the consent of the producer. 15 U.S.C. § 1313(c), (d).

During fact discovery in the Government Action, Defendants requested DOJ's investigative files, including United's Investigative Materials. United did not object to this production both because of the Protective Order's access limitation to outside counsel and because the Protective Order explicitly provided (and Defendants repeatedly assured United) that third-party materials could not be used outside of the Government Action. *See* Government Action, ECF No. 66 at ¶ 41.

Furthermore, both DOJ and Defendants issued Rule 45 subpoenas to United during fact discovery in the Government Action. United has worked cooperatively with DOJ and Defendants to produce its responsive materials, and indeed already has made substantial

productions to both. Defendants repeatedly assured United that its competitively sensitive and highly confidential materials and information would be kept confidential and used *only* in the Government Action.

In November 2022, Private Plaintiffs filed this Private Action. In the seven months between the filing of their complaint and the advent of this dispute, Private Plaintiffs did not issue a Rule 45 subpoena to United. At no point in that seven months did Defendants or Private Plaintiffs indicate that United's Investigative Materials or Litigation Materials might be handed over from Defendants directly to Private Plaintiffs in the Private Action.

As late as April 27, 2023, *two weeks after* the Court consolidated discovery and *three days after* Defendants signed onto a motion that would require they hand over United's competitively sensitive and highly confidential materials and information to Private Plaintiffs, *see* Private Action, ECF No. 76 at ¶ 11, Defendants assured United that United's materials would not be used outside of the Government Action.[1] United relied on the Government Action protective order (and Defendants' assurances), when producing competitively sensitive and highly confidential information and materials that Defendants now propose to hand over to Private Plaintiffs.

Then, in late May 2023, United learned – not from Defendants but through public sources – that Defendants had agreed with Private Plaintiffs in the Private Action to hand over *all* of United's competitively sensitive and highly confidential materials and information in Defendants' possession, including years' worth of Investigative Materials

---

[1] Lehner Declaration Exhibit A, Email from Mike G. Tetrault (counsel for JetBlue) to Mary Lehner and Ahmad Al Dajani (counsel for United), 4/27/2023 (assuring United that the original protective order "limits disclosure of highly confidential materials to [sic] only to attorneys and expert consultants and mandates that *the information may only be used in the conduct of this action*." (emphasis added)).

that are irrelevant and unrelated to the challenged transaction. Defendants did not consult with or even notify United about their agreement with Private Plaintiffs until confronted by United in late May.

The jointly-proposed protective order provides that unless a non-Party Protected Person seeks and obtains added protection for its Confidential or Highly Confidential Information under Paragraph 25, the Defendants will produce to Private Plaintiffs all of United's Investigative and Litigation Materials. Private Action, ECF No. 97-1 at ¶ 29.

The proposed order's provision requiring production of United's Investigative Materials and Litigation Materials whole to the Private Plaintiffs is particularly concerning given the nature of Private Plaintiffs' counsel. The Alioto Law Firm, lead counsel among Plaintiffs' nine law firms, is a frequent litigator in the airline industry, having appeared in over 15 large class action cases, including this one.[2] It has sued United in no fewer than ten of those cases.[3] The firm's "mission," as stated on its website, is that it is "a true architect in the Antitrust arena."[4] It is in the business of devising antitrust theories and

