

**NATIONAL RAILROAD PASSENGER CORPORATION**
One Massachusetts Ave NW, Room 534
Washington, D.C. 20018
*Christopher.flack@amtrak.com* | Tel 202-906-4214

**VIA COURT DOCKETING SYSTEM**

June 5, 2023

The Honorable William G. Young
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

      Re:    *United States et al. v. JetBlue Airways Corp. et al.*, 23-cv-10511
             *Garavanian et al. v. JetBlue Airways Corp. et al.*, 23-cv-10678

Dear Judge Young and Counsel of Record:

      National Railroad Passenger Corporation, doing business as Amtrak, respectfully submits this Objection to the potential production of its Highly Confidential information to parties in *Garavanian v. JetBlue Airways Corp.*, 23-cv-10678. Amtrak is not a party to either of the two above-referenced cases and has not received a subpoena or any type of information request from any of the litigants. Amtrak's only connection to this matter had been that the Department of Justice informed Amtrak when the DOJ case (23-cv-10511) was first filed that DOJ may have to provide to defendants in that case certain Amtrak materials that DOJ had in its possession from a different case, *United States v. American Airlines Group et al.*, 21-cv-11558 ("Northeast Alliance Litigation"). It said it would do so pursuant to a strict protective order. Amtrak did not object.

      On May 30, 2023, counsel for the United States informed Amtrak that the parties in the two above-referenced cases had filed a proposed Order that would cause Amtrak's Highly Confidential materials to be produced to counsel for the *Garavanian* plaintiffs. *See* [Proposed] Stipulated Joint Protective Order and Order Governing Production of Investigation Materials. *See United States et al. v. JetBlue Airways Corp., et al.*, 23-cv-10511 (WGY)*,* Dkt #97 & 97-1 ("the Proposed Order").



The materials at issue are from discovery in the Northeast Alliance Litigation. In that case, Amtrak produced highly confidential, internal deliberative documents in response to a subpoena issued by defendant American Airlines and also provided a witness for deposition, also under subpoena. Amtrak did so pursuant to a Protective Order that said the materials would be used only for that action and under strict confidentiality provisions. Amtrak now finds its documents and deposition testimony winding their way to myriad private parties far removed from, and having no connection with, the Northeast Alliance Litigation.

Amtrak objects to the sharing of its materials under the Proposed Order for the reason that derivative production of its Highly Confidential materials from one case (the Northeast Alliance Litigation) to another government litigation (the DOJ action against JetBlue/Spirit) and now to a third litigation involving solely private parties (the *Garavanian* case) is simply a bridge too far. Amtrak relies on Protective Orders when it is a litigant. It has to be able to trust that the protections of those orders will be followed and that its materials will be treated confidentially, not shared with counsel for private parties that have no connection whatsoever to the original litigation in which Amtrak, under subpoena, produced materials.

Amtrak, therefore, respectfully requests that the Court take Amtrak's objections into account in ruling on the Proposed Order and not allow the sharing of Amtrak information with the *Garavanian* Plaintiffs.

    Sincerely,

    /s Christopher J. Flack
    Christopher J. Flack
    Amtrak
    Associate General Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) And paper copies will be sent to those indicated as non-registered participants on June 5, 2023.

*/s/ William H. Stallings*
William H. Stallings