## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, et al.

*Plaintiffs,*

v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.

*Defendants.*

Case No. 1:23-cv-10678-WGY

### STIPULATED JOINT PROTECTIVE ORDER   ** as modified.

WHEREAS, on May 26, 2023, the Parties to the above-captioned action and the Parties to the *United States v. JetBlue Airways Corp. et al.* action, Case No. 1:23-cv-10511, jointly submitted a Stipulated Joint Protective Order and Order Governing Production of Investigation Materials (ECF No. 97);

WHEREAS, several non-parties opposed entry of that protective order;

WHEREAS, on June 7, 2023, the Court ordered the Parties to the above-captioned action to submit a revised proposed protective order (ECF No. 130);

WHEREAS, the Parties have conferred with the non-parties who opposed entry of the prior protective order, and they do not oppose this Stipulated Joint Protective Order;

THEREFORE, subject to approval of the Court, in the interests of (1) ensuring efficient and prompt resolution of this Action; (2) facilitating discovery by the Parties; and (3) protecting the Confidential or Highly Confidential Information of Parties and non-parties from improper disclosure or use, the Parties stipulate to the provisions set forth below.  Unless otherwise

1

specified, days will be computed according to Federal Rule of Civil Procedure 6(a).  The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

A.   **Definitions**

1.   "Action" means the above-captioned action.

2.   "Competitive Decision-Making" means making, reviewing, participating in, or being consulted on decisions regarding a firm's business operations, including development or implementation of competitive strategies, business plans, and third-party negotiations, but does not include the rendering of legal advice as to litigation, regulatory compliance, and intellectual property licensing issues related to such decisions.

3.   "Confidential Information" means any Investigation Materials or Litigation Materials that contain trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(l)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

4.   "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

5.   "Divestiture Buyer" means one of the potential buyers, the identities of which are already known to counsel for the Parties, of any of Defendants' assets in Boston Logan International Airport, LaGuardia Airport, Newark Liberty International Airport, and Fort Lauderdale-Hollywood International Airport.

6.   "Divestiture Buyers Investigation Materials" means Investigation Materials provided to any Plaintiff by a Divestiture Buyer.

7.      "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a) and will be interpreted consistent with any Local Rule.

8.      "Government" means the United States and Plaintiff States.

9.      "Government Action" means *United States, et al. v. JetBlue Airways Corp. and Spirit Airlines, Inc.*, Case No. 1:23-cv-10511-WGY (D. Mass.), including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

10.     "Government Action Protective Order" means the Stipulated Protective Order and Order Governing Production of Investigation Materials in the Government Action (ECF No. 66).

11.     "Highly Confidential Information" means any Investigation Materials or Litigation Materials, the disclosure of which the Protected Person reasonably believes would cause substantial injury to current commercial or financial interests of the Protected Person, including trade secrets; forward-looking financial, marketing, or strategic business planning information, including forward-looking network plans and budgets, which, if disclosed, could cause competitive harm or reasonably threaten any party's commercial interests; current or future margin, cost, or pricing information; and current non-public contract terms and sales, marketing, and negotiation strategies.

12.     "Investigation" means the pre-complaint review, assessment, or investigation of the Proposed Transaction, including any defense to any claim that the Proposed Transaction would violate Section 7 of the Clayton Act. "Investigation" does not include any review, assessment, or investigation by an agency of the United States other than the U.S. Department of Justice or any other state entity other than the Offices of the Attorneys General of the Plaintiff States.

13.    "Investigation Materials" means non-privileged documents, data, transcripts of testimony, or other materials created prior to March 7, 2023 that, (a) any non-Party Protected Person provided to any Party prior to the filing of the Government Action, either voluntarily or under compulsory process, in connection with the Investigation; (b) any Party provided to any non-Party prior to the filing of the Government Action in connection with the Investigation; or (c) any non-Party Protected Person provided to the United States after the filing of the Government Action in response to a civil investigative demand, as defined in Antitrust Civil Process Act, 15 U.S.C. § 1312, that was served prior to the filing of the Government Action.

