UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>    *Defendants*. | Civil Action No. 1:23-cv-10511-WGY |
| GABRIEL GARAVANIAN, et al.<br><br>    *Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.<br><br>    *Defendants*. | Civil Action No. 1:23-cv-10678-WGY |

**DECLARATION OF ELIZABETH M. WRIGHT IN SUPPORT OF DEFENDANTS' MOTION TO TAKE THE DEPOSITION OF NON-PARTY DELTA AIR LINES, INC. AND COMPLETE THE DEPOSITION OF NON-PARTY MASSACHUSETTS PORT AUTHORITY ON JULY 7, 2023**

I, Elizabeth M. Wright, declare and state as follows:

1. I am an attorney at the law firm Cooley LLP and counsel for Defendant JetBlue Airways Corporation in the above-captioned matters. I am familiar with the proceedings in these cases, and I make the following statements based on personal knowledge of the facts set forth herein and in support of Defendants' Motion to Take the Deposition of Non-Party Delta Air Lines, Inc. and Complete the Deposition of Non-Party Massachusetts Port Authority on July 7, 2023.

-2-

2. During this expedited discovery period, the parties served document subpoenas under Federal Rule of Civil Procedure 45 on dozens of non-parties. In response to those subpoenas, non-parties have produced nearly 100,000 documents.

3. The parties began conducting depositions in May and in early June. Nearly 60 depositions occurred in the month of June alone.

4. Defendants served a subpoena on non-party Delta on March 17 for production of documents. On March 31, Delta served objections and responses to Defendants' document subpoena. Defendants then met and conferred with Delta on numerous occasions over the course of several weeks regarding the scope of the subpoena and Delta's production. Delta began producing responsive documents in early May and most recently produced a small set of documents on June 29.

5. Defendants served a Rule 30(b)(6) deposition subpoena on Delta on May 22.

6. Defendants met and conferred with Delta regarding the scope of the 30(b)(6) subpoena on May 30 and June 9. On these meet and confers, Defendants communicated to Delta that they wanted to schedule Delta's deposition for the third week in June. During these meetings, Defendants also discussed Delta's remaining document production with Delta.

7. On June 15, Delta identified its Rule 30(b)(6) witness as Eric Beck. Delta represented that Mr. Beck was traveling and, due to preexisting commitments, would not be available for a deposition before July 6. Delta also stated that they had informed DOJ of this proposal, as well as counsel for the Private Plaintiffs.

8. On June 22, I spoke by telephone with Brendan Sepulveda and John Briggs of the Department of Justice regarding the unavailability of Delta's witness before July 6 and the potential need to seek relief from the Court if the parties could not mutually agree to accommodate the non-party witness's availability. DOJ informed Defendants that DOJ opposed scheduling the Delta deposition on July 7 unless Defendants would agree that DOJ's deadline for its expert report would move from July 6 to July 12. DOJ would not agree to supplement its expert report after the Delta deposition, nor would DOJ agree to adjust Defendants' expert report deadline. In essence,

DOJ wanted additional time for its expert reports but was unwilling to give Defendants any corresponding additional time.

9. On June 26 and 27, Defendants and DOJ continued to confer over email regarding the date for the Delta deposition and a potential resolution to avoid this motion practice.

10. On June 27—the day before the scheduled deposition of Massport's witness—counsel for Massport informed DOJ and Defendants that Massport would not be able to produce its documents responsive to the subpoena that day. Counsel for Massport asked to reschedule the deposition until after its production of documents and represented that the deposition would be more efficient if the parties were in possession of Massport's production.

11. Despite not having the benefit of Massport's documents, Defendants insisted that the deposition go forward on June 28 in an effort to complete fact discovery by the deadline in the Case Management Orders. At about 6:00 p.m. on June 27 (the night before the deposition), counsel for Massport informed the parties that its designated witness would not be prepared to testify regarding two of the topics in the Rule 30(b)(6) notice—including the proposed merger between JetBlue and Spirit. Again, in an effort to complete fact discovery before June 28, Defendants agreed to go forward on June 28 and question Massport's witness on the topics on which he was prepared to testify.

12. On June 28, counsel for JetBlue, DOJ, and Private Plaintiffs participated in the Massport deposition. The parties questioned the Massport witness on June 28 regarding the other topics in the subpoena, and both Defendants and Government Plaintiffs reserved time for additional questioning on a date when the deposition could be continued. Several hours after the deposition—and without having raised any objection in advance of or on the record during the deposition—the Government Plaintiffs informed Defendants for the first time that they objected to completing the Massport deposition on a date when the witness was prepared to testify.

13. Defendants and DOJ continued to confer regarding the scheduling of the Delta deposition and the completion of the Massport deposition via email on June 28 and June 29. On June 29, DOJ informed Defendants that they would not agree to any accommodation of either

-4-

Delta or Massport unless Defendants agreed to DOJ's request for an additional week for its expert report(s).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed June 30, 2023, in Boston, MA.

By: */s/ Elizabeth Wright*
Elizabeth Wright

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Elizabeth Wright*
Elizabeth Wright

287664506