# EXHIBIT 7

| | |
|---|---|
| **From:** | Nguyen, Matt K <mnguyen@cooley.com> |
| **Sent:** | Friday, May 26, 2023 2:53 PM |
| **To:** | Lawrence Papale |
| **Cc:** | Wright, Elizabeth; Josephine Alioto; Christopher A. Nedeau; Glass, Ethan; Hafer, Zach; Mejia, Beatriz; Dearborn, Meredith; St. Matthew-Daniel, Eyitayo; srudman@choate.com; Finch, Andrew C; jaychoen@paulweiss.com; Wald, Kate; Kaufman, Katie N; Gaffney, Yoav; Tetreault, Mike G |
| **Subject:** | RE: Plaintiffs' Responses and Objections to Defendants' First Set of Requests for Production |

Counsel:

This email responds specifically to the parties' correspondence below regarding Plaintiffs' objections to Defendants' first set of requests for production.

**Requests Nos. 1, 2, 5, 8, 9, 10**:  Thank you for agreeing to produce all non-privileged documents in Plaintiffs custody or control that are responsive to these Requests from January 1, 2015 to April 17, 2023.

**Request No. 4**:  We disagree that Request No. 4 is "functionally duplicative" of Request No. 2.  We also disagree with your insistence that Request No. 2 has "more relevant" documents than Request No. 4—as the threshold inquiry is relevance, not comparative relevance.  *E.E.O.C. v. Electro-Term, Inc.*, 167 F.R.D. 344, 346 (D. Mass. 1996) (citing *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984))  ("[I]nformation is discoverable if there is *any possibility* that it might be relevant to the subject matter of the action.").  However, in the spirit of compromise, and while reserving all rights to seek a more fulsome production pursuant to Request No. 4, we are willing to defer Request No. 4 until after we have had the opportunity to review Plaintiffs' production under Request No. 2.

**Requests Nos. 3 and 6**:  You contend that these Requests are "only designed to harass, annoy, and oppress our clients by requiring them to reveal financial information that has no relevance."  This contention is completely unfounded, and we strongly disagree.  As we explained during the meet and confer on Monday, May 22, Plaintiffs have filed a Clayton Act case seeking injunctive relief—under which Plaintiffs must establish, among other things, Article III standing, antitrust standing, and injury.  Central to Plaintiffs' claim is whether the Travel Agent Plaintiffs can show that their businesses will suffer irreparable harm, which Defendants are entitled to test.  To claim that such information "has no relevance" rings incredibly hollow.

- **In the spirit of compromise, Defendants are willing to narrow these Requests to the following**:  For each Plaintiff who is a travel agent, produce documents sufficient to show Your travel agency's revenue, profits, and losses, and financial statements from booking air travel for customers, including, but not limited to, documents sufficient to show how you are paid (e.g., flat fee, percentage commission, referral fee) and by whom (e.g., customer, airline, agent).

We trust that this proposal will satisfy Plaintiffs' objections.  Please let us know by Monday, May 29, if Plaintiffs agree to this compromise; and if so, please confirm that Plaintiffs will produce responsive documents no later than Friday, June 2.

**Request No. 7**:  Pursuant to my email to you dated Wednesday, May 24:  "In the interests of compromise, Defendants are willing to consider Plaintiffs' obligations under both this Interrogatory and RFP No. 7 satisfied if, along with the list of each Plaintiff's lawsuits agreed to above, each Plaintiff provides a written response by June 2 at the latest as to whether they have received any settlement remuneration whatsoever (e.g., cash, gift card, voucher, discount) pursuant to any case concerning an airline merger.  Please let us know by this Friday [today] if Plaintiffs agree to this proposal."

Finally, we reiterate that Plaintiffs' discovery responses have raised serious concerns about the steps Plaintiffs have taken to preserve all potentially relevant information.  The fact that Plaintiffs quibble over the word choice of "formal

litigation hold" is a red herring:  Plaintiffs—whether they are individuals or businesses—are legally obligated to preserve all potentially relevant information.  To the extent Plaintiffs have not done so, we intend to seek the appropriate relief.

