# EXHIBIT 9

| | |
|---|---|
| **From:** | Nguyen, Matt K <mnguyen@cooley.com> |
| **Sent:** | Wednesday, May 31, 2023 5:04 PM |
| **To:** | PapaleLaw |
| **Cc:** | Wright, Elizabeth; Josephine Alioto; Christopher A. Nedeau; Glass, Ethan; Hafer, Zach; Mejia, Beatriz; Dearborn, Meredith; St. Matthew-Daniel, Eyitayo; srudman@choate.com; Finch, Andrew C; jaychoen@paulweiss.com; Wald, Kate; Kaufman, Katie N; Gaffney, Yoav; Tetreault, Mike G |
| **Subject:** | RE: PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES |

Counsel,

We write to respond to your email below dated May 26, 2023, regarding the parties' meet and confer on Plaintiffs' interrogatory responses.

**Interrogatory No. 1**

You contend Plaintiffs "are not required to follow [Defendants'] directions regarding reasonably available sources of information." But this is a straw man. Given key omissions from Plaintiffs' responses to Interrogatory No. 1 (*see, e.g.*, Arcell Responses to Defs' First Set of Interrogatories at 6), we simply asked during the meet and confer whether your inquiry encompassed all "reasonably accessible" sources of relevant information, such as Plaintiffs' electronic calendars and airline accounts. *See* Rule 26(b)(2) (parties must provide discovery of "reasonably accessible" electronically stored information). When you failed to explain why those records went unreviewed when preparing Plaintiffs' responses, we expressed concern that Plaintiffs had not searched all "reasonably accessible" sources. You agreed to supplement.

We find remarkable your insistence that Defendants can just "ask [Plaintiffs] directly at their depositions what they looked for and how their search . . . was conducted." To be clear, the fact that we could separately ask Plaintiffs **then** does not excuse Plaintiffs' failure to comply with their discovery obligations **now**.

**Document Preservation**

During the meet and confer, you refused to confirm whether your clients had preserved all potentially relevant documents. You now assert that Plaintiffs are "ordinary people, some with small businesses, who do not entertain or even contemplate formalistic practices" for document retention. These two representations imply that Plaintiffs deleted potentially relevant documents in violation of their discovery obligations. *See Ortiz v. City of Worcester*, 2017 WL 2294285, at * 2 (D. Mass. May 25, 2017) ("When a complaint has been filed (or litigation reasonably should be anticipated), 'a litigant is under . . . a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.'"); Fed. R. Civ. Proc. 37(e). Once again, we reserve all rights and intend to seek appropriate relief if Plaintiffs failed to take rudimentary steps to preserve pursuant to Rule 37.

**Interrogatory No. 4**

Defendants appreciate your cooperation in providing a list of prior lawsuits filed by Plaintiffs by this Friday, June 2. Contrary to your insistence that this discovery is "intended to harass Plaintiffs," we absolutely reject Plaintiffs' unfounded claim that this request was served for any improper purpose. This information is plainly relevant here and there is no question that Plaintiffs possess greater knowledge about their prior lawsuits than Defendants. And as we noted during the meet and confer, Plaintiffs' prior participation in (and profit from) such suits goes to standing, antitrust injury, irreparable injury, the availability of monetary relief, as well as bias, motive, and credibility. *Cf. Core v. Casino*

*Ctr.*, *LLC*, No. CV 20-462 DSF (AGRX), 2021 WL 3148875, at *1–2 (C.D. Cal. Mar. 22, 2021) (prior litigation history could be relevant to standing).

As for the confidentiality of prior settlements, the stipulated joint motion for protective order limits use of confidential information "solely for the conduct of these Actions and may not be used for any business, commercial, competitive, personal, or other purpose." *See* Joint Motion for Protective Order at ¶ 47, ECF No. 97-1.  It is Plaintiffs—not Defendants—that are relying on a "blanket assertion" that it should be presumed that these settlements are universally confidential, even though Plaintiffs have not identified even a single settlement where the court has shielded the settlement terms from discovery covered by a protective order.  Nor have Plaintiffs explained why Defendants' compromise proposal—that "each Plaintiff provides a written response by June 2 at the latest as to whether they have received any settlement remuneration whatsoever (e.g., cash, gift card, voucher, discount) pursuant to any case concerning an airline merger"—would not resolve Plaintiffs' unsubstantiated confidentiality concerns.

