# EXHIBIT 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, et al.,

*Plaintiff*,

v.   Civil Action No. 1:23-cv-10678-FDS

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

*Defendants*.

**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS'
SECOND SET OF INTERROGATORIES**

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **JETBLUE AIRWAYS CORPORATION SPIRIT AIRLINES, INC.** |
| **RESPONDING PARTY:** | **PLAINTIFF KATHERINE ARCELL** |
| **SET NUMBER:** | **TWO SUPPLEMENTAL** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and subject to the objections stated in Plaintiff's Response to Defendants' Second Set of Interrogatories previously served on Defendants, Plaintiff hereby supplements Plaintiff's responses as set forth below.

**SUPPLEMENTAL RESPONSES**

**INTERROGATORY NO. 5:**

State whether You are, or have been in the last five (5) years, employed as a travel agent and, if so, identify (a) the agency or agencies at which You were or are employed; (b) the dates

Your employment began and concluded (if applicable) at each travel agency; (c) whether You have, or had, any ownership stake in, or right to receive non-salary income (*i.e.,* commission or performance bonus) from the travel agency or agencies at which You were previously or are currently employed; (d) each and every form of revenue or income You or Your agency received (*i.e.*, commission-based payments from airlines, fees charged to purchasers

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**:

No.

(a)　　I have not been employed for the last 5 years by any travel agency.

(b)　　I have not been employed for the last 5 years by any travel agency.

(c)　　When I was a travel agent, I received a 1099 for the commissions and fees that were received by my S Corporation, A & W Travel Inc. I owned a 50% share in the corporation and shared in the software and expenses of running the corporation.

(d)　　I did not receive commissions from the airlines. The airlines stopped paying commissions many years ago. I received payments from Airline Consolidators who had contracts with the airlines to sell tickets at negotiated prices. I charged my clients a service fee for my expertise and services.

**INTERROGATORY NO. 6**:

Identify each and every airport that You consider flying out of when traveling from Your primary residence or flying into when returning to Your primary residence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**:

New Orleans

**INTERROGATORY NO. 7**:

Identify each and every distinct injury You allege that You will suffer as a result of the merger between JetBlue and Spirit.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**:

The following response is submitted as a partial and not complete list of potential injury and this response may change as further information is received and analyzed by Plaintiff and Plaintiff's attorneys and experts. The specific response set forth below is based upon information now known. Plaintiff has not yet completed discovery or preparation for trial in this case, and, therefore, reserves the right to amend, modify, or supplement any general or specific response.

This proposed acquisition is a substantial threat of harm and injury to all the Plaintiffs in that they will face higher fares, fewer flights, less consumer choice than they otherwise would have, and they would be threatened with the inability to use air travel at all.

The proposed acquisition constitutes a substantial threat of injury to these Plaintiffs because this acquisition may have the effect "substantially to lessen competition" and "tend to create a monopoly" in a "line of commerce" in a "section of the country" in violation of Section 7 of the Clayton Antitrust Act (15 U.S.C. § 18). In addition, the contract to eliminate Spirit constitutes a non-trivial transaction eliminating a significant rival, which is not a failing company, that eliminates a substantial and growing, cost-cutting competitor from the market.

In addition, JetBlue's elimination of Spirit will be virtually certain to cause substantial irreparable injury to Plaintiffs and to all consumers for domestic scheduled air passenger transportation services in the relevant geographic and product markets in that, among other reasons, Spirit, and the consumer choices that go with it, will be gone, and once gone, the harm would be irreparable.

Plaintiffs are threatened with the loss of (1) the distinctive services and in-flight experience offered by Spirit; (2) a reduction in customer choice; (3) a reduction in capacity and the curtailment of flights thereby creating higher prices and severe inconvenience to consumers; and (4) ultimately, the loss of a vibrant, vigorous, and innovative fare-cutting competitor.  The elimination of Spirit will further substantially threaten to harm U.S. passengers through increases in the price of tickets, checked bags and flight change fees, translating to billions of dollars of harm to consumers annually, and further threatens to deprive passengers of the unique comfort, style, service and especially affordability offered by Spirit.

