# EXHIBIT 30

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

GABRIEL GARAVANIAN, et al.,

*Plaintiffs*,

v.

Civil Action No. 1:23-cv-10678-FDS

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

*Defendants*.

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **JETBLUE AIRWAYS CORPORATION**<br>**SPIRIT AIRLINES, INC.** |
| **RESPONDING PARTY:** | **PLAINTIFF PAMELA FAUST** |
| **SET NUMBER:** | **ONE** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff hereby responds and objects to the First Set of Interrogatories propounded by Defendants JetBlue and Spirit ("Defendants"), as set forth below.

**INTERROGATORY NO. 1:**

List every airline and route You have flown from 2015 to present, including any flights booked prior to the date of the Complaint, and indicate the following for each trip as reflected in the sample table below: (i) the date(s) of trip (MM/DD/YYYY); (ii) the date of booking; (iii) which airline(s) You flew or will fly; (iv) the route(s) (e.g., LGA to BOS) You flew or will fly including the airports You connected, or will connect, through, if applicable (e.g., DCA to LGA to BOS); (v) the reason for the trip (e.g., business or personal); (vi) how You booked the trip (e.g., airline website, search engine such as Google Flights or Kayak, or travel agent); (vii) the class of service (e.g., Coach, First Class); (viii) the total price of the flight(s); (ix) who paid (e.g., You, employer); and (x) whether You used points towards the trip (Y/N), and if so, how many points were used.

**RESPONSE NO. 1:**

In addition to their General Objections listed above, Plaintiffs object to Interrogatory No. 1 because it calls for the disclosure of privileged information, including without limitation, information subject to the attorney-client privilege and/or the work product doctrine. Plaintiffs also object to Interrogatory No. 1 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waving the objections stated above, Plaintiff responds:

| Travel | Booked | Airline | Route | Reason | Book Method | Class | Price | Payer | Points |
|---|---|---|---|---|---|---|---|---|---|
| Apr 19-22, 2023 | 2/12/23 | Breeze | CVG CHS CHS CVG | Personal | Breeze website | First | $198.00 | self | |
| Mar 24-27, 2023 | 2/14/23 | Delta | CVG SLC SLC CVG | Personal | Delta website | First | $11.20 | self | yes |
| Mar 1-5, 2022 | 11/20/22 | Delta | CVG DCA DCA CVG | Personal | Delta website | First | $317.20 | self | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dec 22-27, 2022 | 11/07/22 | Delta | CVG SLC SLC CVG | Personal | Delta website | Economy | $11.20 | self | yes |
| Aug 26-29, 2022 | 07/31/22 | Delta | CVG SLC SLC CVG | Personal | Delta website | Economy | $11.20 | self | yes |
| May 13-16, 2022 | 3/21/22 | Delta | CVG SLC SLC CVG | Personal | Delta website | Economy | $11.20 | self | yes |
| Mar 4-7, 2022 | 1/16/22 | Delta | CVG SLC SLC CVG | Personal | Delta website | Economy | $180.00 | self | no |
| Dec 24-28, 2021 | 8/26/21 | Delta | CVG SLC SLC CVG | Personal | Delta website | Economy | $11.20 | self | yes |
| Dec 4 2021 | 9/24/21 | Frontier | CVG RSW | Personal | Frontier website | Economy | $90.09 | self | yes |
| Dec 11, 2021 | 9/24/21 | Delta | RSW CVG | Personal | Travel Agent | Economy | $123.31 | self | no |
| Aug 12-16 2021 | 7/24/21 | Delta | CVG SLC SLC CVG | Personal | Delta website | Economy | $11.20 | self | yes |
| Mar 1-4 2021 | 2/21/21 | Delta | CVG SLC SLC CVG | Personal | Travel Agent | Economy | $996.80 | self | yes |
| Aug 13-17 2020 | 07/18/20 | Delta | CVG SLC SLC CVG | Personal | Travel Agent | Economy | $477.20 | self | yes |
| Feb 26-29 2020 | 01/27/20 | Delta | CVG DCA DCA CVG | Personal | Travel Agent | Economy | $248.80 | self | yes |
| Feb 12-17 2019 | 11/29/18 | Frontier | CVG TPA TPA CVG | Personal | Frontier website | Economy | $316.85 | self | yes |
| Mar 10-13 2019 | 03/01/19 | Delta | CVG LGA LGA CVG | Personal | Travel Agent | Economy | $618.60 | self | yes |
| Nov 23-25 2019 | 11/02/19 | American | CVG DFW DFW CVG | Personal | Travel Agent | Economy | $346.60 | self | yes |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Dec 8-12 2017 | 10/18/17 | Delta | CVG RSW RSW CVG | Personal | Travel Agent | Comfort | $294.40 | self | no |
| Sep 13 2018 | 05/17/18 | Frontier | CVG-SLC-SAN | Personal | Frontier Website | Economy | $197.80 | self | no |
| Sep 18 2018 | 05/17/18 | Delta | SAN-SLC-CVG | Personal | Travel Agent | Economy | $352.40 | self | no |
| July 21-25 2016 | 04/25/16 | Delta | CVG LAX LAX CVG | Personal | Travel Agent | Economy | $590.20 | self | no |
| Oct 20-22 2016 | 09/12/16 | Delta | CVG BOS BOS CVG | Personal | Delta website | Economy | $11.20 | self | no |
| Sep 24-28 2015 | 05/26/15 | Frontier | CVG-DEN-LAS LAS-CVG | Personal | Frontier Website | Economy | $526.70 | self | no |
| Oct 22-26 2015 | 07/09/15 | Delta | CVG LAX LAX CVG | Personal | Travel agent | Economy | $864.40 | self | no |

