# EXHIBIT 46

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, et al.,

*Plaintiff*,

v.                                                          Civil Action No. 1:23-cv-10678-FDS

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

*Defendants*.

**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS'
SECOND SET OF INTERROGATORIES**

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **JETBLUE AIRWAYS CORPORATION SPIRIT AIRLINES, INC.** |
| **RESPONDING PARTY:** | **PLAINTIFF HARRY GARAVANIAN** |
| **SET NUMBER:** | **TWO** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and subject to the objections stated in Plaintiff's Response to Defendants' Second Set of Interrogatories previously served on Defendants, Plaintiff hereby supplements Plaintiff's responses as set forth below.

**SUPPLEMENTAL RESPONSES**

**INTERROGATORY NO. 5:**

State whether You are, or have been in the last five (5) years, employed as a travel agent and, if so, identify (a) the agency or agencies at which You were or are employed; (b) the dates

Your employment began and concluded (if applicable) at each travel agency; (c) whether You have, or had, any ownership stake in, or right to receive non-salary income (*i.e.,* commission or performance bonus) from the travel agency or agencies at which You were previously or are currently employed; (d) each and every form of revenue or income You or Your agency received (*i.e.*, commission-based payments from airlines, fees charged to purchasers

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**:

Yes.

(a)  Garavanian Travel through December 20, 2020.

(b)  Opened May, 1986 to December 21, 2020.

(c)  I was an owner in Garavanian Travel.  I was salaried but Covid made the payments irregular.  I would share in bonuses.

(d)  We charged service fees to clients for airline travel.  From cruise lines and tours we would get commissions.

**INTERROGATORY NO. 6**:

Identify each and every airport that You consider flying out of when traveling from Your primary residence or flying into when returning to Your primary residence.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**:

Boston or Manchester.

**INTERROGATORY NO. 7**:

Identify each and every distinct injury You allege that You will suffer as a result of the merger between JetBlue and Spirit.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**:

The following response is submitted as a partial and not complete list of potential injury and this response may change as further information is received and analyzed by Plaintiff and Plaintiff's attorneys and experts. The specific response set forth below is based upon information now known. Plaintiff has not yet completed discovery or preparation for trial in this case, and, therefore, reserves the right to amend, modify, or supplement any general or specific response.

This proposed acquisition is a substantial threat of harm and injury to all the Plaintiffs in that they will face higher fares, fewer flights, less consumer choice than they otherwise would have, and they would be threatened with the inability to use air travel at all.

The proposed acquisition constitutes a substantial threat of injury to these Plaintiffs because this acquisition may have the effect "substantially to lessen competition" and "tend to create a monopoly" in a "line of commerce" in a "section of the country" in violation of Section 7 of the Clayton Antitrust Act (15 U.S.C. § 18). In addition, the contract to eliminate Spirit constitutes a non-trivial transaction eliminating a significant rival, which is not a failing company, that eliminates a substantial and growing, cost-cutting competitor from the market.

In addition, JetBlue's elimination of Spirit will be virtually certain to cause substantial irreparable injury to Plaintiffs and to all consumers for domestic scheduled air passenger transportation services in the relevant geographic and product markets in that, among other reasons, Spirit, and the consumer choices that go with it, will be gone, and once gone, the harm would be irreparable.

Plaintiffs are threatened with the loss of (1) the distinctive services and in-flight experience offered by Spirit; (2) a reduction in customer choice; (3) a reduction in capacity and the curtailment of flights thereby creating higher prices and severe inconvenience to consumers;

and (4) ultimately, the loss of a vibrant, vigorous, and innovative fare-cutting competitor. The elimination of Spirit will further substantially threaten to harm U.S. passengers through increases in the price of tickets, checked bags and flight change fees, translating to billions of dollars of harm to consumers annually, and further threatens to deprive passengers of the unique comfort, style, service and especially affordability offered by Spirit.

If Spirit is eliminated, Plaintiffs will sustain irreparable harm for which damages will be inadequate to compensate Plaintiffs in that the competition from a "price-disruptor" will be extirpated and customer choice for travel options eradicated. The imagination and initiative of Spirit will be snuffed out; modern jets and expansion plans will be jettisoned; customer convenience and satisfaction will be disregarded. Spirit's air service once lost cannot be restored.

I believe we will have less options for flight routes, especially Boston to Fort Lauderdale. I in particular will have less options to fly into and out of Tampa from Manchester.

