# EXHIBIT 80

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, et al.,

*Plaintiffs*,

v.                                                      Civil Action No. 1:23-cv-10678-FDS

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

*Defendants*.


## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
## FIRST SET OF INTERROGATORIES

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **JETBLUE AIRWAYS CORPORATION** <br> **SPIRIT AIRLINES, INC.** |
| **RESPONDING PARTY:** | **PLAINTIFF SONDRA RUSSELL** |
| **SET NUMBER:** | **ONE** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff hereby responds and objects to the First Set of Interrogatories propounded by Defendants JetBlue and Spirit ("Defendants"), as set forth below.

PLAINTIFF'S  RESPONSES AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES (SET ONE)

a response on the ground that any such information is subject to the attorney-client privilege and/or work product doctrine at this stage of this case.

11.     Plaintiff objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent any one or more or all of them assume disputed facts or legal conclusions. Any response or objection herein is without prejudice to this objection and Indirect Purchaser Plaintiff's right to dispute such purported facts or legal conclusions.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

List every airline and route You have flown from 2015 to present, including any flights booked prior to the date of the Complaint, and indicate the following for each trip as reflected in the sample table below: (i) the date(s) of trip (MM/DD/YYYY); (ii) the date of booking; (iii) which airline(s) You flew or will fly; (iv) the route(s) (e.g., LGA to BOS) You flew or will fly including the airports You connected, or will connect, through, if applicable (e.g., DCA to LGA to BOS); (v) the reason for the trip (e.g., business or personal); (vi) how You booked the trip (e.g., airline website, search engine such as Google Flights or Kayak, or travel agent); (vii) the class of service (e.g., Coach, First Class); (viii) the total price of the flight(s); (ix) who paid (e.g., You, employer); and (x) whether You used points towards the trip (Y/N), and if so, how many points were used.

### RESPONSE NO. 1:

In addition to the General Objections listed above, Plaintiff objects to Interrogatory No. 1 because it calls for the disclosure of privileged information, including without limitation, information subject to the attorney-client privilege and/or the work product doctrine.  Plaintiff also

objects to Interrogatory No. 1 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waving the objections stated above, Plaintiff responds by referring to Exhibit A, annexed hereto, which represents Plaintiff's current best efforts to supply the information requested.

**INTERROGATORY NO. 2:**

For each route listed in Interrogatory No. 1, identify whether You have ever taken a different mode of transportation (e.g., driven or taken a train) since 2015 for that same route, when that trip occurred, and why You chose to travel by that method.

**RESPONSE NO. 2:**

In addition to the General Objections listed above, Plaintiff objects to Interrogatory No. 2 because the term "different mode of transportation" is vague, ambiguous, and overly broad.

Subject to and without waiving the objections stated above, Plaintiff responds as follows: No.

**INTERROGATORY NO. 3:**

List every airline loyalty and/or promotional program(s) to which You belong or have belonged to from 2015 to present, including but not limited to, airline loyalty programs (such as True Blue and Delta Sky Miles), airline credit card loyalty programs (such as Capital One Venture), booking promotion services (such as Rocketmiles), and/or airline shopping reward programs, including Your status level, if any, with each loyalty or reward program (e.g., Diamond, Platinum, Gold, or Silver Medallion Member with Delta) to which You are a member.

PLAINTIFF'S  RESPONSES AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES (SET ONE)

**RESPONSE NO. 3:**

In addition to the General Objections listed above, Plaintiff objects to Interrogatory No. 3 because (a) the terms "loyalty and/or promotional program" and the phrase "airline shopping reward programs" are vague, ambiguous, overly broad, and unduly burdensome, and (b) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and it is a violation of Plaintiff's right to privacy. Responding further, to the extent Defendant seeks discovery related to "loyalty and/or promotional program," Plaintiff also objects to Interrogatory No. 3 because it (a) prematurely seeks to elicit legal theories, analysis, and other matters on which opinion testimony may be required at trial, (b) purports to require a layperson to provide answers on matters as to which opinion testimony may be required at trial, and (c) calls for legal conclusions and compels the assumption of facts not yet in evidence, and (d) prematurely seeks disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

Subject to and without waiving the objections stated above, Plaintiff responds as follows:

Loyalty program: American Advantage, Gold status.

