# EXHIBIT 100

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, *et al.*,

*Plaintiff*,

v.                                                    Civil Action No. 1:23-cv-10678-FDS

PLAINTIFF AIRWAYS CORPORATION
and SPIRIT AIRLINES, INC.,

*Defendants*.

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
### FIRST REQUEST FOR ADMISSIONS

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **JETBLUE AIRWAYS CORPORATION** |
| | **SPIRIT AIRLINES, INC.** |
| **RESPONDING PARTY:** | **PLAINTIFF BRENDA DAVIS** |
| **SET NUMBER:** | **ONE** |

### <u>PLAINTIFF'S RESPONSES TO REQUEST FOR ADMISSIONS</u>

Plaintiff responds and objects to Defendants' Request for Admissions ("Requests") as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Plaintiff has objected or responded to any Request shall not be deemed an admission that

Plaintiff accepts or admits the existence of any facts set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Plaintiff has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Plaintiff of any part of any objection to any Request.

The responses and objections are made on the basis of information and writings currently available to and located by Plaintiff upon reasonable investigation. Plaintiff expressly reserves the right to modify, revise, supplement, or amend Plaintiff's responses as it may deem appropriate.

## GENERAL OBJECTIONS

1.      Plaintiff objects to the Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other recognized privilege.

2.      Plaintiff objects to the Requests to the extent that they require Plaintiff to search for and produce documents or information that are not within their possession, custody, or control.

3.      Plaintiff objects to the Requests to the extent they seek information or documents that cannot be located by Plaintiff after reasonably diligent inquiry, are readily available from public sources, or are available to Defendants from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

4.      Plaintiff objects to the Requests to the extent that they seek legal conclusions and/or would require Plaintiff to reach a legal conclusion in order to prepare a response.

5.      Plaintiff objects to the Requests to the extent they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

6.      Plaintiff objects to the Definitions to the extent that certain Definitions imply legal conclusions.

## <u>RESPONSES TO REQUESTS FOR ADMISSIONS</u>

**REQUEST NO. 1**: Admit that You have never flown Spirit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**:

Admit.

**REQUEST NO. 2:** Admit that You have never flown JetBlue.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

Admit.

**REQUEST NO. 3**: Reserved.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

N/A

**REQUEST NO. 4:** Admit that You are not presently employed as a travel agent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

Objection. Vague, ambiguous, and unintelligible as to the term "employed" and "presently".

Notwithstanding these objections, Plaintiff responds: Admit.

**REQUEST NO. 5**: Admit that You are not presently the whole or partial owner of a travel

agency.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

Deny.

**REQUEST NO. 6**: Reserved.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
REQUESTS FOR ADMISSIONS (SET ONE)

N/A

**REQUEST NO. 7**: Admit that You have never been the whole or partial owner of a travel agency.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

Deny.

**REQUEST NO. 8**: Admit that, at any point in time, You received financial compensation as a condition of, or as consideration for, agreeing to settle or otherwise voluntarily dismiss any claim You brought to enjoin the merger of two airline companies under the Clayton Act.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

In addition to the General Objections listed above, Plaintiff objects to Request No. 8 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, is a violation of Plaintiff's right to privacy, and calls for the disclosure of confidential settlement communications.

Dated: June 8, 2023          By:     */s/ Lawrence Papale*
                                      Lawrence G. Papale (SBN 67068)
                                      LAW OFFICES OF LAWRENCE G. PAPALE
                                      1308 Main Street, Suite 117
                                      St. Helena, CA 94574
                                      Telephone: (707) 963-1704
                                      Email: lgpapale@papalelaw.com

ADDITIONAL PLAINTIFF COUNSEL:

Joseph M. Alioto Jr. (SBN 215544)
ALIOTO LEGAL
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 398-3800
E-mail: joseph@aliotolegal.com


Robert J. Bonsignore (SBN
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us


Lingel H. Winters, Esq. (SBN 37759)
LAW OFFICES OF LINGEL H. WINTERS
388 Market St. Suite 1300
San Francisco, California 94111
Telephone: (415) 398-2941
Email: sawmill2@aol.com


Josephine Alioto (SNB 282989)
THE VEEN FIRM
20 Haight Street
San Francisco CA 94102
Telephone: (415) 673-4800
Email: jalioto@veenfirm.com


Christopher A Nedeau (SBN 81297)
NEDEAU LAW PC 154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email: cnedeau@nedeaulaw.net

## CERTIFICATE OF SERVICE

The undersigned certifies that, pursuant to Fed. R. Civ. P. 5 and agreement of the parties, the foregoing document has been served on all counsel of record by electronic mail on June  8, 2023.

/s/ Lawrence Papale
Lawrence G. Papale

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
REQUESTS FOR ADMISSIONS (SET ONE)

## <u>VERIFICATION</u>

I, *Brenda K. Davis*, hereby verify under the penalty of perjury that I have read the foregoing Plaintiff's Responses and Objections to Defendants' First Set of Request for Admissions, and that the Responses are true to the best of my knowledge as to facts pertaining to me, and upon information and belief as to all other matters.

Executed at _Forney, Texas_, _____, on June __8__, 2023.

*Brenda K. Davis*

Signature

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that, pursuant to Fed. R. Civ. P. 5 and agreement of the parties,

the foregoing document has been served on all counsel of record by electronic mail on

June  8, 2023.

<u>/s/ Lawrence Papale</u>
Lawrence G. Papale