UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GABRIEL GARAVANIAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>    Defendants, | Civil Action No. 1:23-cv-10678-WGY |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE, OR, IN THE ALTERNATIVE, TO DENY OR DEFER PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(d)**

Defendants JetBlue Airways Corporation and Spirit Airlines, Inc. hereby move to strike Plaintiffs' Motion for Summary Judgment, which Plaintiffs served (in part) on Defendants on August 1, 2023, but have yet to file with the Court. Plaintiffs' memorandum in support fails to comply with this Court's Local Rules on page limits—it is three times the allowed length—and ignores the Court's case management order, which rejected Plaintiffs' request to decide the merits of this case before the DOJ case. The Motion should be stricken.

Alternatively, JetBlue and Spirit respectfully request that the Court deny or defer the Motion under Federal Rule of Civil Procedure 56(d) because Plaintiffs filed a substantive motion (in contrast to Defendants' narrow motion on the threshold issue of standing and irreparable harm) in the middle of expert discovery. Plaintiffs' Motion asks the Court to rule, on summary judgment, that the merger between JetBlue and Spirit is unlawful. Plaintiffs have not cited a case granting summary judgment to a private plaintiff in a merger challenge, and Defendants are not aware of

one.  Twenty-five plaintiffs, one deceased, all without standing,[1] seek to block every other consumer from receiving the benefits of this merger based on those few plaintiffs' legal and factual errors.  And all that in an effort to skip the DOJ trial, which will fully litigate whether this merger is consistent with the antitrust laws.  The Court should deny or defer ruling on Plaintiffs' Motion until after expert discovery is complete in this case and the DOJ case is tried.

## RELEVANT BACKGROUND

In the proposed case management order, Plaintiffs sought a trial date before the trial in the DOJ case. Dkt. 76 at 5 (seeking September 18, 2023 trial date).  The Court rejected this request, instructed that no trial date would be set for this case until the pre-trial conference, determined that it would set the pre-trial conference later, and set an August 1 deadline for JetBlue and Spirit to file dispositive motions.  Dkt. 96.  On August 1 at approximately 1:00 p.m. EDT, Plaintiffs informed JetBlue and Spirit for the first time that they intended to file a summary judgment motion on numerous grounds, along with a motion to impound.  JetBlue and Spirit told Plaintiffs they did not oppose the motion to impound, and Plaintiffs thereafter filed an Unopposed Motion for Leave to File Documents Under Seal. Dkt. 171.  That is all Plaintiffs filed on August 1.  Plaintiffs did not file a motion for summary judgment, brief, statement of undisputed facts, or any supporting exhibits.  Instead, Plaintiffs served on JetBlue and Spirit a ***66-page*** brief, along with a 48-pagestatement of material facts.  JetBlue and Spirit still have not seen the motion itself or any exhibits cited in the overlong brief.

---

[1] In fact, the Northern District of California just found these same plaintiffs lacked Article III standing to challenge a merger between Albertsons and Kroger.  *See Whalen v. Albertsons Companies Inc.*, Case No. 23-cv-00459 (N.D. Cal. Aug. 2, 2023) ("The complaint is dismissed without prejudice for lack of Article III standing. The plaintiffs—25 individuals scattered throughout the United States—allege that a proposed merger . . . will harm competition . . . [b]ut they have made no effort to explain how the merger would affect any one of them personally.").

## ARGUMENT

Plaintiffs' Motion suffers from several defects and should be stricken.

***First***, the Motion directly violates at least two Local Rules. Rule 7.1(b)(4) expressly provides that "[m]emoranda supporting or opposing allowance of motions shall not, without leave of court, exceed 20 pages, double-spaced." L.R. 7.1(b)(4). Without seeking leave of Court, Plaintiffs unilaterally served a 66-page brief—more than triple the Court's page limit. Further, when Plaintiffs filed their motion to impound (Dkt. 171), Plaintiffs also flouted Local Rule 7.2(c), which requires: "Motions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise." L.R. 7.2(c). Given the August 1 deadline for filing motions for summary judgment, to comply with Local Rule 7.2(c), Plaintiffs should have conferred with Defendants and then filed their motion to impound and motion for excess pages sufficiently in advance of August 1 for the Court to rule on them before the deadline for summary judgment. Only after receiving the Court's permission should Plaintiffs have filed a brief exceeding 20 pages. Plaintiffs cannot simply ignore the Local Rules when practicing in this Court. *See* L.R. 1.3. ("Failure to comply with any of the directions or obligations set forth in, or authorized by, these rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer.").

