UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GABRIEL GARAVANIAN, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>    *Defendants*. | Civil Action No.: 1:23-cv-10678-WGY |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

### INTRODUCTION

When litigating the Case Management Order in this case, Defendants insisted on allowing the filing of dispositive motions. Dkt. no. 96 at 4, n.2. They filed one on August 1, 2023 challenging Plaintiffs' standing. Plaintiffs filed their own dispositive motion, one that addresses, among other things, the legal prohibition of asserting defenses on which Defendants have the burden of proof. Defendants now object to this, asking the Court to strike Plaintiffs' motion in its entirety. There is no basis for requesting such a drastic measure.

Defendants assert the right to file their own summary judgment motion, while contending Plaintiffs may not. Defendants complain Plaintiffs did not provide notice of their motion for summary judgment until August 1, yet they fail to inform the Court that Defendants did not provide notice of their summary judgment motion until July 31 at 10:21 pm. In short, Defendants

1

want to take full advantage of Rule 56, and at the same time seek to prevent Plaintiffs from exercising the same right. Not only does this have no support in the law; it is prejudicial and unfair on its face.

Defendants masquerade their attempt to thwart Plaintiffs' summary judgment motion by relying on local rules, but Plaintiffs have followed the rules. Plaintiffs informed Defendants they would be filing a motion to file an oversize brief because it was justified in light of the voluminous discovery in this complex antitrust case. Plaintiffs offered to meet and confer with Defendants on an extension of time to respond to the motion. But, ignoring Plaintiffs' offer to address their concerns through a meet and confer, Defendants instead filed a motion to strike. Defendants have the resources to respond to a 66-page motion for summary judgment, especially with the reasonable extension of time that Plaintiffs have offered. The oversize brief is justified in light of the complexity and volume of evidence in this case. That Defendants instead filed a motion to strike reveals that they are not concerned about the ability to respond. They are simply seeking a procedural end-run around a properly filed dispositive motion. This gambit should be rejected.

## ARGUMENT

*First*, Defendants argue that Plaintiffs' summary judgment motion should be stricken in its entirety because it is too long. There is no justification for such a drastic measure. The length of Plaintiffs' summary judgment motion is not excessive in light of this antitrust merger case which has involved the production of tens of millions of pages of documents and some 60 depositions.

Plaintiffs are in compliance with Local Rule 7.1(b)(4), which allows parties to seek "leave of court" to file memoranda in excess of 20 pages. They are seeking "leave of court" to

file an oversized brief today. That motion was not filed yesterday only because Defendants did not (and still have not) responded to Plaintiffs' request to assent to the motion to file an oversized brief.[1] In the same communication, Plaintiffs also offered to provide Defendants a reasonable extension of time to respond to the motion for summary judgment to ameliorate whatever concerns they had about its length. But, rather than respond to Plaintiffs' email, Defendants filed their motion to strike. As Plaintiffs explained:

> As you know, this is a large and complex case and the parties engaged in an extraordinary amount of discovery in a short period of time. The length of our motion is justified. We are aware of the court's page limits, and intend to move for leave to file a motion in excess of the page limit. (Herman to Wright email, Aug. 3, 2023)

Plaintiffs also made a reasonable offer to Defendants to discuss an extension of time to respond to the summary judgment motion: "[w]e would be happy to discuss a reasonable extension of time for Defendants' response if needed." (*Id*.) But rather than engage in a dialogue with Plaintiffs that would address Defendants' concern about the length of the summary judgment motion, they ignored Plaintiffs' offer and filed the instant motion. Nevertheless, Plaintiffs remain willing to meet and confer with Defendants to arrive at a reasonable extension of time to respond to the summary judgment motion. Just in the past few weeks, the parties have resolved similar extensions to deadlines in the Case Management Order without incident.

Defendants also argue that Plaintiffs did not comply with Local Rule 7.2(c), which states that "[m]otions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded." In accordance with that rule, and after a discussion with the Court's ECF Clerk, Plaintiffs filed their motion for impoundment on August 1 and served their

---

[1] Their refusal to assent to Plaintiffs' motion to file an oversized brief is properly inferred by their filing of the motion to strike.

3

motion and statement of undisputed facts on Defendants the same day. Notably, Defendants assented to this procedure, even agreeing to work with Plaintiffs to resolve any issues that might arise with respect to the underseal filing. This process ensured Defendants timely received the summary judgment motion, and was also intended to allow the parties to meet and confer about proper redactions before making a public filing in light of the extensive use of confidential information. The summary judgment papers will be filed in accordance with Rule 7.2(c) if the Court grants Plaintiffs' motion to impound.

*Second*, Defendants argue that Plaintiffs' motion for summary judgment "seeks to prematurely adjudicate the merits of this action." But, that is what a summary judgment motion is for. Defendants insisted on including a deadline to file "dispositive motions" in the Case Management Order. Dkt. no. 96 at 4, n.2 ("Defendants have not agreed to waive dispositive motions"). But, now that Plaintiffs have filed their own dispositive motion, Defendants suddenly object to the adjudication of issues over which there is no genuine issue of material fact. Defendants cannot have it both ways. Plaintiffs have a right to file a dispositive motion under the CMO, just as Defendants do.

