EXHIBIT 45

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, et al.,

*Plaintiffs*,

v.                                              Civil Action No. 1:23-cv-10678-FDS

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

*Defendants*.

## PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **JETBLUE AIRWAYS CORPORATION** |
| | **SPIRIT AIRLINES, INC.** |
| **RESPONDING PARTY:** | **PLAINTIFF CLYDE STENSRUD** |
| **SET NUMBER:** | **ONE (SECOND SUPPLEMENTAL)** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff hereby responds and objects to the First Set of Interrogatories propounded by Defendants JetBlue and Spirit ("Defendants"), as set forth below.

## PRELIMINARY STATEMENT

Each of the following responses is subject to all objections of and concerning relevance, materiality, and admissibility, as well as to all and any other objections on any ground requiring exclusion of any response if introduced in Court. All evidentiary objections and grounds accordingly are expressly reserved. Furthermore, Plaintiffs' decision, now or in the future, to provide information notwithstanding the objectionable nature of the Interrogatories shall not be construed as: (a) an admission that they agree with any of Defendants' definitions or characterizations contained therein, or (b) an admission that the information sought will likely lead to the discovery of admissible evidence, or (c) an agreement that requests for similar information will be treated in a similar manner.

Plaintiffs' responses to the within First Set of Interrogatories are made without prejudice to their right to introduce any or all evidence of any kind in this case.

The specific responses and objections set forth below are based upon information now known. Plaintiffs have not yet completed discovery or preparation for trial in this case, and, therefore, reserve the right to amend, modify, or supplement any general or specific objection or response.

Nothing in their responses to these Interrogatories shall be construed as an admission by Plaintiffs going to the competence, admissibility, relevance, or materiality of any fact or document, or as an admission of the truth or accuracy of any characterization of any information of any kind sought by these Interrogatories.

Plaintiffs reserve their right to object to use of their responses herein, or the subject matter thereof, on any ground in this or in any subsequent proceeding, including, without limitation, the right to object on any ground at any time to the use of such responses in any discovery procedures in this or any proceeding, and/or at trial.

The Plaintiffs' responses to the Interrogatories are subject to the provisions of the Stipulated Protective Order entered by the Court on March 17, 2023 (Document 34) (the "Protective Order"). The Plaintiffs' Interrogatory Responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

Each of the General Objections herein is considered applicable to and is hereby incorporated into each and every response by Plaintiffs to the Interrogatories, and each response is given without waiving any of the General Objections.  The assertion of any General Objection in response to any Interrogatory should not be considered a waiver of the remaining General Objections.  By making the responses herein, Plaintiffs do not concede that the information provided is relevant to the claims or defenses of any party or reasonably calculated to lead to the discovery of admissible evidence.

## **GENERAL OBJECTIONS**

1. Plaintiffs object to, and will not answer, the Interrogatories to the extent they seek discovery of information, legal analysis, and/or strategies concerning Plaintiffs' prosecution of this case.  Such information, legal analysis, and/or strategies are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

2. Plaintiffs object to, and will not answer, the Interrogatories to the extent Defendants intend or purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, or to the extent they are outside the scope of any order or opinion of this Court or of the Special Master, or contrary to any applicable rules of law.

3. Plaintiffs object to, and will not answer, the Interrogatories to the extent they comprise premature "contention interrogatories," the answers to which are dependent on merits and/or expert discovery. Pursuant to Rule 33(a)(2) of the Federal Rules of Civil Procedure,

Plaintiffs, as necessary or appropriate, will respond to proper "contention interrogatories" at a time and as directed by the Court or Special Master. *See, e.g., In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 336 N.D. Cal. 1985) ("There is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re eBay Seller Antitrust Litigation*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken.").

4. Plaintiffs object to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent (a) they seek to elicit information relating or referring to matters not raised by the pleadings, or (b) they seek to elicit information that is not relevant to the claims or defenses of the parties to this action, or (c) they seek to elicit information that is not within Plaintiffs' possession, custody, or control, or (d) they seek to elicit information not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiffs object to, and will not answer, the Interrogatories to the extent they seek information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information"), including, without limitation, information concerning communications between Plaintiffs' attorneys, and/or between Plaintiffs and their attorneys, made during, or in anticipation of, litigation. Any inadvertent disclosure of such information is not intended to, and shall not, constitute a general or specific waiver, in whole or in part, of the foregoing privileges or immunities, or the subject matter thereof. Any inadvertent disclosure of such information is not intended to, nor shall it, constitute a waiver of the right to object to any use of such information, and any such disclosure shall be treated as specified in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

6. Plaintiffs object to, and will not answer, the Interrogatories to the extent that (a) they seek the premature disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, and/or (b) they seek disclosure of information concerning any person or entity whom Plaintiffs will not designate as an opinion or other witness at trial.

7. Plaintiffs object to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they seek information that is equally accessible to Defendants as it is to Plaintiffs, or that has been provided by other parties or witnesses.

8. Plaintiffs object to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they are cumulative to or duplicative of other Interrogatories.

