# EXHIBIT 46

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

GABRIEL GARAVANIAN, et al.,

*Plaintiffs*,

v.                                                              Civil Action No. 1:23-cv-10678-FDS

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

*Defendants*.

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
FIRST SET OF INTERROGATORIES**

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **JETBLUE AIRWAYS CORPORATION** <br> **SPIRIT AIRLINES, INC.** |
| **RESPONDING PARTY:** | **PLAINTIFF GARY TALEWSKY** |
| **SET NUMBER:** | **ONE** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff hereby responds and objects to the First Set of Interrogatories propounded by Defendants JetBlue and Spirit ("Defendants"), as set forth below.

## **PRELIMINARY STATEMENT**

Each of the following responses is subject to all objections of and concerning relevance, materiality, and admissibility, as well as to all and any other objections on any ground requiring exclusion of any response if introduced in Court. All evidentiary objections and grounds accordingly are expressly reserved. Furthermore, Plaintiff's decision, now or in the future, to provide information notwithstanding the objectionable nature of the Interrogatories shall not be construed as: (a) an admission that they agree with any of Defendants' definitions or characterizations contained therein, or (b) an admission that the information sought will likely lead to the discovery of admissible evidence, or (c) an agreement that requests for similar information will be treated in a similar manner.

Plaintiff's responses to the within First Set of Interrogatories are made without prejudice to their right to introduce any or all evidence of any kind in this case.

The specific responses and objections set forth below are based upon information now known. Plaintiff has not yet completed discovery or preparation for trial in this case, and, therefore, reserve the right to amend, modify, or supplement any general or specific objection or response.

Nothing in their responses to these Interrogatories shall be construed as an admission by Plaintiff going to the competence, admissibility, relevance, or materiality of any fact or document, or as an admission of the truth or accuracy of any characterization of any information of any kind sought by these Interrogatories.

Plaintiff reserves Plaintiff's right to object to use of their responses herein, or the subject matter thereof, on any ground in this or in any subsequent proceeding, including, without limitation, the right to object on any ground at any time to the use of such responses in any discovery procedures in this or any proceeding, and/or at trial.

The Plaintiff's responses to the Interrogatories are subject to the provisions of the Stipulated Protective Order entered by the Court on March 17, 2023 (Document 34) (the "Protective Order"). The Plaintiff's Interrogatory Responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

Each of the General Objections herein is considered applicable to and is hereby incorporated into each and every response by Plaintiff to the Interrogatories, and each response is given without waiving any of the General Objections.  The assertion of any General Objection in response to any Interrogatory should not be considered a waiver of the remaining General Objections.  By making the responses herein, Plaintiff does not concede that the information provided is relevant to the claims or defenses of any party or reasonably calculated to lead to the discovery of admissible evidence.

## **GENERAL OBJECTIONS**

1. Plaintiff objects to, and will not answer, the Interrogatories to the extent they seek discovery of information, legal analysis, and/or strategies concerning Plaintiff's prosecution of this case.  Such information, legal analysis, and/or strategies are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

2. Plaintiff objects to, and will not answer, the Interrogatories to the extent Defendants intend or purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, or to the extent they are outside the scope of any order or opinion of this Court or of the Special Master, or contrary to any applicable rules of law.

3. Plaintiff objects to, and will not answer, the Interrogatories to the extent they comprise premature "contention interrogatories," the answers to which are dependent on merits and/or expert discovery. Pursuant to Rule 33(a)(2) of the Federal Rules of Civil Procedure,

Plaintiff, as necessary or appropriate, will respond to proper "contention interrogatories" at a time and as directed by the Court or Special Master. *See, e.g., In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 336 N.D. Cal. 1985) ("There is considerable recent authority for the view that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *In re eBay Seller Antitrust Litigation*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken.").

