# EXHIBIT 90

# Spirit Airlines Board of Directors Reiterates Support for Merger with Frontier Airlines



NEWS PROVIDED BY
**Spirit Airlines, Inc.** →
May 02, 2022, 07:42 ET

*Board Unanimously Determined JetBlue Proposal Does Not Constitute a 'Superior Proposal'*

*Company Intends to Continue Advancing Toward Completion of Transaction with Frontier Airlines*

MIRAMAR, Fla., May 2, 2022 /PRNewswire/ -- Spirit Airlines, Inc. ("Spirit" or the "Company") (NYSE:SAVE) today announced that its Board of Directors (the "Board"), in consultation with outside financial and legal advisors, has unanimously determined that the unsolicited proposal received from JetBlue Airways ("JetBlue") (NASDAQ: JBLU) does not constitute a 'Superior Proposal' as defined in Spirit's merger agreement with Frontier Group Holdings, Inc. ("Frontier") (NASDAQ: ULCC), parent company of Frontier Airlines, Inc., because it has determined that the proposed transaction is not reasonably capable of being consummated. The Board continues to believe that the pending transaction with Frontier represents the best opportunity to maximize value and recommends that Spirit shareholders adopt the merger agreement with Frontier. Spirit's Board of Directors also issued the following letter to JetBlue.



Witness: Gardner
Exhibit: 12
Date: 6/27/23
Margaret Reihl, CCR, CRR, RPR

agreement with Frontier.

As you know, a "Superior Proposal" under the Frontier agreement must, among other requirements, be "reasonably capable of being consummated." Spirit's Board believes JetBlue's proposal falls short of that standard. Our conclusion is based on careful analysis of the competitive implications of a combination of JetBlue, which analysis has been informed by extensive discussions between our respective antitrust advisors and economic consultants over the past four weeks. During that period, Spirit has also discussed projections with your financial advisers and provided voluminous documentary due diligence material through a secure virtual data room.

We believe a combination of JetBlue and Spirit has a low probability of receiving antitrust clearance so long as JetBlue's Northeast Alliance (NEA) with American Airlines remains in existence. The U.S. Department of Justice (DOJ), along with Attorneys General in six states and the District of Columbia, have sued to block the NEA, alleging that the alliance "will not only eliminate important competition in [Boston and New York City], but will also harm air travelers across the country by significantly diminishing JetBlue's incentive to compete with American elsewhere, further consolidating an already highly concentrated industry."[1] As you know, Spirit and many other airline and air travel constituencies have publicly opposed the NEA on grounds that it is anticompetitive. We struggle to understand how JetBlue can believe DOJ, or a court, will be persuaded that JetBlue should be allowed to form an anticompetitive alliance that aligns its interests with a legacy carrier and then undertake an acquisition that will eliminate the largest ULCC carrier.

We further believe that your divestiture proposal is unlikely to resolve DOJ's concerns about a combination of Spirit and JetBlue if the NEA continues in existence. DOJ clearly views the NEA as having a broader national effect and Spirit believes DOJ will not place great weight on your proposed remedy, especially because there are reasons to doubt the efficacy of similar divestitures as a remedy in past airline mergers.

Moreover, in evaluating a JetBlue-Spirit combination, Spirit believes DOJ—and a court—will be very concerned that a higher-cost/higher fare airline would be eliminating a lower-cost/lower fare airline in a combination that would remove about half of the ULCC capacity in the United States. In addition, the conversion of Spirit aircraft to JetBlue configuration will result