UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, *et al.*,

    *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,

    *Defendants*.

Civil Action No.: 1:23-cv-10678-WGY

**PLAINTIFFS' AMENDED UNOPPOSED MOTION TO IMPOUND**

    Plaintiffs file this Amended Unopposed Motion to Impound to amend Plaintiffs' Unopposed Motion to Impound (Dkt. No. 188) based on information received after the motion was filed. In particular, after filing Plaintiffs' Unopposed Motion to Impound on August 22, 2023, counsel for Defendant Spirit Airlines informed Plaintiffs that it had become aware that one of the documents identified in Plaintiffs' August 22 Unopposed Motion to Impound (Kirby Lit. Ex. 4 at NK-2R-00707952) does not contain confidential information. That document has been removed from the list of confidential information in Appendix A of this motion.

    Pursuant to Local Rule 7.2, Plaintiffs respectfully move to impound certain documents and information to protect Defendants' confidential information. Specifically, Plaintiffs move to impound certain exhibits to be filed in support of their Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Opposition"), as well as portions of the Opposition and Plaintiffs' Opposition To Defendants' Statement Of Purported Undisputed Material Facts In Support Of Defendants' Motion For Summary Judgment ("Statement of Facts") that discuss the information in those exhibits. Plaintiffs have conferred with Defendants, and Defendants indicated that they do not oppose this motion.

1

Attached as Appendix A is a list of each of the exhibits that Plaintiffs' seek to impound, and Defendants' stated basis for requiring impoundment of each exhibit.  For the same reasons provided in Appendix A, Plaintiffs seek to impound portions of Plaintiffs' Opposition and Statement of Facts that discuss these exhibits.

Defendants' contend that the confidential material should be impounded until further order of the Court because it includes current and forward-looking competitive and strategic information regarding Defendants and the proposed merger, and there are no upcoming deadlines or events that would require or support impoundment being lifted sooner.

Accordingly, Plaintiffs respectfully move to impound the documents described herein until further order of the Court.

Dated: September 1, 2023

      /s/ *Scott Gregory Herrman*
Stephen G. Larson
Robert F. Ruyak
Scott Gregory Herrman
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 436-4888
Fax: (213) 623-2000
*(Admitted Pro Hac Vice)*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed through the ECF system on September 1, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                         /s/  *Scott Gregory Herrman*
                                                         Scott Gregory Herrman

## Appendix A

| Document | Defendants' Description | Defendants' Basis for Impoundment |
|---|---|---|
| Portions of David Clark CID Ex. 23 (JBLU-DOJ-05761931-34) | JetBlue talking points for call regarding synergies, timing of transaction, future fleet strategy and future network plans | JetBlue requests impoundment of this exhibit because disclosure of JetBlue's granular financial data, future fleet and network plans, and corporate strategy will harm JetBlue's competitive standing. |
| Portions of Eric Friedman CID Ex. 4 (JBLU-DOJ-04260597-0603) | Email from Eric Friedman to Dave Clark copying Dave Jehn and Andrea Lusso regarding synergies, future fleet strategy and future network plans | JetBlue requests impoundment of this exhibit because disclosure of JetBlue's granular financial data, future fleet and network plans, and corporate strategy will harm JetBlue's competitive standing. |
| Portions of Eric Friedman LIT 30(b)(6) Ex. 10 | Defendant JetBlue Airways Corporation's Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendant JetBlue Airways Corporation from *United States, et al. v. JetBlue Airways Corporation and Spirit Airlines, Inc.*, No. 23-cv-10511-WGY (D. Mass. 2023), dated May 17, 2023, which includes information regarding future network plans and strategy. | JetBlue requests impoundment of the response to Interrogatory No. 1. Disclosure of the response to Interrogatory No. 1 would reveal various strategic initiatives related to JetBlue's network, operations, infrastructure, marketing, corporate sales, and future fleet strategy, including unrealized future network growth strategy. Disclosure of JetBlue's future network plans and corporate strategy will harm JetBlue's competitive standing. |
| Portions of Robin Hayes CID Ex. 13 (JBLU-DOJ-05815880-16076) | Excerpts from the Board of Directors Strategy Offsite Meeting deck and cover email, dated June 2022, which discuss JetBlue's granular financial data and future fleet strategy, including unrealized future network growth strategy. | JetBlue requests impoundment of the excerpts from this Board of Directors Strategy deck because disclosure of JetBlue's granular financial data, future network plans, and corporate strategy will harm JetBlue's competitive standing. |

