UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, *et al.*,

        *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,

        *Defendants*.

Civil Action No.: 1:23-cv-10678-WGY

**PLAINTIFFS' SUPPLEMENTAL UNOPPOSED MOTION TO IMPOUND**

Pursuant to Local Rule 7.2, Plaintiffs respectfully move to impound certain documents and information to protect Defendant Spirit's confidential information. Specifically, Plaintiffs move to impound certain additional exhibits (in addition to those identified in Plaintiffs' Amended Unopposed Motion to Impound Dkt. No. 211) relied on in support of their Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Opposition").

Plaintiffs have conferred with Defendants. Defendant Spirit assents to this motion. Defendant JetBlue stated that it need not assent to this motion as its confidential information is not at issue.

Spirit requests impoundment of the documents listed below because they reveal confidential information about Spirit's fleet and airport/route expansion plans and strategy. Spirit states that it does not make this information public in the ordinary course of business, particularly the specific identification of airports and routes it views as strategic opportunities for future growth. Spirit further states that disclosure of this information would

cause Spirit competitive harm by revealing its confidential business plans and strategy to its rivals, giving them an unfair advantage and damaging Spirit's competitive standing.

- "Additional Relevant Airports Based on Spirit Expansion Plans" from each plaintiff's second supplemental response to interrogatory 8
- Pages 25, 28 and 29 of Christie 1-24-23 depo ex. 25 (Dec. 12, 2022 Response to DOJ)
- Pages 54-55 of Hal Singer's 7-28-23 Expert Report

Spirit contends that the confidential material should be impounded until further order of the Court because it includes current and forward-looking competitive and strategic information regarding Spirit and the proposed merger, and there are no upcoming deadlines or events that would require or support impoundment being lifted sooner.

The documents and information at issue in this Supplemental Motion to Impound were not included in Plaintiffs' original Motion to Impound (Dkt. No. 188, "Original Motion to Impound") because the documents and information were not added to Plaintiffs' Opposition in time to be included in the Original Motion to Impound and/or Plaintiffs did not recognize that the documents might include Defendants' confidential information in time to have them included in the Original Motion to Impound.  Out of an abundance of caution, Plaintiffs' treated this information as confidential in the Opposition as-filed (the information was redacted and/or a slip sheet was filed in place of the exhibit).  Plaintiffs first asked Defendants about impounding this information on August 28, 2023, and received from Defendants all of the information necessary to file this motion on September 6, 2023.

Accordingly, Plaintiffs respectfully move to impound the documents described herein until further order of the Court.

Dated: September 7, 2023

          /s/ *Scott Gregory Herrman*
Stephen G. Larson
Robert F. Ruyak
Scott Gregory Herrman
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 436-4888
Fax: (213) 623-2000
*(Admitted Pro Hac Vice)*

4

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on September 7, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                             /s/  *Scott Gregory Herrman*
                                             Scott Gregory Herrman