UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GABRIEL GARAVANIAN, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Civil Action No.: 1:23-cv-10678-WGY |

**PLAINTIFFS' UNOPPOSED AMENDED MOTION TO IMPOUND**

Plaintiffs file this Amended Unopposed Motion to Impound to amend Plaintiffs' Unopposed Motion to Impound (Dkt. No. 227) to request impoundment of additional information that Defendants have identified as confidential.

Pursuant to Local Rule 7.2, Plaintiffs respectfully move to impound certain documents and information to protect Defendants' confidential information. Specifically, Plaintiffs move to impound an exhibit relied on in support of their Motion in Limine to Exclude Evidence of "Out-of-Market Benefits" and portions of the Memorandum in Support of the Motion ("Memorandum") that discuss that exhibit and other confidential information of Defendants.

Plaintiffs have conferred with Defendants, and Defendants assent to this motion.

The exhibit that Plaintiffs move to impound contains portions of the Response of Jetblue Airways Corporation To The Antitrust Division Of The U.S. Department Of Justice's Request For Additional Information And Documentary Material Issued September 12, 2022, dated December 12, 2022. JetBlue requests impoundment of the document because it contains non-public information related to internal analyses and calculations regarding transaction-related

1

synergies and future network plans, as well as detailed information covering a wide-range of highly sensitive topics such as route profitability, corporate contracts, internal valuations of airport infrastructure, employment contracts, HR policies related to retention/hiring of airline workers, pricing strategy, and unrealized strategic plans involving partnerships/mergers with other airlines.  Disclosure of such highly competitive information would lead to serious competitive injury and destroy JetBlue's competitive standing.

In addition, Plaintiffs' Memorandum discusses information that Spirit contends reveals confidential information about Spirit's fleet and airport/route expansion plans and strategy. Spirit does not make this information public in the ordinary course of business, particularly the specific identification of airports and routes it views as strategic opportunities for future growth. Disclosure of this information would cause Spirit competitive harm by revealing its confidential business plans and strategy to its rivals, giving them an unfair advantage and damaging Spirit's competitive standing.

Defendants contend that the confidential material should be impounded until further order of the Court because it includes current and forward-looking competitive and strategic information regarding Defendants and the proposed merger, and there are no upcoming deadlines or events that would require or support impoundment being lifted sooner.

Accordingly, Plaintiffs respectfully move to impound the documents described herein until further order of the Court.

Dated: September 18, 2023

       /s/ *Scott Gregory Herrman*
Stephen G. Larson
Robert F. Ruyak
Scott Gregory Herrman
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 436-4888
Fax: (213) 623-2000
*(Admitted Pro Hac Vice)*

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on September 18, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

>                          /s/ *Scott Gregory Herrman*
>                          Scott Gregory Herrman