**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

GABRIEL GARAVANIAN, *et al.*,

        *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

        *Defendants*.

Civil Action No.: 1:23-cv-10678-WGY

**DECLARATION OF S. GREGORY HERRMAN IN SUPPORT OF
PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF "OUT-OF-
MARKET BENEFITS"**

I, S. Gregory Herrman, declare as follows:

1.      I am counsel with Larson LLP, attorneys of record for Plaintiffs.  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of Motion In Limine To Exclude Evidence Of "Out-Of-Market Benefits." If called to testify in this action, I could and would testify competently to all matters contained in this declaration based upon my own personal knowledge.

2.      Attached hereto as Exhibit A is a true and correct copy of portions of Response of Jetblue Airways Corporation To The Antitrust Division Of The U.S. Department Of Justice's Request For Additional Information And Documentary Material Issued September 12, 2022, dated December 12, 2022, as reflected in Exhibit 2 of the Department of Justice's January 12, 2023 30(b)(6) deposition of a JetBlue witness.

1

2

3.      Attached hereto as Exhibit B is a true and correct copy of portions of Defendant

Jetblue Airways Corporation's Responses and Objections To Plaintiffs' First Set Of

Interrogatories To Defendant Jetblue Airways Corporation, dated May 17, 2023.


I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

Executed on this 18th day of September, 2023, at Ashburn, VA.


/s/ S. Gregory Herrman
S. Gregory Herrman

**CERTIFICATE OF SERVICE**

I certify that this document was filed through the ECF system on September 18, 2023 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

I further certify that a confidential version of this document and its exhibits was served on the defendants on September 18, 2023, by transmitting it by email to counsel for defendants.

/s/ S. Gregory Herrman__
S. Gregory Herrman

# Exhibit A
# FILED UNDER SEAL

# Exhibit B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, *et al.*,

          *Plaintiffs*,

      v.

JETBLUE AIRWAYS CORPORATION

      and

SPIRIT AIRLINES, INC.,

          *Defendants*.

Civil Action No. 1:23-cv-10511-WGY

## DEFENDANT JETBLUE AIRWAYS CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT JETBLUE AIRWAYS CORPORATION

Defendant JetBlue Airways Corporation ("JetBlue"), by and through its undersigned counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts, hereby provides the following responses and objections to Plaintiffs' First Set of Interrogatories to Defendant JetBlue (the "Interrogatories") served on April 19, 2023.

The following responses and objections are based on information that JetBlue presently knows and that is available to it after reasonably inquiry. JetBlue's investigation and analysis may lead to additional facts or information, or lead to additions, variations, or changes to these responses and objections. JetBlue reserves the right to supplement, amend, or otherwise modify the following responses and objections in any manner, at any time, in light of additional facts or information revealed through subsequent investigation or otherwise learned by JetBlue.

HIGHLY CONFIDENTIAL

vague, and ambiguous, including specifically the use of "parents," "subsidiaries," "affiliate,"

"partnerships," "joint ventures," and "all directors, officers, employees, agents, and

representatives."  Subject to and without waiving any objections, JetBlue will construe "Spirit"

to mean Spirit Airlines, Inc., the defendant in this Action.

* * *

The General Objections set forth above apply to the Interrogatories generally and to the

Definitions and Instructions set forth therein.   Unless otherwise stated, the General Objections

shall have the same force and effect as if set forth in full in response to the Interrogatories.   Any

undertaking to search for or provide information or documents in response to the Interrogatories

remains subject to the General Objections.   JetBlue expressly reserves the right to revise, amend,

correct, supplement, or clarify its responses, objections, and any production in response to the

Interrogatories, including the right to redact any documents that may be produced or referenced

in response to the Interrogatories, when and if it becomes necessary.   Any supplemental or

amended response shall not function as a waiver of any privilege, immunity, or objection.   This

reservation, however, is not to be construed as an undertaking by JetBlue of an affirmative duty

to alter, supplement, amend, or otherwise modify these responses and objections in any manner,

at any time, except as otherwise required by law.

## SPECIFIC OBJECTIONS AND RESPONSES

In accordance with Local Rule 33.1(a)(2), Plaintiffs' Interrogatories are reproduced

below followed by JetBlue's specific responses and objections.

