## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, *et al.*,

     *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

     *Defendants*.

Civil Action No.: 1:23-cv-10678-WGY

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OUT-OF-MARKET BENEFITS

Binding Supreme Court precedent forbids defendants Jetblue Airways Corporation and Spirit Airlines, Inc. (hereinafter "Defendants") from arguing that the merger's anticompetitive effects can be outweighed by the merger's procompetitive effects in a *different* market. *United States v. Philadelphia Nat'l Bank*, 374 U.S. 321, 370 (1963). And in *RSR Corp. v. FTC*, 602 F.2d 1317 (9th Cir. 1979), the Ninth Circuit held, "anticompetitive effects in one market cannot be offset by procompetitive effects in another market." *Id*. at 1325 (citing *Philadelphia Nat'l Bank*, 374 U.S. at 370).

Notwithstanding this clear and binding precedent, Defendants intend to present evidence at trial of such purported procompetitive benefits outside of the relevant antitrust markets at issue in this case thought the testimony of expert and fact witnesses.  Plaintiffs, by this motion, request

1

that the Court limit the evidence at trial to the relevant city-pair origin and destination markets in which JetBlue's proposed acquisition of Spirit would pose direct harm to competition -- (1) the city-pair markets in which Jetblue and Spirit currently compete, and (2) those city-pair markets in which Spirit competes ███████████ with other airlines absent JetBlue and would be replaced by Jetblue upon consummation of the merger -- and exclude evidence of purported benefits in markets where the Plaintiffs have not alleged harm. Plaintiffs recognize that the Government has also made this motion in limine in its case against Defendants, and Plaintiffs agree with and adopt the Government's positions set forth therein.

## **FACTUAL BACKGROUND**



JetBlue Resp. to Sec. DOJ Req. (Ex. A to the Declaration of S. Gregory Herrman in support of Plaintiffs' Motion In Limine To Exclude Evidence Of "Out-Of-Market Benefits" (hereinafter "Herrman Decl.")) at 75 (adopted by Resp. to Interrog. No. 1 (Herrman Decl., Ex. B)) (emphasis added).

███████████████████████████████████████

█████████████████████████████████████, but more importantly

cannot as a matter of law justify the destruction of competition resulting from the elimination of Spirit in numerous currently existing markets. Yet Defendants argue that this merger is justified because customers in markets elsewhere in the country, in which JetBlue does not even compete today, may somehow benefit from the JetBlue Effect. Simply put, the anticompetitive harms in the markets alleged by Plaintiffs cannot, as a matter of settled law, be offset by the mere potential for benefits in other markets as "out-of-market benefits."  Any benefit that purports to ███████████████████████████████████████████████████████████ ████████████████████████████████████ is legally uncognizable. Such testimony is therefore not relevant and the Court should exclude it under Federal Rules of Evidence 401 and 402.

The acquisition of ULCC Spirit by competitor LLC JetBlue would immediately and adversely affect more than 112 relevant non-stop city-pair routes in which the two airlines currently offer service in competition with each other, eliminating the lower priced carrier (Spirit), reducing capacity, and increasing market share concentration in as many as 76 of those markets to levels that are presumptively anticompetitive. Additional relevant markets also include (1) 283 city-pair markets that JetBlue does not serve but in which Spirit offers service as a ULCC against other carriers and in which Spirit will be replaced by JetBlue at higher fares and lower capacity post-merger; and (2) █████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████████████, all of which will be precluded by the merger.  In the face of these significant anticompetitive effects, any purported "benefits" of the merger must address these affected markets. Controlling precedent so

limits proof at trial. *United States v. Aetna Inc.*, 240 F. Supp. 3d 1, 94 (D.D.C. 2017); *Miss. River Corp. v. FTC*, 454 F.2d 1083, 1090 (8th Cir. 1972).

## ARGUMENT

Binding Supreme Court precedent forbids Defendants from arguing that the merger's anticompetitive effects can be outweighed by the merger's procompetitive effects in a *different* market. In *Philadelphia Nat'l Bank*, the merging Philadelphia banks argued that "the increased lending limit of the resulting [merged] bank will enable it to compete with the large out-of-state banks, particularly the New York banks." 374 U.S. at 370. The Supreme Court "reject[ed]" the argument as a matter of law, holding "anticompetitive effects in one market [cannot] be justified by procompetitive consequences in another." *Id.* Later, in *RSR Corp. v. FTC*, the Ninth Circuit "similarly reject[ed]" as a matter of law the argument that, notwithstanding the anticompetitive effects in the market, the merged company "will be better able to compete against the industry giant." 602 F.2d at 1325. The Ninth Circuit held, "anticompetitive effects in one market cannot be offset by procompetitive effects in another market." *Id.* (citing *Philadelphia Nat'l Bank*, 374 U.S. at 370).



