## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, et al.,

*Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

*Defendants*.

Civil Action No. 1:23-cv-10678-WGY

## DEFENDANT JETBLUE AIRWAYS CORPORATION AND SPIRIT AIRLINES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING AN "EFFICIENCIES DEFENSE"

Plaintiffs have moved in limine to "preclude Defendants from offering evidence in support of an 'efficiencies defense,'" arguing, somewhat puzzlingly, that such a defense is "unavailable as a matter of law" and, in the alternative, that Defendants' efficiencies evidence does not "meet legal threshold requirements" for the defense because "none of the purported 'efficiencies' offered by Defendants are efficiencies at all." (Dkt. No. 243 at 1, 2, 6, 7.)  The Court should deny the motion for at least two reasons: *first*, Plaintiffs fail to point to any actual documents, testimony, or other evidence that the Court should exclude, instead asking the Court to make a blanket ruling that any potential evidence that *could* support an efficiencies defense – regardless of its relevance or value – should be excluded.  In addition to being unworkable, such an overbroad ruling runs contrary to federal law, which makes clear that evidence should be excluded on a motion in limine only where the evidence is inadmissible on all grounds.  *Second*, as all circuits that have considered the issue

1

have held,[1] the Court *can* consider evidence of merger efficiencies both in evaluating the merger's competitive effects under the totality of the circumstances and as part of any rebuttal of Plaintiffs' prima facie case.

## I.  PLAINTIFFS' MOTION FAILS TO IDENTIFY SPECIFIC EVIDENCE THAT SHOULD BE EXCLUDED

The Court is "well within its discretion to deny a motion in limine that fails to identify the evidence with particularity or present arguments with specificity." *Wechsler v. Hunt Health Sys., Ltd.*, 2003 WL 21998980, at *3 (S.D.N.Y. Aug. 22, 2003) (internal quotation marks and citation omitted); *see also U.S. ex rel. Lokosky v. Acclarent, Inc.*, 464 F. Supp. 3d 440, 443 (D. Mass. June 1, 2020) (same); *Colligan v. Mary Hitchcock Mem. Hosp. & Dartmouth Hitchcock Clinic*, 2019 WL 9122945, at *2 (D. N.H. Oct. 22, 2019) (denying motion in limine where the movant did "not provide any specificity as to the evidence she claims should be excluded" rendering the court unable to rule on the request).  Moreover, the Court may "exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. . . . Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Viada v. Osaka Health Spa, Inc.*, 2005 WL 3435111, at *1 (S.D.N.Y. Dec. 12, 2005) (internal quotation marks and citation omitted).

Here, before a pre-trial conference has been scheduled or a trial date has been set, Plaintiffs ask the Court to exclude en masse *any* potential evidence that could support an efficiencies defense. This request should be denied as lacking both context and specificity, as Plaintiffs have failed to

---

[1] While the First Circuit does not appear to have decided on the issue, the D.C. Circuit, Third Circuit, Sixth Circuit, Eighth Circuit, Eleventh Circuit, and districts courts in the Second Circuit, Seventh Circuit and Tenth Circuit, have all recognized that the Court can consider evidence of merger efficiencies.

identify what testimony, documents, or other evidence they believe should be excluded; indeed, they have not even attempted to define what they believe constitutes "efficiencies evidence" (Dkt. No. 243 at 1 (explaining only the broad counters of an efficiencies defense).) *See Viada*, 2005 WL 3435111, at *1 (denying motion in limine where the motions were "vague" and did "not specify the writings or potential testimony that the movants believe should be excluded from the trial of this action"). Moreover, as explained further below, purported efficiencies evidence is admissible both in evaluating the "totality-of-the-circumstances" of the merger, and to rebut Plaintiffs' prima facie case, thus rendering its exclusion on a motion in limine inappropriate. *United States v. Baker Hughes, Inc.*, 908 F.2d 981, 984, 985 (D.C. Cir. 1990) (explaining that it "has become hornbook law" that a "variety of factors other than ease of entry can rebut a prima facie case" including "prospect of efficiencies from merger"); *In re AMR Corp.*, 625 B.R. 215, 231 n. 16 (Bankr. S.D.N.Y. 2021) (denying motion in limine to exclude evidence concerning efficiencies because such evidence was being considered "as factual context" to the merger).

## II.  EVIDENCE OF EFFICIENCIES IS, AT MINIMUM, ADMISSIBLE TO EVALUATE THE TOTALITY OF THE CIRCUMSTANCES OF THE TRANSACTION AND IN THE BURDEN-SHIFTING FRAMEWORK OF SECTION 7

