# EXHIBIT 5

5/31/23, 3:07 PM

425 1 a220505presentation425b.htm 425

Case 1:23-cv-10678-WGY   Document 252-5   Filed 09/25/23   Page 2 of 3

a220505presentation425b



EXHIBIT 21
WIT: BARTOLOTTA
DATE: 6-13-23
DAWN A. HILLIER, RMR, CRR

Filed by Spirit Airlines, Inc.
pursuant to Rule 425 under the Securities Act of 1933
and deemed filed pursuant to Rule 14a-12
under the Securities Exchange Act of 1934

Subject Company: Spirit Airlines, Inc.
SEC File No.: 001-35186
Date: May 5, 2022

This presentation to discuss the JetBlue proposal and Frontier transaction update was presented by management in conjunction with the Spirit Airlines, Inc. first quarter 2022 earnings conference call on May 5, 2022.

https://www.sec.gov/Archives/edgar/data/1498710/000149871022000158/a220505presentation425b.htm

1/16


## Spirit Undertook a Rigorous Review of JetBlue Offer

- **On March 29, almost 2 months after Spirit and Frontier announced an agreement to combine,** Spirit received an unsolicited proposal from JetBlue; after an initial review, Spirit's Board of Directors determined the proposal could reasonably be likely to lead to a "Superior Proposal", entered an NDA with JetBlue and engaged in diligence discussions with JetBlue and its advisors

- Spirit and its advisors subsequently undertook a **thorough, careful review to evaluate JetBlue's proposal, including the likelihood of obtaining regulatory clearance:**
  - **Spirit's antitrust counsel retained prominent economic consultants** at Charles River Associates with extensive experience in airline merger analysis, as well as **an experienced aviation economist** to provide further input and analysis
  - **Extensive dialogue between antitrust counsels to Spirit and JetBlue over a four-week period**; seven calls and video conferences and a comprehensive review of the data provided by JetBlue's regulatory counsel and economic consultant in support of the so-called "JetBlue Effect"

- At the conclusion of Spirit's investigation, the Spirit's Board determined that JetBlue's original proposal represented an **unsatisfactorily high degree of completion risk with inadequate protections for Spirit shareholders**

- In order to address the Spirit Board's concerns, on April 25 **Spirit proposed strengthened regulatory provisions designed to reduce completion risk;** covenant requiring JetBlue to take any action required to obtain regulatory clearance, including abandoning the NEA at closing, and a substantial reverse termination fee intended to <u>partially</u> compensate Spirit if the transaction failed to win antitrust clearance

- JetBlue responded on April 29, **failing to address Spirit's concerns,** including an unwillingness to terminate the NEA, so Spirit Board determined JetBlue's proposal is not reasonably capable of being consummated and therefore does not constitute a Superior Proposal

*Rigorous process undertaken to assess completion risk, which JetBlue failed to address*

3