# EXHIBIT 11

| | |
|---|---|
| **Date:** | Wednesday, May 18 2022 09:31 PM |
| **Subject:** | Privileged and confidential |
| **From:** | Ted Christie |
| **To:** | Chris Richards <chrismemphis@bellsouth.net>; Dawn Zier <dawnzier@gmail.com>; Mac Gardner <hmacgardner@gmail.com>; Mark Dunkerley <mark@markdunkerley.com>; Myrna Soto <Myrna_Soto@live.com>; Robert Johnson <bob.johnson@bobjohnsonmail.com>; Barclay Jones <bjones@istar.com>; |
| **CC:** | Thomas Canfield <Thomas.Canfield@Spirit.com>; |
| **Attachments:** | Spirit Tender Offer Press Release FINAL.docx |

BOD: attached is the press release we plan to issue in the morning. Thanks for your support.

EXHIBIT 18
WIT: CHRISTIE
DATE: 6-6-23
DAWN A. HILLIER, RMR, CRR

the JetBlue proposals of March 29 and April 29 and the subsequent JetBlue tender offer. In the end, after several weeks and counting, Spirit concluded that the consummation of the proposed JetBlue combination, with the NEA remaining in place, seemed almost inconceivable – especially given the cavalier manner in which JetBlue intends to address the significant regulatory risk.

- The U.S. Department of Justice (DOJ) is currently suing JetBlue and American Airlines, alleging that the NEA is anti-competitive. Not only Spirit, but also many other airlines and air travel constituencies have publicly opposed the NEA on grounds that it is anticompetitive. Spirit does not believe that the JetBlue proposal to acquire Spirit will be approved by the DOJ in light of that litigation.
- Moreover, Spirit does not believe the DOJ, or a court, will be persuaded that JetBlue should be allowed to form an anticompetitive alliance that aligns its interests with a legacy carrier (American) and then undertake an acquisition that will eliminate the largest ULCC carrier in the U.S. (Spirit).
- Nonetheless, by insisting on prioritizing its position in the NEA as it pursues a Spirit merger, JetBlue effectively imposes this heightened regulatory risk entirely on Spirit stockholders.
- Even putting aside the NEA, Spirit believes the DOJ – and a court – will be very concerned that a JetBlue-Spirit combination will result in a higher-cost/higher fare airline that would eliminate a lower-cost/lower fare airline and remove about half of the ULCC capacity in the United States.
- The conversion of Spirit aircraft to JetBlue configuration will result in significantly diminished capacity on former Spirit routes, and, as JetBlue has stated, will also result in higher prices for consumers.

- **JetBlue's proposed divestitures are highly unlikely to resolve the DOJ's concerns given the NEA's alignment of JetBlue's and American's incentives across the country**
  - JetBlue's proposed divestiture of Spirit assets in New York and Boston does not address the broader competitive implications of effectively merging Spirit into JetBlue's alliance with American.
  - The DOJ has alleged that "the harms threatened by the [NEA] … extend well beyond Boston and New York City. … The [NEA] allows American to forgo independent growth that would have benefited consumers. By effectively absorbing JetBlue's operations in Boston and New York City, American can reduce investments not just in those cities, but also in other parts of its network where it otherwise would maintain or add service. Consequently, consumers across the country will have fewer options and pay higher fares."
  - Current DOJ antitrust leadership has expressed deep skepticism about the effectiveness of divestiture remedies and a preference for seeking to block transactions rather than accept divestiture-based settlements.

- **JetBlue's offer puts the risk of the antitrust condition NOT being satisfied on Spirit stockholders**
  - Any JetBlue transaction cannot close without HSR approval, which even JetBlue concedes could take up to 24 months. Spirit shareholders are being asked to bear substantial risks without commensurate protections.

SPIRIT CONFIDENTIAL NK-2R-05327978