UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, *et al.*,

            *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,

            *Defendants*.

Civil Action No.: 1:23-cv-10678-WGY

**PLAINTIFFS' UNOPPOSED MOTION TO IMPOUND**

Pursuant to Local Rule 7.2, Plaintiffs respectfully move to impound certain documents and information to protect Defendant JetBlue's confidential information. Specifically, Plaintiffs move to impound exhibits relied on in support of their Oppositions to Defendants' Motions *in Limine* and portions of the Oppositions that discuss those exhibits.

Plaintiffs have conferred with Defendants, and Defendants assent to this motion.

1.     **Confidential Information in Deposition Transcripts of Derek Klinka and Eric Friedman**: Plaintiffs are filing oppositions to Defendants' motions *in limine* to exclude Plaintiffs' experts, Dr. Hal Singer and Ted P. Tatos from testifying and offering opinions. With their oppositions, Plaintiffs are filing excerpts from the deposition transcript of JetBlue employee Derek Klinka that contain confidential business information, including Klinka CID 30(b)(6) Dep. Tr. 54:19-22; 55:1; 150:7-21; 152:11-20; 155: 7-14; 156: 8-12; 163:6-10; 164:1-15. Plaintiffs are also filing an excerpt from page 45 of the January 20, 2023 deposition transcript of Eric Friedman and pages 194-195 of the deposition transcript of Ursula Hurley, both of which contain confidential business information. JetBlue requests impoundment of these portions of Derek Klinka's January

1

12, 2023 30(b)(6) deposition transcript, Eric Friedman's January 20, 2023 deposition transcript, and Ursula Hurley's June 21, 2023 deposition transcript because they contain granular, non-public information related to JetBlue's fleet plan and its internal transaction-related synergies analyses/modeling, including details regarding the underlying calculations and assumptions. Disclosure of this information would cause significant harm to JetBlue, as this information is not otherwise known to the public, including JetBlue's competitors, and its disclosure could put JetBlue at a significant disadvantage with other airlines.

2.  **Confidential Materials Related to Expert Nicholas Hill**: Plaintiffs are filing oppositions to Defendants' motions *in limine* to Exclude Expert Opinions and Testimony of Ted P. Tatos and Hal Singer. With their oppositions, Plaintiffs are filing the expert report of Defendants' expert Nicholas Hill. Plaintiffs have not specifically identified which portions of Dr. Hill's report Plaintiffs may include with their opposition. JetBlue requests impoundment of the portions of Defendants' Rebuttal Expert Report of Nicholas Hill that contain sensitive, non-public information regarding JetBlue's pricing strategy. Disclosure of this information would cause significant harm to JetBlue, as this information is not otherwise known to the public, including JetBlue's competitors, and its disclosure could put JetBlue at a significant disadvantage with other airlines. In addition, portions of Dr. Hill's report contain confidential information regarding non-parties. Defendants request that if the Court denies this Motion with respect to this report, that third-party confidential material be redacted from the public filing.

3.  **Confidential Deposition Exhibits**: With their Oppositions, Plaintiffs are filing two deposition exhibits, both of which are internal documents that contain sensitive business information. Specifically, with their Opposition to Plaintiffs' Motion *in Limine* to Exclude Expert Opinions and Testimony of Ted P. Tatos, Plaintiffs are filing:

      a. <u>Exhibit 8 to Friedman CID 30(b)(6) Deposition</u>: JetBlue requests impoundment of Exhibit 8 to Eric Friedman's January 19, 2023 30(b)(6) deposition, which contains granular, non-public information related to JetBlue's internal transaction-related synergies analyses/modeling, including details regarding the underlying assumptions and calculations.

And with their Opposition to Plaintiffs Motion *in Limine* to Exclude Certain Documents, Plaintiffs are filing:

      b. <u>Exhibit 3 to Hayes CID Deposition (P0444)</u>: JetBlue requests impoundment of Exhibit 3 to Robin Hayes' January 24, 2023 deposition, which contains highly sensitive, non-public information related to JetBlue's future growth strategies and initiatives regarding its loyalty program.

Disclosure of the information contained in these documents would cause significant harm to JetBlue, as this information is not otherwise known to the public, including JetBlue's competitors, and its disclosure could put JetBlue at a significant disadvantage with other airlines.

    4.    Defendants thus request that an Order be issued by the Court and that order remain in effect until such time that it be lifted by further order of the Court and that the papers be kept in the Clerk's non-public information file during any post-impoundment period.

    Accordingly, Plaintiffs respectfully move to impound the documents described herein until further order of the Court.

Dated: September 26, 2023

/s/ Joseph M. Alioto, Sr
Joseph M. Alioto
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Telephone: (415) 434-8900
(*Admitted pro hac vice*)

5

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system on September 26, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Joseph M. Alioto, Sr*
Joseph M. Alioto, Sr
