UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

GABRIEL GARAVANIAN, *et al.,*

                *Plaintiffs*,

v.                                              Civil Action No. 1:23-CV-10678 -WGY

JETBLUE AIRWAYS CORPORATION
and SPIRIT AIRLINES, INC.,

                *Defendants*.

_____

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION TO CONSOLIDATE TRIAL

Pursuant to Federal Rule of Civil Procedure ("FRCP") 42(a) and District of Massachusetts

Local Rule 40.1(j), Private Plaintiffs respectfully seek an Order from this Court consolidating the

trial for the United States Department of Justice (Case No. 1:23-CV-10511), scheduled to begin on

October 16, 2023, and the Private Plaintiffs' trial that has not been scheduled ("Related Actions").

### I.    INTRODUCTION

On July 28, 2022, JetBlue and Spirit announced that their respective boards of directors

approved a merger agreement under which JetBlue would acquire Spirit. On November 3, 2022,

Private Plaintiffs filed this action in the United States District Court for the Northern District of

California, challenging the proposed merger between JetBlue and Spirit under Section 7 of the

Clayton Act and seeking declaratory and injunctive relief. See Complaint, *Garavanian v. JetBlue

Airways Corp., et al.*, 4:22-cv-6841 JSW (KAW) (N.D. Cal.) (hereinafter "Private Action"), Dkt.

No. 1 (hereinafter "Dkt."). On March 7, 2023, the Department of Justice ("DOJ") and the

Attorneys General of Massachusetts, New York, and the District of Columbia filed a similar

complaint in this Court. *See* Complaint in *United States, et al. v. JetBlue Airways Corp., et al.*, No. 1:23-cv- 10511-WGY (D. Mass. Mar. 7, 2023), (the "Government Action"), (Dkt. No. 1 on the "Government Action Dkt".).

On March 16, 2023, the parties in the Private Action filed a joint stipulation requesting transfer of the Private Action from the Northern District of California to the District of Massachusetts under 28 U.S.C. § 1404(a), citing the pendency of the Government Action in this Court,  stating: "Transfer to the District of Massachusetts is justified "for the convenience of the parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a).  The Northern District of California granted the parties' request to transfer the next day, on March 17, 2023. Dkt. No. 35. On March 29, 2023, the Private Action was docketed in the District of Massachusetts and assigned to the Hon. Chief Judge F. Dennis Saylor as Civil Action No. 1:23-cv-10678-FDS, who entered an Order relating these two cases. Dkt. No. 40 and subsequently reassigned to the Honorable William G. Young as was the Government Action.

On May 23, 2023, this Court issued a Scheduling and Case Management Order in the Private Action. Dkt. No. 96 ("CMO"). The Court specifically ordered consolidation of fact discovery with the Government Action. *Id.* at p. 2.  Defendants' position on this issue was ultimately chosen by the Court, which stated that fact discovery should be consolidated: "[B]ecause they involve common questions of fact and law. As the Parties agree this case shall be tried before the Court without a Jury, the Court reserves whether to consolidate the two cases for trial under Rule 42(a)(1), and will address that issue at the Pre-Trial Conference." *Id.* Defendants' position regarding coordination of discovery similarly argued: "Rather, the purposes of Rule 42(a) are best served by putting this case on the same pretrial track as the DOJ case, which will maximize

efficiency and minimize burden without prejudicing the ability of any party to prepare for trial."
*Id.* at p. 2-3.

It was the Private Plaintiffs' position that they were entitled to a more expedited trial schedule due to their earlier filing deadline and the prejudice they would suffer should the Defendants prevail in the Government Action. *Id.* at p. 6 ("Defendants have stated that they intend to close their transaction 10 days after judgment is entered in the DOJ Case."). The Court adopted Defendants' proposal of a nearly identical trial schedule as that in the Government Action and requested consolidation of the trials. *Id.* at p. 3-7 ("Defendants respectfully request the same trial date as the DOJ Case, which will preserve the opportunity to consolidate these cases for trial…. Trying the two cases concurrently also would address fully Plaintiffs' concerns about the closing of the transaction"). Private Plaintiffs are now in agreement with Defendants in light of the Court's ruling on their CMO, the consolidated fact discovery[1] that has transpired, and the parties' nearly identical trial witness lists[2], and the prejudice that they would suffer should the Court order otherwise. Private Plaintiffs and their experts are ready for trial, which should commence in the Related Actions on October 16, 2023.

