IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GABRIEL GARAVANIAN, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,<br><br>*Defendants*. | Civil Action No. 1:23-cv-10678-WGY |

**GOVERNMENT PLANTIFFS' OPPOSITION TO *GARAVANIAN* PLAINTIFFS' MOTION TO CONSOLIDATE TRIAL**

The United States and Plaintiff States (collectively, "Government Plaintiffs"), plaintiffs in *United States v. JetBlue Airways Corp.*, 1:23-cv-10511-WGY (the "Government Action") oppose the private plaintiffs' motion to consolidate the trial of this lawsuit ("*Garavanian*" or the "Private Action"), with the October 16 trial scheduled in the Government Action to block JetBlue's acquisition of Spirit.[1] Although this Private Action also challenges the proposed acquisition, there are significant differences between the two cases that would add needless complexity to the trial in the Government Action. These stark differences include distinct and inconsistent legal theories as well as unique facts the *Garavanian* Plaintiffs must show to succeed on their claims that are irrelevant to the Government Action. Significant, judicially-recognized public-policy principles favoring separate trials for government and private antitrust

---

[1] This Opposition is filed in response to *Garavanian* ECF No. 266. References to ECF docket entries in the Private Action will be denoted with "*Garavanian*." References to ECF docket entries in the Government Action will be denoted with "Government Action."

1

actions where the government opposes consolidation also militate against *Garavanian* Plaintiffs' last-minute request.

In the Government Action Proposed Final Pretrial Order, Defendants and Government Plaintiffs jointly "agree[d]" that the trials of this case and the Private Action "should not be consolidated." Government Action, ECF No. 191, ¶ 46. On the other hand, this motion is an about face by the *Garavanian* Plaintiffs, who represented to the Court in their proposed Case Management Order in the Private Action that they opposed trial consolidation. *Garavanian,* ECF No. 76 at 5-7. Moreover, during the April 13, 2023, initial pretrial conference in *Garavanian*, the Court indicated that its "present thinking" was "certainly not to try this case with the government's case." *Garavanian*, 4/13/23 Tr. 4:20-23. But now, only two weeks before the start of the Government Plaintiffs' trial, *Garavanian* Plaintiffs move for consolidation under Rule 42(a), and seek consolidation "[a]s long as [they] are not restricted in the manner in which they may examine witnesses and present evidence in support of their case." *Garavanian*, ECF No. 225 at 12. The *Garavanian* Plaintiffs could not present their distinct, more complicated, and sometimes inconsistent additional claims alongside the Government Plaintiffs' case in the time allocated for trial without severely compromising the presentation of Government Plaintiffs' case.

The *Garavanian* Plaintiffs' motion is also contrary to both Congress' and the courts' recognition of the strong public policy favoring separate trials for government and private antitrust actions where the government opposes joinder for trial. Forcing the Government Plaintiffs to share the trial presentation and the limited trial time allotted for the Government Action would unduly prejudice the Government Plaintiffs' enforcement case, making consolidation under Rule 42(a) improper. Accordingly, the Government Plaintiffs request that

the Court deny the *Garavanian* Plaintiffs' motion to consolidate their trial with the Government Action.[2]

## BACKGROUND

On March 7, 2023, the Government Plaintiffs filed this antitrust enforcement action to protect the American public and the citizens of the Plaintiff States from the anticompetitive effects of JetBlue's proposed acquisition of Spirit.

Also before this Court is this private action that seeks relief on behalf of 24 individual plaintiffs who are general consumers of air travel or travel agents. *Garavanian*, ECF No. 1, Compl. ¶ 42; *see also Garavanian*, ECF No. 244 (dismissing a former individual plaintiff). They assert several legal theories different from those raised in the Government Action, including seeking disgorgement of JetBlue's pre-acquisition payments to Spirit shareholders and alleging the potential firing of Spirit employees constitutes irreparable harm. *Garavanian*, ECF No. 1, ¶¶ 11, 36. As private parties, the *Garavanian* Plaintiffs must also prove that they have standing to challenge the merger, which Defendants dispute. *Garavanian*, ECF No. 173, Defs.' Summary Judgment Mem., at 5.

Following the transfer of the Private Action to this Court (*see Garavanian*, ECF Nos. 33, 35), the Court ordered the parties of both actions to coordinate discovery. *See Garavanian*, ECF No. 96, at 3-4. The parties have done so, except where limited by the Court's subsequent rulings. *Garavanian* Plaintiffs did not receive the same non-party discovery as the parties in the Government Action. This is because numerous non-parties who produced relevant documents to the United States as part of its investigation objected to the production of those documents to the

---

[2] The *Garavanian* Plaintiffs' motion itself is improper as well, as it should have been filed in the Government Action. L.R. 40(j) ("A motion for consolidation of two or more cases shall be made *in the case first filed in this court*." (emphasis added)). Nevertheless, Government Plaintiffs treat the instant motion as if filed in the proper action.

