UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, et al.,

    *Plaintiffs*,

    v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

    *Defendants*.

Civil Action No. 1:23-cv-10678-WGY

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF DR. HAL SINGER**

    Defendants argue that portions of Dr. Singer's opinions and testimony should be excluded for two reasons: (1) Dr. Singer's opinions concerning "merger-specific efficiencies" are based only on his reading and reciting of JetBlue "deal modeling" documents; and (2) Dr. Singer improperly relies on the opinions of DOJ's experts to reinforce his own conclusions. Plaintiffs' Opposition does nothing to address these fundamental issues.

**A. Plaintiffs Fail to Show that Dr. Singer Performed Any Analysis to Verify JetBlue's Internal Studies**

    The law is clear that reliance on business documents, without verification or something more, and repurposing them as economic analysis does not constitute admissible expert opinion. *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 292-93 (3d Cir. 2012). Plaintiffs' Opposition ("Opp.") admits that this read and repeat strategy is exactly what Dr. Singer did. Plaintiffs agree that Dr. Singer's so-called conclusions regarding merger-specific efficiencies rely on JetBlue's "analysis of the costs and revenues generated from the merger" and related party testimony. Opp. at 3-4. Plaintiffs acknowledge that Dr. Singer "reviewed and understood [JetBlue's]

1

methodology," but they cannot cite to any economic work done to verify or validate these methods. *Id.* at 4. What is missing from Plaintiffs' Opposition—and Dr. Singer's opinions and testimony—is any indication that Dr. Singer independently analyzed "Defendants' purported efficiencies," *id.* at 4, or did anything "more than summarize [the] record . . . and lend [his] credentials to [Plaintiffs'] interpretation of that evidence." *AngioDynamics, Inc. v. C.R. Bard, Inc.*, 537 F. Supp. 3d 273, 333 (N.D.N.Y. 2021).[1]

The ***only*** example Plaintiffs provide of Dr. Singer's purported independent assessment of merger efficiencies is that Dr. Singer used his "understanding" of the potential economic effects of reducing marginal costs to assess whether JetBlue's post-merger fleet reconfigurations constitute a cost-saving efficiency. Opp. at 6 (citing Dkt. 231-1, Declaration of Elizabeth Wright in Support of Motion in Limine, Ex. 1 ¶ 123).[2] But Dr. Singer's reading of JetBlue documents is not economic analysis simply because he is an economist,[3] and Plaintiffs provide no evidence of his independent economic work in assessing merger efficiencies. *Cf. McGovern ex rel. McGovern v. Brigham & Women's Hosp.*, 584 F. Supp. 2d 418, 424 (D. Mass. 2008) (Young, J.) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.") (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

---

[1] Plaintiffs do not even attempt to distinguish *AngioDynamics*, which is directly on point.
[2] Plaintiffs argue that Defendants "only attack one opinion offered by Dr. Singer." Opp. at 6. This is not correct—Defendants' Memorandum in support of their Motion explains on the first page that Defendants challenge "Dr. Singer's opinions concerning . . . the effect of JetBlue's post-merger efficiencies . . . because they are entirely based on his reading and repurposing of JetBlue's 'deal modeling' documents." Defendants' Memorandum ("Mem.") at 1.
[3] Tellingly, the paragraph of Dr. Singer's Amended Report offering this bare conclusion about marginal costs includes no supporting citations.

Defendants do not dispute that an expert can review business documents or use them to ***assist or inform their analysis***, nor do Defendants' challenge the reliability of the documents. Rather, Defendants challenge Plaintiffs' attempts to cast Dr. Singer's regurgitation of business records as a valid expert opinion, absent any other economic verification or analysis. *Anderson News, L.L.C. v. Am. Media, Inc.*, 2015 WL 5003528, at *4 (S.D.N.Y. Aug. 20, 2015), *aff'd*, 899 F.3d 87 (2d Cir. 2018) (excluding expert report that "refer[red] to record evidence" without any "indication that she performed any actual analysis regarding Defendants' financial incentives," as such testimony "merely [recites] what is on the face" of produced documents (internal quotation marks and citation omitted)); *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (explaining experts "cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence" and excluding portions of report in which expert "merely read" and relied on party documents) (internal quotation marks and citation omitted).

