UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, et al.,

    *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

    *Defendants*.

Civil Action No. 1:23-cv-10678-WGY

**DEFENDANTS' OPPOSITION TO PRIVATE PLAINTIFFS'
MOTION TO CONSOLIDATE TRIAL**

    Defendants oppose Private Plaintiffs' belated motion to consolidate trial—filed just five days before the final pretrial conference in the Government Action (*United States v. JetBlue Airways Corp.*, 1:23-cv-10511-WGY). While Defendants initially asked the Court to consolidate the matters, the Court rejected that and ordered only consolidation of discovery while suggesting it would not consolidate the trials. 4/13/23 Hr'g Tr. 4:22-23. Defendants understood the Court's ruling and have prepared for trial in the Government Action accordingly. Defendants respectfully submit that all the efficiencies of consolidation have already been gained in discovery, and that a consolidated trial would only introduce additional complexities and present further risks of prejudice (such as disclosures of confidential information, repetition, and delay).

    It is undisputed that the Court has "***broad discretion*** in weighing the costs and benefits of consolidation to decide whether the procedure is appropriate." *Willard v. Town of Lunenburg*, 202 F.R.D. 57, 59 (D. Mass. 2001) (denying motion to consolidate) (emphasis added) (quotation marks and citation omitted); *see also Exceptional Mktg. Grp., Inc. v. 89 Degrees, LLC*, 2012 WL

1

3990096, at *1 (D. Mass. Sept. 10, 2012) (denying motion to consolidate when summary judgement motion was pending). The Court may deny a motion to consolidate even where there are common issues of fact and law if it believes that neither "convenience [n]or economy will be served by consolidation." *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 834 F. Supp. 477, 487-88 (D. Mass. 1992) (denying motion to consolidate and explaining that a second trial on related matter may not be necessary after resolution of pending action).

Here, as the Government argues in its opposition to consolidation, the trial schedule in the Government Action—including the allotted time for each party—was set by the Court based on an unconsolidated action. Dkt. No. 294 at 10 (citing 03/21/23 Hr'g Tr. 20:13-31 (the Court "accept[s]…that the dates that you have – and times you have proposed deal with the case presently assigned to [it] and not this other purported related case.")). Defendants have prepared for trial accordingly, crafting their trial plan based on the 50/50 allocation of time and the witness lists exchanged in the Government Action on June 30, 2023. Any change at this stage—less than two weeks before trial—would impair Defendants' preparation of their defense.

Also as the Government argues, the Private Plaintiffs may raise issues that complicate and delay the Government Action. This is perhaps best exhibited by Private Plaintiffs' recent meet and confer in which they informed Defendants they plan to move to add twenty-one additional witnesses to their witness list. These additional witnesses—the Plaintiffs in this action—are entirely unrelated to the Government Action, yet Defendants would have to allocate a portion of their limited time to addressing them at trial. Defendants would also have to address other new witnesses, such as Private Plaintiffs' two experts, as well as any expanded testimony from common witnesses whom Private Plaintiffs cross-examine. None of this was anticipated when the Court reserved 20 trial days or as Defendants prepared for trial in the Government Action.

Finally, as the Government argues, consolidation of trial would not promote judicial economy. As an initial matter, Defendants' motion for summary judgment on the threshold issues of standing and injury remains pending. Dkt. Nos. 172, 173. While Defendants believe this will dispose of the Private Plaintiffs' case entirely, it shows the different posture in the two cases. And, where an outstanding motion for summary judgment remains undecided, "consolidation . . . is not in the best interest of justice," as it is "better to consider and determine [the] motion for summary judgment" first which "is likely to [have] a narrowing effect" on the claims. *Exceptional Mktg. Grp.*, 2012 WL 3990096, at *1.

Moreover, as the Government argues in its opposition, the Government and Defendants have already expended significant effort negotiating and agreeing to trial procedures, including procedures regarding the handling of party and non-party confidential information at trial. Private Plaintiffs have not even suggested how those procedures could be revised to accommodate their participation in the trial. Dkt. No. 294 at 10. In particular, the Government and Defendants have been working closely with non-parties to resolve confidentiality concerns, of which there are many. The resolution of non-party confidentiality concerns in a consolidated trial would be especially complex considering that some non-parties have refused to disclose confidential information to Private Plaintiffs. Private Plaintiffs' repeated incantation that consolidation would improve judicial economy does not withstand scrutiny.

In fact, the Court's decision in the Government Action will determine the fate of this merger. If Defendants prevail, the Private Plaintiffs will have suffered no prejudice, as the merger does not violate the law. And if the Government prevails, then the Private Plaintiffs will suffer no prejudice because the merger will be blocked (the relief Private Plaintiffs seek). *See* Dkt. 267 at 5

(Private Plaintiffs seek "substantially the same relief" and "the same results under the Clayton Act" as the Government).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Consolidate.

Dated: October 3, 2023     Respectfully submitted,

/s/ Elizabeth M. Wright
Zachary R. Hafer (MA BBO #569389)
Elizabeth M. Wright (MA BBO #569387)
Zachary Sisko (MA BBO #705883)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
zhafer@cooley.com
ewright@cooley.com
zsisko@cooley.com

Ethan Glass (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com
dbansal@cooley.com

Joyce Rodriguez-Luna (*Pro Hac Vice*)
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Tel: 212 479 6895
Fax: 2124796275
jrodriguez-luna@cooley.com

*Attorneys for Defendant JetBlue Airways Corporation*

Andrew C. Finch (*Pro Hac Vice*)
Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
Jay Cohen (*Pro Hac Vice*)
Jared P. Nagley (*Pro Hac Vice*)
Kate Wald (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-757-3990
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jcohen@paulweiss.com
jnagley@paulweiss.com
kwald@paulweiss.com

Meredith R. Dearborn (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 628-432-5100
Fax: 628-232-3101
mdearborn@paulweiss.com

*Attorneys for Defendant*
*Spirit Airlines, Inc*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 3rd day of October, 2023, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

/s/ Elizabeth M. Wright
Elizabeth M. Wright