UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GABRIEL GARAVANIAN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC., <br><br> *Defendants*. | Civil Action No.: 1:23-cv-10678-WGY |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR WITNESS LIST OR OTHERWISE INTRODUCE TESTIMONY OF PLAINTIFFS AT TRIAL**

Plaintiffs move for leave under paragraphs 21(c) and 27 of the Scheduling and Case Management Order, dkt. no. 96, to augment their witness list to include all of the plaintiffs. "Good cause" exists to make this amendment. When they originally exchanged their witness list, Plaintiffs were constrained to a maximum of 20 witnesses, including the defendant employees necessary to prove the substantive violations. This constraint prevented Plaintiffs from naming all but a few of the Plaintiffs on the witness list. Moreover, Plaintiffs exchanged their witness list before Defendants filed their summary judgment attacking the standing of all plaintiffs. As a result of that motion, the trial testimony of every Plaintiff has now become necessary. Plaintiffs attempted to resolve this issue by requesting that Defendants stipulate to the testimony of absent Plaintiffs, but they have declined to do so, making this motion necessary. If Plaintiffs are unable

1

to introduce their testimony, the result will be a manifest injustice because Plaintiffs will be unable to establish the harm suffered by each Plaintiff, thereby depriving Plaintiffs' of the ability to present their case and present all the evidence of their standing.

Granting Plaintiffs' motion will not prejudice Defendants. All Plaintiffs were identified in Plaintiffs' Initial Disclosures. Defendants deposed and received interrogatory and request for admission responses from all 24 Plaintiffs. Moreover, Defendants are clearly aware of the abundance of evidence from Plaintiffs because they filed a Motion for Summary Judgment challenging the standing of each individual plaintiff based on the discovery the 24 Plaintiffs provided. Thus, Defendants are not only familiar with Plaintiffs' expected testimony, they are already well prepared for it.

Because denying Plaintiffs' motion will result in a manifest injustice and because Defendants will not be prejudiced, there is "good cause" for allowing Plaintiffs to introduce testimony of all plaintiffs, whether live or by deposition.[1]

## I.    FACTUAL BACKGROUND

Plaintiffs filed their Complaint on November 3, 2022, in the Northern District of California, and the case was transferred to this Court on March 29, 2023. In their initial disclosures early in the case, Plaintiffs identified all plaintiffs as trial witnesses. Shortly after the case was transferred, on April 24, 2023, the parties filed the Proposed Scheduling and Case Management Order (hereinafter "Proposed CMO"). Dkt No. 76. The Proposed CMO limited

---

[1] Plaintiffs were unable to file the motion earlier because Plaintiffs were not aware that Defendants would refuse any such stipulation until September 15, 2023, when the parties filed the Joint Pretrial Memorandum, and since then Plaintiffs have been engaged in motion in limine briefing and other pre-trial filings and exchanges. *See Henrob Ltd. v. Bollhoff Systemtechnik GMBH & Co. KG*, No. 05-CV-73214-DT, 2009 WL 92236, at *2 (E.D. Mich. Jan. 14, 2009) (finding plaintiff was diligent in filing motion to amend witness list almost three months after learning that defendant objected to the amendment where plaintiff was "consumed" with other motions).

each party's witness list to 20 witnesses. When Plaintiffs agreed to this 20-witness limit, it was their understanding that all the Plaintiffs' testimony would be admitted at trial to avoid burdening the Court with the trial testimony of 24 Plaintiffs. The Court adopted the proposed 20-witness limit in its Scheduling and Case Management Order (Dkt. No. 96) (hereinafter "CMO") issued on May 23, 2023.

Plaintiffs agreed to the 20-witness limit before having any reasonable opportunity to review any discovery in this case. While Plaintiffs received the first document productions from Defendants three weeks earlier, on April 4, 2023, those productions were in the form of five computer drives containing over 24 million files that comprised about 10 terabytes of data. No responses to interrogatories were served by any party until several weeks later, on May 17, 2023. The first of about 65 depositions taken over a roughly 30-day period did not begin until more than a month later, on May 26, 2023.

