UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, et al.,

    *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and SPIRIT AIRLINES, INC.,

    *Defendants*.

Civil Action No. 1:23-cv-10678-WGY

## JOINT STATUS REPORT

On October 12, 2023, the Parties jointly moved to suspend certain pre-trial deadlines set forth in the Court's Scheduling and Case Management Order (Dkt. 96) pending resolution of the trial in *United States v. JetBlue Airways Corp.*, No. 1:23-cv-10511-WGY (the "DOJ Action"). Dkt. 311. On December 20, 2023, the Parties submitted a Joint Status Report proposing to maintain the suspension of deadlines "because the forthcoming decision in the DOJ Action may impact the issues to be tried in this case." Dkt. 340. The Parties further proposed submitting another joint status report "within fourteen (14) days of the Court issuing a final decision in the DOJ Action." *Id*. On January 16, 2024, the Court issued a final decision in the DOJ Action permanently enjoining the proposed merger and entered judgment against Defendants the following day. Case 1:23-cv-10511, Dkt. 461, 463. This joint status report is filed within 14 days of the final decision in the DOJ Action.

**Plaintiffs' Position**: In light of the Court's recent decision in the DOJ Action, Plaintiffs will move the Court for summary judgment on all issues and request the Court enter judgment in Plaintiffs' favor.

- 2 -

Defendants suggest that the Court impose a "stay" in this case; however, they offer no legal authority or even cogent argument to support such a drastic measure. There is no basis whatsoever to delay the progress of this case. Moreover, Defendants' request of a stay in a one-paragraph status report – rather than a full briefing after a proper motion – is entirely inappropriate. A stay would result in manifest prejudice to Plaintiffs, result in unnecessary delay, and serve no purpose but to prevent Plaintiffs from later presenting their position on appeal.

The most efficient course of action would be to enter judgment for Plaintiffs after a full briefing on Plaintiffs' summary judgment motion and in light of this Court's decision in the DOJ Action. That will allow any subsequent appeal to be consolidated with the dismissed Plaintiffs' currently pending appeal (*Arcell, et al. v. JetBlue Airways Corp and Spirit Airlines, Inc.* Case No. 23-1897) and the recently noticed appeal of the Court's decision in the DOJ Action. Imposing a stay while these other appeals are decided would all but deny Plaintiffs an opportunity to be heard at the First Circuit. Indeed, in the First Circuit, Plaintiffs recently filed an assented-to motion to extend the time to file their opening brief in the *Arcell* appeal *precisely* so the *Arcell* appeal could be consolidated with any appeal that might follow entry of judgment in this case.

Finally, Defendants' appeal of the decision in the DOJ Action has no bearing on Plaintiffs' ability to move for summary judgment based on the preclusive effect of that decision. *Depianti v. Jan-Pro Franchising Int'l, Inc.*, 39 F. Supp. 3d 112, 125-126 (D. Mass. 2014) (Under the Federal law, "a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal." (internal quotations omitted)). [1]

---

[1] The prior deadline for summary judgment motions in the Case Management Order (Dkt. 96 at 4) was established well before this Court issued its Findings of Facts and Conclusions of Law in the DOJ Action. That decision and the resulting judgment for the Government Plaintiffs has drastically changed the circumstances.

**Defendants' Position**: Defendants have appealed the Court's decision in the DOJ Action and have moved for expedited consideration of the appeal by the First Circuit. It appears that Plaintiffs intend to move for summary judgment based on the "preclusive effect" of the Court's decision in the DOJ Action.[2]  It would be inefficient for the parties to brief, and the Court to consider and rule on, a motion based on an order that is being appealed.[3]  To conserve judicial resources, Defendants propose that the Court maintain the suspension of any deadlines in this matter during the pendency of the DOJ Appeal, and order the parties to submit a joint status report 14 days after final resolution of the DOJ Appeal.  The Court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Bank of Am., N.A. v. WRT Realty, L.P.*, 769 F. Supp. 2d 36, 39 (D. Mass. 2011).

