**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| GABRIEL GARAVANIAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 1:23-cv-10678-WGY |
| v. | ) |
| | ) |
| JETBLUE AIRWAYS CORPORATION and | ) |
| SPIRIT AIRLINES, INC., | ) |
| | ) |
| Defendants, | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AS MOOT**

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*United States* v. *Am. Airlines Grp. Inc.*,
    Civ. No. 21-11558-LTS, 2023 WL 3560430 (D. Mass. May 19, 2023)................................3, 4

*United States* v. *Am. Airlines Grp. Inc.*,
    Civ. No. 21-11558-LTS, 2023 WL 4766220 (D. Mass. Jul. 26, 2023) ....................................3

*Arcell.* v. *JetBlue Airways Corp.*,
    No. 23-1897 (1st Cir. 2024)..................................................................................................1

*United States* v. *Borden Co.*,
    347 U.S. 514 (1954)..............................................................................................................5

*Clapper* v. *Amnesty Int'l*,
    568. U.S. 398 (2013)............................................................................................................5

*FTC* v. *H.J. Heinz, Co.*,
    164 F.Supp.2d 659 (D.D.C. 2001) ......................................................................................5

*Harris* v. *Univ. of Mass. Lowell*,
    43 F.4th 187 (1st Cir. 2022)..........................................................................................2, 4, 5

*United States* v. *JetBlue Airways Corp.*,
    No. 24-1092 (1st Cir. 2024)..............................................................................................2, 4

*Lujan* v. *Defenders of Wildlife*,
    504 U.S. 555 (1992)..............................................................................................................2

*Mangual* v. *Rotger-Sabat*,
    317 F.3d 45 (1st Cir. 2003) ..................................................................................................5

*United States* v. *Mercy Health Servs.*,
    107 F.3d 632 (8th Cir. 1997) ...............................................................................................5

*In re Ruiz*,
    83 F.4th 68 (1st Cir. 2023)....................................................................................................4

*Sea Shore Corp.* v. *Sullivan*,
    158 F.3d 51 (1st Cir.1998)....................................................................................................5

*Spokeo, Inc.* v. *Robins*,
    578 U.S. 330 (2016)..............................................................................................................5

*Town of Milton* v. *FAA*,
     87 F.4th 91 (1st Cir. 2023)..................................................................................2

**Statutes**

15 U.S.C. § 18....................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)........................................................................................1

Fed. R. Civ. P. 54(b)...........................................................................................1

D. Mass. Local Rule 7.1(b)(2).............................................................................6

U.S. Const. Art III, § 2, cl. 1...............................................................................2

This action seeks to enjoin a merger that this Court has already permanently enjoined and that JetBlue and Spirit subsequently abandoned.  After they abandoned the merger, JetBlue Airways Corp. ("JetBlue") and Spirit Airlines Inc. ("Spirit")—jointly with the Department of Justice (the "DOJ") and plaintiff States—dismissed their appeal in the DOJ matter, rendering this Court's injunction final.  The merger is enjoined, and now abandoned as well.  As a result, this action is moot and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

The procedural history of this case is well known to the Court: Following the announcement of the proposed merger between JetBlue and Spirit, 25 private plaintiffs brought suit on November 3, 2022, to enjoin the merger under Section 7 of the Clayton Act, 15 U.S.C. § 18.  On September 19, 2023, the parties stipulated to the dismissal of all claims asserted by June Stansbury, who passed away during the pendency of the case.  Dkt. 244.  On October 11, 2023, this Court granted defendants' motion for summary judgment as to 22 of the remaining 24 plaintiffs because they lacked Article III standing.  Dkt. 310.  Those 22 plaintiffs appealed that order.  Dkt. 337.[2]  Mr. Nieboer and Mr. Garavanian are the only remaining plaintiffs in this action with an active claim in this Court.  Dkt. 310.

The Court declined to consolidate this action with the DOJ's action for trial, and instead the remaining deadlines in this matter were suspended during the trial of the DOJ action.  Dkt. 309.  As the Court is aware, trial commenced in the DOJ action on October 31, 2024 and, on January 16, 2024, the Court permanently enjoined the merger.

