# EXHIBIT A

# United States Court of Appeals
## For the First Circuit

―――――――――――――――

No. 23-1897

KATHERINE R. ARCELL; JOSE M. BRITO; JAN-MARIE BROWN; ROSEMARY D'AUGUSTA; BRENDA K. DAVIS; PAMELA FAUST; CAROLYN FJORD; DON FREELAND; DONNA FRY; HARRY GARAVANIAN; YVONNE JOCELYN GARDNER; VALARIE ANN JOLLY; MICHAEL C. MALANEY; LEN MARAZZO; LISA MCCARTHY; DEBORAH M. PULFER; BILL RUBINSOHN; SONDRA K. RUSSELL; CLYDE D. STENSRUD; GARY TALEWSKY; PAMELA S. WARD; CHRISTINE WHALEN,

Plaintiffs - Appellants,

TIMOTHY NIEBOR; GABRIEL GARAVANIAN; JUNE STANSBURY,

Plaintiffs,

v.

JETBLUE AIRWAYS CORPORATION; SPIRIT AIRLINES, INC.,

Defendants - Appellees.

―――――――――――――――

Before

Kayatta, Montecalvo and Rikelman,
<u>Circuit Judges</u>.

―――――――――――――――

**JUDGMENT**

Entered: April 29, 2024

     The court has been presented with an opposed motion to dismiss this appeal on grounds of mootness. For the reasons set out below, we conclude that the matter is moot and that dismissal therefore is in order.

     Defendants-appellees are two airlines that, in 2022, made to regulatory authorities a formal proposal for corporate merger. The proposed merger was opposed by the government and by a group of air travelers that includes the plaintiffs-appellants in this case. The government and the air travelers sued separately in the federal courts, alleging antitrust law precluded the proposed

merger. The travelers' case was, by consent, transferred from the Northern District of California to the District of Massachusetts, where the government's suit was pending.

In the government's suit, the district court ultimately entered a judgment permanently enjoining the proposed merger, and the airlines appealed, giving rise to appeal 24-1092. Meanwhile, in the travelers' action, most of the plaintiff travelers were deemed to lack standing, and, pursuant to Federal Rule of Civil Procedure 54(b), the district court entered a separate judgment of dismissal as to those individuals, which ultimately resulted in the present appeal.

On the day that the travelers in this case filed their opening brief, the airlines and the government filed a stipulation of dismissal in appeal 24-1092, resulting in immediate entry of judgment and mandate in that proceeding. The airlines also publicly announced that the proposed merger was abandoned. The airlines then moved to dismiss the present appeal, arguing that the proposed merger was dead and that no live controversy remained for adjudication. See, e.g., MOAC Mall Holdings LLC v. Transform Holdco LLC, 598 U.S. 288, 934 (2023) ("A 'case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'")(quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)).

In pressing for a mootness-based dismissal, the airlines analogize the facts at bar to those addressed by the Eighth Circuit in United States v. Mercy Health Services, 107 F.3d 632 (8th Cir. 1997). Plaintiffs-Appellants oppose dismissal, arguing that the airlines could make another attempt at a merger in the future and cite in support, inter alia, the Second Circuit's decision in R.C. Bigelow, Inc. v. Unilever, N.V., 867 F.2d 102 (2nd Cir. 1989).

After careful consideration of the parties' arguments, we are persuaded that the case or controversy stemming from the specific merger attempt at issue is moot in light of the district court's entry of judgment enjoining the merger, the stipulated dismissal of the airlines' appeal of that injunction ruling, and the publicly-announced abandonment of the merger. See MOAC Mall, 598 U.S. at 934 (mootness standard); Corrigan v. Bos. Univ., --- F.4th ---, 2024 WL 1596173, at *3 (1st Cir. Apr. 12, 2024) ("'[T]he key question 'is whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation).'") (quoting Bos. Bit Labs, Inc. v. Baker, 11 F.4th 3, 8 (1st Cir. 2021)). It is conceivable that these same two airlines may, at some future time, start anew by submitting another formal corporate merger proposal to regulatory authorities. Such a renewed effort would be evaluated according to its own terms and the then-prevailing market conditions. We conclude that the possibility of such a future merger attempt should not prevent us from deeming this appeal moot.

The motion to dismiss is **GRANTED**, and the appeal is **DISMISSED**. See Local Rule 27.0(c) (court may summarily dispose of appeal under appropriate circumstances).

By the Court:

Maria R. Hamilton, Clerk

cc:
Joseph M. Alioto Sr.
Robert J. Bonsignore
Stephen G. Larson
Joseph Michelangelo Alioto Jr.
Josephine Leticia Alioto
Zachary R. Hafer
Zachary Sisko
Deepti Bansal
Elizabeth M. Wright
Kathleen R. Hartnett
Patrick J. Hayden
William Thomas Marks
Samuel Newland Rudman
Meredith Richardson Dearborn
Andrew C. Finch
Donald Campbell Lockhart
James P. Denvir III
Benjamin P. Solomon-Schwartz
Andrew T. O'Connor
Daniel H. Leff
Marguerite M. Sullivan
David C. Tolley
Lisa C. Wood
Jennifer L. Giordano