# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GABRIEL GARAVANIAN, *et al.*,

                                  *Plaintiffs*,

v.

JETBLUE AIRWAYS CORPORATION and
SPIRIT AIRLINES, INC.,

                                  *Defendants*.

Civil Action No.: 1:23-cv-10678-WGY

## DECLARATION OF TATIANA V. WALLACE IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES

    I, Tatiana V. Wallace, declare as follows:

    1.    I am an attorney in the firm of Alioto Law Firm and am a member in good standing of the State Bar of California since 2004.  This Declaration is based on personal knowledge, except where specified that information is based on information and belief, and if called to testify, I could and would do so competently as to the matters set forth herein.  I am one of counsel of record for the Plaintiffs in this action and submit this Declaration in support of my application for an award of attorneys' fees in connection with the services rendered in the above-entitled action, and for the reimbursement of costs and expenses incurred by me in the course of this litigation.

## I.      QUALIFICATIONS AND EXPERIENCE

2.      I earned my law degree from Indiana University Maurer School of Law in 2004 and was admitted to the Supreme Court of California the same year.  Since then,  I have represented antitrust plaintiffs in federal courts and have been admitted, litigated and/or appeared in the following courts in antitrust cases:

- Supreme Court of the United States

- United States Court of Appeals for the Second Circuit

- United States Court of Appeals for the Ninth Circuit

- United States District Court for the Northern District of California

- United States District Court for the Central District of California

- United States District Court for the Eastern District of California

- United States Bankruptcy Court for the Northern District of California

- United States Bankruptcy Court for the Eastern District of California

- *Pro hac vice* admissions to the District Courts in Massachusetts, New York and Hawaii.

      In addition, I have appeared and prosecuted private antitrust cases in California state courts under the antitrust laws of the state of California.

3.      I have 20 years of litigation experience in matters ranging from commercial contracts and complex business disputes to intellectual property and professional liability, among others.  I have prosecuted private antitrust and unfair competition cases for over 5 years involving unlawful mergers and acquisitions, monopolization, price fixing, group boycotts, market and customer allocations, tie-in arrangements, exclusive dealing, interlocking directorates, and other anti-competitive conduct in violation of Sections 1 and 2 of the Sherman Antitrust Act (15 U.S.C. §§ 1, 2) and Sections 7 and 8 of the Clayton Antitrust Act (15 U.S.C. §§

**DECLARATION OF TATIANA WALLACE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS'**
**FEES AND REIMBURSEMENT OF COSTS AND EXPENSES**

18, 19) and have represented consumers and entrepreneurs, independent companies and corporations, inventors and patent holders against foreign and domestic corporations.  I am also competent to prosecute actions under the Robinson-Patman Antitrust Act (15 U.S.C. § 13).

4.      As an attorney in the Alioto Law Firm, I provide input on litigation strategy and tactics; perform investigative work prior to filing antitrust complaints; gather factual research and draft antitrust complaints and motions for preliminary injunction; research, analyze and brief complex legal issues; participate in discovery and case management, prepare cases for trial and perform appellate work.  I have authored appellate briefs to the United States Court of Appeals for the Second and Ninth Circuits and a petition for a writ of certiorari to the Supreme Court of the United States in an airline merger case.  A sampling of my antitrust casework include the following:

- *Yoshimoto, et al., v. Alaska Airlines, Inc., et al*., Case No. 1:24-cv-00173 (D. Hawaii)
- *Gabriel Garavanian*, *et al., v. Jet Blue Airways Corporation, Spirit Airlines, Inc*., Case No. 4:22-cv-6841 (N.D. Cal.), transferred Case No. 1:23-cv-10678 (D. Mass.)
- *In Re AMR Corporation, U.S. Supreme Court Case No. 321779 (Carolyn Fjord, et al., v. American Airlines Group, inc., et al.)*
- *Rosemary D'Augusta, et. al, v. American Petroleum Institute, et al*., Case No. 3:22-cv-01979 (N.D. Cal.), Case No. 23-15878 (9th Cir.)
- *California Crane School, Inc. v. Google, LLC, et al.*, Case No. 4:21-cv-10001 (N.D. Cal.)
- *Mary Katherine Arcell, et al., v. Google LLC, et al*., Case No. 3:22-cv-02499 (N.D. Cal.)
- *In Re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Case No. 05-md-01720 (E.D.N.Y.), filed *John Palladino v. JP Morgan Chase, et al.*, Case No. CGC-22-603801, transferred Case No. 1:23-cv-01215 (E.D.N.Y.)
- *Dante DeMartini, et al., v. Microsoft Corporation*, Case No. 3:22-cv-08991 (N.D. Cal.)
- *In Re LIBOR-Based Financial Instruments Antitrust Litigation*, Case No. 1:11-md-02262 (S.D.N.Y.), filed *Lisa McCarthy, et al., Intercontinental Exchange, Inc., et al.*, Case No. 3:20-cv-05832 (N.D. Cal.), appealed Case No. 23-3458 (9th Cir.)
- *Sharidan Stiles v. Walmart Stores, Inc., et al*., Case No. 2:14-cv-2234 (E.D. Cal.)
- *In Re Foreign Exchange Benchmark Rates Antitrust Litigation*, Case No. 1:2013-cv-07789 (S.D.N.Y.), filed *John Nypl v. JP Morgan Chase, Inc., et al*., Case No. 3:15-cv-02290 (N.D. Cal.), transferred Case No. 1:15-cv-09300 (S.D. N.Y.), appealed Case No. 22-698 (2nd Cir.)