---

[2] *See Grace v. Alaska Air Grp.*, 3:16-cv-05165 (N.D. Cal. 2016); *Prosterman v. Airline Tariff Publ'g. Co.*, 3:16-cv-02017 (N.D. Cal. 2016); *Rubinsohn v. Sw. Airlines Co.*, 1:16-cv-00718 (D.D.C. 2016); *Stetzler v. United Airlines, Inc.*, 1:16-cv-00257 (D.D.C. 2016); *In re: Domestic Airline Travel Antitrust Litig.*, 1:15-mc-01404 (D.D.C. 2015); *Lawrence v. United Airlines, Inc.*, 1:15-cv-01918 (D.D.C. 2015); *Onrade v. United Airlines, Inc.*, 1:15-cv-01902 (D.D.C. 2015); *Williams v. Am. Airlines, Inc.*, 1:15-cv-01900 (D.D.C. 2015); *Fjord v. US Airways Grp.*, 4:13-cv-03041 (N.D. Cal. 2013); *Fjord v. AMR Corp.*, Adv. Proc. No. 13-01392 (Bankr. S.D.N.Y. 2013); *Taleff v. Sw. Airlines Co.*, 3:11-cv-02179 (N.D. Cal. 2011); *In re AMR Corp.*, Bankr. Case No. 11-15463 (Bankr. S.D.N.Y. 2011); *Malaney v. UAL Co.*, 3:10-cv-02858 (N.D. Cal. 2010); *D'Augusta v. Nw. Airlines Co.*, 3:08-cv-03007 (N.D. Cal. 2008); *Tam Travel Inc. v. Delta Airlines, Inc.*, 1:03-cv-30001 (N.D. Ohio 2003); *Tam Travel, Inc. v. Am. Airlines, Inc.*, 4:95-cv-00446 (D. Minn. 1995).

[3] *See Prosterman v. Airline Tariff Pub. Co.*, 3:16-cv-02017 (N.D. Cal. 2016); *Rubinsohn v. Sw. Airlines Co.*, 1:16-cv-00718 (D.D.C. 2016); *Stetzler v. United Airlines, Inc.,* 1:16-cv-00257 (D.D.C. 2016); *In re: Domestic Airline Travel Antitrust Litig.*, 1:15-mc-01404 (D.D.C. 2015); *Lawrence v. United Airlines, Inc.*, 1:15-cv-01918 (D.D.C. 2015); *Onrade v. United Airlines, Inc.*, 1:15-cv-01902 (D.D.C. 2015); *Williams v. Am. Airlines, Inc.*, 1:15-cv-01900 (D.D.C. 2015); *Malaney v. UAL Co.*, 3:10-cv-0258 (N.D. Cal. 2010); *Tam Travel Inc. v. Delta Airlines, Inc.*, 1:03-cv-30001 (N.D. Ohio 2003); *Tam Travel, Inc. v. Am. Airlines, Inc.*, 4:95-cv-00446 (D. Minn. 1995).

[4] *Mission*, Alioto Law Firm, https://aliotolaw.com/mission/ (last visited June 5, 2023).

pursuing them in litigation. Its lawyers serve both as counsel *and* investigator, strategist, and an active enforcer in the industry. Alioto Law's claims have been wide-ranging and include antitrust challenges involving every facet of the airline industry, including everything from merger challenges (like this case) to allegations of price fixing and collusion at the fare publishing level. Given the firm's proactive role, there is an undue risk that production of United's Highly Confidential Materials to the Alioto Law Firm could result in use of the information to inform potential legal theories for future cases. As discussed below, it is particularly inappropriate that United's rights under Rule 45 be shortchanged in this context.

## DISCUSSION

### I. Applicable Legal Standards

Rule 26(c)(1) gives courts the authority to issue a protective order to protect a party, or non-party, from "annoyance, embarrassment, oppression, or undue burden or expense[,]" Fed R. Civ. P. 26(c)(1), specifically including disclosure of "a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 26(c)(1)(G). A party, or non-party, seeking to modify a protective order must show that good cause exists to justify the modification or additional protections. *See Polo v. Time Warner Cable, Inc.*, 2017 WL 2836996, at *2 (D. Mass. June 30, 2017). Good cause must be based on a particularized showing of specific harms. *Id.*

Given the competitive importance of these materials and information to United, United requests that the proposed protective order be modified so that the Private Plaintiffs must follow established discovery rules under Rule 45, which are designed to afford notice and protections to non-Parties. Requesting Parties in the Private Action should be required

to issue Rule 45 subpoenas, and United, not Defendants, should produce United's own documents.

Other courts have protected the rights of non-parties in comparable circumstances. For example, the court in *United States v. AT&T, Inc.*, 1:17-cv-02511 (D.D.C. 2017), ordered that the DOJ could not produce third-party-produced confidential information to defendants without the third parties' consent. *AT&T*, ECF Nos. 62, 63 at 13. Here, United has a stronger argument that its materials not be handed over without its consent than did the third parties in *AT&T*. While the issue in *AT&T* was whether Defendants *in the same action* would get access to data, the issue here is whether Private Plaintiffs *in a separate action* will receive United's highly confidential materials without regard for Rule 45. United's confidentiality rights should be protected. *See, e.g.,* The Sedona Conference, 22 Sedona Conf. J. 1, 18 (2021) ("Where a non-party has sole possession, custody, or control and does not share any interest in the litigation, the non-party is afforded the full protections of Rule 45, including cost-shifting mechanisms or quashing or modifying of the subpoena.").