Notwithstanding the foregoing, the following categories of materials are not Investigation Materials and nothing in this Order requires their disclosure: (I) documents, data, transcripts of testimony, or other materials sent or received by any Party (including its counsel) to or from any potentially or actually retained expert; (II) communications between any Party (including its counsel) and any (i) executive branch agencies of the federal government, or (ii) news and media organizations.  In addition, for the avoidance of doubt, Plaintiffs need not produce to Defendants the Investigation Materials that they received from any Defendant directly or indirectly, and Defendants need not produce to Plaintiffs the Investigation Materials they have previously produced to any Plaintiff.

14.    "Litigation Materials" means non-privileged documents, testimony, or other materials that (a) any non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (b) any Party provides to any non-Party in connection with and during the pendency of this Action; (c) any Defendant provides to any Plaintiff in connection with and during the pendency of this Action; or (d) any Plaintiff provides to any Defendant in connection with and during the pendency of this Action.

15.    "Outside Counsel" means the law firm(s) representing a Party whose attorneys have filed notices of appearance, including any attorneys, paralegals, and other professional personnel (including support and IT staff), agents, or independent contractors retained by the Parties that such law firm(s) assign(s) to this Action.

16.    "Outside Divestiture Counsel" means the attorneys and paralegals at any of Outside Counsel responsible for structuring and/or negotiating the terms of any transaction between any Defendant and a Divestiture Buyer contemplated as a result of or in connection with this Action or the Government Action.  For the avoidance of doubt, attorneys and paralegals of Outside Counsel not responsible for structuring and/or negotiating the terms of such divestiture transaction(s), and professional personnel (including support and IT staff), agents, or independent contractors retained by such Outside Counsel, are not Outside Divestiture Counsel.

17.    "Party" means any Plaintiff or any Defendant in this Action. "Parties" means collectively Plaintiffs and Defendants in this Action.

18.    "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

19.    ""Proposed Transaction" means the proposed acquisition of Spirit Airlines, Inc. by JetBlue Airways Corporation.

20.    "Protected Person" means any Person (including a Party) that has provided Investigation Materials or that provides Litigation Materials.

**B.**    **Designation of Confidential and Highly Confidential Information in Investigation Materials**

21.    All Investigation Materials that the Defendants previously provided to the Government during the Investigation that the Defendant designated as Confidential or for which

the Defendant requested confidential treatment, including but not limited to testimony, documents, electronic documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1311-14, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, constitute Highly Confidential Information, as defined in Paragraph 11 of this Order, and each Defendant hereby designates it as such.

22.     All Investigation Materials previously provided by a non-Party Protected Person during the Investigation, including but not limited to testimony, documents, electronic documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1311- 14, constitute Highly Confidential Information, as defined in Paragraph 11 of this Order, regardless of whether or not the non-party Protected Person requested confidential treatment at the time of production.  In addition, Divestiture Buyers Investigation Materials may not be disclosed to Outside Divestiture Counsel until two business days after execution of a final agreement between a Defendant and a Divestiture Buyer who provided Investigation Materials to any Plaintiff.  The fact that an agreement between any Defendant and a Divestiture Buyer is conditioned or contingent in whole or in part on the closing of the Proposed Transaction will not cause such agreement to be considered non-final for purposes of this Paragraph.

## C.     Expedited Production of the Defendants' Litigation Materials

23.     Defendants previously produced to the Plaintiffs in this Action Defendants' Investigation Materials. Pursuant to Paragraph 21, Defendants' Investigation Materials constitute Highly Confidential Information.

24.     Within two business days after entry of this Order, Defendants will produce to Plaintiffs in this Action the Litigation Materials previously produced by Defendants in the Government Action.

25.     Defendants will not produce to Plaintiffs in this Action any Investigation Materials produced by the Government to Defendants in the Government Action. Defendants will not produce to Plaintiffs in this Action any Investigation Materials or Litigation Materials previously produced by any non-party either in the Investigation or in the Government Action. For the avoidance of doubt, the Parties in this Action must obtain discovery from non-parties by issuing discovery to non-parties in accordance with the Federal Rules of Civil Procedure, including Rule 45.

26.     The Parties may agree to a protocol for production of other Litigation Materials produced by Defendants in the future in the Government Action.