Have a great Memorial Day weekend.

All the best,
Matt

Matt K. Nguyen
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
+1 202 728 7123 office
+1 202 842 7899 fax
mnguyen@cooley.com

Bio | LinkedIn

---

**From:** Lawrence Papale <lgpapale@papalelaw.com>
**Sent:** Tuesday, May 23, 2023 9:07 PM
**To:** Nguyen, Matt K <mnguyen@cooley.com>
**Cc:** Wright, Elizabeth <ewright@cooley.com>; Hawrris Niazi <hniazi@aliotolaw.com>; Josephine Alioto <j.alioto@veenfirm.com>; Joseph Alioto Jr. <joseph@aliotolegal.com>; Joseph M. Alioto <jmalioto@aliotolaw.com>; Tatiana Wallace <twallace@aliotolaw.com>; Linda T Blum <lblum@aliotolaw.com>; Christopher A. Nedeau <cnedeau@nedeaulaw.net>; Lingel Winters <sawmill2@aol.com>; Glass, Ethan <eglass@cooley.com>; Hafer, Zach <ZHafer@cooley.com>; Mejia, Beatriz <MEJIAB@cooley.com>; mdearborn@paulweiss.com; tstmatthewdaniel@paulweiss.com; srudman@choate.com; afinch@paulweiss.com; jaychoen@paulweiss.com; kwald@paulweiss.com; Kaufman, Katie N <KKaufman@cooley.com>; Gaffney, Yoav <ygaffney@paulweiss.com>
**Subject:** Re: ***SPAM*** RE: PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**[External]**

---

Dear Matt,

This will respond to your email this morning attempting to summarize our meet and confer conference yesterday.  We do take exception to your characterization of plaintiffs' interrogatory responses as inadequate and improper under Rule 34 and not a good faith effort to comply with discovery in this expedited litigation. Since your interrogatories and document requests were identical for each of the twenty-five plaintiffs, it should come as no surprise that our objections were the same.

With respect to production of documents, we propose the following:

- Plaintiffs will produce all non-privileged documents in their custody or control that are responsive to Requests for Production Nos. 1,2,5, 8, 9 and 10 from 2015 to 2023.
- Plaintiffs will not produce documents pursuant to Request for Production No. 4,  since documents responsive to Request for Production No. 2 would actually be more relevant. Any production for No. 4 would be functionally duplicative of plaintiffs' production for Request for Production No. 2.
- Plaintiffs intend to stand on our objections to Requests for Production Nos. 3, 6 and 7.

2

Your demand for plaintiffs' personal and travel agency revenue, profits and losses, and financial statements in Request For Production No. 3, and plaintiffs' annual income in Request For Production No. 6 seems only designed to harass, annoy, and oppress our clients by requiring them to reveal financial information that has no relevance to the lawsuit. Unless you can provide authority that supports your theory that disclosure of the aforesaid financial information is relevant to standing, we see no reason to ask our clients to make these disclosures.

We continue to assert that with respect to Request For Production No. 7 you are not entitled to disclosure of the terms of settlement, including payments to plaintiffs, in any lawsuit(s) or complaint(s) seeking to enjoin a merger under the Clayton Act. All the settlements involving these plaintiffs were done under confidentiality agreements approved by the parties and ordered by each district court. We do not intend to ask our clients to violate court orders. Despite the caselaw you cite for the proposition that prior litigation history is relevant to standing, first, we do not read the case for that proposition and, second, clearly that case cannot and did not authorize disclosure of court-ordered confidentiality agreements of settlements, nor can such confidentiality be abridged.

During the conference, you referred to "multiple different standing requirements" and "injury that is personal to each plaintiff". Please explain what you were talking about with case authority for the same so that we can better appreciate your position.

Regarding the timing of the actual production, we will undertake to make rolling productions of these documents immediately with an eye toward completing the production no later than Friday, June 2, 2023.