**Standing and Injury**

We are surprised that Plaintiffs appear to be unfamiliar with the standing and injury requirements under the antitrust laws.  *See generally* Philip E. Areeda & Herbert Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and Their Application ch. 335 (2022).

Sincerely,
Matt

Matt K. Nguyen
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
+1 202 728 7123 office
+1 202 842 7899 fax
mnguyen@cooley.com

Bio | LinkedIn

---

**From:** PapaleLaw <lgpapale@papalelaw.com>
**Sent:** Friday, May 26, 2023 12:56 PM
**To:** Nguyen, Matt K <mnguyen@cooley.com>
**Cc:** Wright, Elizabeth <ewright@cooley.com>; Josephine Alioto <j.alioto@veenfirm.com>; Christopher A. Nedeau <cnedeau@nedeaulaw.net>; Glass, Ethan <eglass@cooley.com>; Hafer, Zach <ZHafer@cooley.com>; Mejia, Beatriz <MEJIAB@cooley.com>; mdearborn@paulweiss.com; tstmatthewdaniel@paulweiss.com; srudman@choate.com; afinch@paulweiss.com; jaychoen@paulweiss.com; kwald@paulweiss.com; Kaufman, Katie N <KKaufman@cooley.com>; Yoav Gaffney <ygaffney@paulweiss.com>; Tetreault, Mike G <MTetreault@cooley.com>
**Subject:** Re: PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**[External]**

---

Dear Matt,

This will respond to the email sent late Wednesday evening attempting to summarize our meet and confer conference on that day regarding our client's responses and our objections to Defendants' First Set of Interrogatories.  Again, we take exception to your characterization of plaintiffs' interrogatory responses regarding what we agreed to and how we are supposed to investigate our clients' case. Your "memorialization" seems to be a thinly veiled attempt to invade the attorney-client and attorney work-product privileges.

2

We advised you during the meet and confer, that we are not required to follow your directions regarding reasonably available sources of information from our clients. You will have the opportunity to ask them directly at their depositions what they looked for and how their search for the requested documentation was conducted.

We know of no authority that requires a plaintiff's attorney to confirm or deny that a formal litigation hold was imposed here.  Perhaps you are confusing the use of such litigation hold letters to your corporate clients to forestall deletion of records under a corporate document retention policy. Plaintiffs are ordinary people, some with small businesses, who do not entertain or even contemplate formalistic practices suitable for corporate clients. Should you find caselaw that requires us to impose a litigation hold on individual plaintiffs we would be interested in reviewing it.

Although we agreed to provide a list of lawsuits filed by our clients, this seems intended to harass Plaintiffs when you have ready access to the same via WestLaw and have probably already run these searches.  Nevertheless we will attempt to clarify this issue in supplements as appropriate

We continue to disagree with your flippant comment that confidentiality concerns regarding the benefits received by our client from prior settlements can be addressed through applicable protective orders. We seriously doubt that the district court judges who imposed the orders or the defendants who settled the cases conditioned on the confidentiality orders share your view. The blanket assertion that this information is directly relevant to standing, antitrust injury, irreparable injury, the availability of monetary relief, as well as bias, motive, and credibility, is unsupported over-generalization.

Finally, we have not received any legal authority for your reference to "multiple different standing requirements" and "injury that is personal to each plaintiff" during our first meet and confer conference on May 22nd.  We would appreciate better understanding why you made these comments.

One last thing, may I ask that defendants take the following plaintiffs' attorneys and staff off the email list for these discovery
issues: joseph@aliotolegal.com, jmalioto@aliotolaw.com, twallace@aliotolaw.com, lblum@aliotolaw.com, hniazi@aliotolaw.com, and sawmill2@aol.com.

Thank you,

Lawrence



Law Offices of Lawrence G. Papale
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574
Tel:  707-963-1704
lgpapale@papalelaw.com

On May 24, 2023, at 9:15 PM, Nguyen, Matt K <mnguyen@cooley.com> wrote:

Counsel,

We write to memorialize our Zoom discussion on Wednesday, May 24, regarding your responses and objections to Defendants' first set of interrogatories.  As discussed, we appreciate your agreement to supplement your interrogatory responses on the same timeline as agreed for production of documents responsive to Defendants' first set of Requests for Production.