If Spirit is eliminated, Plaintiffs will sustain irreparable harm for which damages will be inadequate to compensate Plaintiffs in that the competition from a "price-disruptor" will be extirpated and customer choice for travel options eradicated.  The imagination and initiative of Spirit will be snuffed out; modern jets and expansion plans will be jettisoned; customer convenience and satisfaction will be disregarded.  Spirit's air service once lost cannot be restored.

 I personally would like to have the option of a very low fare airline so that I can decide if I want to pay a higher ticket price with more services or save money and pay less with less services.  If Jet Blue succeeds in taking over Spirit, that option would go away.

**INTERROGATORY NO. 8**:

Identify each and every "submarket" and "route" referred to at Paragraphs 7, 19, 59 and 84 of the Complaint. For avoidance of doubt, "submarket" and "route" are ascribed the same meanings as in the Complaint.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**:

The following city pairs constitute some, among many, submarkets for airline services in the United States.  This response is submitted as a partial and not complete list of potential submarkets and this response may change as further information is received and analyzed by Plaintiff and Plaintiff's attorneys and experts.  The specific response set forth below is based upon information now known. Plaintiff has not yet completed discovery or preparation for trial in this case, and, therefore, reserves the right to amend, modify, or supplement any general or specific response.

| City Market 1 | City Market 2 |
| --- | --- |
| Aguadilla, PR | Raleigh/Durham, NC |
| Aguadilla, PR | Las Vegas, NV |
| Aguadilla, PR | Richmond, VA |
| Aguadilla, PR | Orlando, FL |
| Aguadilla, PR | Washington, DC (Metropolitan Area) |
| Aguadilla, PR | Los Angeles, CA (Metropolitan Area) |
| Aguadilla, PR | Minneapolis/St. Paul, MN |
| Aguadilla, PR | Chicago, IL |
| Aguadilla, PR | Kansas City, MO |
| Aguadilla, PR | New York City, NY (Metropolitan Area) |
| Aguadilla, PR | Charlotte, NC |
| Aguadilla, PR | Detroit, MI |
| Aguadilla, PR | New Orleans, LA |
| Aguadilla, PR | Milwaukee, WI |
| Aguadilla, PR | Tampa, FL (Metropolitan Area) |
| Aguadilla, PR | Houston, TX |
| Aguadilla, PR | Philadelphia, PA |
| Aguadilla, PR | Miami, FL (Metropolitan Area) |
| Atlanta, GA (Metropolitan Area) | New York City, NY (Metropolitan Area) |
| Atlanta, GA (Metropolitan Area) | Ponce, PR |
| Atlanta, GA (Metropolitan Area) | Aguadilla, PR |
| Austin, TX | New York City, NY (Metropolitan Area) |
| Austin, TX | Miami, FL (Metropolitan Area) |
| Austin, TX | Aguadilla, PR |
| Austin, TX | Ponce, PR |
| Boston, MA (Metropolitan Area) | Sacramento, CA |
| Boston, MA (Metropolitan Area) | Orlando, FL |