**INTERROGATORY NO. 2:**

For each route listed in Interrogatory No. 1, identify whether You have ever taken a different mode of transportation (e.g., driven or taken a train) since 2015 for that same route, when that trip occurred, and why You chose to travel by that method.

**RESPONSE NO. 2:**

In addition to the General Objections listed above, Plaintiffs object to Interrogatory No. 2 because the term "different mode of transportation" is vague, ambiguous, and overly broad.

Subject to and without waiving the objections stated above, Plaintiff responds: Plaintiff has not utilized any other mode of transportation for the routes described in Response to Request No. 1.

**INTERROGATORY NO. 3:**

List every airline loyalty and/or promotional program(s) to which You belong or have belonged to from 2015 to present, including but not limited to, airline loyalty programs (such as True Blue and Delta Sky Miles), airline credit card loyalty programs (such as Capital One Venture), booking promotion services (such as Rocketmiles), and/or airline shopping reward programs, including Your status level, if any, with each loyalty or reward program (e.g., Diamond, Platinum, Gold, or Silver Medallion Member with Delta) to which You are a member.

**RESPONSE NO. 3:**

In addition to the General Objections listed above, Plaintiff object to Interrogatory No. 3 because (a) the terms "loyalty and/or promotional program" and the phrase "airline shopping reward programs" are vague, ambiguous, overly broad, and unduly burdensome, and (b) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and it is a violation of Plaintiff's right to privacy. Responding further, to the extent Defendant seeks discovery related to "loyalty and/or promotional program," Plaintiffs also object to Interrogatory No. 3 because it (a) prematurely seeks to elicit legal theories, analysis, and other matters on which opinion testimony may be required at trial, (b) purports to require a layperson to provide answers on matters as to which opinion testimony may be required at trial, and (c) calls for legal conclusions and compels the assumption of facts not yet in evidence, and (d) prematurely seeks disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

Subject to and without waiving the objections stated above, Plaintiff responds:

Delta Air Lines - Silver Medallion

American Airlines - Basic

United Airlines - Basic

Frontier Airlines – Basic

**INTERROGATORY NO. 4:**

Identify every complaint You have ever filed seeking to enjoin a merger under the Clayton Act, including any payments and/or other benefits. You received in connection with any such case, if any.

**RESPONSE NO. 4:**

In addition to the General Objections listed above, Plaintiff object to Interrogatory No. 4 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and it is a violation of Plaintiff's right to privacy.

Dated: April 18, 2023

By: *_/s/ Joseph M. Alioto, Jr._*

Joseph M. Alioto Jr. (SBN 215544)
ALIOTO LEGAL
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 398-3800
E-mail: joseph@aliotolegal.com

ADDITIONAL PLAINTIFFS' COUNSEL:

Lawrence G. Papale (SBN 67068)
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street, Suite 117
St. Helena, CA 94574
Telephone: (707) 963-1704
Email: lgpapale@papalelaw.com

Robert J. Bonsignore (SBN
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us

**VERIFICATION**

I, Pamela Faust, hereby verify under the penalty of perjury that I have read the foregoing Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories, and that the Responses are true to the best of my knowledge as to facts pertaining to me, and upon information and belief as to all other matters.

Executed at 6227 Whiteaway Dr, Loveland OH 45140, on May 17, 2023.

[signature]

CERTIFICATE OF SERVICE

The undersigned certifies that, pursuant to Fed. R. Civ. P. 5 and agreement of the parties, the foregoing document has been served on all counsel of record by electronic mail on May 17, 2023.

/s/ Joseph M. Alioto, Jr.
Joseph M. Alioto, Jr.