**INTERROGATORY NO. 8**:

Identify each and every "submarket" and "route" referred to at Paragraphs 7, 19, 59 and 84 of the Complaint. For avoidance of doubt, "submarket" and "route" are ascribed the same meanings as in the Complaint.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**:

The following city pairs constitute some, among many, submarkets for airline services in the United States. This response is submitted as a partial and not complete list of potential submarkets and this response may change as further information is received and analyzed by Plaintiff and Plaintiff's attorneys and experts. The specific response set forth below is based upon information now known. Plaintiff has not yet completed discovery or preparation for trial

in this case, and, therefore, reserves the right to amend, modify, or supplement any general or specific response.

| City Market 1 | City Market 2 |
|---|---|
| Aguadilla, PR | Raleigh/Durham, NC |
| Aguadilla, PR | Las Vegas, NV |
| Aguadilla, PR | Richmond, VA |
| Aguadilla, PR | Orlando, FL |
| Aguadilla, PR | Washington, DC (Metropolitan Area) |
| Aguadilla, PR | Los Angeles, CA (Metropolitan Area) |
| Aguadilla, PR | Minneapolis/St. Paul, MN |
| Aguadilla, PR | Chicago, IL |
| Aguadilla, PR | Kansas City, MO |
| Aguadilla, PR | New York City, NY (Metropolitan Area) |
| Aguadilla, PR | Charlotte, NC |
| Aguadilla, PR | Detroit, MI |
| Aguadilla, PR | New Orleans, LA |
| Aguadilla, PR | Milwaukee, WI |
| Aguadilla, PR | Tampa, FL (Metropolitan Area) |
| Aguadilla, PR | Houston, TX |
| Aguadilla, PR | Philadelphia, PA |
| Aguadilla, PR | Miami, FL (Metropolitan Area) |
| Atlanta, GA (Metropolitan Area) | New York City, NY (Metropolitan Area) |
| Atlanta, GA (Metropolitan Area) | Ponce, PR |
| Atlanta, GA (Metropolitan Area) | Aguadilla, PR |
| Austin, TX | New York City, NY (Metropolitan Area) |
| Austin, TX | Miami, FL (Metropolitan Area) |
| Austin, TX | Aguadilla, PR |
| Austin, TX | Ponce, PR |
| Boston, MA (Metropolitan Area) | Sacramento, CA |
| Boston, MA (Metropolitan Area) | Orlando, FL |
| Boston, MA (Metropolitan Area) | Miami, FL (Metropolitan Area) |
| Boston, MA (Metropolitan Area) | Tampa, FL (Metropolitan Area) |
| Boston, MA (Metropolitan Area) | New Orleans, LA |
| Boston, MA (Metropolitan Area) | San Diego, CA |
| Boston, MA (Metropolitan Area) | Las Vegas, NV |
| Boston, MA (Metropolitan Area) | Charlotte Amalie, VI |
| Boston, MA (Metropolitan Area) | Fort Myers, FL |
| Boston, MA (Metropolitan Area) | San Juan, PR |
| Boston, MA (Metropolitan Area) | Aguadilla, PR |

| | |
|---|---|
| Boston, MA (Metropolitan Area) | Christiansted, VI |
| Boston, MA (Metropolitan Area) | Ponce, PR |
| Chicago, IL | Ponce, PR |
| Cleveland, OH (Metropolitan Area) | San Juan, PR |
| Cleveland, OH (Metropolitan Area) | Miami, FL (Metropolitan Area) |
| Cleveland, OH (Metropolitan Area) | Aguadilla, PR |
| Dallas/Fort Worth, TX | New York City, NY (Metropolitan Area) |
| Dallas/Fort Worth, TX | Ponce, PR |
| Dallas/Fort Worth, TX | Aguadilla, PR |
| Denver, CO | San Juan, PR |
| Denver, CO | Aguadilla, PR |
| Detroit, MI | San Juan, PR |
| Detroit, MI | New York City, NY (Metropolitan Area) |
| Detroit, MI | Ponce, PR |
| Hartford, CT | Orlando, FL |
| Hartford, CT | Fort Myers, FL |
| Hartford, CT | Miami, FL (Metropolitan Area) |
| Hartford, CT | Tampa, FL (Metropolitan Area) |
| Hartford, CT | Charlotte Amalie, VI |
| Hartford, CT | San Juan, PR |
| Hartford, CT | Ponce, PR |
| Hartford, CT | Aguadilla, PR |
| Houston, TX | New York City, NY (Metropolitan Area) |
| Houston, TX | Ponce, PR |
| Kansas City, MO | Ponce, PR |
| Las Vegas, NV | San Juan, PR |
| Las Vegas, NV | Miami, FL (Metropolitan Area) |
| Las Vegas, NV | Los Angeles, CA (Metropolitan Area) |
| Las Vegas, NV | Ponce, PR |
| Los Angeles, CA (Metropolitan Area) | San Juan, PR |
| Miami, FL (Metropolitan Area) | San Diego, CA |
| Miami, FL (Metropolitan Area) | San Juan, PR |
| Miami, FL (Metropolitan Area) | Richmond, VA |
| Miami, FL (Metropolitan Area) | Raleigh/Durham, NC |
| Miami, FL (Metropolitan Area) | New Orleans, LA |
| Miami, FL (Metropolitan Area) | Los Angeles, CA (Metropolitan Area) |
| Miami, FL (Metropolitan Area) | Philadelphia, PA |
| Miami, FL (Metropolitan Area) | Charlotte Amalie, VI |
| Miami, FL (Metropolitan Area) | Ponce, PR |
| Milwaukee, WI | San Juan, PR |