**INTERROGATORY NO. 4:**

Identify every complaint You have ever filed seeking to enjoin a merger under the Clayton Act, including any payments and/or other benefits. You received in connection with any such case, if any.

**RESPONSE NO. 4:**

In addition to the General Objections listed above, Plaintiff objects to Interrogatory No. 4 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and it is a violation of Plaintiff's right to privacy.

PLAINTIFF'S  RESPONSES AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES (SET ONE)

EXHIBIT A – RUSSELL

| Travel Date(s) | Booking Date | Airline(s) | Route(s) | Reason for Trip | Booking Method | Class | Price | Who Paid | Points Used |
|---|---|---|---|---|---|---|---|---|---|
| 2/28-3/18/15 | 1/20/15 | AA | DFW-MCO MCO-DFW | personal | TA | coach | 226.20 | self | No |
| 9/26-10/30/15 | 6/4/15 | AA | DFW-FLL FLL-DFW | personal | TA | coach | 412.40 | self | No |
| 9/16-9/24/16 | 6/12/16 | AA | DFW-FLL FLL-DFW | personal | TA | coach | 206.20 | self | No |
| 2/22-3/14/17 | 4/18/16 | QF | DFW-PER SYD-DFW | personal | air2sea | business | 8212.36 | self | No |
| 07/02/07/08/17 | 01/24/17 | AA | DFW HNL HNL-DFW | BUSINESS | TA | 1st | 2423.00 | self | No |
| 06/22-6/30/2018 | 10/15/17 | AA | DFW-FLL FLL-DFW | personal | TA | 1st | 778.40 | self | No |
| 03/10-03/12/19 | 02/04/19 | AA | DFW-LGA LGA-DFW | BUSINESS | TA | 1st | 1178.60 | self | No |
| 10/07-10/20/19 | 12/02/18 | AA | DFW YHM EWR-DFW | personal | TA | 1st | 990.40 | self | No |
| 02/15-03/01/20 | 04/15/2019 | AA | DFW-FLL FLL-DFW | personal | TA | 1st | 806.60 | self | No |
| Travel Date(s) | Booking Date | Airline(s) | Route(s) | Reason for Trip | Booking Method | Class | Price | Who Paid | Points Used |
| 08/08-08/23/20 | 05/19/20 | AA | DFW MCO MCO DFW | personal | TA | 1st | 659.20 | self | No |
| 09/23-10/03/20 | 12/2919 | AA | AA DFW EWR DFW | personal | TA | 1st | 748.59 | self | No |
| 01/24-02/05/21 | 06/4/2020 | AA | ACT FLL | personal | TA | 1st | 813.20 | self | No |
| 04/29-05/08/22 | 02/02/22 | AA | DFW-FLL FLL-DFW | personal | TA | 1st | 906.21 | self | No |
| 08/12-08/20/22 | 03/16/22 | AA | DFW MIA MIA DFW | personal | AA.com | 1st | 1455.18 | self | No |
| 10/15-10/29/22 | 10/10/2022 | AA | AA DFW LON EWR DFW | personal | air2sea | business | 3648.95 | self | No |
| 03/25-04/02/23 | 06/22/22 | AA | DFW MCO MCO DFW | personal | air2sea | 1st | 1281.21 | self | No |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

## VERIFICATION

I, _Sondra Russell_, hereby verify under the penalty of perjury that I have read the foregoing Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories, and that the Responses are true to the best of my knowledge as to facts pertaining to me, and upon information and belief as to all other matters.

Executed at _Waco_
_Texas_, on May _16_, 2023.

_Sondra Russell_

## CERTIFICATE OF SERVICE

The undersigned certifies that, pursuant to Fed. R. Civ. P. 5 and agreement of the parties,

the foregoing document has been served on all counsel of record by electronic mail on

May 17, 2023.

/s/ Joseph M. Alioto, Jr.
Joseph M. Alioto, Jr.