***Second***, Plaintiffs' Motion seeks to prematurely adjudicate the merits of this action. Defendants have not served an expert report yet, and no experts have been deposed; yet Plaintiffs' Motion relies extensively on their own experts' opinions. Pursuant to Federal Rule 56(d), the Court may "defer considering the motion or deny it" when the nonmovant's opposition will depend on information yet to be elicited in the discovery process. Fed. R. Civ. P. 56(d). There is a "strong presumption [] in favor" of postponing the Motion to allow Defendants to complete expert

3

discovery, as that will "influence the outcome of the pending summary judgment motion." *Nortel Networks Inc. v. Foundry Networks, Inc.*, No. 01-CV-10442, 2003 WL 26476584, at *10 (D. Mass. Mar. 24, 2003); *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 724 (1st Cir. 2022).

***Finally***, the Motion asks the Court to find the merger unlawful—a ruling that would moot the DOJ case. By seeking this ruling now, Plaintiffs are attempting to obtain a decision on the merits before the DOJ case is even tried. And they are seeking to do so through a frivolous motion that demonstrates on its face that there *is* a genuine dispute as to the material facts on the issues raised by Plaintiffs. Indeed, Plaintiffs lost an appeal of a Clayton Act § 7 case earlier this year after making the same arguments, *Fjord. v. AMR Corp. (In re AMR Corp.)*, No. 22-901, 2023 WL 2563897 (2d Cir. Mar. 20, 2023), and Defendants are unaware of any recent cases where Plaintiffs have obtained summary judgment in similar circumstances. Simply put, Plaintiffs' Motion is not ripe for opposition by Defendants or consideration by the Court.

For the foregoing reasons, Defendants' respectfully request the Court:

1. Strike Plaintiffs' overlong brief for violation of the Local Rules and order Plaintiffs to comply with L.R. 7.1(b)(4);

2. Deny or defer the premature Motion under Rule 56(d) so that the parties may complete expert discovery and the DOJ case can be tried on the merits; and

3. Set a deadline after November 10 on which the parties can submit a proposed briefing schedule for Plaintiffs' summary judgment motion.

Respectfully submitted,

Dated: August 3, 2023

*/s/ Elizabeth Wright*
Elizabeth M. Wright (MA BBO #569387)
Zachary R. Hafer (MA BBO #569389)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736

Tel: 617-937-2300
ewright@cooley.com
zhafer@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com
mnguyen@cooley.com

Beatriz Mejia (*Pro Hac Vice*)
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Tel: 415-693-2000
Fax: 415-693-2222
bmejia@cooley.com

Joyce Rodriguez-Luna (*Pro Hac Vice*)
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Tel: 212 479 6895
Fax: 2124796275
jrodriguez-luna@cooley.com

*Attorneys for Defendant JetBlue Airways Corporation*

*/s/ Andrew C. Finch*
Andrew C. Finch (*pro hac vice*)
Eyitayo St. Matthew-Daniel (*pro hac vice*)
Jay Cohen (*pro hac vice*)
Jared P. Nagley (*pro hac vice*)
Kate Wald (*pro hac vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000

5

Fax: 212-757-3990
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jcohen@paulweiss.com
jnagley@paulweiss.com
kwald@paulweiss.com

Meredith R. Dearborn (*pro hac vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 628-432-5100
Fax: 628-232-3101
mdearborn@paulweiss.com

*Attorneys for Defendant
Spirit Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system on August 3, 2023 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Elizabeth M. Wright*
Elizabeth M. Wright