Relatedly, Defendants argue that Plaintiffs' motion for summary judgment is premature because it "relies extensively on their own expert reports." Dkt. no. 178 at 3. That is not correct. Very few sections of Plaintiffs' summary judgment motion cite to expert discovery. The vast majority of Plaintiffs' motion relies on Defendants' own admissions or simply the law with respect to issues on which Defendants cannot meet their burden. For instance, based entirely on Defendants' own concessions, there is no genuine issue of material fact that Defendants' purported "efficiencies" are not cognizable as a matter of law. Neither is their defense that relies on purported procompetitive benefits in markets outside of those negatively impacted by the

4

merger. Defendants' proposed divestitures are also inadequate as a matter of law to address the anticompetitive effects their merger will have on competition. All of these issues should be decided in advance of trial. Defendants carry the burden of rebutting Plaintiffs' prima facie case, and none of their purported efficiencies or divestitures can accomplish that as a legal matter. Expert discovery is not necessary to resolve these issues. The purpose of summary judgment is to eliminate issues before trial that cannot be sustained as a matter of law and on which there is no genuine issue of material fact.

Neither does Plaintiffs' summary judgment motion somehow conflict with the Court's trial schedule, as Defendants' speciously claim. (Dkt. no. 178 at 2 (noting Court rejected Plaintiffs' September 18, 2023 trial date).) The Court's trial date setting has nothing to do with the filing of dispositive motions. CMO at 4, n.2 (dkt. no. 96). Asking the Court to rule on issues for which there is no genuine dispute is not the same as a trial.

*Third*, a ruling granting summary judgment in Plaintiffs' case would not "moot" the DOJ case. "Private and public [antitrust injunctive] actions were designed to be cumulative, not mutually exclusive." *United States v. Borden Co.*, 347 U.S. 514, 518 (1954) (citing S. Rep. No. 698, 63d Cong., 2d Sess. 42). Thus, the government would still need to and would be entitled to obtain an injunction if the Court granted summary judgment and issued an injunction in Plaintiff's case. The impact of an order of this Court granting summary judgment in Plaintiffs' case can be separately litigated in the government action as necessary.

*Finally*, to the extent Defendants argue the merits of Plaintiffs' summary judgment motion or the merits of their own summary judgment motion (dkt. no. 178 at 2, n.1; *id*. at 4), those matters should be addressed in the papers responding to those motions. They are irrelevant

to Defendants' unmerited and drastic motion to strike.

## CONCLUSION

For the foregoing reasons, Defendants' motion to strike should be denied.

Dated: August 4, 2023                                        Respectfully submitted,

*/s/ Robert F. Ruyak*

| | |
|---|---|
| Robert F. Ruyak | Joseph Michelangelo Alioto Jr. |
| Stephen G. Larson | ALIOTO LEGAL |
| Scott Gregory Herrman | 100 Pine Street |
| LARSON LLP | Suite 1250 |
| 555 South Flower Street, Suite 4400 | San Francisco, CA 94111 |
| Los Angeles, California 90071 | Tel.: 415-398-3800 |
| Tel: (213) 436-4888 | Email: joseph@aliotolegal.com |
| Fax: (213) 623-2000 | *(Admitted Pro Hac Vice)* |
| Email:slarson@larsonllp.com | |
| Email:rruyak@larsonllp.com | |
| Email:gherrman@larsonllp.com | |
| (*Admitted Pro Hac Vice*) | |
| | |
| Lawrence G. Papale | Robert J. Bonsignore, Esq. |
| LAW OFFICES OF LAWRENCE G. PAPALE | BONSIGNORE TRIAL LAWYERS, PLLC |
| 1308 Main Street, Suite 117 | 23 Forest Street |
| St. Helena, CA 94574 | Medford, MA 02155 |
| Telephone: (707) 963-1704 | Phone: 781-856-7650 |
| Email: lgpapale@papale.com | Email: rbonsignore@classactions.us |
| | |
| Theresa Moore | Christopher A. Nedeau |
| LAW OFFICES OF THERESA D. MOORE | NEDEAU LAW PC |
| One Sansome Street, 35th Floor | 154 Baker Street |
| San Francisco, CA 94104 | San Francisco, CA 94117-2111 |
| Phone: (415) 613-1414 | Telephone: (415) 516-4010 |
| Email: tmoore@aliotolaw.com | Email: cnedeau@nedeaulaw.net |

Joseph M. Alioto, Esq.
Tatiana V. Wallace, Esq.
ALIOTO LAW FIRM
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 434-8900
Email: jmalioto@aliotolaw.com

Josephine Alioto
THE VEEN FIRM
20 Haight Street
San Francisco, CA 94102
Telephone: (415) 673-4800
Email: j.alioto@veenfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system on August 4, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/  Robert F. Ruyak
Robert F. Ruyak