9. Plaintiffs object to, and will not answer, the Interrogatories to the extent that they seek confidential or proprietary business information and research. Plaintiffs object to the purported definition of the terms "YOU" and "YOUR" because they are vague, ambiguous, overly broad, and unduly burdensome, as they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. Responding further, Plaintiffs object to the inclusion of "employees, agents, attorneys, representatives, or any other person acting or purporting to act on her behalf or under her control" within this Definition to the extent it purports to encompass information that is protected by attorney-client privilege and/or work-product doctrine, or any other applicable privilege, protection, immunity, or rule.

10. Plaintiffs object to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they purport to require Plaintiffs to identify documents supportive of a response on the ground that any such information is subject to the attorney-client privilege and/or work product doctrine at this stage of this case.

11. Plaintiffs object to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent any one or more or all of them assume disputed facts or legal

conclusions. Any response or objection herein is without prejudice to this objection and Indirect Purchaser Plaintiffs' right to dispute such purported facts or legal conclusions.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

List every airline and route You have flown from 2015 to present, including any flights booked prior to the date of the Complaint, and indicate the following for each trip as reflected in the sample table below: (i) the date(s) of trip (MM/DD/YYYY); (ii) the date of booking; (iii) which airline(s) You flew or will fly; (iv) the route(s) (e.g., LGA to BOS) You flew or will fly including the airports You connected, or will connect, through, if applicable (e.g., DCA to LGA to BOS); (v) the reason for the trip (e.g., business or personal); (vi) how You booked the trip (e.g., airline website, search engine such as Google Flights or Kayak, or travel agent); (vii) the class of service (e.g., Coach, First Class); (viii) the total price of the flight(s); (ix) who paid (e.g., You, employer); and (x) whether You used points towards the trip (Y/N), and if so, how many points were used.

### SUPPLEMENTAL RESPONSE NO. 1:

In addition to their General Objections listed above, Plaintiffs object to Interrogatory No. 1 because it calls for the disclosure of privileged information, including without limitation, information subject to the attorney-client privilege and/or the work product doctrine. Plaintiffs also object to Interrogatory No. 1 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waving the objections stated above, Plaintiff supplements as follows:

| Travel | Booked | Airline | Route | Reason | Book Method | Class | Price | Payer | Points |
|--------|--------|---------|-------|--------|-------------|-------|-------|-------|--------|
| 3/9/19 | 3/1/19 | AMR | SEA-JFK-SEA | Pers | ETC | Coach | $386.60 | Self | |
| 2/10/23 | 1/20/23 | AL | PAE/SFO/PAE | Pers | ETC | Coach | $257.81 | Self | |
| 2/22/19 | 2/8/19 | AL | SEA- SFO -SEA | Pers | ETC | Coach | $338.60 | Self | |
| 3/4/17 | 1/27/17 | Delta | SEA-MSP-BOS-SLC-SEA | Pers | ETC | Coach | $0.00 | Self | |

Dated: June 22, 2023           By:     */s/ Lawrence Papale*
                                       Lawrence G. Papale (SBN 67068)
                                       LAW OFFICES OF LAWRENCE G. PAPALE
                                       1308 Main Street, Suite 117
                                       St. Helena, CA 94574
                                       Telephone: (707) 963-1704
                                       Email: lgpapale@papalelaw.com

ADDITIONAL PLAINTIFFS' COUNSEL:

Lawrence G. Papale (SBN 67068)
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street, Suite 117
St. Helena, CA 94574
Telephone: (707) 963-1704
Email: lgpapale@papalelaw.com

Robert J. Bonsignore (SBN
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us

PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Lingel H. Winters, Esq. (SBN 37759)
LAW OFFICES OF LINGEL H. WINTERS
388 Market St. Suite 1300
San Francisco, California 94111
Telephone: (415) 398-2941
Email: sawmill2@aol.com


Josephine Alioto (SBN 282989)
THE VEEN FIRM
20 Haight Street
San Francisco CA 94102
Telephone: (415) 673-4800
Email: j.alioto@veenfirm.com

Christopher A Nedeau (SBN 81297)
NEDEAU LAW PC 154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email: cnedeau@nedeaulaw.net

Theresa Moore (SBN 99978)
LAW OFFICE OF THERESA D. MOORE PC
One Sansome Street, 35th Floor
San Francisco, CA 94104
Phone: (415) 613-1414
tmoore@aliotolaw.com


## CERTIFICATE OF SERVICE

      The undersigned certifies that, pursuant to Fed. R. Civ. P. 5 and agreement of the parties, the foregoing document has been served on all counsel of record by electronic mail on June 22, 2023.

                                                  */s/ Lawrence Papale*
                                                  Lawrence G. Papale

## VERIFICATION

I, Clyde D. Stensrud, hereby verify under the penalty of perjury that I have read the foregoing Plaintiff's Second Supplemental Responses and Objections to Defendants' First Set of Interrogatories, and that the Responses are true to the best of my knowledge as to facts pertaining to me, and upon information and belief as to all other matters.

Executed at Kirkland, WA on June 21, 2023.

*Clyde D. Stensrud*

## CERTIFICATE OF SERVICE

The undersigned certifies that, pursuant to Fed. R. Civ. P. 5 and agreement of the parties, the foregoing document has been served on all counsel of record by electronic mail on May ___, 2023.

/s/ Joseph M. Alioto, Jr.
Joseph M. Alioto, Jr.