4. Plaintiff objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent (a) they seek to elicit information relating or referring to matters not raised by the pleadings, or (b) they seek to elicit information that is not relevant to the claims or defenses of the parties to this action, or (c) they seek to elicit information that is not within Plaintiff's possession, custody, or control, or (d) they seek to elicit information not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff objects to, and will not answer, the Interrogatories to the extent they seek information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information"), including, without limitation, information concerning communications between Plaintiff's attorneys, and/or between Plaintiff and Plaintiff's attorneys, made during, or in anticipation of, litigation. Any inadvertent disclosure of such information is not intended to, and shall not, constitute a general or specific waiver, in whole or in part, of the foregoing privileges or immunities, or the subject matter thereof. Any inadvertent disclosure of such information is not intended to, nor shall it, constitute a waiver of the right to object to any use of such information,

and any such disclosure shall be treated as specified in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

6.  Plaintiff objects to, and will not answer, the Interrogatories to the extent that (a) they seek the premature disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, and/or (b) they seek disclosure of information concerning any person or entity whom Plaintiff will not designate as an opinion or other witness at trial.

7.  Plaintiff objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they seek information that is equally accessible to Defendants as it is to Plaintiff, or that has been provided by other parties or witnesses.

8.  Plaintiff objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they are cumulative to or duplicative of other Interrogatories.

9.  Plaintiff objects to, and will not answer, the Interrogatories to the extent that they seek confidential or proprietary business information and research.  Plaintiff objects to the purported definition of the terms "YOU" and "YOUR" because they are vague, ambiguous, overly broad, and unduly burdensome, as they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. Responding further, Plaintiff objects to the inclusion of "employees, agents, attorneys, representatives, or any other person acting or purporting to act on her behalf or under her control" within this Definition to the extent it purports to encompass information that is protected by attorney-client privilege and/or work-product doctrine, or any other applicable privilege, protection, immunity, or rule.

10.  Plaintiff objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they purport to require Plaintiff to identify documents supportive of

a response on the ground that any such information is subject to the attorney-client privilege and/or work product doctrine at this stage of this case.

11. Plaintiff objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent any one or more or all of them assume disputed facts or legal conclusions. Any response or objection herein is without prejudice to this objection and Indirect Purchaser Plaintiff's right to dispute such purported facts or legal conclusions.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

List every airline and route You have flown from 2015 to present, including any flights booked prior to the date of the Complaint, and indicate the following for each trip as reflected in the sample table below: (i) the date(s) of trip (MM/DD/YYYY); (ii) the date of booking; (iii) which airline(s) You flew or will fly; (iv) the route(s) (e.g., LGA to BOS) You flew or will fly including the airports You connected, or will connect, through, if applicable (e.g., DCA to LGA to BOS); (v) the reason for the trip (e.g., business or personal); (vi) how You booked the trip (e.g., airline website, search engine such as Google Flights or Kayak, or travel agent); (vii) the class of service (e.g., Coach, First Class); (viii) the total price of the flight(s); (ix) who paid (e.g., You, employer); and (x) whether You used points towards the trip (Y/N), and if so, how many points were used.

**RESPONSE NO. 1:**

In addition to the General Objections listed above, Plaintiff objects to Interrogatory No. 1 because it calls for the disclosure of privileged information, including without limitation, information subject to the attorney-client privilege and/or the work product doctrine. Plaintiff also

objects to Interrogatory No. 1 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waving the objections stated above, Plaintiff responds as follows:

| Travel Date | Airline | Booking Date | Route | Reason | Class | Price | Who Paid | Booking Method |
|---|---|---|---|---|---|---|---|---|
| 2/8/2015 | AA | 2015 | BOS/MIA/STI | Business | F | $1050 | me | Travel Agency |
| 2/12/2015. | AA | 2015 | STI/MIA/STI | Business | F | | | air only option |
| 4/21/2015. | Cathay | 2015 | BOS/HKG/SGN | Business | C | $4800 | me | Travel Agency |
| 4/30/2015 | Cathay | | BKK/HKG/BOS | Business | C | | | air only option |
| 5/20-25/2015 | AA | 2015 | Bos/MIA/Managua/MIA/BOS | Business | F | $1030 | me | Travel Agency air only option |
| 9/27-10/9/2015 | CX | 2015 | BOS/PEK/HKG/BOS | Business | F | Miles | | air only option |
| 10/23-27 | Jet Blue (JB) | 2015 | BOS/FLL/BOS | Personal | C | $420 | me | Travel Agency - air only option |
| 11/4-6/2015 | Jet Blue | | BOS/PBI/BOS | Personal | | $380 | me | Travel Agency - air only option |
| 12/8-11/2015 | AA | | BOS/MIA/STI/MIA/BOS | Business | | $1060 | me | Travel Agency - air only option |

2016

| Travel Date | Airline | Route | Reason | Class | Price | Who Paid | Booking Method |
|---|---|---|---|---|---|---|---|
| 4/30-5/11 | CX (Cathay pacific) | BOS-HKG/BKK/HKG/BOS | Business | F | – miles | | |
| June 7-11 | AA | BOS/MIA/STI/MIA/BOS | Business | F | $1022 | me | Travel Agency |
| June 14-16 | Jet Blue | BOS/MCO/BOS | Business | C | $404 | me | Travel Agency |
| Aug 3-6 | AA | BOS/SDQ/BOS | Business | F | $990 | me | Travel Agency |
| October 16-28 | CX | Bos/SGN/BKK/BOS | Business | F | $4200 | me | Travel Agency |

7
PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES (SET ONE)

2017

Jan 15-19 Jet Blue  Bos/STI/BOS           Personal  C   $588    me Travel Agency

Feb 10-17  AA Bos/Mia/BOS              Personal   C $644    me Travel Agency

Apr 23-May 5  CX  BOS/HKG/MNL/BOS     Business - F - Miles

Sep 4-17  Japan Air  BOS/NRT/PNH/SGN/BOS Personal C  $2340   me  Travel Agency

Oct 22-26 AA Bos/MIA/POP/MIA/BOS         Business  F   $970     me  Travel Agency

Nov 8-16 Tap Air Portugal BOS/OPO/LIS/BOS Business  F $2920   me Travel Agency

Dec 17-30 Jet Blue Fll/pvd Bos/pbi          Personal   C  $843    me Travel Agency

2018

Feb 15-24 Southwest FLL/PVD/FLL           Personal $736

Apr 5-8 Jet Blue PBI/BOS/PBI              Personal C $660            Travel Agency

Apr 24  Jet Blue  PBI BOS              Personal C $258           me Travel Agency

April 28-May 11 CX BOS/SGN/BOS         Business – Business $2980 me Travel Agency

June 10-14  AA BOS /STI/ BOS            Business - F $748           me Travel Agency

July 17-27 British Air BOS/LON/BKK/LON/b BOS Business - Business $5100  me Travel Agency

August 10-13  jet Blue BOS /LAS/BOS        Business - C $390            me Travel Agency

September 22-23  AA BOS /DCA/ BOS         Personal - C $228           me Travel Agency
 - rail was an option

September 25-29  AA BOS/POP/MIA/BOS     Business – F $860            me Travel Agency

October 20-28  Tap Bos/Lis/Bos             Personal - C - $1680         me Travel Agency

November 30  Jet Blue Bos/PBI             Personal - C - $236           me  Travel Agency

8
PLAINTIFF'S  RESPONSES AND OBJECTIONS TO DEFENDANTS'
INTERROGATORIES (SET ONE)

2019

Jan 29-feb 1 American MIA/STI/MIA	Business – C. $448	me Travel Agency

Feb 15-18  Southwest FLL/PVD/FLL	Personal – C. $340	me airline website

Feb 22-23  Mia/SFO/MIA American	Business - F  $1107	me Travel Agency

March 12-13 American PBI/LGA/PBI	Business F $780	me Travel Agency

July 16-26 Cathay BOS/BKK/BOS	Business – Business –$4220  me / Travel Agency

Aug 10-16 Delta BOS/LAS  Jet Blue LAS/BOS  Business – miles / Delta Jet Blue $360 Travel Agency