1

**Appendix A**

| Document | Defendants' Description | Defendants' Basis for Impoundment |
|---|---|---|
| Portions of Derek Klinka CID (30(b)(6)) Ex. 2 | Response of JetBlue Airways Corporation to the Antitrust Division of the U.S. Department of Justice's Request for Additional Information and Documentary Material Issued September 12, 2022, dated December 12, 2022. | JetBlue requests impoundment of the portion(s) of this response to the DOJ that discuss(es) granular financial data and various strategic growth initiatives related to JetBlue's network, operations, infrastructure, sales, and marketing that are relevant today. Disclosure of this granular financial data, future network plans, and corporate strategy will harm JetBlue's competitive standing. |
| David Clark CID Transcript 312:22-313:12; 316:21-317:8; 319:12-15 | Excerpts of the transcript of deposition of David Clark from JetBlue/Spirit Investigation, dated January 18, 2023, which discuss granular financial data and strategic growth initiatives related to JetBlue's network and operations. | JetBlue requests impoundment of the portion(s) of Mr. Clark's transcript that discuss granular financial data and JetBlue's various strategic growth initiatives related to JetBlue's network, operations, infrastructure, sales, and fleet strategy that are relevant today. Disclosure of this granular financial data, future network plans, and corporate strategy will harm JetBlue's competitive standing. |
| Bartolotta CID Ex. 7 at PDF pages 1, 73 | | Spirit requests impoundment because the document appears to contain competitively sensitive information pertaining to Spirit's business. |

Appendix A

| Document | Defendants' Description | Defendants' Basis for Impoundment |
|---|---|---|
| Eric Friedman CID Transcript 210:3-211:24; 220:12-17; 224:14-21; 227:4-228:16 | Transcript of deposition of Eric Friedman from *United States, et al. v. JetBlue Airways Corporation and Spirit Airlines, Inc.*, No. 23-cv-10511-WGY (D. Mass. 2023), dated January 19, 2023 | JetBlue requests impoundment of the portion(s) of Mr. Friedman's transcript that discuss granular non-public business information related to JetBlue's internal synergies analysis, including details of the formula underlying the Customer Premium Synergy model and future network plans, in connection with the JetBlue/Spirit transaction. JetBlue further requests impoundment of the portion(s) of Mr. Friedman's transcript that discuss highly sensitive granular financial data and reveal how JetBlue analyzes revenue and utilization data for the purpose of determining the value of transaction-related synergies, which reveals proprietary and non-public business information that will harm JetBlue's competitive standing.<br><br>Disclosure of JetBlue's granular financial data and corporate strategy will harm JetBlue's competitive standing. |
| Eric Friedman LIT 30(b)(6) Transcript 154-161 | Transcript of deposition of Eric Friedman from *United States, et al. v. JetBlue Airways Corporation and Spirit Airlines, Inc.*, No. 23-cv-10511-WGY (D. Mass. 2023), dated June 22, 2023 | JetBlue requests impoundment of the portion(s) of Mr. Friedman's deposition transcript that reveal(s) future network plans and exactly how JetBlue analyzes utilization data for the purpose of determining the value of transaction-related synergies using proprietary and non-public business information that will harm JetBlue's competitive standing.<br><br>Disclosure of JetBlue's granular financial data and corporate strategy will harm JetBlue's competitive standing. |

3

**Appendix A**

| Document | Defendants' Description | Defendants' Basis for Impoundment |
|---|---|---|
| Derek Klinka LIT-30(b)(6) 25:2-12 | Transcript of deposition of Derek Klinka from *United States, et al. v. JetBlue Airways Corporation and Spirit Airlines, Inc.*, No. 23-cv-10511-WGY (D. Mass. 2023), dated June 1, 2023 | JetBlue requests impoundment of the portion(s) of Mr. Klinka's deposition transcript that reveal(s) exactly how JetBlue analyzes revenue and utilization data for the purpose of determining the value of transaction-related synergies using proprietary and non-public business information.<br><br>Disclosure of JetBlue's granular revenue and utilization data and corporate strategy will harm JetBlue's competitive standing. |
| Portions of Friedman 30(b)(6) CID Ex. 8 (JBLU-DOJ-06183756-770) | Email from Eric Friedman to Dave Clark, Andrea Lusso and Brandon Nelson regarding proprietary details related to synergies calculation and related analysis in connection with the JetBlue/Spirit transaction. | JetBlue requests impoundment of this exhibit, which contains granular non-public business information related to JetBlue's internal synergies analysis, including details of the formula underlying the Customer Premium Synergy model and future network plans, in connection with the JetBlue/Spirit transaction.<br><br>Disclosure of JetBlue's granular revenue data, future network plans and corporate strategy will harm JetBlue's competitive standing. |