## INTERROGATORY NO. 1:

Identify all Efficiencies that You contend will be generated by the Transaction, whether
and why the Transaction is necessary to achieve each Efficiency, and the anticipated annual
amount (in dollars) of additional revenues, costs (both fixed and variable), and savings passed on
to consumers (or specific consumer segments) that will be generated by each Efficiency, both in

HIGHLY CONFIDENTIAL

total and separately by origin-and-destination pair, Including the method used to calculate those revenues, costs, and savings.

## RESPONSE TO INTERROGATORY NO. 1

In addition to the General Objections and its Objections to the Definitions and Instructions, each of which is incorporated herein by reference, JetBlue objects to this Interrogatory as premature because it seeks expert opinions and discovery prior to the deadline for expert disclosures. JetBlue reserves all rights regarding its expert disclosures and the subjects of expert testimony it may offer at trial, including without limitation the right for its experts to address issues regarding procompetitive efficiencies of the Transaction in their expert report(s) and at trial. JetBlue further objects to this Interrogatory to the extent it seeks to call for legal conclusions. JetBlue will construe the terms "Efficiencies" and "Efficiency" to mean a benefit, cost saving, economy, new product or service, or product or service improvement. By responding to this Interrogatory, JetBlue neither concedes or acknowledges any burden on it with respect to any "Efficiencies" or "Efficiency," nor does it shift to itself any burden placed by law on Plaintiffs. In addition, for the avoidance of doubt, JetBlue does not by responding to this Interrogatory waive any rights, privileges, or other protections to which it is entitled under Applicable Law.

Subject to and without waiving the foregoing objections, and reserving all rights to supplement, amend, or otherwise modify the following response, JetBlue responds as follows based on information that is currently known and available:

JetBlue anticipates that information responsive to this Interrogatory may be addressed as part of the opinions and analysis offered by JetBlue's disclosed expert witnesses, including without limitation as part of JetBlue's experts' analyses regarding the numerous pro-competitive effects of the transaction, which opinions and analysis will be disclosed pursuant to the Case

HIGHLY CONFIDENTIAL

Management Order entered by the Court on April 6, 2023 (ECF No. 79).  In addition to

JetBlue's forthcoming expert opinions and analyses that may be responsive to this Interrogatory,

JetBlue further states that information responsive to this Interrogatory can be found in JetBlue's

December 12, 2022 Response to the Antitrust Division of the U.S. Department of Justice's

Request for Additional Information or Documentary Material Issued September 12, 2022

("Second Request Response").  In the Second Request Response, JetBlue described certain

categories of benefits, economies, new products or services and/or product or service

improvements likely to result from the Transaction and, if applicable, estimates of the dollar

value of the synergies JetBlue may realize as a result of the Transaction.  *See, e.g.,* Second

Request Response at 68-70, 74-78, 82-86.

Among other things, these include:

*Enhanced JetBlue Network*:  The Transaction will materially increase the size and

diversity of JetBlue's network.  Consumers tend to value airlines with broad networks and deep

schedules because such airlines can most consistently meet their travel needs.  With the

Transaction, JetBlue will be able to offer improved schedules—more destinations, more

frequencies, more connectivity (including with codeshare partners), more attractively timed

flights—than either JetBlue or Spirit could offer on its own.  *See also* JBLU_MERGER_LIT-

01649853 - JBLU_MERGER_LIT-01649932.  This improved network offering will benefit

consumers and increase JetBlue's ability to broadly and effectively compete with other airlines.

*Increased Utilization*:  One function of a larger network is that an airline has more

options to fly a plane from any given location and therefore has the ability to more fully utilize

its planes.  *See* March 7, 2023 Press Release *available at* https://news.jetblue.com/latest-

news/press-release-details/2023/JetBlue-and-Spirit-Will-Continue-to-Advance-Plan-to-Create-

HIGHLY CONFIDENTIAL

Compelling-National-Low-Fare-Challenger-to-the-Dominant-U.S.-Carriers/default.aspx.  Thus, due to the Transaction, the merged entity will be able to meaningfully increase its aircraft utilization and increase capacity.