(JetBlue Resp. to Sec. DOJ Req. (Herrman Decl., Ex. A) at 82-83 (adopted by Resp. to Interrog. No. 1 (Herrman Decl., Ex. B)).)

- ███████████████████████████████████████

  ███████████████████████████████████████ (JetBlue Resp. to

  Sec. DOJ Req. (Herrman Decl., Ex. A) at 83 (adopted by Resp. to Interrog. No. 1

  (Herrman Decl., Ex. B)) (emphasis added).)

Moreover, as admitted by Defendants in their definition of the term "JetBlue Effect," that

effect can only occur in a market that JetBlue *enters*. (*See* JetBlue Resp. to Sec. DOJ Req.

(Herrman Decl., Ex. A) at 83 (adopted by JetBlue Resp. to Interrog. No. 1 (Herrman Decl., Ex.

B)); Resp. to Interrog. No. 1 (Herrman Decl., Ex. B) ("JetBlue Effect" is a "phenomenon" that

occurs only "when JetBlue *enters* a route.").)

Whether the merger ███████████████████████████████

███████████████████████████ cannot, as a matter of law, justify the destruction of

competition resulting from the elimination of Spirit in countless other markets. To illustrate, in

markets where JetBlue and Spirit compete head-to-head, the loss of Spirit will result in the

elimination of an aggressive price-cutter serving cost-conscious travelers. The captive former-

Spirit customers in those markets will be forced to pay JetBlue's higher prices and suffer from its

planned reduction in capacity. The law does not permit JetBlue to argue this is justified because

customers in markets in some other part of the country in which JetBlue does not even compete

today will benefit from the JetBlue Effect. The law does not permit ignoring the anticompetitive

effects that will compromise numerous exiting relevant markets in favor of "out-of-market"

benefits" that may or may not occur elsewhere.

███████████████████████████████████████

███████████████████████████████████████.

## **CONCLUSION**

Plaintiffs' respectfully request the motion be granted and Defendants be precluded from offering evidence or arguing that their merger will create "out-of-market benefits."

Dated: September 18, 2023

Respectfully submitted,

LARSON LLP

By _/s/ Scott Gregory Herrman_

Scott Gregory Herrman (VA Bar No. 74989)
Robert F. Ruyak
Stephen G. Larson
555 South Flower Street, Suite 4400
Los Angeles, California 90071
(*Admitted pro hac vice*)

*Attorneys for Plaintiffs*

Additional counsel below

Joseph M. Alioto Jr.
ALIOTO LEGAL
100 Pine Street, Suite 1250
San Francisco, California 94111
(*Admitted Pro Hac Vice*)

Jeffery K. Perkins
LAW OFFICES OF JEFFERY K. PERKINS
1550-G Tiburon Blvd., Box 344
Tiburon, California 94920
Telephone: (415) 302-1115

Lingel H. Winters
LAW OFFICES OF LINGEL H. WINTERS
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-2941

Christopher A. Nedeau
NEDEAU LAW PC
154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email: cnedeau@nedeaulaw.net

Joseph M. Alioto
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Telephone: (415) 434-8900
(*Admitted pro hac vice*)

Josephine Alioto
THE VEEN FIRM
20 Haight Street
San Francisco, CA 94102
Telephone: (415) 673-4800
Email: j.alioto@veenfirm.com
(*Admitted pro hac vice*)

Lawrence G. Papale
LAW OFFICES OF LAWRENCE G.
PAPALE
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, California 94574
Telephone: (707) 963-1704
(*Admitted pro hac vice*)

Robert J. Bonsignore, Esq.
BONSIGNORE TRIAL LAWYERS,
PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I certify that this document was filed through the ECF system in redacted form on September 18, 2023 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

  I further certify that this document, in unredacted form, was served on the defendants on September 18, 2023 by transmitting it by email to counsel for defendants.

<div align="center" style="margin-left:50%">

/s/ S. Gregory Herrman

S. Gregory Herrman

</div>