Even if Plaintiffs had identified specific evidence to exclude (they have not), their motion should still be denied because, as the Supreme Court and other federal courts have repeatedly made clear over the last half century, a merger must "be functionally viewed, in the context of its particular industry," *United States v. General Dynamics Corp.*, 415 U.S. 486, 498 (1974) (internal quotation marks and citation omitted), considering the "totality-of-the-circumstances," *Baker Hughes*, 908 F.2d at 984. This includes consideration of purported efficiencies of a merger. *See New York v. Deutsche Telekom AG*, 439 F. Supp. 3d 179, 208 (S.D.N.Y. 2020) (holding that the court would consider evidence of efficiencies because, among other reasons, "Section 7 requires

evaluation of a merger's competitive effects under the totality of the circumstances").  The relevance of efficiency evidence to evaluating the totality of the merger is made clear by the DOJ and FTC's own merger guidelines, which "indicate[] that they will not challenge a merger if its efficiencies indicate the merger will not be anticompetitive in any relevant market.  *Id.* at 208 (citing Merger Guidelines § 10); *see also Saint Alphonsus Med. Ctr-Nampa Inc. v. St. Luke's Health Sys., Ltd.*, 778 F.3d 775, 789 (9th Cir. 2014) (citing Merger Guidelines § 10 and noting that even the "FTC has [] cautiously recognized the [efficiencies] defense").  Indeed, in evaluating and remedying prior airline mergers, the DOJ itself has adopted a totality of the circumstances approach, crediting operational benefits such as a merged firm's ability to "offer new service on routes that neither serve[]."[2]

*Brown Shoe Co. v. United States*, 370 U.S. 294 (1962), *U.S. v. Philadelphia National Bank*, 374 U.S. 321 (1963), and *FTC v. Procter & Gamble Co.*, 386 U.S. 568 (1967) do not require a different outcome (together, the "1960s Precedents").  "Although the Supreme Court has not overruled these Section 7 precedents, it has cut them back sharply."  *Baker Hughes*, 908 F.2d at 990-91 (explaining that *United States v. General Dynamics Corp.*, 415 U.S. 486 (1974) "began a

---

[2] Press Release No. 11-523, Office of Public Affairs, U.S. Dep't of Justice, Statement of the Department of Justice Antitrust Division on Its Decision to Close Its Investigation of Southwest's Acquisition of Airtran (April 26, 2011), https://www.justice.gov/opa/pr/statement-department-justice-antitrust-division-its-decision-close-its-investigation.  Similarly, in settling a 2013 lawsuit seeking to block the merger between American and US Airways, the DOJ credited the fact that divestitures at certain airports would "enhance *system-wide competition* in the airline industry resulting in *more choices and more competitive fairs for consumers*." *See* Press Release No. 13-1202, Office of Public Affairs, U.S. Dep't of Justice, Justice Department Requires US Airways and American Airlines to Divest Facilities at Seven Key Airports to Enhance System-wide Competition and Settle Merger Challenge: Divestitures at Airports in Boston, Chicago, Dallas, Los Angeles, Miami, New York and Near Washington, D.C. Opens Door for Low Cost Carriers to Compete Resulting in More Choices and More Competitive Airfares for Consumers (Nov. 12, 2013), https://www.justice.gov/opa/pr/justice-department-requires-us-airways-and-american-airlines-divest-facilities-seven-key (emphasis added).

line of decisions differing markedly in emphasis from the Court's antitrust cases of the 1960s");
*see also United States v. Anthem*, 855 F.3d 345, 376 (D.D.C. 2017) (Kavanaugh, B., dissenting)
("This Court has already concluded that we are bound by *General Dynamics*, not by the earlier
1960s Supreme Court cases."). But even if the 1960s Precedents had not been curtailed, they do
not, as Plaintiffs claim, stand for the proposition that the Court cannot consider *any* evidence of
efficiencies.[3]  Rather, as federal courts in other circuits have recognized, the 1960s Precedents
stand only for the proposition that efficiencies evidence cannot serve as a "justification for an
illegal merger," not that such evidence is inadmissible for all purposes. *Deutsche Telekom AG*,
439 F. Supp. 3d at 207; *see also FTC v. H.J. Heinz Co.*, 246 F.3d 708, 720 (D.C Cir. 2001)
(explaining that the Supreme Court has not "sanctioned the use of the efficiencies defense in a
Section 7 case"); *Saint Alphonsus*, 778 F.3d at 788-89 ("The Supreme Court has never expressly
approved an efficiencies defense . . . .").

       While the Supreme Court has previously held that a transaction that is otherwise illegal
cannot be saved by the mere fact that it has some efficiencies, all the Circuits to have considered
the issue have found efficiencies to be a reason why, notwithstanding high market shares or other
evidence in a plaintiffs' prima facie case, a transaction may not, in fact, substantially lessen
competition. *See Anthem*, 855 F.3d at 355 ("[T]he circuit precedent that binds us allowed that
evidence of efficiencies could rebut a prima facie showing . . . which is not invariably the same as
an ultimate defense to Section 7 illegality."); *H.J. Heinz Co.*, 246 F.3d at 720 (explaining that a
"merger's primary benefit to the economy is its potential to generate efficiencies" and that the
"trend among lower courts is to recognize the [efficiencies] defense");  *FTC v. Hackensack*

---

[3] *See, e.g.*, Dkt. No. 243 at 3 (arguing that the "Supreme Court has repeatedly held that Defendants
may not attempt to rebut Plaintiffs' prima facie case by arguing that the merger creates
'efficiencies'").