Consolidation of these actions into a single trial is appropriate under considerations of convenience, judicial economy, cost reduction, and serving the best interests of all parties. These

---

[1] In accordance with the CMO, Private Plaintiffs noticed nearly all depositions noticed by the DOJ in the Government Action, attended the Government Action depositions, and examined those same witnesses. Declaration of Josephine L. Alioto in Support of Plaintiffs' Motion to Consolidate (hereinafter "J. L. Alioto Decl."), ¶3. Private Plaintiffs also attended third party depositions noticed by Defendants, which were noticed in both actions. *Id.*

[2] Parties in this action and the Government Action submitted joint pretrial memorandums. See Dkt. No. 225 and Government Action Dkt. No. 191. These pretrial memorandums contained proposed witness lists. The Government Action Plaintiffs' witness list and the Private Plaintiffs' witness list contains fourteen of the same witnesses. J. L. Alioto Decl., ¶4. Defendants' witness list in both the Government Action and the instant case are identical. J. L. Alioto Decl., ¶4.

Related Actions both pertain directly to a common goal of stopping the unlawful merger between

JetBlue Airways and Spirit Airlines. These cases arise from the same nucleus of common facts and

all share the same common defendants. Consolidation will provide for complete resolution in one

proceeding and avoid unnecessary serial handling of the cases, duplication of pre-trial proceedings,

the risk of inconsistent adjudications, and duplicative discovery and testimony of witnesses all

testifying on common issues in the Related Actions. Neither of the Related Actions has progressed

to the point where any efficiencies or benefits will be forfeited through consolidation.

## II.    LEGAL ARGUMENT

Federal Rules of Civil Procedure, Rule 42(a) states, "If actions before the court involve a

common question of law or fact, the court may:. . . join for hearing or trial any or all matters at

issue in the actions." "The threshold issue in determining whether to consolidate cases for trial

under Rule 42(a), Fed. R. Civ. [P.], is whether the two proceedings involve a common party and

common issues of fact or law." *Gilliam v. Fid. Mgmt. & Research Co.*, Nos. 04-11600-NG, 04-

11642-NG, 04-11651-MLW, 04-11709-MLW, 04-11735-GAO, 04-11756MLW, 04-11812-

MLW, 2005 U.S. Dist. LEXIS 10478, at \*4 (D. Mass. May 3, 2005) (internal quotations omitted)

(citing *Seguro de Servicio de Salud v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)). If this

threshold issue is met, then the Court can look to "the costs and benefits of consolidation" to

determine if consolidation is appropriate. *Id*. "In considering the costs and benefits of

consolidation, it is appropriate to consider and weigh the convenience or inconvenience to the

parties, the judicial economy, the savings in time, effort or expense and 'any confusion, delay or

prejudice that might result from consolidation.'" *Id*. (quoting *Data Gen. Corp. v. Grumman Sys.

Support Corp.*, 834 F. Supp. 477, 487 (D. Mass. 1992)). Where no "demonstrable prejudice" exists,

"consolidation is generally allowed." *Id*. at \*5.

4

The Private Action and the Government Action involve substantially the same issues. They are both against the same defendants, arise out of the same underlying facts (the proposed merger between JetBlue and Spirit), involve claims under the same law (Section 7 of the Clayton Act, 15 U.S.C. § 18), seek substantially the same relief, and both will be tried before the Court and without a jury.

### A. Garavanian and the DOJ Case Involve Substantially the Same Issues.

*Garavanian* is a private antitrust action that seeks an adjudication and an injunction that the proposed acquisition of Spirit Airlines, Inc. (hereafter "Spirit") by JetBlue Airways Corporation (hereinafter referred to as "JetBlue") is unlawful in that it has a reasonable probability of lessening competition or tending to create a monopoly under Section 7 of the Clayton Antitrust Act. (15 U.S.C. sec.18). The Government Action makes the same allegations and seeks the same results under the Clayton Act.

The Related Actions share many, if not all, common questions of law and fact. They all arise out of the same transaction or event—JetBlue completely acquiring the entirety of Spirit Airlines in violation of Section 7 of the Clayton Act—and all seek the same relief – stop the proposed transaction from occurring. Additionally, the Related Actions raise common theories of recovery, as all complaints bring claims of violations of 15 U.S.C. § 18 and seek only to stop the merger between JetBlue and Spirit Airlines. Since the Related Actions raise similar questions of law and fact, consolidation of the trial is appropriate.

### B. Consolidation Will Promote Judicial Economy.

Consolidation will serve the goals of judicial efficiency and avoidance of inconsistent verdicts by eliminating duplicative and overlapping litigation. Upon consolidation of the trial, the Court will be able to address the factual and legal issues raised in the Related Actions in one

proceeding, streamlining the resolution of each case and avoiding inconsistency. *See Sea Salt, LLC v. Bellerose,* No. 2:18-cv-00413-JAW, 2021 U.S. Dist. LEXIS 72438, at *15–16 (D. Me. Apr. 15, 2021) (consolidating related actions for trial because "it would be more economical" and "would reduce the risk of inconsistent verdicts").