*Garavanian* plaintiffs. *See* Government Action, ECF Nos. 116 (Southwest), 117 (Delta), 120 (United), 121 (Amtrak), 132 (Airbus).[3] After the Court sustained those objections, *Garavanian*, ECF No. 127, the Private Plaintiffs stipulated that they "must obtain discovery from non-parties by issuing" their own Rule 45 subpoenas. *Garavanian*, ECF No. 164, ¶ 25.

Discovery has differed in the two actions in other ways as well—unsurprisingly given the different allegations among the two cases. For instance, the *Garavanian* Plaintiffs separately deposed defendants' witnesses on different topics and hired two of their own experts.

Despite significant differences in the allegations, the discovery, and the procedural posture between the two cases, the *Garavanian* Plaintiffs now seek a consolidated trial that the United States, Plaintiff States, and Defendants all oppose. *Garavanian*, ECF No. 225 at 12.

## ARGUMENT

Consolidation may, on occasion, be appropriate for actions that involve common questions of law or fact. Fed. R. Civ. P. 42(a)(1). But counsel is not aware of *any* time when a court consolidated a federal antitrust enforcement trial with a private action trial over the government's objection, and with good reason. Consolidation of these two actions would contravene Congress's decision to exempt government enforcement actions from multidistrict antitrust litigations and the caselaw recognizing the exemption. Forcing a consolidated trial here also would cause substantial prejudice to the Government Plaintiffs. There are significant

---

[3] *See* Government Action, ECF No. 116 at 1 (Southwest protesting "counsel for its competitor (JetBlue) having agreed (without Southwest's consent) to turn over wholesale a trove of Southwest's most confidential and sensitive materials to representatives from at least nine law firms, including a litigant from whom Southwest obtained sanctions in prior merger-related litigation, . . . *without a discovery request ever having been made to Southwest in the Private Action*"); Government Action, ECF No. 117 at 2 ("The Private Action Plaintiffs have never sought to obtain any discovery directly from Delta."); Government Action, ECF No. 120 at 2 ("Over the last seven months, they have not served a *single* subpoena for documents on United or indicated in *any* way that United's documents are relevant to their claims"); Government Action, ECF No. 132 at 1 ("The *Garavanian* Plaintiffs have served no discovery requests upon Airbus to date").

4

differences between the two cases, including what the *Garavanian* Plaintiffs must show to succeed on their claims. Consolidating the trials would risk confusing the issues in the Government Plaintiffs' case and jeopardize the relief that the Government Plaintiffs seek on behalf of the entire American public and all citizens of the Plaintiff States. Scheduling two separate trials would eliminate those risks, and would in no way prevent the Court from narrowing the issues to be tried in a second, subsequent trial in the Private Action.

I. **Public Policy Strongly Favors Separate Trials for Government and Private Actions**

Both Congress and the courts have recognized the strong public policy considerations counseling in favor of separate trials for government and private antitrust actions.

*First*, Congress explicitly exempted government enforcement actions from pretrial consolidation and coordination in multidistrict antitrust litigation. *See* 28 U.S.C. § 1407(g). This exemption expresses Congress' "clear public policy of prioritizing prompt resolution of Government antitrust claims" over any "possible efficiencies to be gained from consolidation with private antitrust damages actions." *United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 144-45 (D. Del. 1999); *see also* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, 136 Stat. 4459, 5970 (2023) (broadening the scope of 28 U.S.C. § 1407 to exempt involuntary consolidation for other government actions).

*Second*, the public policy against consolidating government enforcement actions with private lawsuits is also reflected in the well-established principle that private plaintiffs cannot intervene in government antitrust lawsuits. Consider *United States v. JBS S.A.*, in which, as here, a private plaintiff's motion to consolidate would have added arguments and claims to the case that the government chose not to raise. No. 1:08-cv-5992, ECF No. 91 (N.D. Ill.). There, the court denied the motion because "established case law holds that private plaintiffs may not

5

intervene in a government antitrust case," and that "would be the effect of granting plaintiffs' motion" for consolidation. *Id*; *see also Sam Fox Publ'g Co. v. United States*, 366 U.S. 683, 693 (1961) (recognizing "the unquestionably sound policy of *not* permitting private antitrust plaintiffs to press their claims against alleged violators in the same suit as the Government" by intervention as of right) (emphasis added). This principle holds even if "private interests coincide with the public interest in government antitrust litigation," because "[t]he scheme of the statute is sharply to distinguish between Government suits, either criminal or civil, and private suits for injunctive relief or for treble damages," given that "[d]ifferent policy considerations govern each of these." *Id* at 693.