Plaintiffs contend that *ZF Meritor* is distinct because, in that case, the expert was unfamiliar with the assumptions and methodology applied in a party document on which he relied. The same is true here. Likewise, the court in *ZF Meritor* was concerned with the expert's blanket reliance on party documents without further analysis—the same issue with Dr. Singer's opinions. 696 F.3d at 293. Plaintiffs also argue *ZF Meritor* is distinguishable because the "standards [that] apply to a plaintiff's expert rendering an affirmative damages opinion are more vigorous than those that apply to a plaintiff's expert assessing defendants' claimed efficiencies." Opp. at 4. But nothing in *ZF Meritor* nor the Federal Rules of Evidence makes such a distinction. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (FRE 702 "makes no relevant distinction between 'scientific' knowledge and 'technical' or 'other specialized' knowledge," and holding Daubert's

reliability standards apply to "all expert testimony"). The only case that Plaintiffs cite in support of their argument is *Autowest, Inc. v. Peugeot*, a case addressing whether **fact witnesses** could testify regarding business documents, which does not mention experts at all. 434 F.2d 556, 566 (2d Cir. 1970).

Defendants therefore ask the Court to exclude all of Dr. Singer's opinions and testimony which are based, not on independent expert analysis, but instead on the reading and reciting of JetBlue business documents.

### B. Plaintiffs Fail to Show that Dr. Singer Is Justified in Relying on Drs. Chipty and Gowrisankaran's Expert Testimony from the DOJ Case

Plaintiffs argue that Dr. Singer's references to DOJ's experts, Drs. Chipty and Gowrisankaran, are appropriate because "[h]is citations to DOJ experts merely point out that experts in two parallel cases—working entirely independently—arrived at the same methodology and similarly rejected the approaches advocated by Defendants' expert Dr. Hill." Opp. at 7. But Plaintiffs' lengthy argument does not change the fundamental principle that Dr. Singer cannot cite another expert's conclusion without performing some sort of independent analysis to justify this reliance. Opp. at 7, 11 ("Dr. Singer discussed Dr. Gowrisankaran's analysis only to demonstrate how it complemented his own conclusions."); *see also United States v. Zolot*, 968 F. Supp. 2d 411, 426-27 (D. Mass. 2013) (excluding expert opinion that "presented no independent analysis" and merely relied on another expert's opinion).

Plaintiffs' own citations make clear that Dr. Singer did just that. As Plaintiffs acknowledge, Dr. Singer references Dr. Chipty's entry analysis to support his conclusions regarding the difficulty of market entry. Opp. at 11 (citing Dkt. 231-3, Declaration of Elizabeth Wright in Support of Motion in Limine, Ex. 3 ("Singer Dep. Tr.") at 128:22-129-4). Dr. Singer's Reply Report cites to Dr. Gowrisankaran three times, each time saying that Dr. Gowrisankaran

4

came to similar conclusions or utilized similar methods. Opp. at 7-8. And, during his deposition, Dr. Singer "lean[ed] on a very interesting and . . . powerful finding" of Dr. Gowrisankaran's to support his conclusion about the JetBlue effect—a fact Plaintiffs fail to address in their Opposition. Singer Dep. Tr. 86:24-88:13. Plaintiffs therefore do not meaningfully contest the central issue: Dr. Singer relied on DOJ's expert opinions "where they supported his analyses or conclusions" and made "no attempt to replicate or verify them." Mem. at 5-7 (explaining "Dr. Singer's Reply Report announces no new methodologies or conclusions").

As a result, Dr. Singer's testimony and opinions should be limited to conclusions he reached through his own analysis, and not DOJ's experts.

## CONCLUSION

Defendants therefore respectfully request that the Court exclude Dr. Singer's expert opinions and testimony, and preclude him from testifying to the extent (1) his opinions are based solely on reviewing JetBlue's "deal modeling" documents and related party testimony, and (2) he cites to DOJ's expert opinions to validate his own conclusions.

Dated: October 2, 2023                              Respectfully submitted,

*/s/ Elizabeth M. Wright*
Zachary R. Hafer (MA BBO #569389)
Elizabeth M. Wright (MA BBO #569387)
Zachary Sisko (MA BBO #705883)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
zhafer@cooley.com
ewright@cooley.com
zsisko@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP

1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com
mnguyen@cooley.com

*Attorneys for JetBlue Airways Corporation*

/s/ Samuel N. Rudman
Samuel N. Rudman (MA BBO #698018)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA  02110
Telephone:   +1 617 248 4034
srudman@choate.com

/s/ Andrew C. Finch
Andrew C. Finch (*Pro Hac Vice*)
Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
Jay Cohen (*Pro Hac Vice*)
Jared P. Nagley (*Pro Hac Vice*)
Kate Wald (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-757-3990
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jcohen@paulweiss.com
jnagley@paulweiss.com
kwald@paulweiss.com

Meredith R. Dearborn (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 628-432-5100
Fax: 628-232-3101
mdearborn@paulweiss.com

*Attorneys for Defendant Spirit Airlines, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Reply Memorandum in Support of Motion *in Limine* to Exclude Expert Opinions and Testimony of Dr. Hal Singer was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system, on October 2, 2023.

*/s/ Elizabeth M. Wright*
Elizabeth M. Wright