On June 30, 2023, the parties exchanged Final Witness Lists as required by the CMO. The witness lists were limited to 20 persons, even though there are 24 plaintiffs. The Plaintiffs' witness list identified 20 witnesses, including 9 JetBlue witnesses and 8 Spirit witnesses, all of whom are necessary for Plaintiffs to prove the violation here. While Plaintiffs still believed Defendants would not object to the introduction of all Plaintiffs' testimony at trial, Plaintiffs' identified three plaintiff witnesses on their witness list to provide a representative sample of Plaintiffs' testimony.

On August 1, 2023, Defendants filed their Motion for Summary Judgment challenging the standing each individual Plaintiff. Dkt. No. 172. Defendants' motion argued, for example, that certain plaintiffs lacked standing because they have not flown Spirit since 2018, and that plaintiffs lacked standing because they had no "concrete, imminent" plans to fly Spirit. *Id.* at 5-

8. Defendants' motion further argued that 15 plaintiffs would not be harmed by, and may actually benefit from, the merger, and that 8 plaintiffs lacked standing because they were "retired." *Id.* at 10-12.  Until this point, Plaintiffs were not aware that Defendants intended to challenge Plaintiffs' standing.

On Friday September 15, 2023, the parties exchanged drafts of the Joint Pretrial Memorandum.  In the required section for "Witnesses," Plaintiffs identified the twenty witnesses on Plaintiffs' Witness List, including three plaintiff witnesses, and requested that "the testimony of each Plaintiff is received by the Court." Dkt. No. 225 at 14. Plaintiffs further stated that they "will agree to extend whatever deadlines necessary to allow Defendants to accommodate this change." *Id.*  Defendants stated in the Pretrial Memorandum that they would not agree to the introduction of testimony from all plaintiffs. *Id.* at 14-15.

## II.   LEGAL BACKGROUND

Pursuant to the Court's CMO, "[a]ny Party may seek modification of this [Scheduling and Case Management] Order for good cause." Dkt. no. 96.  Moreover, the CMO permits a party to introduce testimony from a witness not identified on the witness list where "that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person as a trial witness sooner." Dkt. No. 96 at para. 21(c).

"In determining whether to grant leave to amend after a deadline in the scheduling order has expired, a court may consider 1) the explanation for the movant's failure to move timely for leave to amend 2) the importance of the amendment 3) the potential for prejudice caused by allowing the amendment and 4) the opportunity to cure such prejudice." *Momenta Pharms., Inc. v. Amphastar Pharms., Inc.*, No. CV 11-11681-NMG, 2016 WL 3460309, at *2 (D. Mass. June 21, 2016).  "Additional considerations may include whether the amendment requires the re-opening of discovery, whether there will be additional costs, and whether there will be

4

substantial changes to the course of the case." *Sparkman & Stephens, LLC v. Mystic Seaport Museum, Inc.*, No. 121CV00029MSMLDA, 2023 WL 346211, at *1 (D.R.I. Jan. 20, 2023).

### III. ARGUMENT

#### A. To Prevent Manifest Injustice, Plaintiffs Must Be Permitted to Introduce at Trial Testimony of All Plaintiffs

Plaintiffs' agreement to limit the witness list to 20 witnesses occurred very early in the case and well before Plaintiffs had any reason to believe that the standing of every Plaintiff would be attacked at trial. Plaintiffs believed that Defendants would be reasonable in stipulating to their testimony at trial, given the very limited number of witnesses permitted in the CMO. In addition, at the time Plaintiffs agreed to the 20-witness limit, discovery had only recently begun, and no witnesses had been deposed.