Plaintiffs' assertion that they would suffer "manifest prejudice" and would somehow be prevented "from later presenting their position on appeal" makes no sense.  Maintaining the suspension of deadlines in this matter does not prejudice Plaintiffs in any way.  Indeed, Plaintiffs themselves have recognized the importance and practicality of resolving the appeal in the DOJ Action before their appeal of this Court's summary judgment decision in this matter proceeds. On January 23, 2024, Plaintiffs filed an unopposed motion in the First Circuit for an extension of the briefing schedule in light of the decision in the DOJ Appeal.[4]  A continued suspension of deadlines

---

[2] It would not be proper for the Court to simply "enter judgment for Plaintiffs in light of this Court's decision in the DOJ Action," as Plaintiffs request.  "The burden of demonstrating that an issue is precluded 'is always on the person raising the bar.'" *Penate v. Kaczmarek*, No. CV 3:17-30119-KAR, 2022 WL 2191700, at *1 (D. Mass. June 17, 2022).  Plaintiffs have not demonstrated they are entitled to judgment on their Complaint based solely on the decision in the DOJ Action. Nor is it clear to Defendants what moving for summary judgment "on all issues" means, as Plaintiffs suggest above.

[3] Under the Case Management Order, Plaintiffs' deadline to file a motion for summary judgment was August 1, 2023. ECF No. 96 at 4.

[4] Defendants assented only to Plaintiffs filing a motion in the First Circuit for additional time for the briefing schedule.  Defendants have not assented to any consolidation of appeals in the First Circuit.

is appropriate here because "it is likely to conserve judicial and party time, resources, and energy."

*Id.* (citation omitted).

Dated: January 31, 2024                                                  Respectfully submitted,

/s/ Elizabeth M. Wright                                                  /s/ Scott Gregory Herrman
Zachary R. Hafer (MA BBO #569389)                    Robert F. Ruyak
Elizabeth M. Wright (MA BBO #569387)              Stephen G. Larson
Zachary Sisko (MA BBO #705883)                         Scott Gregory Herrman
Cooley LLP                                                                     LARSON LLP
500 Boylston Street, 14th Floor                                555 South Flower Street, Suite 4400
Boston, MA 02116-3736                                             Los Angeles, California 90071
Tel: 617-937-2300                                                         Tel: (213) 436-4888
zhafer@cooley.com                                                      Fax: (213) 623-2000
ewright@cooley.com                                                   Email:slarson@larsonllp.com
zsisko@cooley.com                                                      Email:rruyak@larsonllp.com
                                                                                         Email:gherrman@larsonllp.com
Ethan Glass (*Pro Hac Vice*)                                       (*Admitted Pro Hac Vice*)
Dee Bansal (*Pro Hac Vice*)
Matt K. Nguyen (*Pro Hac Vice*)                               Joseph Michelangelo Alioto, Jr.
Cooley LLP                                                                     ALIOTO LEGAL
1299 Pennsylvania Avenue NW, Suite 700           100 Pine Street
Washington, DC 2004-2400                                     Suite 1250
Tel: 202-842-7800                                                         San Francisco, CA 94111
Fax: 202-842-7899                                                        Tel.: 415-398-3800
eglass@cooley.com                                                      Email: joseph@aliotolegal.com
dbansal@cooley.com                                                   (*Admitted Pro Hac Vice*)
mnguyen@cooley.com
                                                                                         Joseph M. Alioto
*Attorneys for JetBlue Airways Corporation*            ALIOTO LAW FIRM
                                                                                         One Sansome Street, 35th Floor
/s/ Samuel N. Rudman                                                San Francisco, California 94104
Samuel N. Rudman (MA BBO #698018)               Telephone: (415) 434-8900
Choate, Hall & Stewart LLP                                        (*Admitted pro hac vice*)
Two International Place
Boston, MA 02110                                                        Robert J. Bonsignore, Esq.
Telephone: +1 617 248 4034                                      BONSIGNORE TRIAL LAWYERS, PLLC
srudman@choate.com                                                23 Forest Street
                                                                                         Medford, MA 02155
/s/ Andrew C. Finch                                                      Phone: 781-856-7650
Andrew C. Finch (*Pro Hac Vice*)                              Email: rbonsignore@classactions.us
Eyitayo St. Matthew-Daniel (*Pro Hac Vice*)
Jay Cohen (*Pro Hac Vice*)                                         *Attorneys for Plaintiffs*
Kate Wald (*Pro Hac Vice*)

- 5 -

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-3000
Fax: 212-757-3990
afinch@paulweiss.com
tstmatthewdaniel@paulweiss.com
jcohen@paulweiss.com
kwald@paulweiss.com

Meredith R. Dearborn (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 628-432-5100
Fax: 628-232-3101
mdearborn@paulweiss.com

*Attorneys for Defendant Spirit Airlines, Inc.*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 31st day of January, 2024, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

*/s/ Elizabeth M. Wright*
Elizabeth M. Wright