On March 1, 2024, plaintiffs filed a motion for leave to file a motion for summary judgment

---

[1] Defendants JetBlue and Spirit respectfully submit that all deadlines relating to plaintiffs' Motion for Leave to File a Motion for Summary Judgment (Dkt. 343) should be held in abeyance or deferred while the Court decides this Motion.
[2] This Court entered partial final judgment for defendants under Federal Rule of Civil Procedure 54(b), and the 22 dismissed plaintiffs appealed to the First Circuit Court of Appeals on October 25, 2023.  Dkt. 318; s*ee also Arcell,* v. *JetBlue Airways Corp.*, No. 23-1897 (1st Cir. Mar. 1, 2024).  Defendants are moving to dismiss those plaintiffs' appeal on the same grounds addressed herein concurrently with this motion.

on estoppel grounds; the Court has not yet granted plaintiffs leave to file their dispositive motion. Three days later, on March 4, 2024, JetBlue and Spirit announced the termination of their July 2022 merger agreement. Finch Decl. at Ex. 1, 2. Accordingly, and because JetBlue and Spirit will no longer pursue the merger, they, along with the DOJ and plaintiff States, voluntarily dismissed the pending appeal that Spirit and JetBlue had brought in the United States Court of Appeals for the First Circuit, Case No. 24-1092. The First Circuit granted that dismissal and issued its final judgment on March 5, 2024, rendering the injunction issued by this Court prohibiting the merger final and non-appealable. Judgment, *United States* v. *JetBlue Airways Corp.*, No. 24-1092 (1st Cir. Mar. 5, 2024).

The termination of the merger, and defendants' abandonment of any pending challenge to this Court's order enjoining it, warrant dismissal of this case. Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. Art. III, § 2, cl. 1. To satisfy the case-or-controversy requirement, a plaintiff must demonstrate that it is threatened by an injury-in-fact that is caused by the defendant and redressable by judicial relief. *See Town of Milton* v. *FAA*, 87 F.4th 91, 95 (1st Cir. 2023); *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff must meet this jurisdictional bar at every stage of the litigation: If events occur after the action is commenced that render the issues presented "no longer live" or deprive the plaintiff of a "legally cognizable interest in the outcome," the case becomes moot for Article III purposes, and no case or controversy remains. *Harris* v. *Univ. of Mass. Lowell*, 43 F.4th 187, 191 (1st Cir. 2022) (quoting *Chafin* v. *Chafin*, 568 U.S. 165, 172 (2013)). A case seeking injunctive relief can become moot in two ways relevant here. *First*, an action becomes moot where "changes in circumstance have extinguished any immediate and real effect that the challenged" conduct had on the plaintiff. *Id.* at 192. *Second*, an action will become moot "if an

event occurs while a case is pending that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Id.* (alterations omitted).

Applied here, those principles demonstrate that this case is moot. Defendants have publicly and finally abandoned their merger. Moreover, the parties have clearly indicated that they have no present intention to seek to combine the two airlines. As JetBlue's press release stated, the companies "mutually agreed that terminating is the best path forward" and "decided together that both airlines' interests are better served by moving forward independently." Finch Decl. at Ex. 1. Spirit's press release echoed the same sentiments: Although "disappointed" about the merger, Spirit was "confident in [its] future as a successful independent airline." Finch Decl. at Ex. 2.

The additional relief sought by plaintiffs in their Complaint also does not give this Court jurisdiction over plaintiffs' suit. Aside from blocking the merger and declaring it unlawful, the Complaint also seeks to prevent JetBlue from remaining a member of the so-called Northeast Alliance ("NEA") with American Airlines "if the [district] court finds that the acquisition of Spirit by JetBlue was in furtherance of *per se* violations of the antitrust laws." Dkt. 1, at 26. But the NEA has also already been enjoined, and JetBlue has terminated that deal.[3] The Complaint also seeks to prevent a payment by JetBlue to Spirit due to the failed merger "as an act in furtherance of the violations alleged." *Id.* Both of those requests are predicated on the existence of the alleged legal violation (*i.e.* the merger), but that is entirely incoherent. Because the merger has been abandoned, there is no legal violation on which to base those requests. Those demands are meritless in any event: they are untethered from the sole cause of action in the Complaint, which