In addition, I am currently investigating, analyzing, drafting pleadings and preparing to file several other antitrust cases.

## II.   PROFESSIONAL FEES

5.      My compensation for services rendered in this action was wholly contingent on the success of this litigation and was wholly at risk.  Since none of my antitrust cases are on an hourly basis, I do not ordinarily keep a record of my hours, although I do occasionally perform hourly work for certain clients.  In my law practice, I am entirely compensated based on the results achieved, and not the time actually spent.

6.      I have put myself at substantial risk to prosecute this case on behalf of the Plaintiffs because of the customary attacks by defendants in antitrust cases, including filings of motions to dismiss, motions for summary judgment, motions *in limine*, motions for evidentiary and judicial notice efforts.  There were numerous interim motions filed by the Defendants, which raised substantial questions of law and fact, any one of which could have substantially damaged Plaintiffs' case or eliminated it altogether.

7.      I am aware that any attorney who has prosecuted an antitrust case on a contingency basis knows the substantial risk that any case, even after successful jury verdicts and even after successful appeals, may result in a complete loss and therefore no compensation for the attorney, regardless of the number of hours the attorney may have worked or the quality of the work performed, and notwithstanding any case outcome, the risk remains a substantial and real concern that all the time and the expense would not result in any attorneys' fees.

8.      I have participated in this litigation, and have performed work on behalf of the Plaintiffs in connection with the prosecution of this case.  I performed, among other things, the following tasks associated with this litigation: preliminary investigation of the claim; research of

DECLARATION OF TATIANA WALLACE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS'
FEES AND REIMBURSEMENT OF COSTS AND EXPENSES

factual and legal issues related to the litigation; preparation of pleadings (including, but not limited to the Complaint and the Motion for Preliminary Injunction); review and analysis of documents produced by the Defendants and third parties both before and after the receipt of the Hart-Scott-Rodino documents; review and analysis of pleadings filed in the litigation and the related DOJ action; participation in case management; weekly discussions with co-counsel regarding litigation status and strategy, and the tactics to implement the strategy; analysis of the marketplace, market participants and their market shares; analysis of facts supporting liability, impact, and damages; analysis of unlawful mergers in accordance with the decisions by the Supreme Court in such cases as *Brown Shoe Co., Inc. v. United States*, 370 U.S. 294 (1962) and its progeny with regard to the antitrust violations, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969) with regard to the threat of injury and *Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979) with regard to the potential of actual impact of the violation; participation in document and deposition discovery [including, but not limited to preparation, zoom/telephonic attendance and/or analysis of the depositions of Nicholas Bartollata (Spirit VP Operations and Network Planning), Jonathan Weiner (JetBlue VP Sales and Revenue Sharing), John Patrick Kirby (Spirit VP Network Planning), Robert Hayes (JetBlue CEO), Ted Christie (Spirit CEO) and H. McIntyre Gardner (Spirit Chairman)]; and participation in analysis of liability issues and damages.

9.     After a careful review of my records related to the work performed in this matter, I estimate that I spent the following number of hours on this litigation:

DECLARATION OF TATIANA WALLACE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS'
FEES AND REIMBURSEMENT OF COSTS AND EXPENSES

| WORK | HOURS |
|---|---|
| | |
| Preliminary investigation of the claim, including but not limited to review and analysis of the Defendants' SEC filings and annual reports, the Northeast Alliance litigation and the proposed acquisition of Spirit by Frontier Airlines | 80 |
| Factual research and analysis of legal issues | 120 |
| Analysis of the marketplace and participants and their market shares | 20 |
| Preparation of pleadings ███████████████████████████████ | 70 |
| Review and analysis of documents <u>before</u> the receipt of the Hart-Scott-Rodino documents | 125 |
| Review and analysis of documents <u>after</u> the receipt of the Hart-Scott-Rodino documents | 180 |
| Review of analysis of the pleadings filed in the litigation and the related DOJ action and preparation for probable dispositive motions | 80 |
| Case management | 10 |
| Weekly discussions with co-counsel regarding ███████████████████████████ | 130 |
| Research and analysis of facts supporting liability | 25 |
| Document and deposition discovery, including preparation, zoom/telephonic attendance and/or analysis of the depositions of Nicholas Bartollata (Spirit VP Operations and Network Planning), Jonathan Weiner (JetBlue VP Sales and Revenue Sharing), John Patrick Kirby (Spirit VP Network Planning), Robert Hayes (JetBlue CEO), Ted Christie (Spirit CEO) and H. McIntyre Gardner (Spirit Chairman) | 75 |
| Analysis of liability issues and damages | 15 |
| | |
| **TOTAL** | **930** |