In fact, this Court, in its Case Management Order, recognized the importance of protecting the discovery rights of non-Parties. The Defendants proposed that neither party in the Private Action be permitted to use documents from *United States v. American Airlines Group*, 1:21-cv-11558 (D. Mass. 2021) (the **"NEA Case"**) because the protective order in that case did not grant Defendants the right to use materials "in another legal proceeding in which it is a party." NEA Case, ECF No. 96 at 19. The Court adopted Defendants' proposed language in its order by limiting disclosure and use of NEA Case

materials. *Id.* United asks the Court to provide it the same protections regarding the Investigative Materials and Litigation Materials here.

II.  **The materials and information that United has already produced are highly confidential, and their disclosure would harm United.**

United faces material and specific harms from disclosure of its competitively sensitive and highly confidential materials and information. The nature of the materials and information makes it critically important that they remain confidential, so that United can continue to compete in the fiercely competitive airline industry. Disclosure to Private Plaintiffs' counsel, who have not requested the information in the last seven months of litigation, would create a real risk that United's business sensitive information might be used against it in future litigation.

A.  **United relied on the safeguards in the Government Action protective order.**

United's Investigative Materials contain competitively sensitive and highly confidential information that is completely unrelated to the challenged transaction. The protective order in the Government Action designated all investigation materials as highly confidential to provide the highest level of protection for those materials. Government Action, ECF No. 66 at ¶ 23. It provides that all materials produced by a non-Party Protected Person "as part of *this Action* may be used *solely* for the conduct of *this Action* and may not be used for any business, commercial, competitive, personal, *or other purpose*." Government Action, ECF No. 66 at ¶ 41, emphasis added. United relied upon the protective order when it did not object to the production of the Investigative Materials and Litigation Materials to Defendants. Yet, the proposed protective order in the Private Action would deprive United and other non-Parties of that critical protection.

### B. Disclosure to Private Plaintiffs' counsel would create the risk that United's information might be used against it in future litigation.

There is no basis for the Defendants' and Private Plaintiffs' agreement that United's materials be produced wholesale to Private Plaintiffs, stripping United of its rights under Rule 45 to receive and respond to a subpoena. United's concerns about the unilateral production of its most confidential information in the Private Action are heightened here for two reasons.

First, Plaintiffs' lead counsel, the Alioto Law Firm, are highly active litigants against the airlines. Bypassing United's rights under Rule 45 here would create a real, and unwarranted, risk that its competitively sensitive and highly confidential documents could be used to fuel another and unrelated suit in the future – based on documents that are completely irrelevant to the JetBlue-Spirit transaction. Courts have provided additional protections for confidential documents that were being disclosed only to counsel, but where there was a risk that counsel could and would use the information adversely to the producing entity. *See, e.g.*, *Ball Mem'l Hosp., Inc. v. Mut. Hosp. Ins., Inc.*, 784 F.2d 1325, 1346 (7th Cir. 1986) (in a dispute between a hospital and an insurance provider, limiting disclosure of sensitive information to the hospital's in-house counsel still presented risks where the in-house counsel also negotiated directly with the insurance company). Indeed, even in the Government Action, in-house counsel for Defendants are completely barred from viewing any Highly Confidential Information and only one designated in-house attorney is permitted to view Confidential Information *after* they have been disclosed and have certified that they do not have "a non-legal business role and may not be engaged in Competitive Decision-Making." Government Action ECF No. 66 ¶ 36(k). This reflects the

real risk that information seen in the course of discovery – even by attorneys – cannot be unseen and reflects the need to protect confidentiality by carefully circumscribing disclosure. This need for protection is only heightened for non-parties, who have no interest in the litigation but are still required to disclose highly sensitive materials.