**D.     Designation of Confidential and Highly Confidential Information in Litigation Materials**

27.     The following procedures govern the process for Protected Persons to designate as Confidential or Highly Confidential Information any Litigation Materials, including but not limited to information provided in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), and 45.  Any Protected Person may designate Litigation Materials as Confidential or Highly Confidential Information if the Protected Person (and counsel, if any) reasonably believes that the Litigation Materials so designated contain Confidential or Highly Confidential Information.

28.     Whenever discovery is sought from a non-Party in this Action, a copy of this Order must accompany the discovery request or subpoena. To the extent a Party sent a discovery

request to a non-Party prior to the entry of this Order by the Court, that Party must send a copy

of this Order to the non-Party within two business days of entry of this Order.

29.     Counsel for the Plaintiffs and Defendants to be notified of confidentiality

designations are as follows:

For Plaintiffs:

Joseph M. Alioto Jr.
ALIOTO LEGAL
100 Pine Street, Suite 1250
San Francisco, California 94111
joseph@aliotolegal.com

Joseph M. Alioto
Tatiana V. Wallace
Hawrris Niazi
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
jmalioto@aliotolaw.com
twallace@aliotolaw.com
hniazi@aliotolaw.com

Stephen G. Larson
LARSON LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
slarson@larsonllp.com

Robert Ruyak
LARSON LLP
900 17th Street NW, Suite 320
Washington, DC 20006
rruyak@larsonllp.com

Lawrence G. Papale
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street, Suite 117
St. Helena, California 94574
lgpapale@papalelaw.com

Christopher A. Nedeau

NEDEAU LAW FIRM
154 Baker Street
San Francisco, California 94117
cnedeau@nedeaulaw.net

Lingel H. Winters
LAW OFFICES OF LINGEL H. WINTERS
388 Market Street, Suite 1300
San Francisco, California 94111
Sawmill2@aol.com

Josephine Alioto
THE VEEN FIRM
20 Haight Street
San Francisco, California 94102
jalioto@veenfirm.com

Robert J. Bonsignore
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, Massachusetts 02155
rbonsignore@classactions.us

For Defendant JetBlue Airways Corporation:

Richard Schwed
Jessica Delbaum
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
rschwed@shearman.com
jessica.delbaum@shearman.com

Ryan Shores
Michael Mitchell
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8108
ryan.shores@shearman.com
michael.mitchell@shearman.com

Rachel Mossman Zieminski
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700

Dallas, TX 75201
Telephone: (214) 271-5385
rachel.zieminski@shearman.com

Elizabeth M. Wright
Zachary Hafer
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: (617) 937-2349
ewright@cooley.com
zhafer@cooley.com

Ethan Glass
COOLEY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 842-7800
eglass@cooley.com

For Defendant Spirit Airlines, Inc.:

Andrew C. Finch
Jay Cohen
Eyitayo St. Matthew-Daniel
Kate Wald
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
afinch@paulweiss.com
jaycohen@paulweiss.com
tstmatthewdaniel@paulweiss.com
kwald@paulweiss.com

Meredith Dearborn
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (650) 208-2788
mdearborn@paulweiss.com

30.    <u>Testimony</u>. When a Party questions a deponent about a document or information

that has been designated by a non-Party Protected Person as containing Confidential or Highly

Confidential Information, the Party asking the questions must designate as Confidential or

Highly Confidential Information, as appropriate, the portion(s) of the transcript relating to that designated document or information within 21 days following receipt of the final transcript. All transcripts of depositions taken in this Action will be treated as Highly Confidential Information in their entirety for 21 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within five business days of receipt of the final transcript, the Party who noticed the deposition must provide the final transcript to the deponent (or the deponent's counsel, if applicable). Within 21 days following receipt of the final transcript, the deponent (or the deponent's counsel, if applicable) may designate as Confidential or Highly Confidential Information any portion(s) of the deposition transcript, by page(s) and line(s), and any deposition exhibits, or portion(s) of any exhibit(s), that were produced by the deponent or the deponent's employer. To be effective, designations must be provided in writing to Plaintiffs' and Defendants' counsel listed in Paragraph 29 of this Order. Any portion(s) of the transcript or deposition exhibit(s) not designated in the manner required by this Paragraph will not be treated as Confidential or Highly Confidential Information, even if the document(s) that become the deposition exhibit(s) or information that is the subject of the deposition testimony was subject to a prior designation of confidentiality.