Plaintiffs' counsel look forward to continuing our meet and confer with you tomorrow at 2:00 PM pacific.

With kind regards,


Lawrence Papale


Law Offices of Lawrence G. Papale
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574
Tel:  707-963-1704
lgpapale@papalelaw.com

On May 22, 2023, at 7:57 PM, Nguyen, Matt K <mnguyen@cooley.com> wrote:

Counsel:

Following up on my earlier scheduling email, I write to memorialize our Zoom discussion this afternoon regarding your objections to our requests for production.

At the outset, you acknowledged that you served identical objections for every single Plaintiff, which we regard as inadequate and improper under Rule 34 and not a good faith effort to comply with discovery in this expedited litigation.  Moreover, you noted that Plaintiffs' responses were, without explanation, served two days late.

During the call, you agreed to inform us when we can expect to receive documents responsive to the requests, in addition to the points you agreed to follow up on below, by May 24 at the absolute latest.  As we reminded you on our call, because the deadline the parties agreed to for substantial completion passed on May 15, and in light of the highly truncated discovery schedule which you requested and the fact that you have had access to Defendants' documents for

some time, we expect that you will make every effort to identify and provide responsive materials within a reasonable time frame.

\*\*\*

Ms. Stansbury:  Again, we express our heartfelt condolences concerning the passing of Ms. Stansbury.  You stated that you will let us know whether you plan to move to remove her as a Plaintiff.

Right to Privacy Objection:  Plaintiffs repeatedly objected to several requests on the ground that they "invade the privacy of your clients."  We asked you for authority for the proposition that California state law would govern discovery in the Federal District Court for the District of Massachusetts over Plaintiffs who by and large are not California citizens or residents.  You did not cite any authority on our call, but said that you would look into it.  You also agreed to consider whether the operative protective orders which Plaintiffs "agree[d] to be bound by" suffice to resolve Plaintiffs' purported privacy objection.  *See* Dkt. 76 at 8 ("The Northern District of California entered an interim protective order on March 17, 2023.  Dkt 34.  The Protective Order entered in the DOJ Case applies with equal force in this case, and the Plaintiffs agree to be bound by the terms of that Order.  DOJ Case, Dkt. 66.").

First Request for Production: Thank you for agreeing to produce documents supporting each Plaintiff's response to Interrogatory #1.  We note that because Plaintiffs' responses to Interrogatory #1 are not complete, circumscribing your production in this manner may not be sufficient, and Defendants reserve all rights to seek a fulsome production in response to this request to the extent necessary.  We request production of these documents by the end of this week, Friday, May 26.

Second Request for Production: You objected to our request for documents "sufficient to show every trip You have arranged for a customer from 2015 to present," on the ground that it was burdensome because of its "scope"—without confirming whether Plaintiffs had conducted a search for potentially responsive documents or explaining what specifically about the request's scope rendered such discovery burdensome.  We note preliminarily that you have not specifically alleged which, if any, of your Plaintiffs worked as travel agents, and you could not do so on our call.  Following our explanation that these documents are relevant to, among other things, standing and injury, you agreed to consult with your clients and revert.  We reiterate that this request is highly relevant and that these documents are reasonably accessible to Plaintiffs, and request a response by no later than Wednesday, May 24.

Third Request for Production:  You objected to our request for "Documents sufficient to show Your and/or Your travel agency's revenue, profits and losses, and financial statements" as being irrelevant and invasive of your clients' right to privacy.  As we explained, these documents are also relevant to standing, antitrust injury, the sufficiency of monetary relief, and other issues.  We look forward to hearing your response and we request a response by no later than Wednesday, May 24.

Fourth Request for Production:  You contended that our request for "Your customer list or documents sufficient to show every customer You have served" was not relevant on the basis that the customer list included individuals and entities who might not be injured by the merger.  Still, Plaintiffs acknowledged that whether your travel agent Plaintiffs' customers were individuals or businesses bore potential relevance to the claims and defenses in the litigation.   You also indicated that you would consider producing documents in response to Defendants' second request for production that resolve Defendants' fourth request concerning all travel agent customers who had booked air travel.  We reiterate that this request is highly relevant and reserve all rights to insist upon fulsome production if Plaintiffs' production pursuant to Defendants' second request is insufficient.  We look forward to hearing your response and we request a response by no later than Wednesday, May 24.