3

**Interrogatory No. 1**:  Thank you for agreeing to review all reasonably available sources of information—inclusive of, but not limited to, Plaintiffs' documents, calendars, and online airline accounts—and supplement the information currently missing from Interrogatory #1 beginning this Friday, and by June 2 at the latest.

**Document Preservation**:  In addition, we reiterate our request that you confirm if, and when, a litigation hold was put in place for this matter, particularly since you could not confirm that documents, records, and emails were not deleted, and your acknowledgment—including by way of directing us to the documentary record—that documents which were created in the ordinary course should reflect the information we identified is currently missing from Plaintiffs' responses to Interrogatory #1.  As discussed, we are entitled to know whether Plaintiffs were timely made aware of, and complied with, their retention obligations.  We asked you on this meet-and-confer whether you had issued a litigation hold to all Plaintiffs.  You refused to answer this simple question.  This refusal, compounded with Plaintiffs' incomplete answers (e.g., "Plaintiff does not have access to information responsive to Defendant's request" even though Plaintiff is a member of "Delta Airlines, Southwest Airlines, American Airlines, and United Airlines" loyalty programs), raises serious questions as to whether Plaintiffs or their counsel deleted relevant records.  We reserve our rights to seek relief from the Court on this issue, particularly if this basic question remains unanswered.

**Interrogatory No. 2**:  Thank you for agreeing to supplement and provide complete responses to Interrogatory #2 for those Plaintiffs who responded that they had utilized alternative methods of transportation to/from the cities in which the airports are located, beginning this Friday, and by June 2 at the latest.  We also appreciate your clarification that Plaintiffs fully understood the meaning of "other methods of transportation," and that Plaintiffs who responded "No" or "None" meant that they had not taken alternative methods of transportation from city-to-city (and not merely airport-to-airport).

**Interrogatory No. 3**:  Thank you for agreeing to supplement and provide complete responses to Interrogatory #3, including, as necessary, to identify the tiers of membership for all airline loyalty and membership programs to which Plaintiffs belong, beginning this Friday, and by June 2 at the latest.

**Interrogatory No. 4**:  Thank you for agreeing provide a list of the lawsuits filed by Plaintiffs which are responsive to interrogatory #4, beginning by this Friday and by June 2 at the latest.  It is our understanding that you plan to stand on your objection to identifying any benefits received through participation in each of those lawsuits on the grounds of the right to privacy and the confidentiality of court orders.  As noted, and we reiterate here, any confidentiality concerns can be addressed through applicable protective orders, and this information is directly relevant to, at least, standing, antitrust injury, irreparable injury, the availability of monetary relief, as well as bias, motive, and credibility.  In the interests of compromise, Defendants are willing to consider Plaintiffs' obligations under both this Interrogatory and RFP No. 7 satisfied if, along with the list of each Plaintiff's lawsuits agreed to above, each Plaintiff provides a written response by June 2 at the latest as to whether they have received any settlement remuneration whatsoever (e.g., cash, gift card, voucher, discount) pursuant to any case concerning an airline merger.  Please let us know by this Friday if Plaintiffs agree to this proposal.

**Miscellaneous**: We appreciate confirmation that you will serve objections within 7 days of receipt of any further discovery requests served by Defendants, in accordance with the Case Management Order.

All the best,
Matt

Matt K. Nguyen
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
+1 202 728 7123 office
+1 202 842 7899 fax
mnguyen@cooley.com