| | |
|---|---|
| Boston, MA (Metropolitan Area) | Miami, FL (Metropolitan Area) |
| Boston, MA (Metropolitan Area) | Tampa, FL (Metropolitan Area) |
| Boston, MA (Metropolitan Area) | New Orleans, LA |
| Boston, MA (Metropolitan Area) | San Diego, CA |
| Boston, MA (Metropolitan Area) | Las Vegas, NV |
| Boston, MA (Metropolitan Area) | Charlotte Amalie, VI |
| Boston, MA (Metropolitan Area) | Fort Myers, FL |
| Boston, MA (Metropolitan Area) | San Juan, PR |
| Boston, MA (Metropolitan Area) | Aguadilla, PR |
| Boston, MA (Metropolitan Area) | Christiansted, VI |
| Boston, MA (Metropolitan Area) | Ponce, PR |
| Chicago, IL | Ponce, PR |
| Cleveland, OH (Metropolitan Area) | San Juan, PR |
| Cleveland, OH (Metropolitan Area) | Miami, FL (Metropolitan Area) |
| Cleveland, OH (Metropolitan Area) | Aguadilla, PR |
| Dallas/Fort Worth, TX | New York City, NY (Metropolitan Area) |
| Dallas/Fort Worth, TX | Ponce, PR |
| Dallas/Fort Worth, TX | Aguadilla, PR |
| Denver, CO | San Juan, PR |
| Denver, CO | Aguadilla, PR |
| Detroit, MI | San Juan, PR |
| Detroit, MI | New York City, NY (Metropolitan Area) |
| Detroit, MI | Ponce, PR |
| Hartford, CT | Orlando, FL |
| Hartford, CT | Fort Myers, FL |
| Hartford, CT | Miami, FL (Metropolitan Area) |
| Hartford, CT | Tampa, FL (Metropolitan Area) |
| Hartford, CT | Charlotte Amalie, VI |
| Hartford, CT | San Juan, PR |
| Hartford, CT | Ponce, PR |
| Hartford, CT | Aguadilla, PR |
| Houston, TX | New York City, NY (Metropolitan Area) |
| Houston, TX | Ponce, PR |
| Kansas City, MO | Ponce, PR |
| Las Vegas, NV | San Juan, PR |
| Las Vegas, NV | Miami, FL (Metropolitan Area) |
| Las Vegas, NV | Los Angeles, CA (Metropolitan Area) |
| Las Vegas, NV | Ponce, PR |
| Los Angeles, CA (Metropolitan Area) | San Juan, PR |
| Miami, FL (Metropolitan Area) | San Diego, CA |

| | |
|---|---|
| Miami, FL (Metropolitan Area) | San Juan, PR |
| Miami, FL (Metropolitan Area) | Richmond, VA |
| Miami, FL (Metropolitan Area) | Raleigh/Durham, NC |
| Miami, FL (Metropolitan Area) | New Orleans, LA |
| Miami, FL (Metropolitan Area) | Los Angeles, CA (Metropolitan Area) |
| Miami, FL (Metropolitan Area) | Philadelphia, PA |
| Miami, FL (Metropolitan Area) | Charlotte Amalie, VI |
| Miami, FL (Metropolitan Area) | Ponce, PR |
| Milwaukee, WI | San Juan, PR |
| Milwaukee, WI | Ponce, PR |
| Minneapolis/St. Paul, MN | Ponce, PR |
| Nashville, TN | New York City, NY (Metropolitan Area) |
| Nashville, TN | San Juan, PR |
| Nashville, TN | Miami, FL (Metropolitan Area) |
| Nashville, TN | Ponce, PR |
| Nashville, TN | Aguadilla, PR |
| New Orleans, LA | San Juan, PR |
| New Orleans, LA | Ponce, PR |
| New York City, NY (Metropolitan Area) | Tampa, FL (Metropolitan Area) |
| New York City, NY (Metropolitan Area) | New Orleans, LA |
| New York City, NY (Metropolitan Area) | Miami, FL (Metropolitan Area) |
| New York City, NY (Metropolitan Area) | Los Angeles, CA (Metropolitan Area) |
| New York City, NY (Metropolitan Area) | Las Vegas, NV |
| New York City, NY (Metropolitan Area) | Sacramento, CA |
| New York City, NY (Metropolitan Area) | Fort Myers, FL |
| New York City, NY (Metropolitan Area) | San Juan, PR |
| New York City, NY (Metropolitan Area) | Christiansted, VI |
| New York City, NY (Metropolitan Area) | Ponce, PR |
| Orlando, FL | New York City, NY (Metropolitan Area) |
| Orlando, FL | San Juan, PR |
| Orlando, FL | Richmond, VA |
| Orlando, FL | Charlotte Amalie, VI |
| Orlando, FL | Christiansted, VI |
| Orlando, FL | Salt Lake City, UT |
| Orlando, FL | Ponce, PR |
| Pensacola, FL | San Juan, PR |
| Philadelphia, PA | San Juan, PR |
| Phoenix, AZ | Miami, FL (Metropolitan Area) |
| Pittsburgh, PA | San Juan, PR |
| Ponce, PR | Raleigh/Durham, NC |

PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES (SET TWO)

| | |
|---|---|
| Ponce, PR | Richmond, VA |
| Richmond, VA | San Juan, PR |
| Salt Lake City, UT | San Juan, PR |
| San Francisco, CA (Metropolitan Area) | Miami, FL (Metropolitan Area) |
| Tampa, FL (Metropolitan Area) | San Juan, PR |
| Tampa, FL (Metropolitan Area) | Charlotte Amalie, VI |
| Tampa, FL (Metropolitan Area) | Christiansted, VI |
| Washington, DC (Metropolitan Area) | Orlando, FL |
| Washington, DC (Metropolitan Area) | Miami, FL (Metropolitan Area) |
| Washington, DC (Metropolitan Area) | San Juan, PR |
| Washington, DC (Metropolitan Area) | Fort Myers, FL |
| Washington, DC (Metropolitan Area) | Charlotte Amalie, VI |
| Washington, DC (Metropolitan Area) | Christiansted, VI |
| Washington, DC (Metropolitan Area) | Ponce, PR |

| | |
|---|---|
| New Orleans | Boston |
| New Orleans | New York |
| New Orleans | Fort Lauderdale |

In addition, the two airlines currently compete head-to-head on routes.



**INTERROGATORY NO. 9**:

State whether You received a Litigation Hold Notice in this matter or were otherwise informed of an obligation to retain documents reasonably related to this lawsuit and, if so, state the date on which You received the Litigation Hold Notice or were so informed, by whom, and how that obligation was communicated.

**RESPONSE TO INTERROGATORY NO. 9**:

Plaintiff objects to this Interrogatory because it calls for the disclosure of privileged information, including without limitation, information subject to the attorney-client privilege and/or the work product doctrine.

Plaintiff further objects to the Request to the extent it is vague, ambiguous, overly broad, and unduly burdensome, as it seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10**:

State each and every factual basis for Your allegations, including at Paragraph 100 of the Complaint, that the merger between Spirit and JetBlue will cause (a) lessened competition; (b) higher prices and/or ancillary fees; (c) lower industry capacity; and (d) lessened service, and Identify the manner in which the merger will cause those alleged outcomes.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**:

The following response is submitted as a partial and not complete list of "(a) lessened competition; (b) higher prices and/or ancillary fees; (c) lower industry capacity; and (d) lessened service, and . . . the manner in which the merger will cause those alleged outcomes", and this response may change as further information is received and analyzed by Plaintiff and Plaintiff's attorneys and experts. The specific response set forth below is based upon information now known. Plaintiff has not yet completed discovery or preparation for trial in this case, and, therefore, reserves the right to amend, modify, or supplement any general or specific response.

JetBlue's elimination of Spirit will be virtually certain to cause a lessening of competition since, among other reasons, Spirit, and the consumer choices that go with it, will be gone once the companies merge, and once gone, their competition will be inescapably lessened.

If Spirit is eliminated, Plaintiffs will sustain a lessening of competition in that the competition from a "price-disruptor" will be extirpated and customer choice for travel options eradicated. The imagination and initiative of Spirit will be snuffed out; modern jets and

expansion plans will be jettisoned; customer convenience and satisfaction will be disregarded. Spirit's air service once lost cannot be restored.

In addition, JetBlue's acquisition (1) threatens to derail Spirit's planned acquisition of additional aircraft, thereby lessening the passenger capacity of air traffic in the relevant markets; and (2) threatens to substantially reduce the work force of the two airlines through employee layoffs due to the elimination of competition.

Moreover, since existing trade barriers will effectively preclude the introduction of a new airline, there will likely be no new startup entrants into the airline market because new entrants would face significant barriers to success, including difficulty in obtaining access to gate facilities; difficulty in competing with the effects of corporate discount programs offered by dominant incumbents; difficulty due to customer loyalty to existing frequent flyer programs; difficulty of promoting an unknown brand; and the risk of aggressive responses to new entry by the dominant incumbent carriers. The former CEO of United testified that only an established airline could now enter the major markets in the United States.  Indeed, American's CEO Doug Parker further admitted that no new airline could enter the market because it would not even be able to cover its cost of capital.