| | |
|---|---|
| Milwaukee, WI | Ponce, PR |
| Minneapolis/St. Paul, MN | Ponce, PR |
| Nashville, TN | New York City, NY (Metropolitan Area) |
| Nashville, TN | San Juan, PR |
| Nashville, TN | Miami, FL (Metropolitan Area) |
| Nashville, TN | Ponce, PR |
| Nashville, TN | Aguadilla, PR |
| New Orleans, LA | San Juan, PR |
| New Orleans, LA | Ponce, PR |
| New York City, NY (Metropolitan Area) | Tampa, FL (Metropolitan Area) |
| New York City, NY (Metropolitan Area) | New Orleans, LA |
| New York City, NY (Metropolitan Area) | Miami, FL (Metropolitan Area) |
| New York City, NY (Metropolitan Area) | Los Angeles, CA (Metropolitan Area) |
| New York City, NY (Metropolitan Area) | Las Vegas, NV |
| New York City, NY (Metropolitan Area) | Sacramento, CA |
| New York City, NY (Metropolitan Area) | Fort Myers, FL |
| New York City, NY (Metropolitan Area) | San Juan, PR |
| New York City, NY (Metropolitan Area) | Christiansted, VI |
| New York City, NY (Metropolitan Area) | Ponce, PR |
| Orlando, FL | New York City, NY (Metropolitan Area) |
| Orlando, FL | San Juan, PR |
| Orlando, FL | Richmond, VA |
| Orlando, FL | Charlotte Amalie, VI |
| Orlando, FL | Christiansted, VI |
| Orlando, FL | Salt Lake City, UT |
| Orlando, FL | Ponce, PR |
| Pensacola, FL | San Juan, PR |
| Philadelphia, PA | San Juan, PR |
| Phoenix, AZ | Miami, FL (Metropolitan Area) |
| Pittsburgh, PA | San Juan, PR |
| Ponce, PR | Raleigh/Durham, NC |
| Ponce, PR | Richmond, VA |
| Richmond, VA | San Juan, PR |
| Salt Lake City, UT | San Juan, PR |
| San Francisco, CA (Metropolitan Area) | Miami, FL (Metropolitan Area) |
| Tampa, FL (Metropolitan Area) | San Juan, PR |
| Tampa, FL (Metropolitan Area) | Charlotte Amalie, VI |
| Tampa, FL (Metropolitan Area) | Christiansted, VI |
| Washington, DC (Metropolitan Area) | Orlando, FL |
| Washington, DC (Metropolitan Area) | Miami, FL (Metropolitan Area) |

| Washington, DC (Metropolitan Area) | San Juan, PR |
|---|---|
| Washington, DC (Metropolitan Area) | Fort Myers, FL |
| Washington, DC (Metropolitan Area) | Charlotte Amalie, VI |
| Washington, DC (Metropolitan Area) | Christiansted, VI |
| Washington, DC (Metropolitan Area) | Ponce, PR |

In addition, the two airlines currently compete head-to-head on many routes.



**INTERROGATORY NO. 9**:

State whether You received a Litigation Hold Notice in this matter or were otherwise informed of an obligation to retain documents reasonably related to this lawsuit and, if so, state the date on which You received the Litigation Hold Notice or were so informed, by whom, and how that obligation was communicated.

**RESPONSE TO INTERROGATORY NO. 9**:

## VERIFICATION

I, Harry Garavanian, hereby verify under the penalty of perjury that I have read the foregoing Plaintiff's Supplemental Responses and Objections to Defendants' Second Set of Interrogatories, and that the Responses are true to the best of my knowledge as to facts pertaining to me, and upon information and belief as to all other matters.

Executed at Nashua, New Hampshire, on June 12, 2023.

_____
Harry Garavanian

**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS INTERROGATORIES (SET TWO)**