Oct 10-20 British Air BOS/LHR/DBV/LON/BOS Leisure -  Business – $3550 me, Travel Agency

Nov 10-14 Jet Blue BOS/Sti/BOS	Business – C  -$620	airline website

2021

Mar 14-17 Jet Blue PBI/BOS/PBI	Personal - C $475	- airline website

August 2-6 AA- Jet Blue BOS/PHL/PBI	Personal – C. $360	- Travel Agency

August 8-12 Jet Blue  BOS/LAS/BOS	Business - First/Economy -$1220 Travel Agency

2022

Feb 18-21 Jet Blue FLL/BOS/FLL	Personal - C -$360	airline website

Mar 31-Apr 4  American MIA/Bog/MDE/MIA	Business – F  $1370	- Travel Agency

Aug 27 Jet Blue PVD FLL	Personal C. $210	airline website

Aug 31-sept 8 Delta MIA/PAR/MIA	Personal – Business $4200 - Travel Agency
\*\* Had American booked two times and they cancelled flights

Oct 25-Nov 1  jet blue FLL/PVD/PBI	Personal - $360	Airline website

Nov 9-13  FLL/HAV/FLL Jet Blue	Personal – C. $660   - airline website

Dec 18-24 American MIA/SXM/MIA           Personal – C $1635   - Travel Agency
** Jet Blue canceled nonstop flights from Ft Lauderdale

2023

Jan 6 Jet Blue PBI/PVD/PBI               Personal - C $330    - airline website

March 1-5 American MIA/Sti/MIA           Business – F $980    - Travel Agency

Apr 6-9  Jet Blue PBI/PVD/PBI            Personal - C $360    – airline website

May 24-oct 7 Jet Blue PBI/PVD/PBI        Personal - C -$407     Travel Agency

Aug 13-18  Jet Blue  BOS/LAS/BOS         Personal - C-$480        website

Sept 18-22 American BOS/MIA/NAS/CLT/BOS Business – F $1216   - Travel Agency

Dec 23-30 American MIA/SXM/MIA           Personal – C $686    - Travel Agency
**Easier for me to fly Fort Lauderdale St. Maarten on Jet blue but they cancelled flights

In addition, Plaintiff provides the following information in response to this interrogatory: Plaintiff has flown over 60 times on JetBlue from 2015 – 2023 and plans to fly with JetBlue in the future on the following routes: PUI-PBD, FLL-PVD, BOS-LAS-BOS, FLL-SDQ, BOS-STI, BPS-MIA.

Plaintiff flew the following route on Spirit in 2017: FLL-STI-FLL.

Plaintiff has flown the following route on numerous occasions: BOS-MIA, with JetBlue and American.

Plaintiff has flown the following routes:

    MIA-PHL on American in 2021-2022

    SFO-MIA on American in 2019

    DCA-MIA on American in 2020

      BOS-ORD on JetBlue in 2017

      BOS-LAS on JetBlue and Delta in 2020, 2021, and 2023

**INTERROGATORY NO. 2:**

  For each route listed in Interrogatory No. 1, identify whether You have ever taken a different mode of transportation (e.g., driven or taken a train) since 2015 for that same route, when that trip occurred, and why You chose to travel by that method.

**RESPONSE NO. 2:**

  In addition to the General Objections listed above, Plaintiff objects to Interrogatory No. 2 because the term "different mode of transportation" is vague, ambiguous, and overly broad.

  Subject to and without waiving the objections stated above, Plaintiff responds as follows: See response to Interrogatory No. 1 above.