*Improved In-Flight Customer Experience*:  The Transaction will also enable JetBlue to bring its award-winning in-flight customer experience to more consumers.  To achieve this experience across the combined fleet, JetBlue plans to retrofit the current Spirit aircraft and the aircraft to be delivered in the near-term after closing to provide more legroom, free Wifi, seatback television, and other amenities that are the hallmark of the JetBlue experience.  For the remaining aircraft in Spirit's orderbook, JetBlue intends to have them delivered in the JetBlue layout.  Consumers will benefit from improved quality on any route on which these planes are flown.

*Improved Loyalty Program*:  The Transaction will increase the value of JetBlue's TrueBlue loyalty program to consumers because they will have more opportunities to earn miles and more options to redeem miles due to JetBlue's larger network.

*More Consumers Will Benefit from "The JetBlue Effect"*:  JetBlue's core business philosophy is that passengers do not need to choose between a low fare and high quality.  At JetBlue, they can have both.  This business philosophy manifests itself as the "JetBlue Effect," which is a widely-observed phenomenon—by both academics and DOJ itself—that when JetBlue enters a route, competing airlines significantly lower their prices and more passengers travel those routes.  In addition, other carriers respond to JetBlue by improving their service. This Transaction will increase JetBlue's ability to bring the JetBlue Effect to more places and more consumers.  Not only will consumers who travel on JetBlue directly experience JetBlue's low fares and high-quality service, but customers of other airlines will also benefit as those

HIGHLY CONFIDENTIAL

airlines—particularly the Big Four who dominate the airline industry—lower their fares and improve their service offerings in response to JetBlue's increased competitive reach.

In addition, with respect to the synergies JetBlue may realize as a result of the Transaction, the method used to calculate those synergies is described in detail in the January 12, 2023 corporate deposition of JetBlue. *See generally* Klinka Dep. Tr. (Jan. 12, 2023) at 50-64, 66-71, 72-112, 148-59, 166-215, 275-80, 300-11. The documents supporting this methodology were also discussed in that deposition. *See generally* JBLU-DOJ-11052716; JBLU-DOJ-030936478; JBLU-DOJ-03084527; JBLU-DOJ-10840850. JetBlue has not attempted otherwise to estimate the annual amount of each synergy created by the transaction and, as noted above, reserves the right for its experts to address such issues at the appropriate time.

## INTERROGATORY NO. 2

Identify all routes for which JetBlue has Plans to enter, exit, expand service, or reduce service in the next five years absent the Transaction, Including the planned month and year of entry, exit, expansion, or reduction; the planned frequency of service; the forecasted fare; and the forecasted load factor.

## RESPONSE TO INTERROGATORY NO. 2

In addition to the General Objections and its Objections to the Definitions and Instructions, each of which is incorporated herein by reference, JetBlue further objects to this Interrogatory as overly broad and unduly burdensome. JetBlue further objects to this Interrogatory to the extent it is duplicative of Request No. 15 in Plaintiffs' First Request for Production of Documents from JetBlue dated March 28, 2023.

Subject to and without waiving the foregoing, JetBlue responds to this Interrogatory pursuant to Federal Rule of Civil Procedure 33(d) by referring Plaintiffs to the following documents: JBLU-DOJ-07965212, JBLU-DOJ-07295181.

HIGHLY CONFIDENTIAL

Dated:   May 17, 2023
         New York, NY

*/s/  Michael Mitchell*
Richard Schwed (*admitted pro hac vice*)
Jessica Delbaum (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
rschwed@shearman.com
jessica.delbaum@shearman.com

Ryan Shores (*admitted pro hac vice*)
Michael Mitchell (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8108
ryan.shores@shearman.com
michael.mitchell@shearman.com

Rachel Mossman Zieminski (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Telephone: (214) 271-5385
rachel.zieminski@shearman.com

Elizabeth M. Wright (MA BBO #569387)
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: (617) 937-2349
ewright@cooley.com

*Attorneys for Defendant JetBlue Airways Corporation*

13
HIGHLY CONFIDENTIAL

**CERTIFICATE OF SERVICE**

I certify that on May 17, 2023, I served the foregoing upon all counsel of record via electronic mail.

Dated:  May 17, 2023

/s/ *Grace Song*
Grace Song
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8000
Facsimile: (202) 661-7480
grace.song@shearman.com

14

HIGHLY CONFIDENTIAL