*Meridian Health, Inc.*, 30 F.4th 160, 175 (3d Cir. 2022) (explaining that, after "the FTC establishes a prima facie case that a merger may substantially lessen competition, the burden shifts to the [defendants] to rebut the FTC's case," which can be done by showing "either that the combination would not have anticompetitive effects or that the . . . merger will be offset by extraordinary efficiencies resulting from the merger"); *ProMedica Health Sys., Inc. v. FTC*, 749 F.3d 559, 571 (6th Cir. 2014) (explaining that the "goal of antitrust law is to enhance consumer welfare" and, to that end, and as the Merger Guidelines recognize, "a primary benefit of mergers to the economy is their potential to generate significant efficiencies and thus enhance the merged firm's ability and incentive to compete," such that "parties to a merger often seek to overcome a presumption of illegality by arguing that the merger would create efficiencies that enhance consumer welfare") (internal quotation marks and citations omitted); *FTC v. Tenet Health Care Corp.*, 186 F.3d 1045, 1054 (8th Cir. 1999) (holding that, even if the efficiencies defense was properly rejected by the district court, "the district court should nonetheless have considered evidence of enhanced efficiency in the context of the competitive effects of the merger"); *Saint Alphonsus*, 778 F.3d at 790 (assuming that the "defendant can rebut a prima facie case with evidence that the proposed merger will create a more efficient combined entity and thus increase competition"); *FTC v. Univ. Health, Inc.*, 938 F.2d 1206, 1222 (11th Cir. 1991) (rejecting FTC's argument that the law does not recognize any "efficiency defense in any form," and holding that "a defendant may rebut the government's prima facie case with evidence showing that the intended merger would create significant efficiencies in the relevant market"); *Deutsche Telekom AG*, 439 F. Supp. 3d at 217, 233 (finding that defendants had rebutted plaintiffs' prima facie case after considering, among other factors, evidence of defendants' proposed efficiencies); *FTC v. Foster*, 2007 WL 1793441, at *26, *57 (D.N.M. May 29, 2007), *denying injunction pending appeal*, 2007 WL 3023158, at *2

(10th Cir. May 31, 2007) (same); *FTC v. Advocate Health Care*, 2017 WL 1022015, at *12-16 (N.D. Ill Mar. 16, 2017) (considering defendants' efficiencies evidence but ultimately finding that defendants had "not carried their burden of proving that efficiencies will offset the anticompetitive effects").

At bottom, Plaintiffs' motion fails to identify what evidence the Court should exclude, and fails to note that this Court *can* consider evidence of transaction efficiencies in evaluating the merger's competitive effects under the totality of the circumstances and as part of any rebuttal of Plaintiffs' prima facie case.  For these reasons, and because motions in limine should "allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence," *Wechsler*, 2003 WL 21998980, at *2, not predetermine the strength or admissibility of potential defenses, Plaintiffs' motion should be denied.[4]

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion in Limine.


Dated: September 25, 2023                    Respectfully submitted,


                                             */s/ Elizabeth M. Wright*
                                             Zachary R. Hafer (MA BBO #569389)
                                             Elizabeth M. Wright (MA BBO #569387)
                                             Zachary Sisko (MA BBO #705883)
                                             Cooley LLP

---

[4] Likely recognizing the widespread acceptance of efficiencies evidence across the Circuits, Plaintiffs argue in the alternative that, if any evidence of efficiencies is allowed, it must "meet[] the legal thresholds set forth by those circuits that have discussed the parameters of the defense" and that, here, Defendants fail to meet that threshold here because "none of the purported 'efficiencies' offered by Defendants are efficiencies at all."  (Dkt. No. 243 at 6, 7.)  Again, however, Plaintiffs do not identify any evidence that purportedly fails to meet this standard, making it impossible for Defendants to respond.  Moreover, to the extent the "legal standards" even apply in this case, whether Defendants' evidence rises to the level of meeting such standards is a legal determination that the Court must make after evaluating the evidence and arguments at trial, not an issue that should be resolved by the Court on a motion in limine.

500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
ewright@cooley.com
zhafer@cooley.com
zsisko@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com

Joyce Rodriguez-Luna (*Pro Hac Vice*)
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Tel: 212 479 6895
Fax: 2124796275
jrodriguez-luna@cooley.com

*Attorneys for Defendant JetBlue Airways
Corporation*

Andrew C. Finch (*Pro Hac Vice*)
Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
Jay Cohen (*Pro Hac Vice*)
Jared P. Nagley (*Pro Hac Vice*)
Kate Wald (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-757-3990
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jcohen@paulweiss.com
jnagley@paulweiss.com
kwald@paulweiss.com

Meredith R. Dearborn (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 628-432-5100
Fax: 628-232-3101
mdearborn@paulweiss.com

*Attorneys for Defendant*
*Spirit Airlines, Inc*

**<u>CERTIFICATE OF SERVICE</u>**

IT IS HEREBY CERTIFIED that on this 25th day of September, 2023, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

*/s/ Elizabeth M. Wright*
Elizabeth M. Wright