Consolidating the Related Actions will not delay the proceeding either. Indeed, a single trial would significantly accelerate litigation. Since fact discovery has been completed by Private Plaintiffs and the United States largely working in concert, it is a practical and convenient time to consolidate the Related Actions. *See Allen v. Takeda Pharm. U.S.A.*, No. 20-11452-LTS, 2020 U.S. Dist. LEXIS 255651, at *9 (D. Mass. Sep. 9, 2020) (consolidating related actions and noting that "consolidation...seems overwhelmingly likely to permit more efficient exploration and resolution of [plaintiff's] claims"). This is especially true since many of the same witnesses will be called at trial by all parties.  J. L. Alioto Decl. ¶4.  Consolidating the Related Actions into a single trial at this stage will not unduly delay any of the proceedings, and as such consolidation is appropriate.

In contrast, Private Plaintiffs would be prejudiced should the trial for Private Plaintiffs be comment after the Government Action for the same reasons set forth in the parties' CMO: the Private Action was filed prior to the Government Action and Defendants' have stated that they will move forward with the transaction ten days after the conclusion of the Government Action. CMO, p. 6. Defendants agreed at that time that consolidation would address this harm. *Id.*

Fact and expert discovery has closed and Private Plaintiffs and their experts are ready for trial to commence on October 16, 2023.

**C.  Plaintiffs Must Be Permitted to Examine Witnesses and Present Evidence.**

The Private and Government Actions have been consolidated for the purpose of fact discovery. Alioto Decl., ¶3.  This includes deposing witnesses concurrently with the Government Plaintiffs. *Id.*  Unfortunately, Defendants engaged in a pattern of stonewalling Private Plaintiffs by not permitting counsel to ask relevant questions during these depositions on the unfounded basis that the questions were related to topics addressed by the Government Plaintiffs.  Private Plaintiffs would therefore request that they are permitted to examine witnesses and present evidence in a manner that they see fit.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this court consolidate the trial scheduled for October 16, 2023 to include both pending actions from the Government and Private Plaintiffs.  Private Plaintiffs additionally request that they be permitted to examine witnesses and present evidence in a manner that they see fit.

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

Undersigned counsel certify that they have conferred with counsel for the Defendants and with counsel for the Government Action in a good faith effort to resolve or narrow the issues raised by this Motion with the following results: counsel for the Defendants indicated that they have changed their earlier position and intend to oppose this Motion and United States counsel indicated that the Government would prefer to have their own, separate trial. J. L. Alioto Decl. ¶5.

8

Dated: September 28, 2023                    Respectfully submitted,

                                            ALIOTO LEGAL

                                            By _/s/ Joseph M. Alioto_

                                            Joseph M. Alioto
                                            ALIOTO LAW FIRM
                                            One Sansome Street, 35th Floor
                                            San Francisco, California 94104
                                            Telephone: (415) 434-8900
                                            (*Admitted pro hac vice*)


                                            *Additional Plaintiffs' counsel listed below.*

Robert F. Ruyak
Stephen G. Larson
Scott Gregory Herrman
LARSON LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 436-4888
Fax: (213) 623-2000
Email:slarson@larsonllp.com
Email:rruyak@larsonllp.com
Email:gherrman@larsonllp.com
(*Admitted Pro Hac Vice*)

Jeffery K. Perkins
LAW OFFICES OF JEFFERY K. PERKINS
1550-G Tiburon Blvd., Box 344
Tiburon, California 94920
Telephone: (415) 302-1115

Lingel H. Winters
LAW OFFICES OF LINGEL H. WINTERS
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-2941

Christopher A. Nedeau
NEDEAU LAW PC
154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email: cnedeau@nedeaulaw.net

Joseph M. Alioto Jr.
ALIOTO LEGAL
100 Pine Street, Suite 1250
San Francisco, California 94111
(*Admitted pro hac vice*)

Josephine Alioto
THE VEEN FIRM
20 Haight Street
San Francisco, CA 94102
Telephone: (415) 673-4800
Email: j.alioto@veenfirm.com
(*Admitted pro hac vice*)

Lawrence G. Papale
LAW OFFICES OF LAWRENCE G. PAPALE
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, California 94574
Telephone: (707) 963-1704
(*Admitted pro hac vice*)

Robert J. Bonsignore, Esq.
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system on September 28, 2023, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Joseph M. Alioto*
Joseph M. Alioto