By providing that a finding for the United States in an enforcement action "shall be prima facie evidence" of a violation in a subsequent private lawsuit, 15 U.S.C. §16(a), Congress designed a statutory scheme in which federal enforcement actions would naturally precede private actions, rather than be tried jointly with them. Counsel is unaware of any previous case where an antitrust enforcement action brought by the United States was consolidated with a private lawsuit over the government's objection; to do so would contravene clear congressional intent. *See, e.g., Dentsply*, 190 F.R.D. at 144-45 (denying consolidation of pre-trial proceedings of two "tag-along" private antitrust damages actions with antitrust enforcement action brought by the United States).

II. **A Joint Trial Would Unfairly Prejudice the Government's Case, Cause Confusion, and Undermine Judicial Economy.**

Beyond the strong public policy against forcing consolidation upon government enforcers as a general matter, the circumstances of this case further demonstrate why consolidation of private and governmental antitrust enforcement actions for trial is improper. First, consolidation here would not significantly promote judicial economy because Section 5 of the Clayton Act

6

ensures that *Garavanian* Plaintiffs would not be required to rehash significant issues of liability established in the Government's case. Section 5 of the Clayton Act provides that a final judgment in a federal antitrust enforcement case "shall be prima facie evidence against such defendant" in a private action. 15 U.S.C. § 16(a). The Supreme Court has interpreted this language to find that "plaintiffs are entitled to introduce the prior judgment to establish prima facie all matters of fact and law necessarily decided" by the trial court in the government's case. *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 571 (1951). A subsequent trial of the Private Action would therefore not require redundant evidence but rather allow the *Garavanian* Plaintiffs to focus on the fundamental and threshold differences between the issues and claims in the Government Action and Private Action that would make a coherent joint trial presentation exceedingly difficult.

Consolidation under Rule 42(a) would be improper, as it would force the Government Plaintiffs to share the trial presentation and the limited trial time allotted for the Government Action would unduly prejudice the government's enforcement case. Rather than an unwieldly joint trial presentation, judicial economy is best served by separate trials, with the Government Action proceeding as scheduled, which would resolve or narrow many of the issues and allow for an efficient subsequent trial for the Private Action as necessary.

### A.  Judicial Economy Would Not Be Served By Consolidation With Private Action

The issues unique to the Private Action require separate adjudication. *First*, the Private Action alleges product and geographic markets that are inconsistent with those in the Government Action. The Government Plaintiffs define the relevant product market as "scheduled air passenger service" and the relevant geographic markets are hundreds of origin-and-destination pairs (*i.e.*, airline routes). Am. Compl., Government Action, ECF No. 69, ¶ 61. By

contrast, the *Garavanian* Plaintiffs' allege geographic markets of "the entire United States and "fourteen [geographic] submarkets" defined by airport-specific origin and destination pairs (rather than origin and destination pairs between metropolitan areas), and two different product markets—"all carriers" and "low-cost carriers." *Garavanian* Complaint, ECF No. 1, ¶¶ 19, 84.

Market definition is a fact-intensive inquiry, and proving multiple, inconsistent markets would be both time-consuming and dissonant. *See In re Nexium (Esomeprazole) Antitrust Litigation,* 968 F. Supp. 2d 367, 388 (D. Mass. 2013) (describing market definition as a "factually intensive determination") (citations omitted). Consolidating claims based on inconsistent antitrust markets would create confusion and invite undue gamesmanship by Defendants, and thereby prejudice the Government Plaintiffs' case. *See In re Am. Express Anti-Steering Rules Antitrust Litig.*, 2014 WL 558759, at *2 ("Rule 42(a) does not afford [Defendant] the right to exploit that tension [between theories of the relevant market] in a consolidated trial— these are different cases proceeding under different complaints and advancing fundamentally different interests.").

*Second*, the *Garavanian* plaintiffs seek to "void[], divest[] and / or disgorge[]" the payments made to Spirit's shareholders under the merger agreement. *Garavanian* Compl., ECF No. 1, ¶¶ 10-11, 72; *see id.*, Prayer for Relief ¶¶ B-C. This payment is not at issue in the Government Action nor sought by the Government Plaintiffs as relief. *See* Am. Compl., Government Action, ECF No. 69, ¶ 86.

*Third,* consolidation of the cases would introduce other ancillary issues only relevant to the *Garavanian* Plaintiffs into the Government Action. For example, Defendants have raised questions regarding the *Garavanian* Plaintiffs' Article III and antitrust standing, injury, and

remedies that would add needless complexity to the proceedings in this case. *See Garavanian*, ECF Nos. 172, 173.