Plaintiffs have only recently learned that Defendants have declined to agree to admit the testimony of the plaintiffs at trial in any form. If Plaintiffs are unable to do so, they will be prevented (by an arbitrary witness-list limitation) from presenting the best evidence of their prima facie case, the harm suffered by each Plaintiff.

Good cause for an amendment to the CMO exists where the amendment will prevent "manifest injustice." *See Tele-Connections, Inc. v. Perception Tech. Corp.*, No. CIV.A. 88-2365-S, 1990 WL 180707, at *1 (D. Mass. Nov. 5, 1990). Where, as here, Plaintiffs request adding the testimony of crucial witnesses, the testimony of those witnesses must be permitted to prevent a "manifest injustice." *Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, No. 05-CV-2301 ADS WDW, 2013 WL 1821113, at *6 (E.D.N.Y. Apr. 29, 2013) (allowing witnesses to testify to prevent "manifest injustice" and to "ensure parity between the parties at trial and ensure that the Court, as fact-finder, receives as full, balanced, and complete a factual picture as possible") (internal quotation marks omitted); *Am. Fam. Mut. Ins. Co. v. TeamCorp.*, No. 07-CV-00200-

WYD-MJW, 2008 WL 11363650, at *2 (D. Colo. Dec. 18, 2008) (allowing Plaintiff to amend its exhibit list "to prevent manifest injustice" "[g]iven the alleged importance of this exhibit").

### B. Defendants Would Not Be Prejudiced

Defendants cannot credibly argue that they would be prejudiced in any manner if all Plaintiffs were permitted to testify at trial. Defendants have been well aware of Plaintiffs as potential witnesses since Plaintiffs served their initial disclosures early in the case. Subsequently, Defendants deposed and obtained written discovery from each plaintiff, and then they relied on that discovery to move for Summary Judgment that each plaintiff lacks standing. Defendants' pattern of behavior reflects Defendants' own understanding that Plaintiffs' testimony is an important part of this case. It also reflects their understanding that the testimony should be permitted. That is because Defendants' motion for summary judgment was filed a month after Plaintiffs' identified only 3 plaintiffs as trial witnesses, yet their motion attacks the standing of all 24 Plaintiffs.

Courts have found no prejudice in similar circumstances. For example, in *Henrob Ltd. v. Bollhoff Systemtechnik GMBH & Co. KG*, No. 05-CV-73214-DT, 2009 WL 92236 (E.D. Mich. Jan. 14, 2009), the court found "no prejudice to Defendants related to the timing of Plaintiff's request [to add witnesses to the witness list]" where, as here, the witnesses "have already been deposed and the amendment will not require additional discovery." *Id.* at *2. While all of the witnesses in this case have already been deposed, some courts find no prejudice even where the witness has not yet been deposed but was otherwise already known. *See, e.g.*, *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, No. CV H-09-3712, 2010 WL 11661413, at *1 (S.D. Tex. Aug. 16, 2010) (finding that the addition of a new witness to defendant's witness list would not prejudice Plaintiffs despite the fact that "Plaintiffs will be logistically inconvenienced by the late disclosure" potentially needing to take a deposition of the witness "and file amended

or supplemental proposed findings of fact and conclusions of law if necessary based on that deposition"); *Cont. Design Grp., Inc. v. Wayne State Univ.*, No. 10-14702, 2013 WL 3190337, at *2 (E.D. Mich. June 20, 2013), *aff'd*, 635 F. App'x 222 (6th Cir. 2015) (finding know prejudice where Defendants "knew of [witness's] potential testimony because Plaintiffs previously listed her as a witness"); *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:11-CV-444, 2013 WL 12138998, at *2 (E.D. Tex. July 17, 2013) (finding that any prejudice "is minimized by [witness's] availability for a pretrial deposition"); *Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, No. 05-CV-2301 ADS WDW, 2013 WL 1821113, at *5 (E.D.N.Y. Apr. 29, 2013) (finding no prejudice where non-moving party aware of the witnesses).