---

[3] With respect to plaintiffs' claims regarding the NEA: Spirit was never a party to the NEA, another judge in this District has enjoined JetBlue and American Airlines from continuing with the NEA, and JetBlue took action to terminate the Alliance pursuant to the parties' contract on July 29, 2023. *See United States* v. *Am. Airlines Grp. Inc.* No. 21-11558-LTS, 2023 WL 3560430, at 44*—45* (D. Mass. May 19, 2023); *United States* v. *Am. Airlines Grp. Inc.*, No. 21-11558-LTS, 2023 WL 4766220, at *1 (D. Mass. July 26, 2023). Each of these facts establishes grounds for finding plaintiffs' claim relating to the NEA to be moot.

alleges that the merger of the two companies would violate the Clayton Act.  *See id.* at 25.  And the Complaint lacks any factual allegations demonstrating that plaintiffs ever had standing to challenge the NEA or a termination payment from JetBlue to Spirit, neither of which could plausibly raise prices on any route flown by plaintiffs, which is the only harm they have articulated in asserting that they had standing to pursue this action before the Court.[4]

Plaintiffs' request in the Complaint for costs, attorney's fees, and other appropriate relief also cannot prevent dismissal.  *See id.* at 26.  As the First Circuit recently affirmed in *Harris*, "it is well established that an interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim[,]" and any argument to the contrary would be "dead on arrival" in light of long-standing precedent.  *Harris*, 43 F.4th at 193.

Moreover, plaintiffs' claims are moot because the Court can no longer grant any of the relief plaintiffs seek.  The merger has already been permanently enjoined, the parties in the DOJ action have voluntarily dismissed their appeal of the permanent injunction, and the defendants have publicly abandoned their merger.[5]  Finch Decl. at Ex. 1, 2. Judgment, *United States* v. *JetBlue Airways Corp.*, No. 24-1092 (1st Cir. Mar. 5, 2024).  The now-enjoined and abandoned merger cannot possibly "adversely affect [plaintiffs'] primary conduct," and there is "no ongoing conduct" by defendants for a federal court to enjoin or declare unlawful.  *Harris*, 43 F.4th at 192.  Plaintiffs

---

[4] JetBlue publicly abandoned the NEA after it was enjoined by Judge Sorokin of the District of Massachusetts in late 2022.  *See Am. Airlines Grp. Inc*., 2023 WL 3560430; Finch Decl. at Ex. 3 ("Despite our deep conviction in the procompetitive benefits of the NEA, after much consideration, JetBlue has made the difficult decision not to appeal the court's determination that the NEA cannot continue as currently crafted, and has instead initiated the termination of the NEA, beginning a wind down process that will take place over the coming months.").

[5] To the extent plaintiffs assert that a subsequent merger between Spirit and JetBlue warrants the continuation of this case, the Court rejected this argument in its decision in the DOJ matter, making clear that its "decision . . . narrowly applies <u>only</u> to the proposed merger" under the terms of the July 28, 2022 merger agreement and that "another deal is another case."  Findings of Fact and Conclusions of Law, *United States* v. *JetBlue Airways Corp.*, No. 23-10511, 2024 WL 162876, at *37, n.55 (D. Mass. Jan. 16, 2024).

thus have no "concrete interest in seeking" the relief they request. *In re Ruiz*, 83 F.4th 68, 73 (1st Cir. 2023). Where, as here, a merger has been publicly abandoned and it cannot reasonably be expected to recur, courts have considered further challenges to be moot. *See United States* v. *Mercy Health Servs.*, 107 F.3d 632, 636 (8th Cir. 1997) (denying an injunction blocking the challenged merger as moot following the parties' voluntary abandonment of the merger); *FTC* v. *H.J. Heinz, Co.*, 164 F. Supp. 2d 659, 660 (D.D.C. 2001) (dismissing challenge to publicly abandoned merger, observing that "voluntary cessation of the merger plans" mooted the requested injunction where it is "absolutely clear" that the merger could not reasonably be expected to recur) (citing *Friends of the Earth, Inc.* v. *Laidlaw Env'l Servs. (TOC), Inc.*, 528 U.S. 167, 188-89 (2000)).