10.     The total lodestar for me calculated at my current rate of $850.00/hour is

**$790,500.00**.

11.     I incurred incidental copying and printing costs but make no claim for

unreimbursed costs and expenses in connection with the prosecution of this litigation.

12.     I respectfully submit that the following factors must be analyzed in reaching a

conclusion as to a reasonable fee in antitrust cases: (1) magnitude and complexity of the

litigation; (2) responsibility undertaken; (3) time and labor spent; (4) amount recovered; (5)

standing of counsel. *See Bray v. Safeway Stores, Inc.*, 392 F. Supp. 851, 869 (N.D. Cal. 1975),

**DECLARATION OF TATIANA WALLACE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS'
FEES AND REIMBURSEMENT OF COSTS AND EXPENSES**

*citing Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 245 F. Supp. 258, 302-3 (M.D. Pa. 1965); *Bal Theatre Corp. v. Paramount Film Distributing Corp.*, 206 F. Supp. 708, 715 (N.D. Cal. 1962).

13.     The <u>magnitude and complexity</u> of this case was significant.  Plaintiffs filed this antitrust action on November 3, 2022, seeking an Order of the Court prohibiting the $3.8 billion acquisition of Spirit Airlines, Inc. by JetBlue Airways Corporation as a violation of Section 7 of the Clayton Antitrust Act in that the proposed acquisition "may be substantially to lessen competition, or to tend to create a monopoly."  Beginning in 2007, there has been a trend of mergers and acquisitions in the airline industry.  The JetBlue attempt to acquire Spirit was following that trend towards consolidation.  Because the DOJ has not challenged any of the mergers or acquisition in the past, there was no reasonable expectation that there would be any support whatsoever from the DOJ or any other governmental body, other than the documents required to be submitted to the government under the provisions of the Hart-Scott-Rodino (HSR) Act.  Therefore, the decision by the Plaintiffs to file suit fundamentally and actually accepted the full burden of the risk associated with this litigation.  The complexity of this case is evidenced by the nature of the filing as it was brought under the following statutes that are unusual in terms of cases brough under them: (1) Section 16 of the Clayton Antitrust Act (15 U.S.C. § 26), which allows plaintiffs to file actions to prohibit acquisitions and mergers if they are "threatened" with injury or damage requiring an imminent "danger" of injury; and Section 7 of the Clayton Antitrust Act (15 U.S.C. § 18) prohibiting mergers and acquisitions that "may be substantially to lessen competition, or to tend to create a monopoly."  The weight of the proof laid squarely on the shoulders of the Plaintiffs.  All these factors contribute to the inexorable conclusion that this case is one of great magnitude and complexity.

14.     The <u>responsibility undertaken</u> on behalf of the Plaintiffs in this case was extremely burdensome.  Plaintiffs sought to enjoin the proposed acquisition as a violation of Section 7 of the Clayton Antitrust Act (15 U.S.C. § 18) because the threatened and dangerous injury that would be caused by the elimination of Spirit may have been "substantially to lessen competition, or tend to create a monopoly" in the passenger airline industry by the elimination of a significant competitor.  The competition in this economic area is of crucial importance and great national concern.

15.     The <u>time and labor spent</u> was significant.  As noted above, I devoted substantial time to the preparation and presentation of this case.

16.     The <u>result achieved</u> for the Plaintiffs was a total and complete victory in that the unlawful acquisition was permanently enjoined and is indicative of the work involved in this case.

17.     Counsel for both the Plaintiffs and the Defendants occupy positions of high <u>standing in the legal community</u>.  The law firms representing the parties are among the most skilled and reputable antitrust firms in the nation.

18.     This Declaration is filed in support of the Plaintiffs' presentation of reasonable attorneys' fees to be awarded pursuant to Section 16 of the Clayton Antitrust Act (15 U.S.C. § 26).

I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct to the best of my knowledge and belief.  Executed this 1st day of May 2024, at Tiburon, California.

*Tatiana Wallace*

Tatiana V. Wallace

**DECLARATION OF TATIANA WALLACE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS'
FEES AND REIMBURSEMENT OF COSTS AND EXPENSES**