Second, Defendants' recent conduct in assuring United that its materials would be safeguarded under the protective order while at the same time negotiating an agreement that would result in a production to Private Plaintiffs' counsel is a serious concern for United. It is clear, and perhaps inevitable, that counsel for the Parties are not focused on the full protection of United's confidential information, particularly the Investigative Materials. It is particularly inappropriate that United's sensitive competitive information be put at risk given that Private Plaintiffs have not even subpoenaed United over the many months of open fact discovery in their case. Allowing Private Plaintiffs to side-step Rule 45 and the Federal Rules of Civil Procedure entirely, through the proposed protective order, would harm United and establish a dangerous precedent for similar cases in the future.

### III.    United's requested relief would mitigate its concerns.

For the above reasons, Paragraph 29 of the proposed protective order should be removed in its entirety. That said, United is committed to efficiently completing its discovery obligations with all Parties in these matters, given the Court's tight timeline and the upcoming close of fact discovery. Requiring Parties to follow the ordinary discovery rules under Rule 45 should not delay proceedings. As United has discussed with Private Plaintiffs' counsel, should it receive a Rule 45 subpoena, it would undertake to produce responsive and relevant materials on an expedited basis.

In the alternative, if the Court does not require Private Plaintiffs to issue Rule 45 subpoenas before obtaining confidential materials from non-parties like United, United proposes modifying the proposed protective order (ECF No. 97-1), by including three additional paragraphs after current paragraph 30:

>  31.   The Requesting Party issuing any Rule 45 subpoena to a non-Party Protected Person must provide notice when issuing the subpoena that the non-Party Protected Person's productions are proposed to be shared with non-Requesting Parties.
>  32.   For shared productions in Paragraph 31, the non-Party Protected Person will have the right to make productions directly to the non-Requesting Parties.
>  33.   Paragraphs 31 and 32 shall apply to any productions made by non-Party Protected Persons to a Party or Parties in either action before the entry of this Protective Order.

Amending the proposed protective order by requiring notice to non-Party Protected Persons and giving non-Party Protected Persons the right to produce their own documents will allow United to provide Private Plaintiffs with the documents that are relevant to their claims efficiently and expeditiously. United's proposal is also in line with the Case Management Order, which expressly requires that future Rule 45 subpoenas include a cover letter requesting the third party share a copy of the production with the non-requesting Party. ECF No. 96 at ¶ 11.

## CONCLUSION

For the above reasons, United objects to the pending Joint Motion for Entry of Protective Order. ECF No. 97. The propose protective order should be amended so that United retains its rights under Rule 45 of the Federal Rules of Civil Procedure by prohibiting Defendants from sharing United's materials and requiring Private Plaintiffs to issue a Rule 45 subpoena or, in the alternative, that United be given the right to produce to

Private Plaintiffs only those Investigative and Litigation materials that are relevant to the JetBlue-Spirit transaction. United requests that the Court set the motion for oral argument.

## REQUEST FOR ORAL ARGUMENT

Pursuant to LR 7.1(d), United Airlines, Inc. believes that oral argument may the assist the Court and wishes to be heard, and requests that the Court set the motion for oral argument.

| | |
|---|---|
| Dated: June 5, 2023 | Respectfully submitted, |
| | */s/ John J. Falvey, Jr.* |
| | John J. Falvey, Jr. (BBO No. 542675) |
| | **GOODWIN PROCTER LLP** |
| | 100 Northern Avenue |
| | Boston, Massachusetts 02210 |
| | (617) 570-1000 |
| | jfalvey@goodwinlaw.com |
| | |
| | Mary Lehner (admitted *pro hac vice*) |
| | Julie Elmer (admitted *pro hac vice*) |
| | **FRESHFIELDS BRUCKHAUS** |
| |   **DERINGER US LLP** |
| | 700 13th Street NW, 10th Floor |
| | Washington, DC 20005 |
| | (202) 777-4500 |
| | mary.lehner@freshfields.com |
| | julie.elmer@freshfields.com |
| | |
| | *Attorneys for United Airlines, Inc.* |

## CERTIFICATE OF SERVICE

I, John J. Falvey, Jr., certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the non-registered participants as known this June 5, 2023

                                                      */s/ John J. Falvey, Jr.*