31.     Hard-Copy Documents and Electronically Stored Information. A Protected Person who designates any document that it produces as Litigation Materials in this Action as containing Confidential or Highly Information must stamp or otherwise mark each image or page containing Confidential or Highly Confidential Information with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility.

32.   <u>Electronic Documents and Information Produced in Native Form</u>. Where a Protected Person produces as Litigation Materials in this Action files in native electronic format, Confidential or Highly Confidential Information contained in those files must be designated by the Protected Person for protection under this Order by (a) appending to the file names or designators  associated with the electronic document or information an indication of whether the file contains Confidential or Highly Confidential Information or (b) any other reasonable method for appropriately designating such information produced in native format, including by making designations in reasonably accessible metadata associated with the files. If Confidential or Highly Confidential Information subject to this Paragraph is produced in electronic format on a disk or other medium, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic files in native form are printed for use during a deposition, in a court proceeding, or for provision in printed form to any Person described in Paragraph 38, the Party printing the electronic document or information must affix a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" label to the printed version and include with the printed version the production number and designation associated with the native file.

33.   All Litigation Materials produced by a Protected Person must be treated as Highly Confidential Information for ten days after production even if not designated as Confidential or Highly Confidential Information at the time of production. Any Litigation Materials not designated as Confidential or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such documents or information if they are later designated as Confidential or Highly Confidential Information. If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential or Highly Confidential Information any Litigation Materials previously produced in this Action, it may

designate such Litigation Materials by notifying the Parties in writing. The Parties must thereafter treat the Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order.

34.     No prior disclosure of newly designated Confidential or Highly Confidential Information will violate this Order, provided that the prior disclosure occurred more than ten days after the Litigation Materials were produced without having been designated as Confidential or Highly Confidential Information. The disclosure of any Investigation Materials or Litigation Materials for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

**E.     Challenges to Designation of Confidential or Highly Confidential Information**

35.     Any Party who objects to any designation of Confidential or Highly Confidential Information may at any time before the trial of this Action provide a written notice to the Protected Person who made the designation and to all Parties identifying the document or data containing the challenged designation and stating with particularity the grounds for each objection. All materials objected to must continue to be treated as Confidential or Highly Confidential Information pending resolution of the dispute either by agreement between the Protected Person and the objecting Party or by the Court.

36.     Within five business days of a Party's written notice made pursuant to Paragraph 35, the objecting Party and Protected Person must meet and confer to attempt to resolve in good faith the objection(s).  If the objecting Party and the Protected Person cannot reach agreement on an objection to a designation of Confidential or Highly Confidential Information within ten business days of the Party's written notice, the Protected Person may address the dispute to this

13

Court by following the procedures set forth in this Court's Local Rule 37.1. The Protected Person bears the burden of persuading the Court that the material is Confidential or Highly Confidential Information.  If the Protected Person fails to move the Court in accordance with this Paragraph 36, or if the Court finds the designation of Confidential or Highly Confidential Information to have been inappropriate, the Court may rescind the designation entirely or change the designation from Highly Confidential Information to Confidential Information.

37.     This Order does not preclude or prejudice a Protected Person or an objecting Party from arguing for or against any confidentiality designation, establish any presumption that a particular confidentiality designation is valid, or alter the burden that would otherwise apply in a dispute over discovery or disclosure of information.

### F.     Disclosure of Confidential or Highly Confidential Information

38.     Unless otherwise ordered by the Court or agreed to in writing by the Protected Person producing such information, and except as specifically provided in Paragraph 22 with respect to Divestiture Buyers Investigation Materials, Confidential Information may be disclosed only to the Persons listed in (a)-(j) below, and Highly Confidential Information may be disclosed only to Persons listed in (a)-(i) below:

(a) the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b) Plaintiffs' or Defendants' Outside Counsel;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A;

(d) any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

(e) any author, addressee, or recipient of any document or information containing Confidential or Highly Confidential Information if they previously had lawful access to the document or information;

(f) during the course of their depositions, to anyone who is either (1) a current employee of the Protected Person that designated the document or information Confidential or Highly Confidential Information; or (2) a former employee of the Protected Person that designated the document or information as Confidential or Highly Confidential Information provided that they were employed by the Protected Person when the document or information was created and have been provided with a copy of this Order and informed of the obligation not to disclose any information from any Confidential or Highly Confidential Information to Persons other than those specifically authorized by this Order;