Fifth Request for Production:  In response to our request for "Documents sufficient to show" the incentives, discounts, and/or special or promotional rates received from airlines, you stated that you do not understand the relevance of this request.   Following our explanation that whether travel agent plaintiffs have benefited (and would continue benefiting

4

from) relationships, perks, and discounts provided by specific airlines is plainly relevant, you agreed to consider our request.  We look forward to hearing your response and we request a response by no later than Wednesday, May 24.

Sixth Request for Production:  You refused to provide documents responsive to our request for Plaintiffs' annual income on the basis that it "goes straight to damages," which Plaintiffs are not seeking.   As we explained, these documents are relevant to standing, antitrust injury, the sufficiency of monetary relief, and other issues.   We understand you to be standing on your objections to these documents.  Please let us know if this is incorrect.

Seventh Request for Production:  You refused to produce documents "sufficient to show all payments and/or other benefits You have received in connection with any lawsuit(s) or complaint(s) seeking to enjoin a merger under the Clayton Act in which You have ever served as a plaintiff," on the grounds that it is not relevant and that we should "presume" that these settlements are "usually" confidential by court order.  We disagree.  Again, this information goes to standing, to antitrust injury, to irreparable injury, the availability of monetary relief, as well as bias, motive, and credibility.  *Cf. Core v. Casino Ctr.*, *LLC*, No. CV 20-462 DSF (AGRX), 2021 WL 3148875, at *1–2 (C.D. Cal. Mar. 22, 2021) (finding that prior litigation history could be relevant to standing).  We absolutely reject the contention that this request was served for any improper purpose.  You mentioned on the call that certain prior lawsuits were not for injunctive relief; if so, please identify those lawsuits so that we can assess.  Other than this issue, we understand you to be standing on your objections to these documents.  Please let us know if this is incorrect.

Eighth, Ninth, and Tenth Requests for Production:  You agreed to review and produce documents in response to our requests for documents "relied upon, consulted, or referred to" in the Complaint, your initial disclosures, and in responding to our Interrogatories.  However, you expressed reservations that many of these documents were subject to the attorney-client privilege.  As noted, we seek non-privileged documents Plaintiffs relied on, not your communications with Plaintiffs or documents you created on their behalf.  To the extent you withhold any document responsive to these requests on the basis of attorney-client privilege, or any other privilege, we anticipate that you will include it on a privilege log that complies with the Federal Rules.

\*\*\*

Sincerely,
Matt

Matt K. Nguyen
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
+1 202 728 7123 office
+1 202 842 7899 fax
[mnguyen@cooley.com](mnguyen@cooley.com)


[Bio](Bio) | [LinkedIn](LinkedIn)

---

**From:** Nguyen, Matt K
**Sent:** Monday, May 22, 2023 6:32 PM
**To:** 'Lawrence Papale' <[lgpapale@papalelaw.com](lgpapale@papalelaw.com)>; Wright, Elizabeth <[ewright@cooley.com](ewright@cooley.com)>
**Cc:** Hawrris Niazi <[hniazi@aliotolaw.com](hniazi@aliotolaw.com)>; Josephine Alioto <[j.alioto@veenfirm.com](j.alioto@veenfirm.com)>; Joseph Alioto Jr. <[joseph@aliotolegal.com](joseph@aliotolegal.com)>; Joseph M. Alioto <[jmalioto@aliotolaw.com](jmalioto@aliotolaw.com)>; Tatiana Wallace <[twallace@aliotolaw.com](twallace@aliotolaw.com)>; Linda T Blum <[lblum@aliotolaw.com](lblum@aliotolaw.com)>; Christopher A. Nedeau <[cnedeau@nedeaulaw.net](cnedeau@nedeaulaw.net)>; Lingel Winters <[sawmill2@aol.com](sawmill2@aol.com)>; Glass, Ethan <[eglass@cooley.com](eglass@cooley.com)>; Hafer, Zach <[ZHafer@cooley.com](ZHafer@cooley.com)>; Mejia, Beatriz <[MEJIAB@cooley.com](MEJIAB@cooley.com)>; [mdearborn@paulweiss.com](mdearborn@paulweiss.com); [tstmatthewdaniel@paulweiss.com](tstmatthewdaniel@paulweiss.com); [srudman@choate.com](srudman@choate.com); [afinch](afinch)