Bio | LinkedIn

---

**From:** Nguyen, Matt K <mnguyen@cooley.com>
**Sent:** Tuesday, May 23, 2023 12:22 PM
**To:** PapaleLaw <lgpapale@papalelaw.com>
**Cc:** Wright, Elizabeth <ewright@cooley.com>; Hawrris Niazi <hniazi@aliotolaw.com>; Josephine Alioto <j.alioto@veenfirm.com>; Joseph Alioto Jr. <joseph@aliotolegal.com>; Joseph M. Alioto <jmalioto@aliotolaw.com>; Tatiana Wallace <twallace@aliotolaw.com>; Linda T Blum <lblum@aliotolaw.com>; Christopher A. Nedeau <cnedeau@nedeaulaw.net>; Lingel Winters <sawmill2@aol.com>; Glass, Ethan <eglass@cooley.com>; Hafer, Zach <ZHafer@cooley.com>; Mejia, Beatriz <MEJIAB@cooley.com>; mdearborn@paulweiss.com; tstmatthewdaniel@paulweiss.com; srudman@choate.com; afinch@paulweiss.com; jaychoen@paulweiss.com; kwald@paulweiss.com; Kaufman, Katie N <KKaufman@cooley.com>; Yoav Gaffney <ygaffney@paulweiss.com>
**Subject:** Re: PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Thanks Lawrence, that time works for us.  We'll circulate a new Zoom invite.

> On May 23, 2023, at 9:14 AM, PapaleLaw <lgpapale@papalelaw.com> wrote:
>
> [External]
>
> ---
>
> Matt,
>
> How about Wednesday at 2:00 PM Pacific for the Interrogatory call?
>
> LP
>
> Law Offices of Lawrence G. Papale
> The Cornerstone Building
> 1308 Main Street, Suite 117
> St. Helena, CA 94574
> Tel:  707-963-1704
> lgpapale@papalelaw.com
>
> On May 22, 2023, at 6:31 PM, Nguyen, Matt K <mnguyen@cooley.com> wrote:
>
> Lawrence,
>
> Thank you for the call earlier today to discuss Plaintiffs' RFP responses.  Pursuant to our call, we look forward to hearing from you on Wednesday (5/24) clarifying Plaintiffs' positions on each RFP response and articulating what date Defendants can expect to expect to see the corresponding document productions.
>
> As for the interrogatory responses, please let us know what times Plaintiffs are available tomorrow or Wednesday for a meet and confer.
>
> All the best,
> Matt

5

Matt K. Nguyen
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004-2400
+1 202 728 7123 office
+1 202 842 7899 fax
mnguyen@cooley.com

Bio | LinkedIn

**From:** Lawrence Papale <lgpapale@papalelaw.com>
**Sent:** Friday, May 19, 2023 3:32 PM
**To:** Wright, Elizabeth <ewright@cooley.com>
**Cc:** Hawrris Niazi <hniazi@aliotolaw.com>; Josephine Alioto <j.alioto@veenfirm.com>; Joseph Alioto Jr. <joseph@aliotolegal.com>; Joseph M. Alioto <jmalioto@aliotolaw.com>; Tatiana Wallace <twallace@aliotolaw.com>; Linda T Blum <lblum@aliotolaw.com>; Christopher A. Nedeau <cnedeau@nedeaulaw.net>; Lingel Winters <sawmill2@aol.com>; Glass, Ethan <eglass@cooley.com>; Hafer, Zach <ZHafer@cooley.com>; Nguyen, Matt K <mnguyen@cooley.com>; Mejia, Beatriz <MEJIAB@cooley.com>; mdearborn@paulweiss.com; tstmatthewdaniel@paulweiss.com; srudman@choate.com; afinch@paulweiss.com; jaychoen@paulweiss.com; kwald@paulweiss.com
**Subject:** Re: PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**[External]**

Some of the responses and verifications were inadvertently left out of the dropbox.  We are sending them over this afternoon.  Ms. Stansbury recently passed away and therefore there will be nor responses for her.  We are waiting on the return of several verifications and will provide them to you as soon as they are received.  The responses to the document requests are coming to you today.

LP


Law Offices of Lawrence G. Papale
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574
Tel:  707-963-1704
lgpapale@papalelaw.com

On May 19, 2023, at 2:29 PM, Wright, Elizabeth <ewright@cooley.com> wrote:

Thanks, Lawrence. We will send a Zoom invite for Monday.  Can you please answer my questions below regarding the missing responses to the document requests, the missing responses to the interrogatories, and the missing verifications?