Actual and potential competition between JetBlue and Spirit may be eliminated by the elimination of Spirit, a significant competitor in a non-trivial transaction, and  competition in general among other airlines may be lessened substantially because ticket prices and ancillary fees may be higher than they otherwise would be, because industry capacity may be lower than it otherwise would be; and because service may be lessened.  One manner in which the merger will lessen competition is by the potentially higher ticket prices and diminished service, the potential elimination of a favored airline, fewer flights, less consumer choice than they otherwise would

have, and the inability of Plaintiffs to use air travel at all, as well as additional irreparable harm for which damages will be inadequate to compensate Plaintiffs.

The fact is that with every recent merger where the airlines have said it would be to the benefit of the passengers, it has turned out to be a lie. The fares have always gone up, service to some smaller cities has been decreased, services have been decreased, jobs have been lost and the only ones to profit were the shareholders.

Dated: June 9, 2023						By:	*/s/ Joseph M. Alioto, Jr.*
								Joseph M. Alioto Jr. (SBN 215544)
								ALIOTO LEGAL
								100 Pine Street, Suite 1250
								San Francisco, CA 94111
								Telephone: (415) 398-3800
								E-mail: joseph@aliotolegal.com

ADDITIONAL PLAINTIFF' COUNSEL:

Lawrence G. Papale (SBN 67068)
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street, Suite 117
St. Helena, CA 94574
Telephone: (707) 963-1704
Email: lgpapale@papalelaw.com

Robert J. Bonsignore (SBN
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us

Lingel H. Winters, Esq. (SBN 37759)
LAW OFFICES OF LINGEL H. WINTERS
388 Market St. Suite 1300
San Francisco, California 94111
Telephone: (415) 398-2941
Email: sawmill2@aol.com

Josephine Alioto (SBN 282989)
THE VEEN FIRM
20 Haight Street
San Francisco CA 94102
Telephone: (415) 673-4800
Email: j.alioto@veenfirm.com

Christopher A Nedeau (SBN 81297)
NEDEAU LAW PC 154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email: cnedeau@nedeaulaw.net

Theresa Moore (SBN 99978)
LAW OFFICE OF THERESA D. MOORE PC
One Sansome Street, 35th Floor
San Francisco, CA 94104
Phone: (415) 613-1414
tmoore@aliotolaw.com

## **VERIFICATION**

I, _____, hereby verify under the penalty of perjury that I have read the foregoing Plaintiff's Supplemental Responses and Objections to Defendants' Second Set of Interrogatories, and that the Responses are true to the best of my knowledge as to facts pertaining to me, and upon information and belief as to all other matters.

Executed at _____ , _____, on June _____, 2023.

_____

## CERTIFICATE OF SERVICE

The undersigned certifies that, pursuant to Fed. R. Civ. P. 5 and agreement of the parties, the foregoing document has been served on all counsel of record by electronic mail on June 13, 2023.

/s/ *Lawrence Papale*
Lawrence G. Papale

13
PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES (SET TWO)

Robert J. Bonsignore (SBN
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us

Lingel H. Winters, Esq. (SBN 37759)
LAW OFFICES OF LINGEL H. WINTERS
388 Market St. Suite 1300
San Francisco, California 94111
Telephone: (415) 398-2941
Email: sawmill2@aol.com

Josephine Alioto (SBN 282989)
THE VEEN FIRM
20 Haight Street
San Francisco CA 94102
Telephone: (415) 673-4800
Email: j.alioto@veenfirm.com

Christopher A Nedeau (SBN 81297)
NEDEAU LAW PC 154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email:

Theresa Moore (SBN 99978)
LAW OFFICE OF THERESA D. MOORE PC
One Sansome Street, 35th Floor
San Francisco, CA 94104
Phone: (415) 613-1414
tmoore@aliotolaw.com

## **VERIFICATION**

I, _Katherine Arcell_, hereby verify under the penalty of perjury that I have read the foregoing Plaintiff's Supplemental Responses and Objections to Defendants' Second Set of Interrogatories, and that the Responses are true to the best of my knowledge as to facts pertaining to me, and upon information and belief as to all other matters.

Executed at _New Orleans_,
_LA_____, on June _13_, 2023.

_Katherine Arcell_

## CERTIFICATE OF SERVICE