**INTERROGATORY NO. 3:**

  List every airline loyalty and/or promotional program(s) to which You belong or have belonged to from 2015 to present, including but not limited to, airline loyalty programs (such as True Blue and Delta Sky Miles), airline credit card loyalty programs (such as Capital One Venture), booking promotion services (such as Rocketmiles), and/or airline shopping reward programs, including Your status level, if any, with each loyalty or reward program (e.g., Diamond, Platinum, Gold, or Silver Medallion Member with Delta) to which You are a member.

**RESPONSE NO. 3:**

  In addition to the General Objections listed above, Plaintiff objects to Interrogatory No. 3 because (a) the terms "loyalty and/or promotional program" and the phrase "airline shopping reward programs" are vague, ambiguous, overly broad, and unduly burdensome, and (b) it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and it is a violation of Plaintiff's right to privacy. Responding further, to the extent Defendant seeks discovery related to "loyalty and/or promotional program," Plaintiff also objects to Interrogatory No. 3 because it (a) prematurely seeks to elicit legal theories, analysis, and other matters on which opinion testimony may be required at trial, (b) purports to require a layperson to provide answers on matters as to which opinion testimony may be required at trial, and (c) calls for legal conclusions and compels the assumption of facts not yet in evidence, and (d) prematurely seeks disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

Subject to and without waiving the objections stated above, Plaintiff responds as follows:

<u>Loyalty Clubs</u>
American Aadvantage- Platinum Executive
Jet Blue- Mosaic
Delta – Normal Status
United – Normal Status
Southwest – Normal Status

<u>Credit Cards used for air miles:</u>
Barclay Jet Blue Card
American Citi Bank Aadvantage Card
Platinum American Express- for airlines lounges, perks and miles
United Chase Mileage Plus Credit Card

**INTERROGATORY NO. 4:**

Identify every complaint You have ever filed seeking to enjoin a merger under the Clayton Act, including any payments and/or other benefits.  You received in connection with any such case, if any.

**RESPONSE NO. 4:**

In addition to the General Objections listed above, Plaintiff objects to Interrogatory No. 4 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and it is a violation of Plaintiff's right to privacy.

Dated: May 17, 2023                    By:    /s/ Joseph M. Alioto, Jr.
                                              Joseph M. Alioto Jr. (SBN 215544)
                                              ALIOTO LEGAL
                                              100 Pine Street, Suite 1250
                                              San Francisco, CA 94111
                                              Telephone: (415) 398-3800
                                              E-mail: joseph@aliotolegal.com

ADDITIONAL PLAINTIFFS' COUNSEL:

Lawrence G. Papale (SBN 67068)
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street, Suite 117
St. Helena, CA 94574
Telephone: (707) 963-1704
Email: lgpapale@papalelaw.com

Robert J. Bonsignore (SBN
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Lingel H. Winters, Esq. (SBN 37759)
LAW OFFICES OF LINGEL H. WINTERS
388 Market St. Suite 1300
San Francisco, California 94111
Telephone: (415) 398-2941
Email: sawmill2@aol.com

Josephine Alioto (SBN  282989)
THE VEEN FIRM
20 Haight Street
San Francisco CA 94102
Telephone: (415) 673-4800
Email: j.alioto@veenfirm.com

Christopher A Nedeau (SBN 81297)
NEDEAU LAW PC 154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010

Email: cnedeau@nedeaulaw.net

Theresa Moore (SBN 99978)
LAW OFFICE OF THERESA D. MOORE PC
One Sansome Street, 35th Floor
San Francisco, CA 94104
Phone: (415) 613-1414
tmoore@aliotolaw.com

CERTIFICATE OF SERVICE

The undersigned certifies that, pursuant to Fed. R. Civ. P. 5 and agreement of the parties, the foregoing document has been served on all counsel of record by electronic mail on May 17, 2023.

/s/ Joseph M. Alioto, Jr.
Joseph M. Alioto, Jr.