An injunction in the Government Action blocking the proposed merger would moot most or all issues in the Private Action. And even if an injunction is denied in the Government Action, the remaining issues would be narrowed, teeing up a short trial in the Private Action focused on testimony from the *Garavanian* Plaintiffs themselves, their two additional expert witnesses, and any additional facts unique to their claims.

### B. Consolidation of Trial Would Unfairly Prejudice the Government's Case.

Consolidation is inappropriate if one or more of the parties would be prejudiced by a joint trial. *See Seguro de Servicio de Salud McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989); *Americus Mortg. Corp. v. Mark*, 2013 WL 3106018, at *12 (D. Mass. June 17, 2013) (court should consider "any confusion, delay or prejudice that might result from consolidation"). Here, consolidation would unfairly prejudice the Government Plaintiffs by depriving them of sufficient control over their action to enforce the antitrust laws.

The *Garavanian* Plaintiffs envision a consolidated trial in which they "are not restricted in the manner in which they may examine witnesses and present evidence in support of their case." *Garavanian*, ECF No. 225 at 12. Proceeding this way would force the Government Plaintiffs to compromise their trial presentation by requiring constant coordination with additional parties and truncated presentations to fit the Private Action into the limited time allocated for trial along with the distinct issues and witnesses for the Private Action. Every aspect of trial—from opening and closing statements, to what witnesses testify and in what order, to the direct and cross examination of fact witnesses and experts, to the individual exhibits that are received in evidence—would be affected.

Significantly, the trial schedule for the Government Action was set based on an unconsolidated trial for that action alone. 3/21/23 Tr. 20:13-21 (The Court "accept[s] . . . that the dates that you have—and times you have proposed deal with the case presently assigned to [it] and not this other purported related case."). Consolidation at this late juncture would force the Government Plaintiffs to share the allocated trial time with the *Garavanian* Plaintiffs and to accommodate additional openings and closings, and potentially additional examination of defense or third-party witnesses, additional Private Action Plaintiffs' witnesses, and additional expert witnesses. Such a result would unduly prejudice the government's case.

### C. Consolidation of Trial Would Create Confusion and Needless Administrative Burden.

A joint trial would introduce needless administrative complexity that would burden all parties and the court. For example, the Government Plaintiffs have worked diligently to negotiate with Defendants on trial procedures including, for example, procedures for handling confidentiality claims and redactions of trial exhibits. *See* Joint Proposed Confidentiality Protocol for Party Documents, Government Action, ECF No. 166; *so ordered* at Government Action, ECF No. 187. The *Garavanian* Plaintiffs have made no proposal regarding how any such procedures might need to be revised to facilitate a joint trial. *See* Joint Pretrial Memorandum, *Garavanian*, ECF No. 225 at 20 ("The parties are continuing to discuss a protocol for party documents."). The Government Plaintiffs would be needlessly hampered by the eleventh-hour addition of another party into these negotiations.

"The purpose of consolidating actions is to promote convenience and efficiency." *Cherelli v. InStore Group, LLC*, 513 F.Supp.3d 187, 192 (D. Mass. 2021). In deciding whether to consolidate, "the trial court has 'broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate.'" *Id.*, *quoting Seguro de Servicio*

10

*de Salud*, 878 F.2d at 8. Here, consolidation would create confusion, introduce needless administrative burden, and undermine the public's interest in efficient resolution of the Government's case.

## CONCLUSION

For the foregoing reasons, the Court should deny the *Garavanian* Plaintiffs' motion for a consolidated trial with the Government Action brought by the United States and Plaintiff States.

Dated: October 2, 2023

Respectfully submitted,

*/s/* Edward W. Duffy
Edward W. Duffy
John M. Briggs
Aaron M. Teitelbaum
Garrett Windle
U.S. Department of Justice, Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20530
Telephone: (202) 812-4723
E-mail: edward.duffy@usdoj.gov

*/s/* Daniel H. Leff
Daniel H. Leff (MA Bar No. 689302)
Assistant Attorney General, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
Email: daniel.leff@mass.gov

*/s/* Estefania Y. Torres Paez
Estefania Y. Torres Paez (MA Bar No. 705952)
Assistant Attorney General
Office of the Attorney General
400 6th Street NW, Suite 10100
Washington, DC 20001
Telephone: (202) 631-9492
Email: estefania.torrespaez@dc.gov

*Attorneys for the United States of America, the Commonwealth of Massachusetts, and the District of Columbia, and on behalf of all Government Plaintiffs*

11

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to counsel of record for all parties as identified on the Notice of Electronic Filing. In addition, I caused this document to be served by email on counsel for all parties in *United States, et al. v. JetBlue Airways Corp. et al.*, No. 1:23-cv-10511-WGY (D. Mass.).


Dated: October 2, 2023                                   /s/ Edward W. Duffy_____