Because Defendants are well-aware of, and well prepared for, Plaintiffs' expected testimony, allowing Plaintiffs to introduce at trial testimony of each plaintiff will not "require[] the re-opening of discovery," will not result in "additional costs," and will not result in "substantial changes to the course of the case." *Sparkman & Stephens, LLC v. Mystic Seaport Museum, Inc.*, No. 121CV00029MSMLDA, 2023 WL 346211, at *1 (D.R.I. Jan. 20, 2023). For all of these reasons, Defendants will not be prejudiced if Plaintiffs' motion is granted.

## C. In the Alternative, Plaintiffs Should Be Permitted To Replace the Witnesses Identified on the Exhibit List

A manifest injustice will result if every Plaintiff is not permitted to testify or admit their sworn deposition testimony at trial. Plaintiffs therefore request the Court permit them to augment the witness list to include all Plaintiffs. This does not necessarily mean that every Plaintiff will testify at trial, and Plaintiffs will confer with Defendants to seek the stipulation of deposition testimony for those who do not testify at trial.

Nevertheless, in the event that the Court will not allow introduction of testimony of all Plaintiffs at trial, Plaintiffs request that the Court issue a ruling permitting Plaintiffs to admit the

7

sworn deposition testimony of the Plaintiffs at trial.

As a last resort, in the event the Court denies Plaintiffs' request to augment the witness list or admit the sworn deposition testimony of all Plaintiffs, Plaintiffs request in the alternative that they be permitted to replace the three plaintiff witness identified on the witness list with three other plaintiff witnesses. Plaintiffs chose the three plaintiff witnesses on the witness list before Plaintiffs were aware that Defendants intended to challenge Plaintiffs' standing.

## IV.   CONCLUSION

For the at least the reasons provided above, Plaintiffs' Motion for Leave to Amend Their Witness List or to Otherwise Introduce Testimony of Plaintiffs at Trial should be granted.

Dated: October 3, 2023

*/s/* Scott Gregory Herrman
Robert F. Ruyak
Stephen G. Larson
Scott Gregory Herrman
LARSON LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 436-4888
Fax: (213) 623-2000
Email:slarson@larsonllp.com
Email:rruyak@larsonllp.com
Email:gherrman@larsonllp.com
(*Admitted Pro Hac Vice*)

<div style="columns:2">

Joseph M. Alioto
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Telephone: (415) 434-8900
(*Admitted pro hac vice*)

Jeffery K. Perkins
LAW OFFICES OF JEFFERY K. PERKINS
1550-G Tiburon Blvd., Box 344
Tiburon, California 94920
Telephone: (415) 302-1115

Lingel H. Winters
LAW OFFICES OF LINGEL H. WINTERS
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-2941

Christopher A. Nedeau
NEDEAU LAW PC
154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email: cnedeau@nedeaulaw.net

*Counsel for Plaintiffs*

Joseph Michelangelo Alioto, Jr
ALIOTO LEGAL
100 Pine Street
Suite 1250
San Francisco, CA 94111
Tel.: 415-398-3800
Email: joseph@aliotolegal.com
(Admitted Pro Hac Vice)

Josephine Alioto
THE VEEN FIRM
20 Haight Street
San Francisco, CA 94102
Telephone: (415) 673-4800
Email: j.alioto@veenfirm.com
(*Admitted pro hac vice*)

Lawrence G. Papale
LAW OFFICES OF LAWRENCE G. PAPALE
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, California 94574
Telephone: (707) 963-1704
(*Admitted pro hac vice*)

Robert J. Bonsignore, Esq.
BONSIGNORE TRIAL LAWYERS, PLLC
23 Forest Street
Medford, MA 02155
Phone: 781-856-7650
Email: rbonsignore@classactions.us

</div>

**CERTIFICATE OF SERVICE**

I certify that this document was filed through the ECF system on October 3, 2023 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Scott Gregory Herrman*

Scott Gregory Herrman