This Court also lacks Article III jurisdiction to continue to hear this case because plaintiffs no longer have standing or "a personal stake in the outcome of the controversy" to warrant the invocation of federal-court jurisdiction. *Mangual* v. *Rotger-Sabat*, 317 F.3d 45, 56 (1st Cir. 2003) (quoting *Warth* v. *Sedlin*, 422 U.S. 490, 498—99 (1975)). Plaintiffs now face no "injury-in-fact," because their sole alleged "harm"—namely, that the merger would increase fares and reduce capacity in the airline industry, Dkt. 1, at 4, will not occur. Injury in fact cannot be "conjectural or hypothetical," *Spokeo, Inc.* v. *Robbins*, 578 U.S. 330, 339 (2016), but must be "certainly impending," *Clapper* v. *Amnesty Int'l*, 568. U.S. 398, 409 (2013). "Future injury must be imminent to qualify as injury-in-fact" to ensure that the "alleged injury is not too speculative." *Sea Shore Corp.* v. *Sullivan,* 158 F.3d 51, 56 (1st Cir.1998). Plaintiffs' lack of standing further requires this Court to dismiss their claim for lack of subject matter jurisdiction.

In light of the foregoing, defendants also respectfully submit that any further briefing on plaintiffs' recently-filed Motion for Leave to File a Motion for Summary Judgment should be held

in abeyance or deferred while the Court considers this Motion to Dismiss.  Plaintiffs' Motion for

Leave to File a Motion for Summary Judgment seeks to impose a duplicative injunction barring

the merger of two parties that have already publicly abandoned it and which is barred by a final

permanent injunction.[6]  Any work by the parties on plaintiffs' proposed motion for summary

judgment would be for naught if the Court ultimately grants this motion and dismisses this matter

for lack of subject matter jurisdiction.  For that reason, defendants respectfully request that the

Court defer ruling on plaintiffs' Motion for Leave to File a Motion for Summary Judgment until

after making a decision on this jurisdictional motion.



Dated: March 18, 2024                         Respectfully submitted,

                                              */s/ Andrew C. Finch*

                                              Andrew C. Finch (*Pro Hac Vice*)
                                              Jay Cohen (*Pro Hac Vice*)
                                              Paul, Weiss, Rifkind, Wharton & Garrison LLP
                                              1285 Avenue of the Americas
                                              New York, NY 10019
                                              Tel: 212-373-3000
                                              Fax: 212-757-3990
                                              afinch@paulweiss.com
                                              jcohen@paulweiss.com

                                              Meredith R. Dearborn (*Pro Hac Vice*)
                                              Cole A. Rabinowitz (*Pro Hac Vice*)
                                              Paul, Weiss, Rifkind, Wharton & Garrison LLP
                                              535 Mission Street, 24th Floor
                                              San Francisco, CA 94105
                                              Tel: 628-432-5100
                                              Fax: 628-232-3101
                                              mdearborn@paulweiss.com
                                              crabinowitz@paulweiss.com

---

[6] More likely, plaintiffs seek to obtain a favorable ruling for the purposes of recovering attorneys' fees.  That rationale is wholly inadequate for the continued adjudication of this, now mooted, dispute.

*Attorneys for Defendant*
*Spirit Airlines, Inc.*

<u>/s/ Ethan Glass</u>

Ethan Glass (*Pro Hac Vice*)
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 2004-2400
Tel: 202-842-7800
Fax: 202-842-7899
eglass@cooley.com

Elizabeth M. Wright (MA BBO #569387)
Cooley LLP
500 Boylston Street, 14th Floor
Boston, MA 02116-3736
Tel: 617-937-2300
ewright@cooley.com

*Attorneys for Defendant JetBlue Airways*
*Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document was filed through the ECF system on March 18, 2024 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Andrew C. Finch*