(g) any Person whom counsel for any Party believes in good faith previously received or had access to the document or information, unless the person indicates that he or she did not receive or have previous access to the document or information;

(h) any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A;

(i) outside trial consultants (including, but not limited to, graphics consultants) retained by a Party to assist that Party in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(j) one in-house attorney for each Defendant (the "Designated Attorney(s)"), whose name must be disclosed to Plaintiffs at least five business days prior to provision of any Confidential Information to the Designated Attorney and who must be agreed upon by the Parties or (in the absence of agreement) ordered by the Court. The Designated Attorney(s) may not have a non-legal business role and may not be engaged in Competitive Decision-Making. Before receiving access to Confidential Information, a Designated Attorney must (i) file an affidavit or declaration, in the form of Appendix B attached hereto, certifying that the Designated Attorney does not have a non-legal business role and does not participate in Competitive Decision-Making for Designated Attorney's employer, and agreeing that Designated Attorney will not participate in negotiations of commercial agreements between Designated Attorney's employer and any non-Party Protected Person whose Confidential Information is disclosed to the Designated Attorney during the pendency of this Action (including appeal) and for six months thereafter unless the non-Party Protected Person provides written consent to such participation after having been informed of the Designated Attorney's access to the non-Party Protected Person's Confidential Information, and (ii) have signed the Agreement Concerning Confidentiality in the form of Appendix A of this Order. In the event that a Designated Attorney acquires a non-legal business role, the Designated Attorney may no longer have access to any Confidential Information. To the extent a Defendant seeks to change a Designated Attorney, the Defendant must provide notice to Plaintiffs at least 10 business days before any Confidential Information is provided to the new Designated Attorney, and the new Designated Attorney must file an affidavit or declaration and sign the agreement in Appendix A, consistent with subparts (i) and (ii) in this Paragraph 38(j). For the avoidance of doubt, Highly Confidential Information may not be disclosed to a Designated Attorney.

39.   Counsel for the Party making a disclosure to a Person identified in Paragraph 38 subparagraphs (c), (d), (h), (i), or (j) of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached in Appendix A for a period of at least one year following the final resolution of this Action.

40.   Each Person identified in Paragraph 38 of this Order to whom information designated as Confidential or Highly Confidential Information is disclosed may not disclose that Confidential or Highly Confidential Information to any other Person, except as otherwise provided by this Order.

41.   Nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Confidential or Highly Confidential Information;

(b) prevents disclosure of Confidential or Highly Confidential Information with the consent of the Protected Person that designated the material as Confidential or Highly Confidential;

(c) prevents disclosure of Confidential or Highly Confidential Information by any party or any current employee or corporate representative of the Protected Party that designated the Confidential or Highly Confidential Information;

(d) prevents disclosure by a Party of Confidential or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in post-complaint discovery in this Action; (iii) previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to a court order.

17

42.     In the event of a disclosure of any Confidential or Highly Confidential Information to any Person not authorized to receive disclosure under this Order, the Party responsible for having made the disclosure must promptly notify the Protected Person whose material has been disclosed and provide to that Protected Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party must also promptly take all reasonable measures to retrieve the improperly disclosed material and ensure that no further or greater unauthorized disclosure or use of the material is made. Unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information will not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential or Highly Confidential Information.

**G.     Use of Information Designated Confidential or Highly Confidential Information in this Action**

43.     Except as provided in Paragraph 41 of this Order, all Investigation Materials and Litigation Materials produced by a Party or a non-Party Protected Person as part of this Action must be used solely for the conduct of this Action and must not be used for any business, commercial, competitive, personal, or other purpose.

44.     Court Filings. If any documents, testimony, or other materials designated under this Order as Confidential or Highly Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must obtain a Court order to file such Confidential or Highly Confidential Information under seal, in accordance with Local Rule 7.2. A request for the Court to allow filing under seal must include the proposed redactions. If this Court grants leave to file a document under seal, the filing Party must file with the Clerk of this Court a redacted version of the filing. Nothing in this Order will

restrict the Parties or any interested member of the public from challenging the filing of any Confidential or Highly Confidential Information under seal.