@paulweiss.com;jaychoen@paulweiss.com; kwald@paulweiss.com; Kaufman, Katie N <KKaufman@cooley.com>
**Subject:** RE: PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Lawrence,

Thank you for the call earlier today to discuss Plaintiffs' RFP responses. Pursuant to our call, we look forward to hearing from you on Wednesday (5/24) clarifying Plaintiffs' positions on each RFP response and articulating what date Defendants can expect to expect to see the corresponding document productions.

As for the interrogatory responses, please let us know what times Plaintiffs are available tomorrow or Wednesday for a meet and confer.

All the best,
Matt

Matt K. Nguyen
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
+1 202 728 7123 office
+1 202 842 7899 fax
mnguyen@cooley.com

Bio | LinkedIn

---

**From:** Lawrence Papale <lgpapale@papalelaw.com>
**Sent:** Friday, May 19, 2023 3:32 PM
**To:** Wright, Elizabeth <ewright@cooley.com>
**Cc:** Hawrris Niazi <hniazi@aliotolaw.com>; Josephine Alioto <j.alioto@veenfirm.com>; Joseph Alioto Jr. <joseph@aliotolegal.com>; Joseph M. Alioto <jmalioto@aliotolaw.com>; Tatiana Wallace <twallace@aliotolaw.com>; Linda T Blum <lblum@aliotolaw.com>; Christopher A. Nedeau <cnedeau@nedeaulaw.net>; Lingel Winters <sawmill2@aol.com>; Glass, Ethan <eglass@cooley.com>; Hafer, Zach <ZHafer@cooley.com>; Nguyen, Matt K <mnguyen@cooley.com>; Mejia, Beatriz <MEJIAB@cooley.com>; mdearborn@paulweiss.com; tstmatthewdaniel@paulweiss.com; srudman@choate.com; afinch@paulweiss.com; jaychoen@paulweiss.com; kwald@paulweiss.com
**Subject:** Re: PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

[External]

Some of the responses and verifications were inadvertently left out of the dropbox. We are sending them over this afternoon. Ms. Stansbury recently passed away and therefore there will be nor responses for her. We are waiting on the return of several verifications and will provide them to you as soon as they are received. The responses to the document requests are coming to you today.

LP


Law Offices of Lawrence G. Papale
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574

Tel:  707-963-1704
lgpapale@papalelaw.com

On May 19, 2023, at 2:29 PM, Wright, Elizabeth <ewright@cooley.com> wrote:

Thanks, Lawrence. We will send a Zoom invite for Monday.  Can you please answer my questions below regarding the missing responses to the document requests, the missing responses to the interrogatories, and the missing verifications?

Liz

Elizabeth M. Wright
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA  02116-3736
+1 617 937 2349 office
+1 617 312 2286 mobile
+1 617 937 2400 fax
ewright@cooley.com