Liz

Elizabeth M. Wright
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA  02116-3736

+1 617 937 2349 office
+1 617 312 2286 mobile
+1 617 937 2400 fax
ewright@cooley.com

www.cooley.com

---

**From:** PapaleLaw <lgpapale@papalelaw.com>
**Sent:** Friday, May 19, 2023 1:59 PM
**To:** Wright, Elizabeth <ewright@cooley.com>
**Cc:** Hawrris Niazi <hniazi@aliotolaw.com>; Josephine Alioto <j.alioto@veenfirm.com>; Joseph Alioto Jr. <joseph@aliotolegal.com>; Joseph M. Alioto <jmalioto@aliotolaw.com>; Tatiana Wallace <twallace@aliotolaw.com>; Linda T Blum <lblum@aliotolaw.com>; Christopher A. Nedeau <cnedeau@nedeaulaw.net>; Lingel Winters <sawmill2@aol.com>; Glass, Ethan <eglass@cooley.com>; Hafer, Zach <ZHafer@cooley.com>; Nguyen, Matt K <mnguyen@cooley.com>; Mejia, Beatriz <MEJIAB@cooley.com>; mdearborn@paulweiss.com; tstmatthewdaniel@paulweiss.com; srudman@choate.com; afinch@paulweiss.com; jaychoen@paulweiss.com; kwald@paulweiss.com
**Subject:** Re: PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**[External]**

Elizabeth,

I will be responding to your inquiry with respect to the discovery responses on behalf of the plaintiffs.  We will be available to meet and confer at your convenience on Monday between 10:00 and 4:00 pacific.

Lawrence


Law Offices of Lawrence G. Papale
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574
Tel:  707-963-1704
lgpapale@papalelaw.com

On May 19, 2023, at 9:02 AM, Wright, Elizabeth <ewright@cooley.com> wrote:

Joe,

Defendants served document requests and interrogatories on Plaintiffs on April 17.  The deadline for Plaintiffs to respond was Wednesday May 17. We have not received any responses to the document requests from any plaintiff. Please let us know as soon as possible if we missed a transmission.

With respect to the interrogatories, even though some Plaintiffs have served responses, there are no responses for Plaintiffs Davis, Gardner, Malaney, and Stansbury.  In addition, ten Plaintiffs have not verified their interrogatory responses.  And confusingly, we received a signed verification from Plaintiff Davis but no actual interrogatory responses.  Please send us the missing verifications by close of business today, and please let us know immediately if we missed the transmission of the responses from Plaintiffs Davis, Gardner, Malaney, and Stansbury.

Turning to the substance of the interrogatory responses, Plaintiffs' responses fall far below their discovery obligations under Rule 33.  Many of Plaintiffs' responses to Interrogatory No. 1, for example, are missing details that Plaintiffs should have easy access to, including but not limited to the Booking Date, Price, and specific Booking Method.  Plaintiffs have also objected altogether to Interrogatory No. 4, claiming an unspecified "violation of Plaintiff's right to privacy."

Please let us know your availability for a meet and confer either this afternoon or on Monday to discuss.

Liz

Elizabeth M. Wright
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA  02116-3736
+1 617 937 2349 office
+1 617 312 2286 mobile
+1 617 937 2400 fax
ewright@cooley.com

www.cooley.com

---

**From:** Hawrris Niazi <hniazi@aliotolaw.com>
**Sent:** Wednesday, May 17, 2023 4:50 PM
**To:** Glass, Ethan <eglass@cooley.com>; Wright, Elizabeth <ewright@cooley.com>; Mejia, Beatriz <MEJIAB@cooley.com>; srudman@choate.com; afinch@paulweiss.com; tstmatthewdaniel@paulweiss.com; jaychoen@paulweiss.com; kwald@paulweiss.com; mdearborn@paulweiss.com
**Cc:** Josephine Alioto <j.alioto@veenfirm.com>; Joseph Alioto <joseph@aliotolegal.com>; Joseph M. Alioto <jmalioto@aliotolaw.com>; Tatiana Wallace <twallace@aliotolaw.com>; Linda T Blum <lblum@aliotolaw.com>; 'Lawrence Papale (lgpapale@papalelaw.com)' <lgpapale@papalelaw.com>; 'Christopher Nedeau' <cnedeau@nedeaulaw.net>; Lingel Winters <sawmill2@aol.com>
**Subject:** PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

**[External]**

---

Good Afternoon,

Please find the drobox link below which contains the

- **Plaintiffs Responses and Objections to Defendants' First Set of Interrogatories**
- **Verifications**

https://www.dropbox.com/t/ZXsXw8fKe34VvzmP

Thank you.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are

not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.