45. <u>Trial.</u> Disclosure at trial of documents and information designated as Confidential or Highly Confidential Information will be governed pursuant to a separate Court order. The Parties will meet and confer and submit a recommended order outlining those procedures.

**H.    Procedures Upon Termination of this Action**

46. The obligations imposed by this Order will survive the termination of this Action unless the Court, which will retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.

47. Except as otherwise provided in this Paragraph and in Paragraph 41 of this Order, within 90 calendar days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received information designated as Confidential or Highly Confidential Information in the Action must make a reasonable, good-faith effort to either (a) return that material and all copies to the Protected Person (or the Protected Person's counsel, if represented by counsel) that produced it or (b) destroy or delete all such Confidential or Highly Confidential Information, unless such Persons also received such information in the other action and the time period in this Paragraph 47 has not expired in the other action. All Confidential or Highly Confidential Information returned to the Parties or their counsel by the Court also must be disposed of in accordance with this Paragraph 47. Counsel for the Parties will be entitled to retain court papers; deposition, hearing, and trial transcripts; deposition, hearing, and trial exhibits; and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing information designated as Confidential or Highly Confidential Information except pursuant to Court order or an agreement

with the Protected Person that produced the Confidential or Highly Confidential Information or as otherwise permitted by this Order.

48.     Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating the Action, all Persons having received information designated as Confidential or Highly Confidential Information in that action must certify compliance with Paragraph 47 of this Order in writing to the Party or Protected Person that produced the Confidential or Highly Confidential Information.

**I.     Right to Seek Modification**

49.     Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking further or additional protections for any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain materials not be produced at all or are not admissible evidence in this Action or in any other proceeding.

**J.     The Privacy Act**

50.     Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**K.     Persons Bound by This Order**

51.     This Order is binding on the Parties to this Action, and their attorneys, successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which the Parties have control.

**L.     Inadvertent Production of Privileged Information**

52.     Under Federal Rule of Evidence 502(d), the production of any Investigation

Materials or Litigation Materials subject to attorney-client privilege, work-product protection, or

other applicable legal or evidentiary privilege ("Produced Privileged Material") is not a waiver in

the pending case or in any other federal or state proceeding, provided that (a) the production was

inadvertent; (b) the Party producing the Produced Privileged Material used reasonable efforts to

prevent the disclosure of Investigation Materials or Litigation Materials protected by the

attorney-client privilege, work-product immunity, or any other privilege or immunity; and (c) the

Party producing the Produced Privileged Material promptly took reasonable steps to rectify the

error, including following Federal Rule of Civil Procedure 26(b)(5)(B).  For the avoidance of

doubt, the fact that Investigation Materials or Litigation Materials were produced using

technology-assisted review or were otherwise produced without first being reviewed by an

attorney does not mean that the Protected Person did not use reasonable efforts to prevent the

inadvertent disclosure of Produced Privileged Material.

53.     A Protected Person claiming inadvertent production of Produced Privileged

Material must first make a good-faith determination that such materials are privileged or

otherwise protected from disclosure under applicable law and rules. They must then promptly

notify any and all receiving Parties providing sufficient information to the receiving Party

regarding the asserted privileges in the form of a privilege log as outlined in Rule 26(b)(5) of the

Federal Rules of Civil Procedure. Conversely, if a receiving Party discovers material that it

believes to be Produced Privileged Material, the receiving Party will promptly notify the

Protected Party of what it believes to be the Produced Privileged Material; however, no receiving

Party will be found in violation of this Order for failing to recognize Produced Privileged

Material.

54.     After discovering or being notified of a claim that material is Produced Privileged Material, any receiving Party may not use or disclose the claimed inadvertently Produced Privileged Material in any way until the claim is resolved, and must take reasonable steps to retrieve the material if the receiving Party disclosed it before being notified of or discovering the inadvertent production. The receiving Party may use the claimed inadvertently Produced Privileged Material only as permitted by Rule 26(b)(5) of the Federal Rules of Civil Procedure. In addition, within ten business days of discovering or being notified of Produced Privileged Material, any receiving Party must return, sequester, or destroy the specified material and any copies. The Protected Person must retain a copy of all Produced Privileged Material until the resolution or termination of this Action. The Protected Person asserting the privilege bears the burden of establishing the claim.