www.cooley.com

---

**From:** PapaleLaw <lgpapale@papalelaw.com>
**Sent:** Friday, May 19, 2023 1:59 PM
**To:** Wright, Elizabeth <ewright@cooley.com>
**Cc:** Hawrris Niazi <hniazi@aliotolaw.com>; Josephine Alioto <j.alioto@veenfirm.com>; Joseph Alioto Jr. <joseph@aliotolegal.com>; Joseph M. Alioto <jmalioto@aliotolaw.com>; Tatiana Wallace <twallace@aliotolaw.com>; Linda T Blum <lblum@aliotolaw.com>; Christopher A. Nedeau <cnedeau@nedeaulaw.net>; Lingel Winters <sawmill2@aol.com>; Glass, Ethan <eglass@cooley.com>; Hafer, Zach <ZHafer@cooley.com>; Nguyen, Matt K <mnguyen@cooley.com>; Mejia, Beatriz <MEJIAB@cooley.com>; mdearborn@paulweiss.com; tstmatthewdaniel@paulweiss.com; srudman@choate.com; afinch@paulweiss.com; jaychoen@paulweiss.com; kwald@paulweiss.com
**Subject:** Re: PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**[External]**

---

Elizabeth,

I will be responding to your inquiry with respect to the discovery responses on behalf of the plaintiffs.  We will be available to meet and confer at your convenience on Monday between 10:00 and 4:00 pacific.

Lawrence


Law Offices of Lawrence G. Papale
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574
Tel:  707-963-1704
lgpapale@papalelaw.com

7

On May 19, 2023, at 9:02 AM, Wright, Elizabeth <ewright@cooley.com> wrote:

Joe,

Defendants served document requests and interrogatories on Plaintiffs on April 17.  The deadline for Plaintiffs to respond was Wednesday May 17. We have not received any responses to the document requests from any plaintiff.  Please let us know as soon as possible if we missed a transmission.

With respect to the interrogatories, even though some Plaintiffs have served responses, there are no responses for Plaintiffs Davis, Gardner, Malaney, and Stansbury.  In addition, ten Plaintiffs have not verified their interrogatory responses.  And confusingly, we received a signed verification from Plaintiff Davis but no actual interrogatory responses.  Please send us the missing verifications by close of business today, and please let us know immediately if we missed the transmission of the responses from Plaintiffs Davis, Gardner, Malaney, and Stansbury.

Turning to the substance of the interrogatory responses, Plaintiffs' responses fall far below their discovery obligations under Rule 33.  Many of Plaintiffs' responses to Interrogatory No. 1, for example, are missing details that Plaintiffs should have easy access to, including but not limited to the Booking Date, Price, and specific Booking Method.  Plaintiffs have also objected altogether to Interrogatory No. 4, claiming an unspecified "violation of Plaintiff's right to privacy."

Please let us know your availability for a meet and confer either this afternoon or on Monday to discuss.

Liz

Elizabeth M. Wright
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA  02116-3736
+1 617 937 2349 office
+1 617 312 2286 mobile
+1 617 937 2400 fax
ewright@cooley.com

www.cooley.com

---

**From:** Hawrris Niazi <hniazi@aliotolaw.com>
**Sent:** Wednesday, May 17, 2023 4:50 PM
**To:** Glass, Ethan <eglass@cooley.com>; Wright, Elizabeth <ewright@cooley.com>; Mejia, Beatriz <MEJIAB@cooley.com>; srudman@choate.com; afinch@paulweiss.com; tstmatthewdaniel@paulweiss.com; jaychoen@paulweiss.com; kwald@paulweiss.com; mdearborn@paulweiss.com
**Cc:** Josephine Alioto <j.alioto@veenfirm.com>; Joseph Alioto <joseph@aliotolegal.com>; Joseph M. Alioto <jmalioto@aliotolaw.com>; Tatiana Wallace <twallace@aliotolaw.com>; Linda T Blum <lblum@aliotolaw.com>; 'Lawrence Papale (lgpapale@papalelaw.com)' <lgpapale@papalelaw.com>; 'Christopher Nedeau' <cnedeau@nedeaulaw.net>; Lingel Winters <sawmill2@aol.com>
**Subject:** PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**[External]**

Good Afternoon,

Please find the drobox link below which contains the

- **Plaintiffs Responses and Objections to Defendants' First Set of Interrogatories**
- **Verifications**

https://www.dropbox.com/t/ZXsXw8fKe34VvzmP

Thank you.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.