**M.     Prior Protective Order Superseded**

55.     This Order supersedes the Protective Order in this Action (ECF No. 34), which was previously entered by the Northern District of California as an interim measure "until the District of Massachusetts enters a protective order governing [the Private Action]."  Private Action, ECF No. 35, ¶ 4.c.

**AGREED TO:**

Dated:  June 20, 2023

/s/ Joseph M. Alioto Jr._____
Joseph M. Alioto Jr.
ALIOTO LEGAL
100 Pine Street, Suite 1250
San Francisco, California 94111
joseph@aliotolegal.com

/s/ Stephen G. Larson
Stephen G. Larson
LARSON LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
slarson@larsonllp.com

*Attorneys for Plaintiffs Gabriel Garavanian, et al.*

/s/ Elizabeth Wright
Elizabeth M. Wright (MA BBO #569387)
Zachary R. Hafer (MA BBO #569389)
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: (617) 937-2349
ewright@cooley.com
zhafer@cooley.com

Ethan Glass (*admitted pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 842-7800
eglass@cooley.com

Richard Schwed (*admitted pro hac vice*)
Jessica Delbaum (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
rschwed@shearman.com
jessica.delbaum@shearman.com

Ryan Shores (*admitted pro hac vice*)
Michael Mitchell (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8108
ryan.shores@shearman.com
michael.mitchell@shearman.com

Rachel Mossman Zieminski (*admitted pro hac vice*)
SHEARMAN & STERLING LLP

2601 Olive Street, Suite 1700
Dallas, TX 75201
Telephone: (214) 271-5385
rachel.zieminski@shearman.com

*Attorneys for Defendant JetBlue Airways Corporation*

/s/ Andrew C. Finch
Andrew C. Finch (*admitted pro hac vice*)
Jay Cohen (*admitted pro hac vice*)
Eyitayo St. Matthew-Daniel (*admitted pro hac vice*)
Kate Wald (*admitted pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
afinch@paulweiss.com
jaycohen@paulweiss.com
tstmatthewdaniel@paulweiss.com
kwald@paulweiss.com

Meredith Dearborn (*admitted pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, California 94105
Telephone: (650) 208-2788
mdearborn@paulweiss.com

*Attorneys for Defendant Spirit Airlines, Inc.*

**SO ORDERED:**

Dated this _21st_ day of _____June_____, 2023

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

**Nothing shall be filed in this Court pursuant to the terms of this order and it shall not be cited as a ground for sealing.

APPENDIX A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

GABRIEL GARAVANIAN, et al.

*Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.

*Defendants*.

Case No. 1:23-cv-10678-WGY

<u>**AGREEMENT CONCERNING CONFIDENTIALITY**</u>

I, _____ am employed by _____ as _____.

I hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action, and understand its terms.

2.      I agree to be bound by the terms of the Protective Order entered in the above-captioned actions. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.      I submit to the jurisdiction of the United States District Court for the District of Massachusetts solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____          _____

SIGNATURE                                                    DATE

APPENDIX B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GABRIEL GARAVANIAN, et al.<br><br>                              *Plaintiffs*,<br><br>        v.<br><br>JETBLUE AIRWAYS CORPORATION and<br>SPIRIT AIRLINES, INC.<br><br>                              *Defendants*. | Case No. 1:23-cv-10678-WGY |

## DECLARATION OF IN-HOUSE COUNSEL SERVING AS DESIGNATED ATTORNEY

I, _____, am employed by _____ as _____.

 I hereby certify that:

1.        I am in-house counsel for Defendant _____ who qualifies for access to Confidential Information under Paragraph 38(j) of the Protective Order.  I represent to the Court that I do not have a non-legal business role and do not participate in Competitive Decision-Making as defined in Paragraph 2 of the Protective Order, for my employer, _____.

2.        I agree not to participate in negotiations of commercial agreements between my employer, _____, and any non-Party Protected Person whose Confidential Information is disclosed to me during the pendency of this Action (including appeal) and for six months thereafter, unless the non-Party Protected Person provides written consent to such participation after having been informed of my access to the non-Party Protected Person's Confidential Information.

26

3.      I make this declaration this _____ day of _____, 20\_\_.

 

 

_____
SIGNATURE

_____
DATE